Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway (admitted *pro hac vice*)
Victoria A. Newmark (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.* | Case No. 25-11958 (MG) |
| | (Joint Administration Requested) |
| Debtors in a Foreign Proceeding. | |

**SUPPLEMENTAL DECLARATION OF WESLEY PARRIS IN SUPPORT OF
(I) VERIFIED CHAPTER 15 PETITIONS, (II) FOREIGN REPRESENTATIVE'S
MOTIONS FOR ORDERS GRANTING PROVISIONAL AND FINAL RELIEF IN AID
OF CANADIAN PROCEEDING, AND (III) CERTAIN RELATED RELIEF**

I, Wesley Parris, to the best of my information and belief, state as follows:

1. I am Chief Executive Officer of Iovate Health Sciences International Inc. ("Iovate International"), the authorized foreign representative of the chapter 15 debtors, Iovate International, Iovate Health Sciences U.S.A. Inc. ("Iovate USA"), and Northern Innovations Holding Corp. ("Northern Innovations" and together with Iovate International and Iovate USA, the "Debtors"), in respect of that certain insolvency proceeding (the "Canadian Proceeding") commenced pursuant to section 50.4 of Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c.

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

4913-2693-5912.1 42848.00001

B-3) (the "BIA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), and as such, I am fully familiar with the facts and circumstances set forth herein.

2. I submit this supplemental declaration[2] in further support of the *Motion for Provisional Relief in Aid of Canadian Proceeding Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 7] (the "Provisional Relief Motion"). I am authorized by the Foreign Representative to submit this Declaration on its behalf in support of the Provisional Relief Motion.

3. In my role as the CEO of the Foreign Representative, I have become familiar with the history, day-to-day operations, assets, financial condition, business affairs, and books and records of each of the Debtors. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by other employees of the Debtors or their affiliates, the officers, directors, and employees of the Debtors, or other professionals retained by the Debtors; or (d) my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. I am an individual over the age of 18 and, if I am called upon to testify, I will testify competently to the facts set forth herein.

4. Walmart has been withholding payments to Iovate since about August 4, 2025; payments from Walmart to the Debtors have averaged about $5.8 million per month (year to date) and, as of September 5, 2025, the outstanding accounts receivable from Walmart to the Debtors is approximately $15.4 million. Payments remitted by Walmart are a critical element of Debtors' cash flow as well as collateral for the secured Credit Facility.

---

[2] Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the *Declaration of Wesley Parris in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional Relief and Final Relief in Aid of Canadian Proceeding, and (III) Certain Related Relief* [Docket No. 5] (the "First Parris Declaration").

5. Walmart remits payments owed to the Debtors to an Iovate USA bank account in New York for both Walmart and Sam's Club purchases. The Debtors use the payments from Walmart to fund a significant portion of their day-to-day operations, including payroll and accounts payable. Without payments from Walmart, the Debtors will be required to start making cuts and stretching payables within two or three weeks.

6. Moreover, the Debtors' Credit Facility is secured by a first-priority lien on essentially all of their assets, including accounts receivable from Walmart and other customers. The Debtors' Lenders (to whom the Debtors owe about $115 million) assert a right under the Credit Agreement to redirect payment of accounts receivable in the event of a default thereunder.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: September 10, 2025
Oakville, Ontario
Canada

_____
Wesley Parris