**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Joint Administration Requested) |

**ORDER GRANTING PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the motion for certain provisional and injunctive relief (the "Motion") filed by Iovate Health Sciences International Inc. ("Iovate International"), in its capacity as the authorized foreign representative (the "Foreign Representative") of foreign debtors Iovate International, Iovate Health Sciences U.S.A. Inc. ("Iovate USA"), and Northern Innovations Holding Corp. ("Northern Innovations" and together with Iovate International and Iovate USA, the "Debtors") in respect of that certain insolvency proceeding (the "Canadian Proceeding") commenced pursuant to section 50.4 of Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") seeking entry of an order (this "Order") pursuant to sections 105(a), 362, 363, 364, 365, 1517, 1519, 1521, and 1522 of the Bankruptcy Code; and upon this Court's review and consideration of the Motion, Verified Petitions, Recognition Motion, Parris Declaration, and Chaiton Declaration;[2] this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A., Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient, and timely notice of the filing of the Motion and the hearing thereon having been given pursuant to rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the record established at such hearing; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors and it appearing that the relief set forth herein is necessary and appropriate to avoid immediate and irreparable harm to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND DETERMINED THAT**:

The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

The Foreign Representative has demonstrated a substantial likelihood of success on the merits that, as to each of the Debtors, (a) the Canadian Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code; (b) the Foreign Representative is a "foreign representative" as defined in section 101(24) of the Bankruptcy Code; and (c) all statutory elements for recognition of the Canadian Proceeding will be satisfied in accordance with section 1517 of the Bankruptcy Code.

The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Canadian Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested; and that the Court will determine that the additional relief sought herein, including the relief under section 362, 364, and 365 is necessary to effectuate the purpose of chapter 15 and the assets of the Debtors and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

Unless a preliminary injunction is issued with respect to the Debtors, there is a material risk that the Debtors' creditors or other parties-in-interest in the United States could use the Canadian Proceeding and these Chapter 15 Cases as a pretext to exercise certain remedies or to terminate executory contracts or unexpired leases with respect to the Debtors.

Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceeding, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Canadian Proceeding, the Foreign Representative Order, and the Canadian Stay.

The interest of the public will be served by this Court's entry of this Order.

The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion is granted to the extent set forth herein.

Beginning on the date of this Order and continuing until the date of the entry of an order of this Court on the Recognition Motion (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors:

    a.    the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

    b.    section 361 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

    c.    section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order shall impose a stay within the territorial jurisdiction of the United States of:

        i.    the commencement or continuation, including the issuance or employment of process of, any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets, located in the United States except as authorized by the Foreign Representative in writing;

        ii.    the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

        iii.    any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

        iv.    the setoff of any debt owing to any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against the Debtors, <u>provided, however</u>, that this Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

      d.      for counterparties to certain of the Debtors' executory contracts and unexpired leases, without limitation, section 365(e) of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

      e.      the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a)(3) and 1521 of the Bankruptcy Code.

      f.      notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

The Foreign Representative, in connection with its appointment as the "foreign representative" in these cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, including, for the avoidance of doubt and without limitation, section 542 of the Bankruptcy Code.

To the extent applicable, pursuant to Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued,

whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

This Court shall retain exclusive jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: September 10, 2025

                                                         /s/Martin Glenn
                                   UNITED STATES BANKRUPTCY JUDGE