**LOWENSTEIN SANDLER LLP**
Eric S. Chafetz
Kelly E. Moynihan
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: echafetz@lowenstein.com
         kmoynihan@lowenstein.com

-and-

**GRAY ROBINSON LLP**
Steven J. Solomon (*pro hac vice* admission pending)
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
Email: steven.solomon@gray-robinson.com

*Counsel to Kenco Logistic Services, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

*EX PARTE* **MOTION OF KENCO LOGISTIC SERVICES, LLC FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 AUTHORIZING KENCO LOGISTIC SERVICES, LLC TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION OF ITS SECURED CLAIM AND RELATED MOTION TO <u>SHORTEN NOTICE</u>**

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

Kenco Logistic Services, LLC ("Kenco"), by and through its undersigned counsel, respectfully submits this motion (the "Motion to Seal"), under sections 105(a) and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing Kenco to file under seal portions of (i) *Kenco Logistic Services, LLC's Emergency Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection of its Secured Claim* (the "Stay Relief Motion"); and (ii) *Kenco Logistic Services, LLC's Ex Parte Motion for Entry of an Order Shortening Notice with Respect to Kenco Logistic Services, LLC's Emergency Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection of its Secured* (the "Motion to Shorten" and together with the Stay Relief Motion, the "Motions"). In support of the Motion to Seal, Kenco states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012. Kenco confirms its consent to the Court entering a final order in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 107 of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Local Rule 9018-1.

**BACKGROUND**

4.     On September 9, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced a foreign insolvency proceeding in Canada and filed these Chapter 15 cases in this Court together with a motion for joint administration and a supporting declaration of the Debtors' Chief Executive Officer, as amended (Dkt. No. 25), describing liquidity pressures and an orderly wind-down of operations.

5.     On September 10, 2025, this Court entered an Order Granting Provisional Relief (the "Provisional Relief Order") imposing an automatic stay with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States, applying the protections of section 362 of the Bankruptcy Code, and expressly preserving the right of parties in interest to seek relief from the stay in accordance with section 362(d) of the Bankruptcy Code.

6.     Debtors are Canadian-based developers and distributors of branded nutritional supplements and related consumer health products. Its products are sold through major U.S. retailers and distributed through the Debtors. In support of this business, Debtors rely on third-party logistics providers to store, manage, and distribute millions of units of finished goods into the U.S. retail market. Kenco is a third-party logistics provider operating over 100 facilities across North America.

7.     On April 27, 2023, Debtors and Kenco entered into a *Warehousing & Logistics Services Agreement* (the "Services Agreement") (attached to the Stay Relief Motion as **Exhibit A**). Under this Services Agreement, Kenco dedicated significant square footage of its facility located at 250 River Ridge Parkway, Jeffersonville IN 47130 (the "Kenco Warehouse") and associated labor, equipment, and racking to store, handle, and ship Debtors' products (the

"Services"). Debtors also contractually appointed Kenco as the exclusive provider of the Services at the Kenco Warehouse. *See* Stay Relief Motion, Ex. A, § 3.1.

8. As more fully described in the Motions, Kenco has a statutory lien and general warehouseman's lien on the Debtors' goods presently stored in the Kenco Warehouse.

9. Prior to the Petition Date, on or around July 2, 2025, Debtors first notified Kenco of their intent to terminate the Services Agreement, vacate the Kenco Warehouse, and move all goods to the custody of another warehouse operator. More specifically, Debtors terminated the business relationship with Kenco, invoked the contractual termination for convenience provision, and entered negotiations to implement a wind-down of the parties' relationship. The Debtors are continuing to move product out of the Kenco Warehouse without paying the amounts due to Kenco under the Services Agreement, and the Debtors are steadily eroding Kenco's lien and depriving Kenco of the very collateral that secures its claim. By the Motions, Kenco seeks (i) relief from the automatic stay for cause, or, in the alternative, adequate protection for its secured claim, and (ii) a hearing on shortened notice for the Stay Relief Motion due to the daily erosion of Kenco's collateral position.

10. Both Motions contain information regarding the parties' prepetition negotiations and the Stay Relief Motion contains a draft cooperation agreement that may constitute confidential settlement discussions between the parties about commercial terms (the "Confidential Settlement Information"). In addition, the Stay Relief Motion attaches the Services Agreement, which contains Kenco's sensitive commercial information that, if publicly filed, could be used to Kenco's detriment by Kenco's competitors (the "Confidential Services Agreement Information," and together with the Confidential Settlement Information, the "Confidential Information").

