**LOWENSTEIN SANDLER LLP**
Eric S. Chafetz
Kelly E. Moynihan
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: echafetz@lowenstein.com
           kmoynihan@lowenstein.com

-and-

**GRAY ROBINSON LLP**
Steven J. Solomon (*pro hac vice* admission pending)
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
Email: steven.solomon@gray-robinson.com

*Counsel to Kenco Logistic Services, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

### REQUEST FOR EXPEDITED DECISION

### KENCO LOGISTIC SERVICES, LLC'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO KENCO LOGISTIC SERVICES, LLC'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION OF ITS SECURED CLAIM

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

Kenco Logistic Services, LLC ("Kenco"), by and through its undersigned counsel, respectfully submits this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(b) and 9077-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") expediting consideration of *Kenco Logistic Services, LLC's Emergency Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection of its Secured Claim* (the "Stay Relief Motion"). In support of the Motion, Kenco respectfully submits the declaration of Frank Loewen (the "Loewen Declaration"), a copy of which is attached hereto as **Exhibit B**. In further support of the Motion, Kenco states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012. Kenco confirms its consent to the Court entering a final order in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(c) and 9007, and Local Rules 9006-1(b) and 9077-1.

2

**BACKGROUND**

4. On September 9, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced a foreign insolvency proceeding in Canada and filed these Chapter 15 cases in this Court together with a motion for joint administration and a supporting declaration of the Debtors' Chief Executive Officer, as amended (Dkt. No. 25), describing liquidity pressures and an orderly wind-down of operations.

5. On September 10, 2025, this Court entered an Order Granting Provisional Relief imposing an automatic stay with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States, applying the protections of section 362 of the Bankruptcy Code, and expressly preserving the right of parties in interest to seek relief from the stay in accordance with section 362(d) of the Bankruptcy Code.

6. Debtors are Canadian-based developers and distributors of branded nutritional supplements and related consumer health products. Its products are sold through major U.S. retailers and distributed through the Debtors. In support of this business, Debtors rely on third-party logistics providers to store, manage, and distribute millions of units of finished goods into the U.S. retail market.

7. Kenco is a third-party logistics provider operating over 100 facilities across North America.

8. On April 27, 2023, Debtors and Kenco entered into a *Warehousing & Logistics Services Agreement* (the "Services Agreement") (attached to the Stay Relief Motion as **Exhibit B**). Under this Services Agreement, Kenco dedicated significant square footage of its facility located at 250 River Ridge Parkway, Jeffersonville IN 47130 (the "Kenco Warehouse") and associated labor, equipment, and racking to store, handle, and ship Debtors' products (the

"Services"). Debtors also contractually appointed Kenco as the exclusive provider of the Services at the Kenco Warehouse. *See* Stay Relief Motion, Ex. B, § 3.1.

9. The Services Agreement expressly grants Kenco a general warehouseman's lien: "[O]n Products in Supplier's possession it **shall have a general warehouseman's lien** for any unpaid charges in addition to any claims for money advanced, interest, transportation, labor, fulfilment, legal fees and other charges." *Id*. § 6.2 (emphasis added). This provision further authorizes Kenco to "require advance payment of all charges *prior to shipment of Products*" in order to protect its contractual lien. *Id*. (emphasis added). The Services Agreement also provides that ***"[u]pon termination of the business relationship, Supplier may refuse to deliver the Products until it has been fully paid for all charges due under the Agreement then due it***." *Id*. § 5.5 (emphasis added). This bargained-for right is triggered once termination occurs, regardless of ordinary course or contractual payment terms.

10. Prior to the Petition Date, on or around July 2, 2025, Debtors first notified Kenco of their intent to terminate the Services Agreement, vacate the Kenco Warehouse, and move all goods to the custody of another warehouse operator. More specifically, Debtors terminated the business relationship with Kenco, invoked the contractual termination for convenience provision, and entered negotiations to implement a wind-down of the parties' relationship. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Stay Relief Motion, Ex. C, Schedule 1.

11. Critically, an email and accompanying chart exchanged after the Petition Date (the "Exit Email," attached to the Stay Relief Motion as **Exhibit D**) confirms the Debtors' exit plan: (i) cease or drastically curtail inbound receipts of goods into Kenco; (ii) pull inventory from the Kenco Warehouse and transfer the goods to a competitor's warehouses (referred to as "RJW", which is RJW Logistics Group); and (iii) be fully vacated from the Kenco Warehouse by late October 2025. The chart quantifies the accelerating outbound movements of goods relative to the minimal inbound volume of goods and identifies transfers that are not customer shipments but inter-warehouse relocations to the aforementioned competitor's warehouse.

12. Under Indiana's Uniform Commercial Code § 7-209, a warehouse has a statutory lien against the bailor on goods in its possession "for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods." Ind. Code § 26-1-7-209(a). The lien secures all such charges so long as the goods remain in the warehouse's custody.[2]

13. In addition to this statutory lien, the Services Agreement independently grants Kenco a general warehouseman's lien: "[o]n Products in Supplier's possession it shall have a general warehouseman's lien for any unpaid charges in addition to any claims for money advanced, interest, transportation, labor, fulfilment, legal fees and other charges, which lien is released by delivering the Products and/or payment of the charges." *See* Stay Relief Motion, Ex. B, § 6.2.

14. Section 6.2 of the Services Agreement is broad. It secures not only storage and handling charges, but also attorneys' fees and other charges arising from the agreement. This lien is expressly released only by delivery of the goods "and/or payment of the charges." *Id*. By

---

[2] The Services Agreement is governed by the laws of the State of Indiana. *See* Stay Relief Motion, Ex. A, § 27.

5

continuing to move product out of the Kenco Warehouse without paying the amounts due, Debtors are steadily eroding this lien and depriving Kenco of the very collateral that secures its claim.

15. As set forth in detail in the Stay Relief Motion, in total, Debtors' termination-related obligations to Kenco exceed $8.5 million. These amounts are accruing and eroding Kenco's secured position as Debtors accelerate the outbound transfer of goods away from Kenco's facility to competitor warehouses.

## RELIEF REQUESTED

16. By this Motion, Kenco seeks entry of an *ex parte* Order, substantially in the form attached hereto as **Exhibit B**, scheduled certain relief requested in the Motion to be heard on September 29, 2025 or September 30, 2025 or otherwise at the Court's earliest convenience.

## BASIS FOR RELIEF

17. Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce a notice period. *See* Fed. R. Bankr. P. 9006(c) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also* Local Rule 9006-1(b) (providing that "except as otherwise ordered by the Court," motions shall be served at least fourteen days before the return date unless otherwise required by the Bankruptcy Rules). In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner in which notice is provided. Accordingly, this Court has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Stay Relief Motion.

18.     Cause exists to shorten the notice period and hold an expedited hearing on the Stay Relief Motion.  Under the Stay Relief Motion, Kenco seeks relief from the automatic stay for cause – including lack of adequate protection – to allow Kenco to exercise its rights under the Services Agreement to suspend Services, withhold shipment, and protect its lien rights, or, in the alternative, seeks an order conditioning the outbound movement of goods from Kenco's facility on advance payment that neutralizes the ongoing diminution of Kenco's secured position.  The Exit Email shows a deliberate strategy to deplete the collateral base securing Kenco's warehouse lien.  Each outbound movement of goods diminishes Kenco's collateral and the value of its lien (contractual and statutory).  Once the goods leave Kenco's possession, the possessory aspect of Kenco's lien is released.  *See* Stay Relief Motion, Ex. B, § 6.2.  Per the Exit Email, by October 27, 2025, Debtors intend to be completely out of the Kenco Warehouse, leaving Kenco with no collateral securing over $8.5 million in charges, ███████████████████████████████████████████████████████████████.  *See* Stay Relief Motion, Ex. D; Exit Email.  Without the Court's swift intervention, Kenco's secured position will continue to erode daily, leaving it unfairly exposed and inadequately protected as the Debtors monetize the very goods that secure Kenco's claims.  Accordingly, Kenco believes that expedited relief is warranted under the circumstances.

19.     As evidenced by the Cooperation Agreement and Exit Email, the Debtors are well aware of the terms of the Services Agreement, the termination of the parties' business relationship, the ongoing diminution of Kenco's secured position, and Kenco's lack of adequate protection. Kenco does not believe that shortening time for consideration of the Stay Relief Motion will prejudice any party.

20. Kenco respectfully requests the Court exercise its authority to shorten notice on the hearing of the Stay Relief Motion and schedule the hearing on the Stay Relief Motion at the Court's earliest convenience.

## NOTICE

21. Pursuant to Bankruptcy Rule 9006(c)(l), the Court may shorten time without notice. Accordingly, no notice of this Motion has been given. However, all parties who have signed up for the Court's electronic case filing system will receive notice of this Motion. Kenco respectfully submits that no other or further is necessary under the circumstances.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page is intentionally left blank]*

WHEREFORE, Kenco respectfully requests that the Court (i) enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: September 23, 2025  
      New York, New York

**LOWENSTEIN SANDLER LLP**  
 /s/ *Eric S. Chafetz*  
Eric S. Chafetz  
Kelly E. Moynihan  
1251 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 262-6700  
Facsimile: (212) 262-7402  
Email: echafetz@lowenstein.com  
      kmoynihan@lowenstein.com

-and-

**GRAY ROBINSON LLP**  
Steven J. Solomon (*pro hac vice* admission pending)  
333 S.E. 2nd Avenue, Suite 3200  
Miami, Florida 33131  
Telephone: (305) 416-6880  
Facsimile: (305) 416-6887  
Email: steven.solomon@gray-robinson.com

*Counsel to Counsel to Kenco Logistic Services, LLC*

# **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

**ORDER SHORTENING NOTICE WITH RESPECT TO**
**KENCO LOGISTIC SERVICES, LLC'S EMERGENCY MOTION FOR**
**RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE**
**FOR ADEQUATE PROTECTION OF ITS SECURED CLAIM**

Upon Kenco Logistic Services, LLC's motion (the "Motion")[2] pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(c) and 9007, and Local Rule 9006-1(b) for entry of an order shortening the notice period with respect to the Stay Relief Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. A hearing to consider the relief requested in the Stay Relief Motion shall be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, on _____, **2025 at____ (prevailing Eastern Time)**.

3. All objections to the Stay Relief Motion must be asserted in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules and be filed and served no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2025 at_____(prevailing Eastern Time).

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

5. The requirements set forth in Local Rule 9013-1(b) are satisfied.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. Kenco is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Date: September ___, 2025

                                                                                     THE HONORABLE MARTIN GLENN
                                                                                     CHIEF UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

Loewen Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

**DECLARATION OF FRANK LOEWEN IN SUPPORT OF KENCO LOGISTIC SERVICES, LLC'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO KENCO LOGISTIC SERVICES, LLC'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION OF ITS SECURED CLAIM**

Pursuant to 28 U.S.C. § 1746, I, Frank Loewen, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Vice President of Logistics Operations of Kenco Logistic Services, LLC ("Kenco"). I submit this declaration (the "Declaration") in support of *Kenco Logistic Services, LLC's Ex Parte Motion for Entry of an Order Shortening Notice with Respect to Kenco Logistic Services, LLC's Emergency Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection of its Secured Claim* (the "Motion").[2]

2. Except where specifically noted, the statements in this Declaration are based on my personal knowledge, belief, or opinion; information that I have received from Kenco's employees or advisors working directly with me or under my supervision, direction, or control; or from Kenco's records maintained in the ordinary course of its business.

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2] Capitalized terms used but not otherwise defined in this Declaration shall have the meanings ascribed to them in the Motion.

3. I believe the relief requested by Kenco in the Motion is appropriate and necessary for the reasons stated therein.

4. I believe that "cause" exists here to reduce the notice period on the Stay Relief Motion because the Exit Email reflects that the Debtors intend to deplete the collateral base securing Kenco's warehouse lien as each outbound movement of inventory diminishes Kenco's collateral and the value of its lien (contractual and statutory). Once the goods leave Kenco's possession, the possessory aspect of Kenco's lien is released. *See* Services Agreement § 6.2, attached to Stay Relief Motion as **Exhibit B**. By October 27, 2025, Debtors intend to be completely out of Kenco's facility, leaving Kenco with no collateral securing the substantial amounts owed to it, ███████████████████████████████████████████████ ███████████████████████. *See* Exit Email, attached to Stay Relief Motion as **Exhibit D**. Without the Court's swift intervention, Kenco's secured position will continue to erode daily, leaving it unfairly exposed and inadequately protected as the Debtors monetize the very goods that secure Kenco's claims.

5. Accordingly, I believe that cause exists to justify shortening the notice period to consider the relief sought in the Stay Relief Motion, which seeks relief under section 362 of the Bankruptcy Code.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2025
Sparta, NJ

*Frank Loewen*
Frank Loewen (Sep 23, 2025 10:31:09 EDT)
Frank Loewen