**EXHIBIT C-4**

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Aug-12  10:14:03
04CV-25-1607
C19WD05 : 3 Pages

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
FIFTH DIVISION

**ORGAIN, INC.**                                                                                          **PLAINTIFF**

v.                              No. 04CV-25-1607

**IOVATE HEALTH SCIENCES INTERNATIONAL,
INC.; and IOVATE HEALTH SCIENCES
INTERNATIONAL U.S.A., INC.**                                                   **DEFENDANTS**

### DECLARATION OF TANYA MISTRY IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO QUASH THE WRIT OF GARNISHMENT DIRECTED TO WALMART INC.

CANADA                               )
PROVINCE OF ONTARIO  )

I, Tanya Mistry, hereby declare:

1. I am over 18 years of age, of sound mind and otherwise competent to make this declaration. The evidence set out in this declaration is based on my personal knowledge.

2. I am Vice President, Finance at Iovate Health Sciences International, Inc. ("Iovate Canada") and Treasurer of Iovate Health Sciences International U.S.A., Inc. ("Iovate USA," and together with Iovate Canada, "Iovate"), Defendants in the above-captioned matter. I have been a Canadian Chartered Accountant/Chartered Professional Accountant since 2005. I have worked at Iovate for over 15 years and am familiar with its financials and business practices, including billing and borrowing. I submit this declaration in support of Defendants' Emergency Motion to Quash the Writ of Garnishment Directed to Walmart Inc.

3. Walmart Inc. ("Walmart"), including its subsidiary Sam's Club, is a major customer of Iovate USA. As of August 7, 2025, Walmart has paid Iovate USA $43,851,361.74 in 2025, approximately $6.1 million per month on average. The outstanding account receivable from Walmart, as of August 7, 2025, is $8,740,423.29. Iovate uses the payments from Walmart to

fund a significant portion of its day-to-day operation such as ongoing working capital requirements, including payroll and accounts payable.

4. In early April 2025, Iovate noticed that expected payments on accounts receivable from Walmart had not been made. Iovate reached out to its payment contact at Walmart, who did not know why the payments were not being made. Iovate was eventually redirected to a Walmart legal contact who told Iovate they had received a notice of levy issued by Plaintiff in the United States District Court for the Central District of California. At that time, Iovate was not aware that a notice of levy had been issued. Walmart represented that they would not make any payments to Iovate or to the levying officer until there was a court order or joint instruction by Iovate and Plaintiff.

5. I understand Iovate moved successfully to quash that notice of levy in the United States District Court for the Central District of California. Walmart thereafter resumed payments, but the improper levy and resulting disruption threatened Iovate's business relationship and goodwill with Walmart.

6. I understand that in June, Orgain caused a writ of garnishment directed to Walmart (the "Writ") to be issued in this Action. The Writ threatens to irreparably damage Iovate's business relationship and goodwill with Walmart. Orgain's repeated attempts to collect Iovate's accounts receivable from Walmart impose a significant burden on Walmart and disrupt Iovate's relationship with Walmart. The Writ thus threatens to lead to Walmart decreasing its business or otherwise changing the terms of its relationship with Iovate to Iovate's detriment. The potential impact is difficult if not impossible to quantify at this time but would cause substantial harm to Iovate, given the importance of Walmart as a customer.

7. In addition to the threat to Iovate's relationship with Walmart, a suspension of payments from Walmart in response to the Writ—even for a matter of weeks—threatens Iovate's ability to

continue as a business. Iovate learned on August 6, 2025, that a payment hold had been placed on Iovate's account in Walmart's online vendor portal. Iovate relies on payments from Walmart to provide the cash it needs operate its business and service its senior secured debts. Without payments from Walmart, Iovate will be required to make drastic cuts to inventory purchases which support the business and ongoing operational expenditures including payroll within two or three weeks.

8. Iovate Canada has a credit facility secured by a first priority lien on essentially all of Iovate's assets, including accounts receivable from Walmart. The current credit agreement, as amended and restated from time to time, has been in place since 2016. The current administrative agent for the lenders is Royal Bank of Canada. The lenders declared certain defaults in 2024 and, in turn, Iovate entered into a forbearance agreement dated September 24, 2024, pursuant to which it is required to make certain payments to lenders. The amount owed to lenders under the credit facility exceeds the amount of the judgment in this action. A disruption or discontinuance in Iovate's business relationship with Walmart or in payments from Walmart threatens Iovate's ability to make required payments and otherwise comply with the forbearance and credit agreements, and therefore to maintain access to its lines of credit.

> Pursuant to the Uniform Unsworn Foreign Declarations Act, Ark. Code Ann. §§ 16-2-201 *et seq.*, I declare under penalty of perjury under the law of Arkansas that the foregoing is true and correct, and that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States.

Executed on the 7th day of August, 2025 at __Mississauga__, Ontario, Canada

*/s/ Tanya Mistry*
Tanya Mistry