**<u>EXHIBIT G-1</u>**

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Aug-21  15:54:33
04CV-25-1607
C19WD05 : 4 Pages

### IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
### CIVIL DIVISION

**ORGAIN, INC.**                                                                          **PLAINTIFF**

**vs.**                                    **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL, INC. and**
**IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.**              **DEFENDANTS**

### RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO QUASH THE
### WRIT OF GARNISHMENT DIRECTED TO WALMART INC.

COMES NOW the Plaintiff, Orgain, Inc. (hereinafter, "Orgain"), by and through its undersigned counsel, NIXON, LIGHT & BUZBEE, PLLC, and for its Response to Defendants' Emergency Motion to Quash the Writ of Garnishment Directed to Walmart Inc. states and responds as follows:

1.      Orgain admits that it holds a properly registered foreign judgment against the Iovate Health Sciences International, Inc. and Iovate Health Sciences International, U.S.A., Inc. (hereinafter, collectively, "Iovate") in the amount of $12,500,00.00 and that this judgment remains wholly unsatisfied by Iovate.

2.      Orgain admits that it has sought and obtained a writ of garnishment directed to Walmart, Inc. (hereinafter, "Walmart") regarding any funds being held by Walmart owed to Iovate.

3.      Orgain denies the allegation contained in paragraph 3 of the Motion.

4.      Orgain denies that a writ of fieri facias is required under these facts and for the

reasons stated in its brief in support being filed contemporaneously herewith[1].

5.      Orgain is without knowledge or information sufficient to form a belief as to the truth of the assertions contained in paragraph 5 of the Motion and therefore denies the same. Pleading further, Iovate is without standing to assert any substantive (or procedural) arguments on behalf of a third-party creditor. Iovate' claim that Orgain's actions constitute an "improper effort to harm [Iovate's] business rather than actually collect on the judgment" is remarkable, and indeed ironic, when considering the basis of the $12,500,000 judgment imposed against them and the fact that Iovate has made no legitimate efforts to satisfy Orgain's judgments since the jury issued its verdict almost two years ago. To be clear, Orgain is not concerned in any way with Iovate's "business", or lack thereof, and is solely focused on collecting its justly due debt.

6.      Orgain denies the allegations contained in paragraph 6 of the Motion. Iovate's argument is contradictory. On one hand, Iovate argues that the garnished funds are owed (and "presently executable") to Iovate's secured lenders and later argue that an emergency exists because "[Iovate] relies on payments from [Walmart] to operate its business." Iovate Motion at 6. Clearly, the Iovate's position is that it should continue to receive the funds from the Walmart to, both, (i) operate their business, including generating profits, and (ii) pay their secured lenders. Nowhere does Iovate indicate how or when it plans to pay Orgain and clearly presumes that its business should continue unaffected by Orgain's judgment.

7.      Orgain denies the allegations contained in paragraph 7 of the Motion. The U.S. District Court for the Central District of California previously quashed Notices of Levies issued by Orgain. However, the basis of that ruling was (1) lack of jurisdiction and (2) improper service

---

[1] Subject to and without waiver of this denial, solely out of an abundance of caution, Orgain has obtained a writ of fieri facias/execution and delivered same to the Benton County Sheriff. As Iovate knows, the writ will, of course, be returned unsatisfied, because Iovate owns no property in Benton County.

by mail under California law (which requires "personal service" of a notice of levy). *See* California Court Order, Gooding Aff., Exhibit 3 at 3-4.

8.     The allegations contained in paragraph 8 of the Motion do not require a response by Orgain, nevertheless same is denied. Furthermore, Orgain denies any factual allegations contained in the referenced affidavits to the extent not supported by the record herein.

9.     The allegations contained in paragraph 9 of the Motion do not require a response by Orgain.

10.     The allegations contained in paragraph 10 of the Motion do not require a response by Orgain, nevertheless, Orgain generally and specifically objects to the entry of the referenced Order.

11.     Orgain denies any and all allegations contained in the Motion not specifically admitted herein.

12.     Pleading only in the alternative, Iovate is still operating as a going concern and the accounts receivable received from Walmart, in conjunction with other receivables from retailers other than Walmart, are sufficient to cover Iovate's monthly loan obligations to its secured lender. Therefore, if the Court determines that the secured lender's lien has priority and that it has properly declared a default, Orgain asks that the writ of garnishment be quashed only to the extent necessary to pay the loan and related expenses, thereby leaving the balance to be applied to Orgain's judgment.

13.     Furthermore, the Motion to Quash should be dismissed and denied pursuant to Ark. R. Civ. P. 10(d) for failure to attach a copy of any and all written instruments or documents upon which the Iovate's claim is based, including but not limited to any security agreements and forbearance agreements.

WHEREFORE, Orgain, Inc., prays that the Emergency Motion to Quash the Writ of Garnishment Directed to Walmart Inc. be denied, that Iovate take nothing therefrom and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

NIXON, LIGHT & BUZBEE, PLLC
Attorneys at Law
10201 W. Markham, Suite 108
Little Rock, Arkansas 72205
501.376.3600 Telephone
501.225.6370 Facsimile
john@nixonandlight.com


/s/ John B. Buzbee
John B. Buzbee (Ark. Bar 08045)

ATTORNEY FOR ORGAIN, INC.


## CERTIFICATE OF SERVICE

I, John Buzbee, hereby certify that a true and correct copy of the foregoing Response was filed on this 21st day of August, 2025, providing electronic notice to all parties of record.

/s/ John B. Buzbee
John B. Buzbee (Ark. Bar 08045)