**EXHIBIT H**

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Aug-22  15:10:36
04CV-25-1607
C19WD05 : 6 Pages

# IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## FIFTH DIVISION

| | |
|---|---|
| **ORGAIN, INC.** | **PLAINTIFF** |
| v. | No. 04CV-25-1607 |
| **IOVATE HEALTH SCIENCES INTERNATIONAL, INC.; and IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.** | **DEFENDANTS** |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO QUASH THE WRIT OF GARNISHMENT DIRECTED TO WALMART INC.

Iovate Health Sciences International, Inc. ("Iovate Canada") and Iovate Health Sciences International U.S.A. Inc.[1] ("Iovate USA," and, together with Iovate Canada, "Iovate"), submit this reply brief in further support of their emergency motion (the "Motion") to quash Plaintiff Orgain Inc.'s ("Orgain") writ of garnishment to Walmart Inc. ("Walmart") dated June 27, 2025 (the "Writ").

Orgain does not dispute that Iovate's lenders, through Royal Bank of Canada, have a prior perfected lien on the accounts receivable Orgain is attempting to garnish. Orgain also does not dispute that the lenders' interest is superior to Orgain's. In other words, Orgain recognizes it should not be entitled to the accounts receivable it is attempting to garnish. Despite these acknowledgments, Orgain still argues that the Writ should not be quashed. In doing so, it misconstrues the facts and makes incorrect and unavailing legal arguments.

### I.  Orgain Misconstrues the Facts

Orgain's Response misconstrues the facts in multiple ways.

First, Orgain claims Iovate moved to quash the Writ because of harm to its business

---

[1] Orgain incorrectly identifies Iovate Health Sciences U.S.A., Inc. as Iovate Health Sciences International U.S.A., Inc.

relationships and operations. Orgain's Brief in Response to Defendants' Emergency Motion ("Resp.") at 1. This is a purposeful misreading of the Motion. Iovate moved to quash the Writ because (1) Orgain failed to comply with the operative garnishment statute, Ark. Code Ann. § 16-66-114, and (2) Orgain issued the Writ for an improper purpose. The irreparable harm to Iovate's business from the *improper* Writ makes this an emergency, but the irreparable harm is not an independent basis to quash.

Second, Orgain claims Iovate fails to explain "why all 8 million of the funds presently held by Walmart are needed to service Iovate's debt." Resp. at 1. But as the declaration Iovate submitted in support of the Motion explains, the lenders have a "first priority lien" on the "accounts receivable from Walmart" and "The amount owed to lenders under the credit facility exceeds the amount of the judgment in this action." Declaration of Tanya Mistry in Support of Emergency Motion to Quash ("Mistry Decl."), ¶ 8. Iovate cannot simply choose to pay Orgain instead of its lenders. Orgain is well aware of this, as counsel have discussed it repeatedly and the lenders have twice sent Orgain letters explaining the same. *See* Affidavit of Douglas Gooding in Support of Emergency Motion to Quash, ¶¶ 5, 11, 12, 15.

Third, Orgain claims "Iovate has not yet paid anything to Orgain—claiming that to do so might cause Iovate harm." Resp. at 2. Iovate has not refused to pay the judgment by claiming it might be harmed. In fact, Iovate has been engaged in negotiations in a good faith with its lenders and Orgain in an effort to agree on a payment schedule and terms to make Orgain whole, notwithstanding its inferior position to the lenders. Iovate has made several offers of substantial initial payments and then payments of the balance over time. It has broached the idea of granting Orgain a second-tier lien. Orgain, for its part, has rejected those offers and represented that it would be just as happy to drive Iovate out of business without recouping a dime.

2

## II. Orgain's Legal Arguments Are Incorrect and Unavailing

### A. Iovate Has Standing to Challenge the Writ

Orgain claims Iovate has no standing to challenge the Writ. Resp. at 2-4. That position is foreclosed by Ark. Code Ann. § 16-110-134 and the cases interpreting it, which allow for "any person" to "dispute the validity of the attachment or garnishment." *Watkins v. Hadamek*, 48 Ark. App. 78, 81-82, 892 S.W.2d 515, 517 (1994). That includes a party that has wholly assigned their interest in the funds but remains interested in their disposition. *Id.* Iovate, which has an interest in the accounts receivable from Walmart and their disposition, has standing to be heard on the validity of the Writ. *See id.*; *see also M & S Oil Props. v. Halliburton Co.*, 32 Ark. App. 136, 137-38, 798 S.W.2d 116, 117 (1990) ("[I]t is inherent power in a court to control and regulate its process. When justice and fair honest dealing demand, it may quash the process itself . . . .").

### B. The Lenders Have Taken Steps to Enforce Their Interest

Orgain argues that the accounts receivable are subject to garnishment because the lenders have not taken affirmative steps to enforce their interest. Resp. at 4-6. But the lenders did take affirmative steps. After declaring a default, the lenders determined that entering a forbearance agreement, rather than liquidating their collateral, was the best way to preserve value and maximize their recovery. *See* Mistry Decl., ¶ 8. Iovate is currently in default of the forbearance agreement and the lenders are under-secured. The lenders have reserved their rights to enforce their interest under that agreement, as well. Iovate made significant concessions in the forbearance agreement, acknowledging its defaults, agreeing to make payments (including of lenders' costs), and releasing all claims against the lenders. Courts have recognized that declaring a default and entering into a forbearance agreement is an affirmative enforcement action, and a particularly appropriate one to maximize recovery from an ongoing business. *See Sys. Soft Techs., L.L.C. v. Artemis Techs., Inc.*,

3

837 N.W.2d 449, 455 (Mich. Ct. App. 2013).[2] Orgain mainly relies on a case where the lender "did not declare [the loans]" in default and did not "follow procedures required by the loan agreement to enforce its U.C.C. and contract rights." *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302, 303 (8th Cir. 1989). That is simply not the case here.[3] As *System Soft Technologies* explains, when a secured party declares a default and enters into a forbearance agreement with the debtor, as Iovate's lenders did here, it "is distinguishable from *Frierson*." *Sys. Soft Techs.*, 837 N.W.2d at 456.

### C. Orgain Cannot Ignore Ark. Code Ann. § 16-66-114

Orgain does not dispute that Ark. Code Ann. § 16-66-114 mandates that, before a judgment creditor can have a writ of garnishment issued to collect on a judgment against a private corporation, the judgment creditor must first have a writ of fieri facias (or execution) issued and returned. Orgain also does not dispute that it issued the Writ without having a writ of fieri facias issued and returned. Nevertheless, Orgain argues that it can ignore the statute's "vain and useless" mandate because, in its estimation, Iovate "owns no property in Arkansas." Resp. at 6. Orgain thinks it can arrogate to itself the power to decide when to follow the clear and express language of the garnishment statute, which the Arkansas Supreme Court has "frequently, and without exception" required "strict compliance with." *See Thompson v. Bank of Am.*, 356 Ark. 576, 584,

---

[2] Orgain tries to fault Iovate for failing to attach the forbearance agreement to the Motion, but Iovate provided Orgain with the forbearance agreement along with the other relevant loan documents in April, and again in May. *See* Gooding Aff., ¶¶ 5, 12. There is no surprise or prejudice to Orgain. Moreover, Orgain does not contest that Iovate's lenders have declared default or that Iovate and its lenders have entered into a forbearance agreement.

[3] The other cases Orgain cites are similarly inapposite because the secured parties did not take actions to enforce their interests. *See Shales v. Pipe-Liners, Ltd.*, No. 09-cv-1822, 2012 WL 4793499, at *3 (N.D. Ill. Oct. 9, 2012) (cited by Orgain, Resp. at 5) (secured party "took no action until . . . well after the [judgment creditor] had served several citations to discover assets," and even then it "merely sent a letter . . . demanding payment for notes that had already matured"); *S.E.I.U. Loc. No. 4 Pension Fund v. Pinnacle Health Care of Berwyn LLC*, 560 F. Supp. 2d 647, 651 (N.D. Ill. 2008) (cited by Orgain, Resp. at 6) (secured party "did not declare [the judgment debtor's] loan in default" or follow other procedures to enforce its rights).

4

157 S.W.3d 174, 179 (2004) (citation omitted). The statute is clear: it is the sheriff, not Orgain, who must certify that Iovate has or does not have property subject to execution in the state. Axioms and rules of construction cannot displace that clear statutory language. *See Robinson v. State*, 2013 Ark. 60, ¶ 5 ("The first rule of construction is to construe the statute or rule just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction."). Orgain's construction would require adding a qualification to the statute's clear and absolute mandate, and courts "will not add words to a statute to convey a meaning that is not there." *Our Cmty., Our Dollars v. Bullock*, 2014 Ark. 457, at 18-19, 452 S.W.3d 552, 563. In any case, Orgain tacitly admitted its error by issuing a writ of execution after Iovate filed this Motion.

For the reasons stated above and in Iovate's Motion and opening brief, Iovate respectfully requests that this Court quash the Writ.

Dated: August 22, 2025.

                Respectfully submitted,

                /s/ Peter Shults_____
                Peter Shults (Ark. Bar No. 2019021)
                Amanda G. Orcutt (Ark. Bar No. 2019102)
                Steven Shults (Ark. Bar No. 78139)
                SHULTS LAW FIRM LLP
                200 West Capitol Avenue, Suite 1600
                Little Rock, Arkansas 72201-3621
                (501) 375-2301
                pshults@shultslaw.com
                aorcutt@shultslaw.com
                sshults@shultslaw.com

                -and-

                Douglas R. Gooding (*admitted pro hac vice*)
                Derek H. Farquhar (*admitted pro hac vice*)
                CHOATE, HALL & STEWART LLP
                Two International Place
                Boston, MA 02210

5

(617) 248-5000<br>
dgooding@choate.com<br>
dfarquhar@choate.com

## **CERTIFICATE OF SERVICE**

    I certify that I filed the foregoing with the Clerk of the Benton County Circuit Court using the electronic filing system, which shall send notification to all counsel of record.

                                           /s/ Peter Shults
                                           Peter Shults