**EXHIBIT A**

**From:** Unser, Kyle T. <Kyle.Unser@KutakRock.com>
**Sent:** Thursday, September 18, 2025 10:45 AM
**To:** John Buzbee; De Lellis, Michael
**Cc:** Sugg, Caleb S.
**Subject:** RE: Iovate Health Sciences International

Mr. De Lellis:

I understand there are ongoing discussions between you and Mr. Buzbee's Canadian counterpart regarding the disposition of these funds.  Walmart's interest is in not violating the automatic stay and making sure the disposition of the funds is governed by an appropriate court order.  We will continue to hold the garnished funds to preserve the status quo unless someone demands that we do something different, in which case we will likely seek clarity from the New York bankruptcy court.  I am happy to discuss with either or both of you – just let me know.

Kyle

**Kyle T. Unser**
Partner

**Kutak Rock LLP**
5111 W. J.B. Hunt Dr., Suite 300
Rogers, AR 72758
kyle.unser@kutakrock.com
**p:** 479-250-9675   **m:** 479-957-8328

*Support provided by*
**Iris Herrera** | Paralegal | **p:** 479-973-4200 | iris.herrera@kutakrock.com

---

**From:** John Buzbee <john@nixonandlight.com>
**Sent:** Wednesday, September 17, 2025 12:43 PM
**To:** Unser, Kyle T. <Kyle.Unser@KutakRock.com>; mdelellis@osler.com
**Cc:** Sugg, Caleb S. <Caleb.Sugg@KutakRock.com>
**Subject:** RE: Iovate Health Sciences International
**Importance:** High

**[ CAUTION - EXTERNAL SENDER ]**

Kyle –

Good to hear from you. I'm literally in a meeting right now with clients and co-counsel.

I can tell you that option 1 is most certainly a "no" for us.

I note you don't mention interpleading the funds into Benton County Circuit Court, but that seems more viable than interpleading it into the Canadian bankruptcy. In any event, we are discussing internally and we will get back with you about this as soon as possible.

John B. Buzbee

1

NIXON, LIGHT & BUZBEE, PLLC
10201 W. Markham, Suite 108
Little Rock, Arkansas 72205
501.376.3600 Telephone
501.225.6370 Facsimile
john@nixonandlight.com

**Confidential: Attorney-Client Privilege; Attorney Work Product. This message is intended for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also, please notify the sender by replying to this message, and then delete it from your system. Thank you.**

**From:** Unser, Kyle T. <Kyle.Unser@KutakRock.com>
**Sent:** Wednesday, September 17, 2025 12:21 PM
**To:** John Buzbee <john@nixonandlight.com>; mdelellis@osler.com
**Cc:** Sugg, Caleb S. <Caleb.Sugg@KutakRock.com>
**Subject:** Iovate Health Sciences International

John:

Hope you're doing well.

We represent Walmart. You represent Orgain, Inc. Michael De Lellis copied here is bankruptcy counsel for Iovate in its Canadian proceeding (I think). Attached is an order granting provisional relief in the Chapter 15 case Iovate filed in New York.

As evidenced by the answer to the writ of garnishment we filed in your Arkansas garnishment proceeding, Walmart has a good bit of money on hand that is owed to the debtor but is now subject to the garnishment lien perfected by your client. As you can imagine Mr. De Lellis would very much like us to send his client the money. As a result of your writ and the pending bankruptcy case I have advised Walmart of the effect of the automatic stay and have communicated my opinion that mere retention of the money to preserve the status quo does not violate the stay. But we'd like to get it out of our hands in a manner that doesn't expose Walmart to double-liability.

I see two paths forward here.

1. Your client can agree that the money is property of the estate and should be turned over to the debtor and to the entry of an order in the garnishment proceeding that allows Walmart to do so without lingering exposure to your client.
2. Alternatively, let me know that your client does not agree and Walmart will appear in the bankruptcy case and ask the judge to tell us what to do with the money.

I suspect time is of the essence for everyone involved (or at least the two of you), so please let me know how you want to proceed.

**Kyle T. Unser**
Partner

**Kutak Rock LLP**
5111 W. J.B. Hunt Dr., Suite 300
Rogers, AR 72758
kyle.unser@kutakrock.com

**p:** 479-250-9675  **m:** 479-957-8328

*Support provided by*
**Iris Herrera** | Paralegal | **p:** 479-973-4200 | [iris.herrera@kutakrock.com](mailto:iris.herrera@kutakrock.com)

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.