**EXHIBIT B**

**Second Report of
KSV Restructuring Inc.
as Proposal Trustee of
Iovate Health Sciences International
Inc., Iovate Health Sciences U.S.A.
Inc. and Northern Innovations
Holding Corp.**

**October 1, 2025**

**Contents** Page

1.0    Introduction ................................................................................................................. 1
    1.1    Purposes of this Report................................................................................ 2
    1.2    Restrictions ................................................................................................. 2
    1.3    Currency ..................................................................................................... 3
2.0    Background ................................................................................................................ 3
3.0    Cash Flow Forecast................................................................................................... 3
4.0    Kenco ......................................................................................................................... 4
5.0    Stay Extension .......................................................................................................... 5
6.0    Anticipated Next Steps ............................................................................................. 5
7.0    Proposal Trustee's Activities................................................................................... 6
8.0    Conclusion and Recommendation .......................................................................... 6

**Appendices**

**Appendix**                                                                                               **Tab**
    Cash Flow Forecast and Management's Report on Cash Flow......................... A
    Proposal Trustee's Report on Cash Flow ........................................................... B



Court File No. BK-25-03268936-0031

**ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

Court No.: 31-3268936
Estate No.: 31-3268936

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

Court No.: 31-3268942
Estate No.: 31-3268942

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.**

Court No.: 31-3268971
Estate No.: 31-3268971

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.**

**SECOND REPORT OF KSV RESTRUCTURING INC.**

**OCTOBER 1, 2025**

## 1.0 Introduction

1. On September 5, 2025, Iovate Health Sciences International Inc. ("**Iovate International**"), Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp. (collectively, the "**NOI Applicants**") each filed a Notice of Intention to Make a Proposal (collectively the "**NOIs**", each an "**NOI**") in accordance with the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**"), and KSV Restructuring Inc. ("**KSV**") consented to act as proposal trustee (in such capacity, the "**Proposal Trustee**").

2. On September 9, 2025, the Court granted an order approving:

    a) an administrative consolidation of the proposal proceedings (the "**NOI Proceedings**") under one title of proceedings;

    b) a charge over the assets, undertakings and properties of the NOI Applicants to secure payment of the fees and disbursements of certain administrative professionals;

    c) Iovate International to act as foreign representative for the purpose of having the NOI Proceedings recognized in a jurisdiction outside of Canada; and

    d)    authorizing Iovate International, as foreign representative, to apply for relief pursuant to Chapter 15 of the *United States Bankruptcy Code*.

3. On September 10, 2025, the United States Bankruptcy Court for the Southern District of New York (the "**New York Court**") entered an order (the "**Provisional Order**") provisionally recognizing Iovate International as foreign representative of the NOI Applicants with full authority to administer their assets and affairs in the United States. The Provisional Order also provided that section 362 of the *United States Bankruptcy Code* applies with respect to the NOI Applicants and the property of each NOI Applicant that is within the territorial jurisdiction of the United States. The Provisional Order was extended pursuant to an order granted by the New York Court on September 19, 2025.

4. KSV is filing this report (the "**Second Report**") as the Proposal Trustee.

## 1.1 Purposes of this Report

1. The purposes of this Second Report are to:

   a) provide background information about the NOI Applicants;

   b) report on the NOI Applicants' cash flow projection (the "**Cash Flow Forecast**") for the period September 29, 2025 to November 7, 2025; and

   c) discuss the reasons the Proposal Trustee recommends that this Honourable Court issue the proposed order (the "**Stay Extension Order**") extending the stay period (the "**Stay Period**") from October 5, 2025 to November 4, 2025.

## 1.2 Restrictions

1. In preparing this Second Report, the Proposal Trustee has relied upon the NOI Applicants' audited and unaudited financial information, the books and records of the NOI Applicants, and discussions with the NOI Applicants' representatives, legal counsel and financial advisor.

2. The Proposal Trustee has not audited or otherwise attempted to verify the accuracy or completeness of the financial information relied on to prepare this Second Report in a manner that complies with Canadian Auditing Standards ("**CAS**") pursuant to the Chartered Professional Accountants of Canada Handbook and, accordingly, the Proposal Trustee expresses no opinion or other form of assurance contemplated under the CAS in respect of such information. Any party wishing to place reliance on the financial information should perform its own diligence.

3. An examination of the Cash Flow Forecast as outlined in the Chartered Professional Accountants of Canada Handbook has not been performed. Future oriented financial information relied upon in this Second Report is based on the NOI Applicants' assumptions regarding future events; actual results achieved may vary from this information and these variations may be material. The Proposal Trustee expresses no opinion or other form of assurance on whether the Cash Flow Forecast will be achieved.

**1.3   Currency**

1. Unless otherwise noted, all currency references in this Second Report are in U.S Dollars.

## 2.0   Background

1. The NOI Applicants are part of a group of companies (the "**Iovate Group**") engaged in the development, production and sale of health and nutrition products in Canada, the United States and elsewhere. The Iovate Group's key brands include MuscleTech™, Hydroxycut™, Six Star®, and Purely Inspired®, which are sold in over 90 countries worldwide.

2. Background of the NOI Applicants' filing is set out in the affidavit of Wesley Parris sworn September 6, 2025 (the "**September 6 Affidavit**"). Further information regarding the NOI Applicants and the NOI Proceeding is set out in the affidavit of Wesley Parris sworn September 29, 2025 (the "**September 29 Affidavit**", and together with the September 6 Affidavit, the "**Initial NOI Affidavits**").  The Initial NOI Affidavits and the Proposal Trustee's First Report dated September 8, 2025 are available on the Proposal Trustee's website at the following link:  [Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A., Inc. and Northern Innovations Holding Corp.](#)

3. Since the commencement of the NOI Proceedings, the NOI Applicants, with the assistance of the Proposal Trustee, have worked to stabilize the business and operations of the NOI Applicants.

## 3.0   Cash Flow Forecast

1. The NOI Applicants have prepared the Cash Flow Forecast for the period from September 29, 2025 to November 7, 2025 (the "**Forecast Period**"), to align with the request for an extension of the Stay Period. The Cash Flow Forecast together with Management's Report on the Cash-Flow Statement, as required by subsection 50.4(2)(c) of the BIA, is provided in Appendix "A".

2. A summary of the Cash Flow Forecast is provided below:

| (unaudited; USD$000s) | Sep 29, 2025 – Nov 7, 2025 |
|---|---:|
| Collections | 18,136 |
|  |  |
| Disbursements |  |
| *Operating Costs* |  |
|   Inventory Purchases | (18,000) |
|   Operating Expenses | (9,242) |
|   Payroll and Benefits | (1,925) |
|   Occupancy Costs | (100) |
|   Other Expenses | (384) |
| *Restructuring Costs* |  |
|   Professional Fees | (1,808) |
| Total Disbursements | (31,458) |
|  |  |
| Net Cash Flow | (13,323) |
|  |  |
| Opening Cash Balance | 15,729 |
| Net Cash Flow | (13,323) |
| Closing Cash Balance | 2,406 |

3. A central issue impacting the NOI Applicants' liquidity is the failure to receive approximately USD $13.2 million (as of September 26, 2025) in receivables currently being withheld by Walmart Inc. ("**Walmart**") as a result of enforcement efforts undertaken by Orgain Inc. ("**Orgain**"). On April 17, 2024, Orgain obtained judgment against Iovate International and Iovate USA in the United States District Court for the Central District of California, which was subsequently amended on November 17, 2024 to USD $12.5 million (the "**Amended Judgment**"). In seeking to enforce the Amended Judgment, Orgain commenced garnishment proceedings in Arkansas directed at Walmart, one of the Debtors' largest customers. Following the Arkansas Court's refusal to quash the writ of garnishment, Walmart began withholding payments to Iovate in August 2025.

4. Walmart's payments, averaging approximately USD $5.8 million per month year-to-date, represent a critical source of liquidity for the NOI Applicants and are used to fund day-to-day operations, including payroll and accounts payable. As of September 26, 2025, the total accounts receivable owing from Walmart was in excess of USD $18.7 million, of which USD $13.2 million was past due based on Walmart's typical payment history.

5. Given the critical importance of the receipt of historical and future receivables from Walmart in the ordinary course to the NOI Applicants' liquidity position and ability to continue to operate as a going concern, the Proposal Trustee will continue to engage with both Orgain and Walmart in the short term to achieve a consensual resolution of this issue. However, if a consensual resolution cannot be reached, the Proposal Trustee expects that the NOI Applicants will seek emergency judicial relief to address this issue as the continued failure to receive monies owed to the NOI Applicants on a go-forward basis will be materially prejudicial to the NOI Applicants and their stakeholders.

6. Despite this issue, the Cash Flow Forecast reflects that the NOI Applicants will have sufficient liquidity to pay expenses forecasted to be incurred during the Forecast Period.

7. Based on the Proposal Trustee's review of the Cash Flow Forecast, there are no material assumptions which seem unreasonable. The Proposal Trustee's Report on the Companies' Cash Flow Statement as required by subsection 50.4(2)(b) of the BIA is attached as Appendix "B".

## 4.0 Kenco

1. Kenco Logistic Services, LLC ("**Kenco**"), the NOI Applicants' primary third-party logistics distributor, sought emergency relief from the New York Court to shorten notice on its motion for relief from the automatic stay (or, alternatively, for adequate protection of its secured claim).

2. That request for expedited treatment was denied, and therefore Kenco will not receive emergency relief at this stage. Kenco asserts that its lien and related claims exceed $8.5 million, tied to termination-related obligations and charges under its warehousing and logistics agreement. Kenco currently holds approximately $18 million of the NOI Applicants' inventory, and the NOI Applicants had already been in the process of transitioning to a new supplier, which formed part of the dispute between the parties.

3. The Proposal Trustee and the NOI Applicants are actively working with Kenco to reach a consensual resolution of these issues. Without such a resolution, the parties may need to seek further direction from the Court or the New York Court to ensure continued protection of the estates and their operations.

## 5.0 Stay Extension

1. The NOI Applicants are seeking an extension of the time to file a proposal with the Official Receiver from October 5, 2025 to November 4, 2025.

2. The Proposal Trustee supports the NOI Applicants' request for the following reasons:

    a) the NOI Applicants have complied with all of their obligations under the BIA;

    b) the NOI Applicants are acting in good faith and with due diligence;

    c) no creditor would be materially prejudiced if the extension being applied for is granted;

    d) based on the Cash Flow Forecast, the NOI Applicants are expected to have sufficient liquidity to fund their operations in the normal course during the Forecast Period; and

    e) the NOI Applicants require the extension to preserve the *status quo* while they continue to:

        i. organize their affairs and stabilize operations; and

        ii. formulate a definitive restructuring plan.

## 6.0 Anticipated Next Steps

1. The NOI Applicants intend to obtain final recognition of the NOI Proceedings as a "foreign main proceeding" pursuant to Chapter 15 of the *United States Bankruptcy Code.*

2. The NOI Applicants will continue to engage with:

    a) suppliers, creditors, customers and employees to continue operating the NOI Applicants' business in the ordinary course and without interruption;

    b) the Lenders (as defined in the September 6 Affidavit) and other key stakeholders regarding the NOI Applicants' restructuring options; and

    c) parties taking enforcement steps against the NOI Applicants and seek appropriate judicial relief if consensual resolutions cannot be achieved.

3. The NOI Applicants, with the assistance of the Proposal Trustee and the NOI Applicants' financial advisor, are collectively working to develop the NOI Applicants' restructuring plan.

## 7.0 Proposal Trustee's Activities

1. Since its appointment, the Proposal Trustee has undertaken the following activities in connection with the NOI Proceedings:

   a) engaging with Orgain and Walmart regarding the garnishment proceedings and related withholding of receivables, with the objective of achieving a resolution that ensures the NOI Applicants' continued access to critical liquidity;

   b) working with the NOI Applicants to stabilize their business and operations, including monitoring receipts, disbursements, payroll, and supplier relationships during the Stay Period;

   c) communicating regularly with the NOI Applicants' financial advisor in connection with the preparation and ongoing assessment of the Cash Flow Forecast;

   d) reviewing and analyzing the Cash Flow Forecast to assess the reasonableness of underlying assumptions and confirm sufficiency of liquidity to fund operations throughout the Stay Period;

   e) preparing this Second Report to provide the Court with an update on the NOI Proceedings and to support the request for the Stay Extension Order;

   f) engaging with creditors and other stakeholders of the NOI Applicants, including suppliers and lenders, to provide updates and respond to inquiries regarding the restructuring process;

   g) engaging with legal counsel to Kenco to address its asserted lien claims and to work toward a consensual resolution;

   h) coordinating with Canadian and U.S. legal counsel to address cross-border recognition, enforcement, and relief issues arising in connection with the Chapter 15 proceedings; and

   i) addressing administrative matters, including compliance with reporting obligations under the BIA.

## 8.0 Conclusion and Recommendation

1. Based on the foregoing, the Proposal Trustee respectfully recommends that this Honourable Court grant the Stay Extension Order.

\* \* \*

All of which is respectfully submitted,

*KSV Restructuring Inc.*

**KSV RESTRUCTURING INC.,
IN ITS CAPACITY AS PROPOSAL TRUSTEE OF
IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC. AND NORTHERN INNOVATIONS HOLDING CORP.
AND NOT IN ITS PERSONAL CAPACITY**

# Appendix "A"

Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp. (the "Company")
**Projected Weekly Cash Flow**
For the 6-Week Period Ending November 7, 2025
(Unaudited; $USD )

| | Note | \multicolumn{6}{c}{For the Week Ending} | Total |
|---|---|---|---|---|---|---|---|---|
| | | 3-Oct | 10-Oct | 17-Oct | 24-Oct | 31-Oct | 7-Nov | |
| | 1 | | | | | | | |
| *Receipts* | | | | | | | | |
| Collections | 2 | 4,201,753 | 1,840,819 | 2,777,583 | 2,805,274 | 3,656,090 | 2,854,034 | 18,135,553 |
| Total Receipts | | 4,201,753 | 1,840,819 | 2,777,583 | 2,805,274 | 3,656,090 | 2,854,034 | 18,135,553 |
| *Disbursements* | | | | | | | | |
| Inventory Purchases | 3 | (3,000,000) | (3,000,000) | (3,000,000) | (3,000,000) | (3,000,000) | (3,000,000) | (18,000,000) |
| Operating Expenses | 4 | (2,596,801) | (1,330,648) | (578,748) | (2,013,660) | (1,742,465) | (978,967) | (9,241,290) |
| Payroll and Benefits | 5 | (314,376) | (315,286) | (322,424) | (322,424) | (325,293) | (325,293) | (1,925,096) |
| Occupancy costs | 6 | - | - | - | - | (100,000) | - | (100,000) |
| Other Expenses | 7 | (660,294) | (50,000) | - | - | (30,000) | 356,000 | (384,294) |
| Total disbursements | | (6,571,471) | (4,695,934) | (3,901,172) | (5,336,084) | (5,197,758) | (3,948,261) | (29,650,680) |
| Net Cash Flow before the Undernoted | | (2,369,718) | (2,855,116) | (1,123,589) | (2,530,810) | (1,541,668) | (1,094,226) | (11,515,127) |
| Professional Fees | 8 | (978,319) | (250,000) | (25,000) | (40,000) | (475,000) | (40,000) | (1,808,319) |
| Net Cash Flow | | (3,348,036) | (3,105,116) | (1,148,589) | (2,570,810) | (2,016,668) | (1,134,226) | (13,323,445) |
| Opening Cash balance / (Deficit) | | 15,728,706 | 12,380,670 | 9,275,554 | 8,126,965 | 5,556,155 | 3,539,487 | 15,728,706 |
| Net Cash Flow | | (3,348,036) | (3,105,116) | (1,148,589) | (2,570,810) | (2,016,668) | (1,134,226) | (13,323,445) |
| Closing cash balance / (Deficit) | | 12,380,670 | 9,275,554 | 8,126,965 | 5,556,155 | 3,539,487 | 2,405,260 | 2,405,260 |

The above financial projections are based on management's assumptions detailed in Appendix "1-1".
The note references correspond to the assumption numbers shown in Appendix "1-1".

IOVATE HEALTH SCIENCES INTERNATIONAL INC.,
IOVATE HEALTH SCIENCES U.S.A. INC.
AND NORTHERN INNOVATIONS HOLDING CORP.

Per: *[signature]*

Date: 10-1-25

KSV RESTRUCTURING INC.
IN ITS CAPACITY AS TRUSTEE UNDER THE
NOTICE OF INTENTION TO MAKE A PROPOSAL AND NOT
IN ITS PERSONAL CAPACITY

Per: *[signature]*

Date: October 1, 2025

Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp. (the "Company")
**Notes to Projected 13-Week Cash Flow**
For the 6-Week Period Ending November 7, 2025
(Unaudited; $USD )

**Purpose and General Assumptions**

1. The purpose of the projection is to present a consolidated six-week forecast of the Company's cash flows for the period September 29, 2025 to November 7, 2025 (the "Period") in respect of its NOI proceedings under the Bankruptcy and Insolvency Act.

   The cash flow projection has been prepared based on hypothetical and most probable assumptions.

**Hypothetical Assumptions**

2. Reflects the estimated collections from the Company's sales, excluding any collections from Walmart.

**Probable Assumptions**

3. Represents the estimated payments for inventory purchases.

4. Reflects estimated payments for operating expenses, including warehousing, freight, marketing and selling, general and administrative expenses.

5. Represents the gross payroll obligations for the Company's employees.

6. Reflects the Company's occupancy costs for headquarters in Oakville, Ontario.

7. Reflects payments for other expenses, including insurance, capital expenditures and post-filing sales taxes. The amount in the week ending November 7, 2025 reflects an estimated insurance refund.

8. Reflects estimated professional fees of the Proposal Trustee, its counsel, the Company's Canadian and US counsel, the Company's financial advisor and the Company's secured lender's counsel and financial advisor.

**Report on Cash Flow Statement by the Person Making the Proposal**
**(Paragraphs 50(6)(c) and 50.4(2)(c) of the BIA)**

The management of Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp. (collectively, the "Company") has developed the assumptions and prepared the attached statement of projected cash flow as of the 1st day of October 2025, consisting of a weekly cash flow statement for the period September 29, 2025, to November 7, 2025 (the "Cash Flow"). All such assumptions are disclosed in the notes to the Cash Flow.

The hypothetical assumptions are suitably supported and consistent with the purpose of the Cash Flow as described in Note 1 to the Cash Flow, and the probable assumptions are suitably supported and consistent with the plans of the Company and provide a reasonable basis for the Cash Flow.

Since the Cash Flow is based on assumptions regarding future events, actual results will vary from the information presented and the variations may be material.

The Cash Flow has been prepared solely for the purpose outlined in Note 1 using a set of hypothetical and probable assumptions set out therein. Consequently, readers are cautioned that the Cash Flow may not be appropriate for other purposes.

Dated at Toronto, this 1st day of October 2025.

**Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp.**

_____
Per: Wes Paris

# Appendix "B"

**Trustee's Report on Cash-flow Statement**
**(Paragraphs 50(6)(b) and 50.4(2)(b) of the Act)**

The attached statement of projected cash-flow of Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp. (collectively, the "Company"), as of the 1st day of October, 2025, consisting of a weekly cash flow statement for the period September 29, 2025 to November 7, 2025 (the "Cash Flow"), has been prepared by the management of the Company for the purpose described in Note 1, using hypothetical and probable assumptions set out in the notes to the Cash Flow.

Our review consisted of inquiries, analytical procedures and discussion related to information supplied by the management and employees of the Company. Since hypothetical assumptions need not be supported, our procedures with respect to them were limited to evaluating whether they were consistent with the purpose of the projection. We have also reviewed the support provided by management for the probable assumptions and the preparation and presentation of the projection.

Based on our review, nothing has come to our attention that causes us to believe that, in all material respects:

(a) the hypothetical assumptions are not consistent with the purpose of the Cash Flow;

(b) as at the date of this report, the probable assumptions developed by management are not suitably supported and consistent with the plans of the Company or do not provide a reasonable basis for the projection, given the hypothetical assumptions; or

(c) the Cash Flow does not reflect the probable and hypothetical assumptions.

Since the Cash Flow is based on assumptions regarding future events, actual results will vary from the information presented, and the variations may be material. Accordingly, we express no assurance as to whether the Cash Flow will be achieved. We express no opinion or other form of assurance with respect to the accuracy of any financial information presented in this report or relied upon in preparing this report.

The Cash Flow has been prepared solely for the purpose described in Note 1 and readers are cautioned that it may not be appropriate for other purposes.

Dated this 1st day of October, 2025.

**KSV RESTRUCTURING INC.**
**IN ITS CAPACITY AS TRUSTEE IN THE PROPOSAL OF**
**IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC. AND NORTHERN INNOVATIONS HOLDING CORP.**
**AND NOT IN ITS PERSONAL CAPACITY**

Per: Noah Goldstein

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

Court No.: 31-3268936
Estate No.: 31-3268936

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.**

Court No.: 31-3268942
Estate No.: 31-3268942

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.**

Court No.: 31-3268971
Estate No.: 31-3268971

Court File No: BK-25-03268936-0031

|  |  |
|---|---|
|  | *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br>Proceedings commenced at Toronto |
|  | **SECOND REPORT OF THE PROPOSAL TRUSTEE**<br>(dated October 1, 2025) |
|  | **OSLER, HOSKIN & HARCOURT LLP**<br>100 King Street West<br>1 First Canadian Place<br>Suite 6200, P.O. Box 50<br>Toronto, ON  M5X 1B8<br><br>**Marc Wasserman** (LSO # 44066M)<br>Tel:     416.862.4908<br>E-mail: mwasserman@osler.com<br><br>**Michael De Lellis** (LSO # 48038U)<br>Tel:     416.862.5997<br>E-mail: mdelellis@osler.com<br><br>Lawyers for KSV Restructuring Inc., in its capacity as Proposal Trustee |