Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway (admitted *pro hac vice*)
Victoria A. Newmark (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF THE FOREIGN REPRESENTATIVE'S MOTION**
**FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF**
**FOREIGN REPRESENTATIVE AND (III) RELATED RELIEF UNDER**
**<u>CHAPTER 15 OF THE BANKRUPTCY CODE</u>**

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned foreign debtors in respect of the Canadian Proceeding (as defined below) pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), by and through its undersigned counsel, respectfully submits this reply (the "Reply") in support of the Debtor's *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 4] (the "Recognition Motion") and in response to the limited objection to the Recognition Motion [Docket No. 58] (the "Limited Objection") filed by Orgain, Inc. ("Orgain"). In support of the Reply, the Foreign Representative respectfully states as follows:[2]

## INTRODUCTION[3]

1. In its Limited Objection, Orgain does not dispute (and, indeed concedes[4]) that the Canadian Proceeding is a foreign main proceeding. Nor does Orgain contest that this Court can or should grant the Foreign Representative and the Debtors the relief sought in the Amended Proposed Order pursuant to section 1521 of the Bankruptcy Code. Instead, the sole basis of the limited objection to the Recognition Motion is Orgain's request that the Court "exercise the well-recognized principles of comity and cooperation with foreign courts and permit the Canadian Court the opportunity to decide the Canadian Stay Relief Motion."[5]

---

[2] Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the *Supplemental Brief in Support of Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 44] (the "Supplemental Brief").

[3] Capitalized terms used but not defined in this Introduction are intended to have the meanings ascribed to them *infra*.

[4] *See, e.g.,* Limited Objection at ¶ 2 (referring to the Canadian Proceeding as "the foreign main proceeding").

[5] Limited Objection at ¶ 3.

2. The Canadian Court declined Orgain's invitation to hear the Canadian Stay Relief Motion, stating that it was "not prepared, in the circumstances, to purport to make any order with respect to the stay in place under section 362 of the US Bankruptcy Code; in my view, Judge Glenn and the New York Court are the right tribunal to make that determination."[6] Orgain's Limited Objection is therefore moot; the Canadian Court has had the opportunity to hear the Canadian Stay Relief Motion and declined to do so. This Court should therefore grant the Recognition Motion and enter the Amended Proposed Order.

## REPLY

**A. The Canadian Proceeding is a Foreign Main Proceeding and the Foreign Representative Should be Afforded the Requested Relief**

3. As set forth in the Recognition Motion, the Canadian Proceeding, the Foreign Representative, and the Verified Petitions satisfy all of the requirements of section 1517(a) of the Bankruptcy Code and the Canadian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.[7] The Canadian Proceeding must therefore be recognized as a foreign main proceeding under section 1517 of the Bankruptcy Code and the "automatic" relief set forth in section 1520(a) of the Bankruptcy Code apply.

4. Further, no party—including Orgain—disputes that this Court can grant the relief requested by the Foreign Representative (including the relief set forth in sections 1521(a)(5) and 1521(b)) in the exercise of its "exceedingly broad" discretion.[8] As set forth in the Recognition Motion and Supplemental Brief, the relief sought in the Amended Proposed Order is "necessary

---

[6] Endorsement, at ¶ 44.
[7] Recognition Motion, at ¶¶ 40 – 55; 59 – 62.
[8] *In re Odebrecht Engenharia e Construção S.A.*, 669 B.R. 457, 465 (Bankr. S.D.N.Y. 2025) (quoting *In re Atlas Shipping A/S*, 404 B.R. 726, 739 (Bankr. S.D.N.Y. 2009)).

to effectuate the purpose of [chapter 15] and to protect the assets of the debtor" and should therefore be granted.[9]

B. **The Walmart Receivable Should Be Entrusted to the Foreign Representative**

5. As set forth in the Supplemental Brief, the Walmart Receivable is the Debtors' property, subject to the Lenders' senior and Orgain's junior liens.[10] In its Limited Objection, Orgain does not dispute these facts, nor does it dispute (because it cannot) that this Court can properly make such determinations. Instead, on October 15, 2025, Orgain filed a motion with the Canadian Court (the "Canadian Stay Relief Motion"),[11] seeking to "lift the stay of proceedings arising from the Notices of Intention to Make a Proposal of Iovate to allow the narrow question of whether the funds held by Walmart belong to Orgain to be adjudicated by the Arkansas State Court,"[12] an issue the Foreign Representative squarely and appropriately placed before this Court through the Recognition Motion and Supplemental Brief, and concurrently filed the Limited Objection.

6. In advance of an already-scheduled hearing before the Canadian Court, the Debtors submitted the *Aide Memoire of Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp.* (the "Iovate Aide Memoire") to the Canadian Court on October 16, 2025.[13] In the Iovate Aide Memoire, which was accompanied by a letter from undersigned counsel to the Foreign Representative, the Debtors stated that the Canadian Stay

---

[9] *In re ENNIA Caribe Holding N.V.*, 596 B.R. 316, 318 (Bankr. S.D.N.Y. 2019).
[10] Supplemental Brief at ¶¶ 24 – 27.
[11] A true and correct copy of the Canadian Stay Relief Motion is attached to the Second Chaiton Declaration, filed contemporaneously herewith, as **Exhibit A**.
[12] Canadian Stay Relief Motion at ¶ 13. Elsewhere in the Canadian Stay Relief Motion, Orgain described the relief it sought as "[l]ifting the stay of proceedings for the limited purpose of allowing the Arkansas State Court to fully and finally adjudicate the dispute between Orgain, Iovate Health Sciences International, Inc. ("Iovate Canada"), Iovate Health Sciences U.S.A., Inc. ("Iovate US"), and the Royal Bank of Canada ("RBC") . . ." *Id.* at p. 2.
[13] A true and correct copy of the Iovate Aide Memoire is attached to the Second Chaiton Declaration as **Exhibit B**.

Relief Motion was improperly submitted, as the Canadian Court should not be "asked to dictate which foreign tribunal should decide matters regarding the Walmart Receivables."[14] In response, Orgain filed the *Aide Memoire of the Creditor, Orgain, Inc.* (the "Orgain Aide Memoire") and a letter from Orgain's United States counsel (the "Morgan Letter"),[15] requesting "a motion date and a timetable" to be heard on the Canadian Stay Relief Motion.[16]

7.    On October 17, 2025, the Canadian Court held a hearing, at which it heard submissions regarding whether to schedule a date for a substantive hearing on the Canadian Stay Relief Motion and took the matter under submission. On October 20, 2025, the Canadian Court issued its *Endorsement* (the "Endorsement")[17] "declin[ing] to schedule the further case conference sought by Orgain"[18] and stating that, "the question of whether to grant relief from a stay under section 362 of the Bankruptcy Code is a matter exclusively within the jurisdiction of the US Bankruptcy Court."[19] Thus, the Canadian Court has determined not to grant the relief Orgain sought in the Canadian Stay Relief Motion and the sole basis of its Limited Objection is therefore moot.

8.    As of the date of this Reply—two days after the deadline to object to the Recognition Motion and three days after the Canadian Court's Endorsement—Orgain has neither filed any motion for relief from stay with this Court (which, in any event, would be meritless) nor offered any reason why, as a matter of fact or law, the Court cannot or should not enter the Amended Proposed Order.[20] Accordingly, for the reasons detailed in the Recognition Motion and

---

[14]    Iovate Aide Memoire at ¶ 5.
[15]    True and correct copies of the Orgain Aide Memoire and Morgan Letter are attached to the Second Chaiton Declaration as **Exhibit C-1** and **C-2**, respectively.
[16]    Orgain Aide Memoire at ¶ 3.
[17]    A true and correct copy of the Endorsement is attached to the Second Chaiton Declaration as **Exhibit D**.
[18]    Endorsement at ¶ 45.
[19]    *Id.* at ¶ 42.
[20]    For the avoidance of doubt, the Foreign Representative will object to any attempt by Orgain to delay entry of the Amended Proposed Order or to submit eleventh-hour arguments that were not timely raised.

the Supplemental Brief, the Foreign Representative respectfully submits that entry of the Amended Proposed Order, including the explicit clarification that the Walmart Receivable must be entrusted to the Foreign Representative in accordance with sections 1521(a)(5), 1521(b), and 1522 of the Bankruptcy Code, is proper.

## CONCLUSION

9. For these reasons, the Foreign Representative respectfully requests that the Court (a) grant the relief sought in the Recognition Motion; (b) overrule the Limited Objection; and (c) enter the Amended Proposed Order, substantially in the form attached to the Supplemental Brief as Exhibit A.

Dated: October 23, 2025              Respectfully submitted,

                                              PACHULSKI STANG ZIEHL & JONES LLP

                                              By: */s/ Steven W. Golden*
                                                   Steven W. Golden
                                                   Jeffrey M. Dine
                                                   Mary F. Caloway (admitted *pro hac vice*)
                                                   Victoria A. Newmark (admitted *pro hac vice*)
                                                   1700 Broadway, 36th Floor
                                                   New York, New York 10019
                                                   Telephone: 212-561-7700
                                                   Facsimile:  212-561-7777

                                            *Counsel to the Foreign Representative*