4

## RELIEF REQUESTED

11. By this Motion, Kenco seeks entry of an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Local Bankruptcy Rule 9018-1, (i) authorizing Kenco to file under seal the Confidential Information in the Motions because such information potentially constitutes confidential settlement discussions and sensitive commercial information, and (ii) directing that the Confidential Information remain under seal absent authorization from this Court.

## BASIS FOR RELIEF

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[2] from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may– (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(1).

13. Bankruptcy Rule 9018 sets forth the procedure for application of section 107 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative, with or without notice:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any

---

[2] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

5

> paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

14. Local Rule 9018-1 sets forth the procedural requirements by which a party in interest may request a protective order authorizing the filing of a document under seal.

15. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information and, significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id*. at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require (a) an entity seeking such protection to demonstrate "good cause" or (b) a finding of "extraordinary circumstances or compelling need." *Id*. at 27–28.

16. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also*, *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the

subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Id*.

17. Kenco submits that the Confidential Information contained in the Motions to be filed under seal is the type of information that this Court may protect from disclosure under Bankruptcy Rule 9018 because it contains confidential details regarding confidential settlement discussions over commercial terms and Kenco's sensitive commercial information.[3] In addition, the Confidential Services Agreement Information in the Motions is commercial information pursuant to section 107(b)(1) and, if made public, would place Kenco at a competitive disadvantage if it became widely available. Accordingly, Kenco therefore submits that good cause exists and requests that the Court authorize Kenco to file the Motions with this Court under seal.

18. Kenco will provide copies of the Motions to the Court for in camera review by filing them under seal in accordance with Local Rule 9018-1 and this Court's CM/ECF User's Guide, and to the following parties, or their counsel, on a confidential basis: (a) the U.S. Trustee and (b) counsel to the Debtors.

## NOTICE

19. Notice of this Motion to Seal has been provided to: (a) counsel for the Debtors; (ii) the United States Trustee for Region 2; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Kenco submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other court.

---

[3] Kenco will actively work with the Debtors upon the filing of this Motion to Seal to limit the scope of the Confidential Settlement Information that remains redacted in the Motions.

**WHEREFORE**, Kenco respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing Kenco to file the Motions with this Court under seal.

Dated: September 23, 2025　　　　　　**LOWENSTEIN SANDLER LLP**
　　　　　New York, New York　　　　　　　/s/ *Eric S. Chafetz*
　　　　　　　　　　　　　　　　　　　　Eric S. Chafetz
　　　　　　　　　　　　　　　　　　　　Kelly E. Moynihan
　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 262-6700
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 262-7402
　　　　　　　　　　　　　　　　　　　　Email: echafetz@lowenstein.com
　　　　　　　　　　　　　　　　　　　　　　　　kmoynihan@lowenstein.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　**GRAY ROBINSON LLP**
　　　　　　　　　　　　　　　　　　　　Steven J. Solomon (*pro hac vice* admission pending)
　　　　　　　　　　　　　　　　　　　　333 S.E. 2nd Avenue, Suite 3200
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 416-6880
　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 416-6887
　　　　　　　　　　　　　　　　　　　　Email: steven.solomon@gray-robinson.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Counsel to Kenco Logistic Services, LLC*

# **EXHIBIT A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF KENCO LOGISTIC SERVICES, LLC FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 AUTHORIZING KENCO LOGISTIC SERVICES, LLC TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION OF ITS SECURED CLAIM AND RELATED MOTION TO SHORTEN NOTICE**

Upon Kenco Logistic Services, LLC's motion (the "Motion")[2] pursuant to sections 105(a) and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 for entry of an order authorizing Kenco to file certain portions of Kenco's Stay Relief Motion and Motion to Shorten under seal; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Kenco is authorized to file and maintain under seal the Confidential Information contained in the Stay Relief Motion and Motion to Shorten and accompanying exhibits.

3. Unredacted versions of the Stay Relief Motion and Motion to Shorten shall remain under seal until the Court orders otherwise and all accompanying exhibits shall not be disseminated to anyone other than the Court, Kenco, the Debtors and their counsel, and the Office of the United States Trustee without the consent of Kenco, provided, however, that in accordance with Local Rule 9018-1(b), this Order is without prejudice to the rights of a party in interest, or the United States Trustee, to seek to unseal the Sealed Material, or any part thereof.

4. Any party receiving an unredacted copy of the Stay Relief Motion and Motion to Shorten shall keep such unredacted Confidential Information strictly confidential.

5. Upon closure of these cases, the Clerk's Office is directed to release any hard copies or electronic storage device of the unredacted Sealed Material to counsel to Kenco.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Date: September __, 2025

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE