## EXHIBIT A

Court File No. 31-3268936
Estate No.: 31-3268936

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File No. 31-3268942
Estate No.: 31-3268942

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.

Court File No. 31-3268971
Estate No.: 31-3268971

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.

## MOTION RECORD OF THE CREDITOR
## ORGAIN, INC.

October 14, 2025

**DAVIES WARD PHILLIPS & VINEBERG LLP**
155 Wellington Street West
Toronto ON  M5V 3J7

**Natasha MacParland (LSO#42383G)**
Tel:    416.863.5567
Email: nmacparland@dwpv.com

**Chenyang Li (LSO#73249C)**
Tel:    416.367.7623
Email: cli@dwpv.com

Lawyers for the Creditor, Orgain, Inc.

TO:          **SERVICE LIST**

**INDEX**

| <u>Tab</u> | <u>Document</u> | <u>Pages</u> |
|---|---|---|
| 1. | Notice of Motion of Orgain, Inc. dated October 14, 2025 | 4 – 9 |
| 2. | Affidavit of Mark Bettilyon sworn October 14, 2025 | 10 – 19 |
| A. | Judgment of the U.S. District Court for the Central District of California dated April 17, 2024 | 20 – 24 |
| B. | Order of the U.S. District Court for the Central District of California Enforcing Settlement dated October 31, 2024 | 25 – 37 |
| C. | Amended Judgment of the U.S. District Court for the Central District of California dated November 17, 2024 | 38 – 40 |
| D. | Order Dismissing Appeal od the U.S. Circuit Court of Appeals for the Ninth Circuit dated December 19, 2024 | 41 |
| E. | Order of the U.S. District Court for the Central District of California Granting Iovate's *Ex Parte* Application to Vacate and Quash dated April 28, 2025 | 42 – 47 |
| F. | Transcript of Iovate's Emergency Application before the State Court of Arkansas dated August 25, 2025 | 48 – 77 |
| G. | Order of the State Court of Arkansas dated September 3, 2025 | 78 – 81 |
| H. | Motion of the Royal Bank of Canada to Intervene in Arkansas State Court dated August 12, 2025 | 82 – 361 |
| I. | Answer of Walmart Inc. to Writ of Garnishment in State Court of Arkansas dated September 5, 2025 | 362 – 367 |

4

Court File No. 31-3268936
Estate No.: 31-3268936

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File No. 31-3268942
Estate No.: 31-3268942

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.

Court File No. 31-3268971
Estate No.: 31-3268971

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.

## NOTICE OF MOTION

**TAKE NOTICE THAT** the Creditor/Moving Party, Orgain, Inc. ("**Orgain**"), will make

a motion to the Ontario Superior Court of Justice on a date and at a time to be determined

by the Court, at the courthouse located at 330 University Avenue, Toronto, Ontario  M5G 1R7.

**PROPOSED METHOD OF HEARING**: The motion is to be heard orally and in-person unless directed otherwise by the Court.

**THE MOTION IS FOR AN ORDER**:

(a)    Lifting the stay of proceedings for the limited purpose of allowing the Arkansas State Court to fully and finally adjudicate the dispute between Orgain, Iovate Health Sciences International, Inc. ("**Iovate Canada**"), Iovate Health Sciences U.S.A., Inc. ("**Iovate US**"), and the Royal Bank of Canada ("**RBC**") as described below; and

(b)    Such further and other relief as counsel may request and this Court may deem just.

**THE GROUNDS FOR THE MOTION ARE:**

1.    On November 17, 2024, Orgain obtained an Amended Judgment against Iovate requiring Iovate to pay USD$12,500,000.

2.    Iovate failed or refused to pay the Amended Judgment.

3.    In Summer 2025, Orgain filed Writs of Garnishment in the State of Arkansas and served same on Walmart, Inc. The Writs of Garnishment require Walmart to pay to Orgain any amounts that it otherwise would pay to Iovate until the Amended Judgment is satisfied.

4.      In August 2025, Iovate filed an emergency application to set aside the Writ of Garnishment Orgain filed against Walmart in the State of Arkansas.

5.      On August 12, 2025, RBC, a secured creditor of Iovate, intervened in the garnishment proceedings in the Arkansas State Court and claimed that it was entitled to seize the funds held by Walmart on Orgain's behalf pursuant to the Writ of Garnishment.

6.      The Arkansas State Court held that it would adjudicate the issue of whether the funds held by Walmart belonged to Orgain or could be seized by RBC following full briefing and argument.

7.      On August 25, 2025, the Arkansas State Court dismissed Iovate's emergency application and held that the Writ of Garnishment filed in Arkansas against Walmart was validly filed.

8.      On September 5, 2025, Walmart filed its Answer to the garnishment proceedings in Arkansas and confirmed that it was holding USD$11,333,502.67 in funds that would otherwise have been payable to Iovate to be paid to Orgain.

9.      On September 5, 2025, Iovate filed Notices of Intention to Make a Proposal in the Ontario Superior Court of Justice. Then, on September 9, 2025, Iovate filed a Chapter 15 Petition in the U.S. District Court for the Southern District of New York. On September 10, 2025, a stay of proceedings was entered by the U.S. District Court for the Southern District of New York, which has had the effect of pausing the progress of the Arkansas garnishment proceeding.

10.     On October 3, 2025, Iovate bought a motion for an extension of the stay, where the proposal trustee represented that it intended to work cooperatively with Orgain to resolve the issue of distribution of the funds being held by Walmart. Shortly thereafter, the proposal trustee filed a motion in the United States bankruptcy proceeding seeking to direct Walmart to pay these funds to Iovate without notice to Orgain.

11.     The issue of whether the funds held by Walmart in the State of Arkansas belong to Orgain or may be seized by RBC is governed by Arkansas State Law.

12.     Moreover, the Arkansas State Court has the jurisdiction to grant declarations as to title of property within the State of Arkansas.

13.     Consequently, it is just and equitable to lift the stay of proceedings arising from the Notices of Intention to Make a Proposal of Iovate to allow the narrow question of whether the funds held by Walmart belong to Orgain to be adjudicated by the Arkansas State Court.

**STATUTES AND RULES RELIED UPON:**

14.     *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, s. 69.4.

**THE FOLLOWING DOCUMENTARY EVIDENCE WILL BE RELIED ON AT THE HEARING OF THE MOTION:**

(a)     the Affidavit of Mark Bettilyon sworn October 14, 2025;

(b)     the Affidavit of Geoffrey Treece (to be served and filed in advance of the motion); and

- 5 -

    (c)    such further and other materials as counsel may advise and the Court may

permit.

October 14, 2025

**DAVIES WARD PHILLIPS & VINEBERG LLP**
155 Wellington Street West
Toronto ON  M5V 3J7

**Natasha MacParland (LSO#42383G)**
Tel:    416.863.5567
Email: nmacparland@dwpv.com

**Chenyang Li (LSO#73249C)**
Tel:    416.367.7623
Email: cli@dwpv.com

Lawyers for the Creditor, Orgain, Inc.

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File Nos.: 31-3268936, 31-3268942, and 31-3268971

|  |  |
|---|---|
|  | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br><br>PROCEEDING COMMENCED AT TORONTO |
|  | **NOTICE OF MOTION** |
|  | **DAVIES WARD PHILLIPS & VINEBERG LLP**<br>155 Wellington Street West<br>Toronto ON  M5V 3J7<br><br>**Natasha MacParland (LSO#42383G)**<br>Tel:    416.863.5567<br>Email: nmacparland@dwpv.com<br><br>**Chenyang Li (LSO#73249C)**<br>Tel:    416.367.7623<br>Email: cli@dwpv.com<br><br>Lawyers for the Creditor, Orgain, Inc. |

Court File No. 31-3268936
Estate No.: 31-3268936

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File No. 31-3268942
Estate No.: 31-3268942

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.

Court File No. 31-3268971
Estate No.: 31-3268971

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.

### AFFIDAVIT OF MARK BETTILYON
### (Sworn October 14, 2025)

I, **MARK BETTILYON**, of the **City of Salt Lake City**, in the **State of Utah**, United States of America, MAKE OATH AND SAY:

1.      I am a trial lawyer and chair of the litigation group at Thorpe North & Western LLP. I was counsel for Orgain, Inc. (**"Orgain"**) in its proceeding against Iovate Health Sciences International Inc. ("**Iovate Canada**") and Iovate Health Sciences U.S.A. Inc. ("**Iovate US**", and together with Iovate Canada, "**Iovate**") in the U.S. District Court of the Central District of California in Court Docket No. 8:18-cv-01253-JLS-ADS (the "**California Proceeding**"). As such, I have personal knowledge of the facts and matters deposed to in this Affidavit, except where such matters are based on information and belief, in which case I verily believe them to be true.

2.      In this Affidavit, I provide certain background information concerning litigation that occurred in the California Proceeding involving Iovate, court proceedings in the State of Arkansas (defined below as the Arkansas Enforcement Proceeding) to enforce the judgment that resulted from the California Proceeding, as well as Orgain's participation in the Ontario insolvency proceeding.

3.      In swearing this Affidavit I am not authorized to waive, nor do I intend to waive, any potentially applicable privilege held by Orgain, or any of their affiliates.

**A.      THE GENESIS OF THE DISPUTE BETWEEN ORGAIN AND IOVATE**

4.      Orgain and Iovate both manufacture and sell plant-based protein powders and ready-to-drink nutritional shakes. Iovate, however, had repeatedly breached Orgain's trademarks in its attempt to win market share by deceiving consumers and attempting to pass off its own products as Orgain's products. Orgain claimed false advertising against Iovate to reflect same.

5.      One of the many examples of Iovate's infringement of Orgain's trademarks is demonstrated in the illustration below. The product on the left of the image is Orgain's "Organic Protein" product. The product on the right of the image is Iovate's "Organic Protein" product. As the image demonstrates, Iovate has marketed its product with logos and designs that are confusingly similar to Orgain's products.



6.      Iovate's trademark infringement was intentional and calculated. In fact, each time Orgain changed its product marketing, Iovate quickly followed and modified its product marketing to resemble the new creative designs and imagery selected by Orgain.

7.      Iovate's trademark infringement was so comprehensive and thorough that retailers frequently stocked Iovate's products rather than Orgain's products in displays labelled and/or designed for exclusively Orgain products. Orgain also frequently received complaints from consumers who bought products of Iovate who believed that they had actually bought a product of Orgain.

**B.    THE CALIFORNIA PROCEEDING**

8.      On July 18, 2018, Orgain filed a complaint that commenced the California Proceeding to enforce its intellectual property rights, seek damages from Iovate for violating those rights, and protect consumers from the intentional confusion Iovate injected into the marketplace.

9.      The jury trial of the California Proceeding commenced in August 2023.

10.     At the conclusion of the trial, the jury awarded USD$10,035,481 in damages. This was the entire amount of damages Orgain had claimed.

11.     On April 17, 2024, the U.S. District Court for the Central District of California entered a Judgment in favour of Orgain for the amount of the jury award, USD$10,035,481 (the "**Judgment**"). The Judgment also enjoined Iovate from engaging in further infringing Orgain's trademarks. Attached hereto as **Exhibit "A"** is a copy of the Judgment.

12.     On May 1, 2024, Orgain filed a motion for attorneys' fees in the amount of USD$5,899,498.03.

- 5 -

13.     On May 3, 2024, counsel for Orgain and counsel for Iovate settled Orgain's attorneys' fees claim and agreed to a settlement of damages and fees for an all-in amount of USD$12,500,000 (the "**Settlement**").

14.     Thereafter, Iovate reneged on the Settlement. In fact, on August 12, 2024, Iovate filed a false report with the U.S. District Court for the Central District of California claiming that the parties had not reached the Settlement.

15.     On August 30, 2024, Orgain filed a motion to enforce the Settlement.

16.     On October 31, 2024, the U.S. District Court for the Central District of California granted Orgain's motion to enforce the Settlement. Attached hereto as **Exhibit "B"** is a redacted copy of an Order Granting Motion to Enforce Settlement Agreement issued in the California Proceeding (the "**Order to Enforce Settlement Agreement**"). Certain portions of the Order to Enforce Settlement Agreement are redacted because that redacted information is sealed by a Sealing Order issued in the California Proceeding on November 17, 2024 (the "**Sealing Order**").

17.     On November 17, 2024, the U.S. District Court for the Central District of California entered an Amended Judgment awarding Orgain USD$12,500,000 against Iovate. Attached hereto as **Exhibit "C"** is a copy of a formal Amended Judgment entered in the California Proceeding.

18.     Although Iovate filed a notice of appeal of the Judgment, Iovate abandoned that appeal. Attached hereto as **Exhibit "D"** is a copy of an Order Dismissing an Appeal

issued by the U.S. Circuit Court of Appeals for the Ninth Circuit in Court Docket No. 8:18-cv-01253-JLS-ADS on December 19, 2024.

19.     Iovate chose not to appeal the Amended Judgment. Iovate can no longer appeal the Amended Judgment because the appeal period has expired.

### C.      ENFORCEMENT OF THE AMENDED JUDGMENT

20.     In early 2025, Orgain attempted to reach an agreement with Iovate regarding their payment of the Amended Judgment. However, Iovate made no offers in that regard. Nor did they take any steps to pay the Amended Judgment.

21.     When it became clear that Iovate was unwilling to pay the Amended Judgment, Orgain served notices of levy on Iovate's customers, including Walmart, Inc. ("**Walmart**"), GNC Holdings LLC, Franchise Group, Inc. and Amazon Inc.

22.     On April 23, 2025, Iovate filed an *ex parte* application with the U.S. District Court for the Central District of California seeking to vacate and quash the notices of levy that Orgain served. The U.S. District Court for the Central District of California held that the notices of levy could not be filed in California because they concerned property located outside of the State of California. Attached hereto as **Exhibit "E"** is a copy of an Order Granting Iovate's *Ex Parte* Application to Vacate and Quash Notices of Levy issued on April 28, 2025.

23.     After the U.S. District Court for the Central District of California held that notices of levy had to be filed in the States in which the property at issue resided, Orgain had the Amended Judgment recognized in Arkansas where Walmart is headquartered.

24.    Orgain also began the process of garnishing funds otherwise payable to Iovate from Walmart. Orgain did so by filing a Writ of Garnishment with the State Court of Arkansas and commencing garnishment proceedings as required under Arkansas State Law in the Circuit Court of Benton County, Civil Division bearing Court File No. 04CV-25-1607 (the "**Arkansas Enforcement Proceeding**").

25.    In August 2025, Iovate filed an emergency application in the State Court of Arkansas seeking to quash Orgain's Writ of Garnishment against Walmart. On August 25, 2025, the State Court of Arkansas denied Iovate's request to quash Orgain's Writ of Garnishment. In the Court's oral reasons, the Court held that "Orgain has a legitimate judgment against Iovate that they are entitled to try to collect". A copy of the transcript of the emergency application hearing and oral reasons of the Court dated August 25, 2025 is attached hereto as **Exhibit "F"**.

26.    On September 3, 2025, the State Court of Arkansas entered an Order to the same effect. A copy of the Order is attached hereto as **Exhibit "G"**.

27.    On August 12, 2025, a secured creditor of Iovate, the Royal Bank of Canada ("**RBC**"), filed a motion to intervene in the Arkansas Enforcement Proceeding. RBC claimed that it was entitled to seize the funds Walmart was holding on behalf of Orgain pursuant to the Writ of Garnishment. The Arkansas State Court held that the matter of the party with an entitlement to the funds held by Walmart would be adjudicated before it after full briefing and argument. A copy of the Motion to Intervene and the companion brief are attached hereto as **Exhibit "H"**.

- 8 -

28.    On September 5, 2025, Walmart filed its Answer to the Arkansas Enforcement Proceeding. Walmart indicated that it was prepared to comply with the Writ of Garnishment and was holding USD$11,333,502.67 in funds that would otherwise have been payable to Iovate to be paid to Orgain in accordance with the Writ of Garnishment. A copy of this Answer is attached hereto as **Exhibit "I"**.

29.    On September 5, 2025, on the same day, Iovate filed Notices of Intention to Make a Proposal in the Ontario Superior Court of Justice.

30.    On September 9, 2025, Iovate filed a Chapter 15 Petition in the U.S. District Court for the Southern District of New York. On September 10, 2025, a stay of proceedings was entered by the U.S. District Court for the Southern District of New York, which has had the effect of pausing the progress of the Arkansas Enforcement Proceeding.

31.    On October 3, 2025, the Proposal Trustee brought a motion for an extension of s stay in the Notices of Intention to Make a Proposal before Justice Conway of the Ontario Superior Court of Justice. At this motion, the Proposal Trustee represented that it intended to work cooperatively with Orgain to resolve the issue of the funds being held by Walmart. Neither Orgain nor its counsel, however, received any correspondence from the Proposal Trustee after October 3, 2025. Instead, Orgain discovered on October 7, 2025 that Iovate (presumably with the consent of the Proposal Trustee) had launched unilaterally a motion in the U.S. District Court for the Southern District of New York seeking an order directing Walmart to pay the funds they are holding to Iovate without consulting Orgain.

32.     The only step left before the funds held by Walmart pursuant to the Writ of Garnishment on Orgain's behalf may be released to Orgain is the issuance by the Arkansas State Court of an order permitting the release of funds. Such orders are issued in the ordinary course of debt collection proceedings in the State of Arkansas.

SWORN REMOTELY by Mark Bettilyon stated as being located in the City of Salt Lake City, in the State of Utah, United States of America, BEFORE ME at the City of Toronto, in the Province of Ontario, this 14th day of October, 2025.

Signed by:

*Chenyang Li*

685DA02D68184FF

_____
Commissioner for Taking Affidavits

**CHENYANG LI (LSO#73249C)**

DocuSigned by:

*Mark Bettilyon*

13B536A20403466

_____
**MARK BETTILYON**

19

THIS IS **EXHIBIT "A"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA03D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

Case 8:18-cv-01253-JLS-ADS   Document 63-1   Filed 10/28/25   Entered 10/23/25 08:25:40   Exhibit A
Case 25-11958-CTG   Doc 63-1   Filed 10/28/25   Page 21 of 370   Pg 21 of 370   Page ID #:78307

20

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORGAIN, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC., a Canadian Corporation; and IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC., a Delaware Corporation,<br><br>     Defendants. | Case No.: 8:18-CV-01253 JLS (ADSx)<br><br>**JUDGMENT** |

## JUDGMENT

On August 22, 2023, the foregoing matter was called for trial in Courtroom 8A of the United States District Court, Central District of California, the Honorable Josephine L. Staton presiding. On September 6, 2023, the jury returned a unanimous verdict in favor of Plaintiff Orgain, Inc.

Having reviewed the Parties' briefing of equitable issues related to final judgment, IT IS ORDERED, ADJUDGED, AND DECREED:

That judgment be, and hereby is, entered in favor of Plaintiff Orgain, Inc., and against Defendants Iovate Health Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc. on its claims for Lanham Act trade dress infringement and unfair competition, California common law unfair competition, and claims made under California's Unfair Competition Law and False Advertising Law.

That Iovate Health Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc. infringed Orgain, Inc.'s trade dress that Orgain, Inc. uses for certain of its organic protein products and which is composed of the following elements:

1. The term ORGANIC PROTEIN is in a unique, black font against a white background located just above the center of the container with its house brand located above ORGANIC PROTEIN;

2. ORGANIC PROTEIN is framed inside green bands that circumscribe the top and bottom portions of the container;

3. The term ORGANIC is positioned directly on top of the term PROTEIN;

4. The term ORGANIC and PROTEIN are in a similar font; and

5. The front label also incorporates a green leaf and colored areas highlighting the dietary profile of the product.

That Orgain, Inc. is AWARDED damages in the amount of $10,035,481. Defendants Iovate Health Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc. shall be jointly and severally liable for that damages award.

That Defendants Iovate Health Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc., and any and all of those acting in concert therewith, are hereby permanently enjoined from using any the infringing labels shown below, or any label or packaging confusingly similar to Orgain, Inc.'s above-described trade dress.

Exhibit 62             Exhibit 63

     

Exhibit 67          Exhibit 68          Exhibit 74

        

Exhibit 78          Exhibit 79          Exhibit 80          Exhibit 81

   

Exhibit 1958      Exhibit 1959      Exhibit 1960      Exhibit 1961

   

That Orgain, Inc. shall recover post-judgment interest under 28 U.S.C. 1961.

That Orgain, Inc. may file an application to the Clerk to tax costs under Federal Rule of Civil Procedure 54(d) and Local Rules 54-2 and 54-3.

That Defendants Iovate Health Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc. shall take nothing.

And that the Court shall retain jurisdiction over any motion for attorneys' fees, which shall be filed within 14 days of the date of this Order, and any motion to retax costs, which shall be filed within 7 days of the Clerk's decision on Orgain, Inc.'s application to tax costs.  Fed. R. Civ. P. 54(d)(2)(B)(i); C.D. Cal. L.R. 54-2.5.

Dated this 17th day of April, 2024.

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

25

THIS IS **EXHIBIT "B"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D08184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

**REDACTED VERSION FILED
PURSUANT TO COURT ORDER
DATED NOVEMBER 18, 2024
(ECF NO. 524)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Kelly Davis                                      N/A
Deputy Clerk                                        Court Reporter

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                                        Not Present

PROCEEDINGS:   [UNDER SEAL]
                        (IN CHAMBERS)  ] ORDER GRANTING MOTION TO
                        ENFORCE SETTLEMENT AGREEMENT (Doc. 498)

     Before the Court is a Motion to Enforce Settlement Agreement filed by Plaintiff
Orgain, Inc. ("Orgain").  (Mot., Doc. 498; Mem., Doc. 497-1.)  Defendants Iovate Health
Sciences International, Inc. and Iovate Health Sciences U.S.A., Inc. (collectively
"Iovate") opposed, and Orgain responded.  (Opp., Doc. 505; Reply, Doc. 511.)  Having
considered the parties' papers, and for the following reasons, the Court GRANTS the
Motion.

**I.      BACKGROUND**

     The underlying facts of this case are well-known to the parties at this late stage in
litigation, and so the Court need not recount them here.  Suffice it to say that after a six-
day trial, the jury returned a verdict in favor of Orgain on all counts and awarded Orgain
$10,035,481 in damages; the Court entered judgment accordingly on April 17, 2024.
(Judgment, Doc. 479.)

     Thereafter, the parties re-engaged in settlement discussions.  (Mem. at 5.)  Both
parties had a primary point of contact for settlement negotiations during this time: Peter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

de Jonge ("de Jonge") for Orgain, and Dave Reid ("Reid") for Iovate.  (*Id.*)  Orgain
argues that de Jonge and Reid's extensive negotiations resulted in the formation of a
binding settlement agreement on May 3, 2024.  (Mem. at 13–16.)  Though Iovate argues
that this agreement was not binding (more on this later), Iovate does not dispute any of
the following facts regarding the parties' negotiations.

**A.  The May 3 Agreement**

On April 25, 2024, Reid called de Jonge and reinstated a prior settlement offer of
▮▮▮▮▮▮ that had been made during trial.  (Mem. at 5; de Jonge Decl. ¶ 2, Doc. 497-2.)
Orgain countered later that day with a settlement demand of ▮▮▮▮▮▮.  (Ex. A at 7,
Doc. 497-3.)  On April 29, 2024, Reid sent de Jonge an email proposing Iovate's "offer
of compromise":



(Ex. A at 5.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

At 2:13 p.m. on May 3, 2024, de Jonge sent Reid an email outlining "Orgain's counter":



(*Id.* at 3–4.)

Reid and de Jonge then discussed Orgain's counter over the phone.  (de Jonge Decl. ¶ 4.)  Following that conversation, de Jonge texted Reid, "Orgain is good with ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."  (*Id.* ¶ 5.)

At 7:09 p.m. on May 3, 2024, Reid sent de Jonge an email stating, "This confirms the parties have an agreement to resolve the matter on the following terms:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

2.  

3.

As mentioned, I have a working draft of the settlement agreement with my client
and will send it your way as swiftly as possible so we can finalize and circulate for
signatures ASAP.

(Ex. A at 3.)  Reid subsequently texted de Jonge: "Just sent you a confirming email. We
have a deal."  (de Jonge Decl. ¶ 7.)

        For purposes of this motion, the Court refers to the terms set forth in Reid's May
3, 2024 email as the "May 3 Agreement."

**B.  Efforts to Formalize the May 3 Agreement and Orgain's Motion**

        During the remainder of May and in June, the parties exchanged various drafts of
the formalized long form agreement and negotiated various provisions that were not
contained in the May 3 Agreement.  (*See* Mem. at 8; *see also* Exs. A–D, Doc. 497.)  On
June 13, 2024, Orgain's counsel emailed Reid noting that it had accepted Iovate's most-
recent redlines and that the formalized agreement was all but "ready to sign."  (Ex. D at
2.)

        But no agreement was ultimately signed by the parties.  On or around June 27,
2024, Iovate's CEO reached out to Orgain's CEO seeking to modify 
.  (de Jonge Decl. ¶ 19.)  Though the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

discussed the possibility of modifying ███████████████, they could not agree on the
terms of any such modification.  (*Id.* ¶ 20.)

On August 12, 2024, Iovate unilaterally filed a status report informing the Court
that the parties "have not settled" and that Iovate intends to proceed with its earlier-filed
motion for renewed judgment as a matter of law.[1]  (Iovate's Status Report, Doc. 492.)
Orgain now moves the Court to enforce the parties' May 3 Agreement, or alternatively,
the long form agreement between the parties.  (*See generally* Mem.)

II.    **LEGAL STANDARD**

Federal courts have inherent equitable power to enforce settlement agreements.
*Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court
has the equitable power to enforce summarily an agreement to settle a case pending
before it.").  But a district court "may enforce only *complete* settlement agreements."  *Id.*
(emphasis in original).  To prevail on a motion to enforce, the movant must show both
that the parties "have reached agreement on all material terms," and that the parties "have
either agreed to the terms of the settlement or authorized their respective counsel to settle
the dispute."  *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274678, at *6 (C.D. Cal.
Nov. 13, 2012) (citations omitted).  In the absence of a signed writing, the movant must
also demonstrate that the parties "intended to be bound in the absence of a fully executed
agreement."  *Gamble v. Synchrony Bank*, 2020 WL 12991563, at *5 (C.D. Cal. May 15,
2020) (alterations and quotation omitted); *see also Callie*, 829 F.2d at 890–91.

Principles of contract law apply to the interpretation of settlement agreements.

---

[1] Finding it more efficient to decide whether the parties reached an enforceable settlement
agreement before addressing Iovate's motion for renewed judgment as a matter of law (Doc.
485) and Orgain's motion for attorney fees (Doc. 480), the Court denied both those motions
without prejudice pending resolution of the instant motion.  (*See* Order, Doc. 503.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

*See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  Moreover, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."  *Id.*  California has a strong policy in favor of enforcing settlement agreements.  *Osumi v. Sutton,* 151 Cal. App. 4th 1355, 1357 (2007).

The Court's power to summarily enforce settlement agreements is similar to its authority to enter summary judgment.  *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958–59 (9th Cir. 1994).  As such, "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  *Callie*, 829 F.2d at 890 (emphasis omitted).

## III.  <u>ANALYSIS</u>

As an initial matter, the Court need not hold an evidentiary hearing before ruling on this motion because no material facts concerning the existence or terms of a settlement agreement are in dispute.  Orgain states in its memorandum that "[t]he material facts of settlement between Orgain and Iovate are not in dispute."  (Mem. at 5.)  Iovate does not contest this assertion in its opposition, nor has Iovate requested an evidentiary hearing.  (*See* Opp.)  Having reviewed the parties' papers, the Court finds no disputes of material fact.  Rather, the parties disagree on the legal conclusions that can be drawn from the undisputed facts—*i.e.,* whether they actually reached a complete settlement agreement and whether they intended to be bound by it.

Turning to the merits, Iovate does not argue that its attorney was not authorized to settle the case on its behalf; this makes sense, as the exhibits reflect that Reid represented that he had such authority.  (*See* Ex. A at 5.)  Thus, the Court must determine "whether the parties reached a complete agreement as to the material terms of the settlement and 'clearly manifested an intent to be bound by the settlement agreement.'"  *Rosen v. Urban*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

*Commons, LLC*, 2023 WL 4155368, at *3 (C.D. Cal. May 10, 2023) (Staton, J.) (quoting
*Gamble*, 2020 WL 12991563, at *5).

The Court concludes that the May 3 Agreement is a valid and enforceable
settlement agreement between the parties.

First, the parties had reached an agreement as to the material terms of the
settlement.  Reid's May 3 email to de Jonge set forth the following terms: ████████
████████████████████████████████████████████████████████████[2]████
███████████████████████████████████.  (Ex. A
at 3.)  The Court finds that these terms sufficiently constitute the material terms of the
settlement agreement.  *See Schaffer*, 2010 WL 9951762 at *7 (finding that "[t]he
provisions requiring [defendant]'s establishment of a settlement fund and plaintiffs'
release of claims constitute the material terms of the settlement agreement"); *see also
Kohn v. Jaymar-Ruby, Inc.*, 23 Cal. App. 4th 1530, 1534 (1994) ("[T]here was substantial
evidence that the parties reached a binding oral agreement at the March 30 settlement
conference as to the material terms of a settlement—amount of payment, scope of
release, confidentiality").  Though Iovate now argues that other "material" terms were not
included in the May 3 Agreement, it offers no evidence to suggest that either party
understood any such terms to be material at the time.  (Opp. at 9; de Jonge Decl. ¶ 7.)
Indeed, "[w]here parties agree to the material terms of a contract, they cannot avoid the
formation of a valid and binding agreement by silently reserving an issue, and later
claiming that it was material to their willingness to enter into a contract."  *Rosen*, 2023

---

[2] Iovate contends that the parties had not agreed upon the nature and scope of the release,
but this argument plainly lacks merit.  (Opp. at 8–9.)  As specified in Reid's May 3 email, the
Agreement included "█████████████████████████████████."  (Ex. 3 at
3.)  *See also* Orgain's Reply at 3–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

WL 4155368, at *3 (Staton, J.) (quoting *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1122 (C.D. Cal. 2002)).

Second, the parties clearly intended the May 3 Agreement to be binding.  After the parties had engaged in extensive negotiations over the phone and email, de Jonge sent Reid a text on May 3 proposing a counteroffer that modified the terms of Iovate's ████████████.  (de Jonge Decl. ¶ 5.)  Reid unequivocally accepted that offer with an email to de Jonge "confirm[ing] that the parties have an agreement to resolve the matter" and detailing the terms of the agreement.  (Ex. 3 at 3.)  Reid's email noted that he would memorialize the agreement in a more formal writing and send a draft to Orgain "as swiftly as possible so we can finalize and circulate for signatures ASAP."  (*Id.*)  Reid then followed up with a text to de Jonge saying: "We have a deal."  (de Jonge Decl. ¶ 7.)  Any reasonable person would conclude from these unambiguous communications that the parties understood they had reached a binding agreement, to be formalized in a signed writing.

Iovate nevertheless insists that it intended to be bound *only* upon execution of a formalized agreement.  (*See* Opp. at 6–7.)  To support this proposition, Iovate notes that after May 3 the parties continued to negotiate several provisions—including ████████ ████████████████████████████████████████████████████████████████ ████████████████████.  (*Id.* at 9.)  These provisions were included in the formalized writing but not in the May 3 Agreement.  (*Id.*)  Iovate also points out that under the terms of the May 3 Agreement, ████████████████████████████ ████████████████████████.  (Ex. 3 at 3.)

The Court, however, is unpersuaded by Iovate's last-ditch effort to dodge its contractual obligations.  As to ████████████████████, it is true that the timing of ████████████████████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

███. (*Id.*)  But regardless of when ██████████ occurred, the May 3 Agreement set the ████

████████████████████████████████, respectively.  (*Id.*)  The ████████████ thus makes clear that, at a minimum, ████ ██████████████████████████████████.

        More critically, that the parties intended to later memorialize the May 3 Agreement in a more formal writing does not render the May 3 Agreement a nullity.  Nor does the fact that the parties continued to negotiate certain provisions of the settlement after they had reached the May 3 Agreement.  It is a "well-established principle of contract law" that "when parties agree on the material terms of a contract with the intention to later reduce it to a formal writing, failure to complete the formal writing does not negate the existence of the initial contract."  *CSAA Ins. Exchange v. Hodroj*, 72 Cal. App. 5th 272, 276 (2021) (citations omitted).  This makes sense: under any other rule, a party could avoid its contractual obligations by simply introducing other terms at a later stage, so long as the parties intended to formalize the contract in another written form. To be sure, Iovate's argument might hold if execution of a formalized writing were an express condition precedent to contract formation.  But the May 3 Agreement contains no such language.  And under California law, "a conclusion that the parties intended a formalized writing be a condition precedent to settlement is 'not favored and contractual provisions will not be so construed in the absence of language plainly requiring such a construction.'"  *Goldie v. Caliber Home Loans, Inc.*, 2018 WL 4659576 (E.D. Cal. Sept. 28, 2018) (quoting *In re Marriage of Hasso*, 229 Cal. App. 3d 1174, 1181 (1991)).

        In light of these principles, and the parties' clear statements indicating their understanding that a complete agreement had been reached, the Court concludes that the May 3 Agreement is a binding and enforceable agreement.[3]

_____

[3] Accordingly, the Court need not address Orgain's alternative argument that the long form agreement is a separately enforceable agreement.  (Mem. at 16–17.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01253-JLS-ADS                    Date: October 31, 2024
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

## IV.   <u>CONCLUSION</u>

For the above reasons, the Court GRANTS Orgain's Motion.  Orgain shall file a proposed judgment consistent with this Order and the terms of the settlement agreement within **ten (10) days** of this Order.  In addition, the parties are ORDERED to review and, where relevant, identify and submit applications to seal, any information within this Order that they believe requires sealing.  Any information not so identified by the parties will be filed on the public docket.  Any applications to seal must be submitted within **ten (10) days** of this Order.

Initials of Deputy Clerk: kd

THIS IS **EXHIBIT "C"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D08184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

Pg#390670

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORGAIN, INC., | Case No.: 8:18-CV-01253 JLS (ADSx) |
| Plaintiff, | |
| v. | **AMENDED** JUDGMENT |
| IOVATE HEALTH SCIENCES INTERNATIONAL, INC., a Canadian Corporation; IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC., a Delaware Corporation | |
| Defendants. | |

1    Pursuant to this Court's Order to Enforce Settlement Agreement, IT IS

2    HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

3        1.  Orgain, Inc. is AWARDED $12,500,000 in satisfaction of Orgain's

4            claims against Iovate. Defendants Iovate Health Sciences International,

5            Inc. and Iovate Health Sciences U.S.A., Inc. are jointly and severally

6            liable for payment of the $12,500,000 AWARD to Orgain.

7        2.  The injunction set forth by the Court in the First Judgment shall remain in

8            effect.

9

10   Dated:  November 17, 2024                    _____

11                                               HON. JOSEPHINE L. STATON
                                                 UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40

THIS IS **EXHIBIT "D"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

085DA93D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORGAIN, INC., | No. 24-3214 |
| Plaintiff - Appellee, | D.C. No. 8:18-cv-01253-JLS-ADS Central District of California, Santa Ana |
| v. | |
| NORTHERN INNOVATIONS HOLDING CORP., a Canadian Corporation doing business as Purely Inspired; et al., | ORDER |
| Defendants - Appellants. | |

This appeal was administratively closed. The appeal is reopened.

Appellants' unopposed motion to voluntarily dismiss this appeal (Docket

Entry No. 8) is granted. Fed. R. App. P. 42(b). The parties shall bear their own

costs and fees on appeal.

A copy of this order shall serve as and for the mandate of this court.

FOR THE COURT:

By: Paula Raffaelli
Circuit Mediator

42

THIS IS **EXHIBIT "E"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

—685DA93D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-01253-JLS-ADS                    Date: April 28, 2025

Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

---

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Kelly Davis                                          N/A
Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATION TO VACATE AND QUASH NOTICES OF LEVY (Doc. 536)**

Before the Court is an *ex parte* application filed by Defendants Iovate Health Sciences International, Inc. and Iovate Health Sciences International U.S.A., Inc. (collectively "Defendants").  (App., Doc. 536; Mem., Doc. 537.)  Defendants seek an order vacating and quashing notices of levy that Plaintiff Orgain, Inc. issued and served via mail on (i) Walmart Inc., on March 18, 2025; (ii) GNC Holdings LLC, on April 7, 2025; and (iii) Franchise Group, Inc., on April 7, 2025.  (Mem. at 2.)  Plaintiff timely opposed.[1]  (Opp., Doc. 542.)  Having considered the parties' filings, and for the following reasons, the Court GRANTS Defendants' *ex parte* application.

---

[1] Plaintiff initially filed a request to extend the time to file a response to Defendants' *ex parte* application; however, Plaintiff later filed a timely, ten-page Opposition.  (Request, Doc. 540; Opp.)  To the extent Plaintiff requests "additional time to fully develop its arguments" and "permission to withdraw" its Opposition, (Opp. at 2), the Court concludes that such relief is not warranted.  Plaintiff, as the party that issued the notices of levy that are the subject of the instant application, should have been prepared to defend the legality of those notices.  Moreover, the Blackford Declaration reflects that the parties met and conferred regarding the substance of the *ex parte* application on April 18, 2025, meaning that Plaintiff had sufficient time—*i.e.*, at least six days—to prepare its Opposition.  (Blackford Decl. ¶ 2, Doc. 538.)  The Court therefore DENIES Plaintiff's request for an extension (Doc. 540).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-01253-JLS-ADS                    Date: April 28, 2025

Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al

To justify *ex parte* relief, the moving party must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures[,]" and that it is "without fault in creating the crisis that requires *ex parte* relief[.]" *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Applying this standard here, Defendants have shown that they are entitled to *ex parte* relief. Defendants assert that the notices of levy issued by Plaintiff are improper and have already disrupted Defendants' relationships with customers such as Walmart, GNC, and Franchise Group. (Mem. at 9.) For example, Defendants represent that "Walmart has refused" to make nearly 15 million dollars in outstanding payments owed to Defendants "until a court order resolves the propriety of the levy." (Mem. at 2, 9; *see also* Mistry Decl. ¶¶ 4–6.) Without these payments, Defendants will suffer irreparable harm to their ability to continue normal business operations and service their senior secured debt. (*Id.*) Further, Defendants are without fault in creating the crisis that requires *ex parte* relief, as the instant application arises from notices of levy that Plaintiff issued and has refused to withdraw. The Court thus turns to the merits of Defendants' application.

District courts have inherent authority to vacate and quash defective levies. *See Hilao v. Estate of Marcos*, 95 F.3d 848, at *854 (9th Cir. 1996) ("[T]he district court … should have granted the Banks' motions to vacate and quash the levies"); *see also Villas at Corte Bella v. Westpark Corte Bella Cmty. Ass'n*, 2021 WL 3560936, at *7 (Cal. App. Aug. 12, 2021) ("The court's inherent equitable power over its process gives it authority, on motion, to recall and/or quash a writ of execution improperly or inadvertently issued; or to vacate an execution levy.") (emphasis omitted). Federal Rule of Civil Procedure 69(a), which governs writs of execution, provides that "[t]he procedure on execution— and in proceedings supplementary to and in aid of judgment or execution—must accord

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-01253-JLS-ADS                 Date: April 28, 2025
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).

Defendants argue—and the Court agrees—that the notices of levy issued by Plaintiff are defective in at least two respects.  (Mem. at 6–10.)

*First*, the notices improperly attempt to levy property that is outside of the Court's jurisdiction.  The notices seek "all monies due and owing" to Defendants by Walmart, GNC, and Franchise Group.  (Exs. A–C to Blackford Decl.)  In other words, the notices attempt to levy accounts receivable.  *See Pacific Decision Sciences Corp. v. Superior Ct.*, 121 Cal. App. 4th 1100, 1107 (2004) ("An account receivable is 'a right to payment of a monetary obligation' that is not evidenced by chattel paper or an instrument.") (citing Cal. U. Com. Code § 9102(a)(2)).  Under California law, the location of accounts receivable for purposes of executing a judgment is the location of the debtors.  *See Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1131 (9th Cir. 2010) ("the location of a right to payment … is the location of the debtor"); *see also Pacific Decision Sciences Corp.*, 121 Cal. App. 4th at 1108 ("When … the issue, as in this case, involves jurisdiction to compel the obligor to pay one claimant and not a competing claimant, 'the debt or claim is usually regarded as having a situs in any state in which personal jurisdiction of the debtor can be obtained.'") (emphasis omitted).

Plaintiff has not established that the Court has personal jurisdiction over the debtors at issue here—that is, Walmart, GNC, and Franchise Group.  Defendants represent—and Plaintiff does not dispute—that none of these debtors are incorporated in or have a principal place of business in California.  (Mem. at 5–6.)  And Plaintiff has not provided enough facts from which the Court could conclude that Walmart, GNC, or Franchise Group has sufficient contacts with California to support the exercise of specific personal jurisdiction.  For a court to exercise specific personal jurisdiction, "there must be 'an affiliation between the forum and the underlying controversy, principally [an]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-01253-JLS-ADS                              Date: April 28, 2025
Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

activity or an occurrence that takes place in the forum State and is therefore subject to the
State's regulation.'"  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262
(2017).  This inquiry is "fact-intensive."  *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.
4th 1085, 1096 (9th Cir. 2023).  Here, however, Plaintiff argues only that Walmart is a
"national chain" that sells some of Defendants' products in California.  (Opp. at 4.)
Plaintiff has failed to show how these California contacts are sufficiently connected to the
outstanding payments that Walmart owes to Defendants, which Defendants assert are to
be remitted to Defendants' bank account in New York.  (Mistry Decl. ¶¶ 2–3.)  Thus, the
notices issued by Plaintiff improperly attempt to levy property over which the Court lacks
jurisdiction.  *See Pacific Decision Sciences Corp.*, 121 Cal. App. 4th at 1108–09.

    *Second*, the notices are defective because they were improperly served by mail.
As noted, Rule 69(a) provides that the procedure for service of notices of levy "must
accord with the procedure of the state where the court is located, but a federal statute
governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).  California law provides that,
"to levy upon an account receivable or general intangible, the levying officer shall
*personally serve* a copy of the writ of execution and a notice of levy on the account
debtor."  Cal. Civ. P. Code § 700.170(a) (emphasis added).  "California's requirements
for service of a notice of levy … are not preempted by, but instead supplement, Rule
4.1."  *See Hilao v. Estate of Marcos*, 95 F.3d 848, 853 (9th Cir. 1996) (reasoning that,
while Rule 4.1 provides for certain service requirements applicable to notices of levy,
Rule 4.1 "does not specify the manner in which service shall be made (*e.g.*, personally,
by mail, etc.) or upon whom service shall be made").  As Plaintiff did not personally
serve the notices of levy on Walmart, GNC, or Franchise Group, Plaintiff's service of
these notices was defective under California law.[2]

---

[2] Because Plaintiff's service of the notices of levy was defective, the Court rejects
Plaintiff's argument that Walmart, GNC, and Franchise Group "waived any objection to personal
jurisdiction" by not contesting the propriety of the levies in court.  (Opp. at 4.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-01253-JLS-ADS                           Date: April 28, 2025

Title:  Orgain, Inc. v. Northern Innovations Holding Corp. et al

For the above reasons, Defendants' *ex parte* application is GRANTED. Accordingly, the notices of levy that Plaintiff improperly served on Walmart, GNC, and Franchise Group are VACATED and QUASHED.

Initials of Deputy Clerk: kd

---

THIS IS **EXHIBIT "F"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D68184FF...

_____

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

ORGAIN, INC.                                                        PLAINTIFF


                    v.                    No.  04CV-25-1607


IOVATE HEALTH SCIENCES
INTERNATIONAL,  INC.;
and IOVATE HEALTH SCIENCES
INTERNATIONAL U.S.A., INC.                         DEFENDANTS




HEARING UPON AN EMERGENCY MOTION TO QUASH WRIT
OF EXECUTION UPON WALMART
BEFORE THE HONORABLE XOLLIE DUNCAN
BENTONVILLE, ARKANSAS

August 25, 2025




# COPY

**<u>APPEARANCES:</u>**

Mr. John B. Buzbee, of
NIXON, LIGHT & BUZBEE, PLLC
Attorneys at Law
10201 W. Markham, Suite 108
Little Rock, Arkansas                                    for        Plaintiff, Orgain

Mr. Peter Shults, of
SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR
  and
Mr. Derek Farquhar, of
CHOATE, HALL & STEWART, LLP
2 International Pl                                        *Pro Hac Vice*
Boston, MA                                               for        Iovate Health Sciences, et al

Mr. Jacob Fair, of
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas
    and
Mr. Alexander B. Lees, of
Milbank LLP
 55 Hudson Yards                                        *Pro Hac Vice*
New York, NY                                             for        Royal Bank of Canada

I N D E X

                                                                    **PAGE**

Opening Statement on behalf of Orgain by Mr. Buzbee......................................................  4

Motion on behalf of Iovate by Mr. Shults.........................................................................  5

Response to Motion on behalf of Orgain by Mr. Buzbee................................................  16

Statement on behalf of Royal Bank of Canada by Mr. Fair...........................................  23

Reply to Response on behalf of Iovate by Mr. Shults....................................................  24

Ruling by The Court.........................................................................................................  25

Court Reporter's Certificate............................................................................................  28

1          **THE COURT:** *Orgain versus Iovate, CV25-1607.*

2     Mr. Buzbee --

3          **MR. BUZBEE:** Yes, Your Honor.

4          **THE COURT:** Is that you, sir?

5          **MR. BUZBEE:** Yes, ma'am.

6          **THE COURT:** Are you ready?

7          **MR. BUZBEE:** Yes, ma'am.

8          **THE COURT:** Mr. Shults, for the Defendant.

9          **MR. SHULTS:** Yes, that's me.

10         **THE COURT:** Are you ready?

11         **MR. SHULTS:** Yes.

12         **THE COURT:** You've each got 30 minutes to

13    present your whatever it is you want to present.

14         Mr. Buzbee, you may begin.

15         **MR. BUZBEE:** Your Honor, I believe -- first of

16    all, Your Honor, John Buzbee on behalf of Orgain. As

17    this is the judgment debtor's Motion to Quash, I

18    believe they have the burden of proof.

19         **THE COURT:** Oh, I'm sorry.

20         **MR. BUZBEE:** But, as a preliminary matter, Your

21    Honor, the main issue here is going to involve an

22    intensive examination, by the Court, of Security

23    Agreements and actions taken by a bank, the

24    Intervenor, Royal Bank of Canada. And, so, to

25    preserve my record, and I have advised counsel for

1  the bank of this, I object to them offering argument

2  at today's hearing since it was only on the Motion

3  to Quash and they have not, technically, been

4  allowed to intervene yet. And, furthermore, I offer

5  an objection to counsel testifying regarding these

6  agreements and the actions taken by the bank,

7  without those things being in evidence and witnesses

8  here to testify.

9  **THE COURT:** Okay. All right. So, absolutely,

10  correct, Mr. Shults, it's your Motion for an

11  emergency Order, so come on up.

12  **MR. SHULTS:** Thank you, Your Honor.

13  **THE COURT:** What is it you wish to present

14  today?

15  **MR. SHULTS:** Your Honor, I wish to present

16  argument on our Emergency Motion to Quash Writs of

17  Garnishment issued in this case and directed to

18  Walmart, Inc.

19  And, again, I'm Peter Shults and I represent

20  the Defendants. I'll refer to the Defendants,

21  collectively, as "Iovate".

22  Iovate appreciates the Court's expedited

23  consideration of this emergency motion. It's an

24  emergency because the Writs of Garnishment, if

25  allowed to stand, threaten Iovate's very existence.

5

1    So, Iovate and Plaintiff, Orgain, Inc., sell

2    competing products. Late last year, Orgain obtained

3    a judgment against Iovate in California. Since

4    Orgain obtained that judgment, it has continuously

5    tried to enforce it by attaching property that it

6    knows is subject to prior perfected liens and,

7    therefore, not available to it. Nevertheless, Orgain

8    persists. And, it does so because it knows that the

9    issuance of Writs for these unobtainable assets will

10   wreak havoc on Iovate and will, potentially, force

11   it to cease as a going concern.

12       Orgain first attempted to attach accounts

13   receivable, from Walmart, in California.  The U.S.

14   District Court for the Central District of

15   California quashed that Writ on an emergency basis.

16   It did so because the Writ was improper and because,

17   as it held, Iovate would be irreparably harmed if

18   the improper Writ were allowed to remain in place.

19       Orgain also has tried to issue a Writ of

20   Garnishment in Washington State and has registered

21   the judgment in Delaware. But, it has, so far, been

22   unsuccessful in recovering assets in those

23   jurisdictions too. In Washington, for instance, when

24   presented with the same argument Iovate makes today,

25   Orgain withdrew the Writ.

6

1        So, Orgain has come to Arkansas, the

2    headquarters of one of Iovate's biggest and most

3    important customers, Walmart, and has issued a Writ

4    of Garnishment for all accounts receivable of

5    Walmart owing to Iovate.  As a result, Walmart has

6    suspended payment of accounts receivable to Iovate.

7        So far, in 2025, Walmart has paid Iovate, on

8    average, over $6 million dollars each month. The

9    outstanding accounts receivable from Walmart, as of

10    August 7th, is over $8.7 million dollars. As Iovate

11    and its lenders have explained, Iovate likely cannot

12    continue as a going concern without those accounts

13    receivable.

14        Iovate moved to quash that Writ of Garnishment

15    issued to Walmart. Because there were statutorily-

16    mandated defects in that Writ, on Friday, just a few

17    days ago, Orgain had a second Writ of Garnishment

18    issued to Walmart. So, now, there are two Writs of

19    Garnishment outstanding. One issued on June 27, and

20    the second issued on August 22. Our argument that

21    Orgain has issued these Writs for an improper

22    purpose applies, equally, to both Writs. Iovate,

23    therefore, requests that any ruling granting its

24    Motion to Quash apply to both outstanding Writs

25    directed to Walmart.

7

At the outset, multiple facts relevant to this emergency motion are undisputed. First, it is undisputed that Iovate's lenders, through their agent, Royal Bank of Canada, have a prior perfected lien on the accounts receivable Orgain is attempting to garnish. Second, it is undisputed that Iovate's lender's interest in the accounts receivable is superior to any interest Orgain may have. Third, it is undisputed that Iovate has defaulted on its agreements with the lenders. And, fourth, it is undisputed that Orgain has had knowledge of these facts well before it had the Writs of Garnishment issued.

Given these undisputed facts, Orgain is not entitled to the property it's trying to garnishment. As Arkansas Supreme Court held in *Gossett vs. Merchants & Planters Bank,* cited at 235 Ark. 665, funds that are subject to a superior lien cannot be garnished by a judgment creditor. This begs the question of why is Orgain spending all of this time and effort to garnish property that it will not end up with?

Orgain argues that it is attempting to get paid on its judgment. But, it is undisputably not entitled to the property it is attempting to

garnish. Moreover, Orgain has issued and served
these Writs of Garnishment while the parties were
involved in negotiations for Iovate to pay Orgain on
the judgment. Issuing these Writs of Garnishment has
made it less likely - not more likely - that Orgain
will get paid on the judgment.

The reality is that Orgain is taking advantage
of this process by issuing Writs of Garnishment so
that Iovate's most important customers, including
and especially Walmart, will stop paying accounts
receivable owed to Iovate, which would drive Iovate
out of business. In its brief and response to
Iovate's Emergency Motion, Orgain does not even
dispute this.  It just asserts that any harm to
Iovate is its own fault.

Iovate acknowledges that Orgain has the right
to enforce its judgment, but it does not have the
right to issue futile Writs to gain negotiating
leverage or an advantage over a competitor. As
Arkansas Supreme Court explained in *Farm Service
Coop, Inc. vs. Goshen Farms, Inc.,* cited at 267 Ark.
324, it is improper to issue Writs of Garnishment
"*...t*o annoy and harass the debtor, and to tie up
the wages that are the debtor's only means of
support."  That is the situation that exists here.

9

58

1    And, in such a situation, Arkansas courts have held

2    that courts have inherent authority to quash the

3    improperly issued Writ.

4         Orgain has made two main arguments in response

5    to Iovate's emergency motion. First, Orgain asserts

6    that Iovate lacks standing to quash the Writs of

7    Garnishment. But, as *Watkins vs. Hadamek,* cited at

8    48 Ark. App.78, explains "...any person may dispute

9    the validity of a Writ of Garnishment including and,

10   especially, a party to the case that has an interest

11   in the disposition of the property attempting to be

12   garnished."  Moreover, this Court has inherent power

13   to control and regulate its process including by

14   granting a Motion to Quash an improperly issued

15   Writ.

16        Second, Orgain argues that the accounts

17   receivable are subject to garnishment because

18   Iovate's lenders have not taken affirmative steps to

19   enforce their interest. That is just not true.

20   Iovate and the lenders, through their agent, Royal

21   Bank of Canada, have explained in their Briefs,

22   Affidavits, and Declarations the steps the lenders

23   have taken to enforce their interest.  The lenders

24   declared that Iovate was in default of the Credit

25   Agreement.  Then they determined that entering into

10

1   a Forbearance Agreement with Iovate, rather than

2   liquidating their collateral, was the best way to

3   maximize their recovery.  Iovate is currently in

4   default of the Forbearance Agreement and the lenders

5   have reserved their rights to enforce their interest

6   under that agreement as well.  As Iovate explained

7   in its Brief, courts have recognized that declaring

8   a default and entering into a Forbearance Agreement

9   are affirmative enforcement actions.  A Forbearance

10  Agreement is a particular appropriate type of

11  enforcement action for maximizing recovery from an

12  ongoing business since it allows the business to

13  continue making money instead of being liquidated.

14      The lenders here have explicitly stated that

15  they believe that allowing Iovate to operate as a

16  going concern is the best path for the lenders to

17  maximize their recovery. And, they have also

18  explained that if Orgain succeeds in garnishing

19  Walmart's accounts receivable they may have to take

20  further steps to exercise remedies and protect their

21  collateral.

22      To support its argument that the lenders have

23  not taken sufficient steps to enforce their rights,

24  Orgain relies almost exclusively on the *Frierson vs.*

25  *United Farm Agency, Inc.* case.  But, in that case,

11

1   the lender did not declare the loans in default and

2   did not follow the procedures required by the Loan

3   Agreement to enforce its rights.  That is just

4   starkly different from what happened here. Where the

5   lenders did declare default and have taken other

6   steps, including through the Forbearance Agreement,

7   to enforce their rights. Lenders themselves have

8   explained to the court that they "...have spent the

9   past year actively managing the default situation in

10  which they found themselves in."

11      As the *Systems Soft Technoloiges LLC vs.*

12  *Artemis Technologies., Inc.* case held, when a

13  secured party declares a default and enters into a

14  Forbearance Agreement with the debtor, as occurred

15  here, the situation is "distinguishable from

16  *Frierson"*.  The other cases Orgain briefly relies on

17  also do not apply here because, in those cases, the

18  secured parties took no action to declare default or

19  otherwise enforce their rights in stark contrast to

20  the lender's actions here. And, the cases cited in

21  both Iovate's and Royal Bank of Canada's Briefs

22  provide more support for the proposition that Orgain

23  cannot leap frog Royal Bank of Canada's senior

24  interest through a Writ of Garnishment.  Orgain's

25  argument, here, is essentially that a secured party

must liquidate the assets of a business to show that

it is enforcing its rights against a debtor in

default.  There is no support for that assertion and

it, also, does not make any business sense. As even

Orgain acknowledges, if the lenders enforce their

rights through liquidation, their recovery would be

limited.  And, if that happened, Orgain would not

recover anything either.

And, even under Orgain's theory in which the

lenders have not done enough to support their

rights, Orgain is not arguing that it, ultimately,

will be entitled to the accounts receivable.

Instead, Orgain is asserting that it should be

allowed to garnish the accounts receivable from

Walmart after which the lenders, or Royal Bank of

Canada's agent for the lenders, would need to

initiate their suit against Orgain to recapture

those accounts receivable.  The lenders and Royal

Bank of Canada have stated that they expect to

initiate such a suit, if Orgain is allowed to

garnish the accounts receivable from Walmart.

Allowing Orgain to garnish the accounts receivable

would, therefore, be a waste of time and resources,

both for the judiciary and for the parties involved.

Since the ultimate result is that Orgain will not be

1   able to use the accounts receivable to satisfy the

2   judgment, there's no good reason to allow the

3   process to continue playing out. The better course

4   of action is to stop that process now by quashing

5   the improperly issued Writs.

6       Iovate also moved to quash the June 27 Writ,

7   the first Writ of Garnishment, because Orgain did

8   not follow the correct statutory procedures pursuant

9   to Arkansas Code Section 16-66-114 in issuing the

10  Writ. In particular, Orgain did not have a Writ of

11  Execution returned before issuing its Writ of

12  Garnishment. Orgain acknowledged this mistake by

13  issuing a new Writ on August 22, but the issuance of

14  the August 22 Writ does not cure the defects of the

15  June 27 Writ and should not be applied

16  retroactively. So, if the Court here is inclined to

17  allow the August 22 Writ to stand, in other words,

18  if the Court does not agree with the arguments I've

19  made so far, regarding why both Writs should be

20  quashed, Iovate still seeks an Order quashing the

21  June 27 Writ for failure to follow the statutorily-

22  mandated procedures for the reasons explained in our

23  Briefs.

24      Walmart has withheld millions of dollars in

25  payments that otherwise would have been paid to

14

1    Iovate but for the defective June 27 Writ.

2         Iovate also requests that the Order quashing

3    the June 27 Writs state that Orgain cannot garnish

4    accounts receivable if Walmart became due before the

5    August 22 Writ was served on Walmart. In other

6    words, Iovate wants to insure that it can still

7    obtain accounts receivable owing to it, from

8    Walmart, before the issuance and service of the new

9    Writ.

10        For all of these reasons, as well as those in

11   Iovate's and Royal Bank of Canada's supporting

12   papers, Iovate respectfully requests that this Court

13   grant its emergency Motion and quash the Writs of

14   Garnishment issued in this case and directed to

15   Walmart, Inc.

16        I'm happy to take any questions from the Court

17   and I would also, if the Court allows, like to

18   reserve a few minutes of rebuttal time.

19        **THE COURT:** All right. One question: The money

20   from Walmart that has been levied on through the

21   garnishment, is it payable to the lender or is it

22   paid to Iovate?

23        **MR. SHULTS:** It's payable to Iovate.

24        **THE COURT:** Thank you, sir.

25        **MR. SHULTS:** Can I explain a little bit more?

1    It's payable to Iovate, but it goes into an account,

2    and this is in footnote four (4) of the lender's

3    first Brief and their Brief in Support of Motion to

4    Intervene.  It goes into an account --

5        **THE COURT:** I haven't even seen a Motion to

6    Intervene. It's not even come into my system yet.

7        **MR. SHULTS:** It was docketed about two weeks

8    ago, I think.

9        **THE COURT:** I don't think I've seen it.  Okay.

10       **MR. SHULTS:** Anyway, it goes into --

11       **THE COURT:** Okay. Now, I just now see it right

12   here.

13       **MR. SHULTS:** It goes into an account that the

14   lenders have a lien on and have access to and can

15   sweep. So, in other words, the lenders have control

16   of the account that the money goes into as well.

17       **THE COURT:** But it's payable to Iovate?

18       **MR. SHULTS:** It's payable to Iovate.

19       **THE COURT:** All right, Mr. Shults.  Mr. Buzbee,

20   I will hear from you.

21       **MR. BUZBEE:** Thank you, Your Honor.  Again, Your

22   Honor, I'm just going to -- for purposes of

23   protecting my argument, what you heard there was a

24   lot of testimony from an attorney about Security

25   Agreements, Forbearance Agreements and the actions

1   the intervening bank has taken. He said there was no

2   dispute of these things. Let me assure you, Your

3   Honor, there are factual disputes to those things.

4       This case is about whether Iovate, a judgment

5   debtor that has refused to pay a $12.5 million

6   dollar jury verdict for nearly two years, can shield

7   its assets from lawful collection. Nothing more,

8   nothing less.  Based on the Briefs that have been

9   filed in this case, it does appear to me, at least,

10  that all parties agree that the conclusions that

11  were reached by the Eight Circuit Court of Appeals

12  in *Frierson vs. United Farm Agency* are correct.  The

13  disagreement is simply whether the secured lender

14  has satisfied those obligations or not. Iovate

15  asserts that the bank declared a default and then it

16  took action, following that default, by entering

17  into a Forbearance Agreement where Iovate made

18  certain concessions.  They say that is the action

19  that the bank took that satisfies the *Frierson*

20  requirements. However, by their own admission,

21  Iovate has repeatedly breached that Forbearance

22  Agreement; specifically they say that the

23  Forbearance Agreements indicates that if Orgain

24  seeks to collect on this judgment, it automatically

25  terminates the Forbearance Agreement.  So, then, you

17

1    would presume they would take action because we

2    have, of course, sought to enforce our judgment, not

3    only in this court, but elsewhere.  Yet, they've

4    done nothing, they haven't accelerated the loans.

5    It's undisputed that even before this action, we

6    enforced it in California, in the court where this

7    judgment was entered, and by registering the

8    judgment elsewhere.

9         And, certainly, the bank has taken no action as

10    to the collateral, which is the property that's at

11    issue, the accounts receivable. The bank's refusal

12    to take action, under the Forbearance Agreement, is

13    a clear, unequivocal, and decisive active waiver.

14         The action the *Frierson* court references is in

15    regards to the collateral, not the obligor. The bank

16    has taken no action as to Iovate's property. They

17    merely entered into additional agreements with

18    Iovate, to the detriment of Iovate's other

19    creditors, including Orgain.  The *Frierson* court

20    made it clear that that's not -- it's not enough to

21    declare a default, as the bank alleges and Iovate

22    alleges that has happened here. The secured creditor

23    must also treat the debtor as if it was in default

24    and that's not what they're doing by continuing

25    business as usual, under either a Security Credit

18

Agreement or a Forbearance Agreement.

Under the bank and Iovate's theory, the bank could continue to lend money to Iovate, thus further impairing Orgain's judgment. This is exactly what happened in the *Frierson* case; they are refusing to exercise their rights, albeit under the Forbearance Agreement rather than the original Security Agreement, thereby maintaining Iovate as a going concern, while simultaneously impairing the status of Orgain and other creditors by preventing us from exercising valid liens and efforts to collect our judgment. Ultimately, they're, in essence, saying that the bank has the power to unilaterally make Orgain's judgment worthless while Iovate continues business as usual.

They referenced *Gossett vs. Merchant & Planter's Bank,* which is a 1962 case, and *Watkins v. Hadamek,* which is a '94 case. Those are both factually distinguishable from this case. In both of those cases, the secured party had actual possession of the collateral, the bank accounts.  And, the obligor, judgment debtor, had no access to the funds. In our case, a third party has possession of the collateral and, most importantly, the secured creditor seeks to allow the judgment debtor,

19

1     obligor, access and use of the collateral for its

2     own business operations, not merely to satisfy the

3     obligations of the secured party. They admit they

4     will continue to use it to continue business

5     operations, make payroll, presumably, including

6     higher ups of the business, and, it's safe to say,

7     pay lawyers and various other actions to avoid

8     paying this judgment; fighting it all across the

9     country.

10         They -- I want to shift gears, Your Honor, and

11     talk about this Writ of Execution and this technical

12     violation. In 17 years of practice, Your Honor, I

13     had to look up what a Writ of *fieri facias* was. It

14     is a red herring. They have no assets other than the

15     accounts receivable that are garnished in the State

16     of Arkansas. They know that, we know that.

17     Nevertheless, in an attempt, out of an abundance of

18     caution, and purely out of an abundance of caution,

19     to satisfy this technical requirement that they

20     claim we have  -- this hoop we have to jump through.

21     We got the Writ of Execution, it was, of course,

22     returned unsatisfied and we issued a new Writ. They

23     claim that that is not enough because Walmart was

24     withholding funds that we wouldn't have been able to

25     get. But, my understanding is that Walmart has been

1       withholding funds before we served, even, the first

2       Writ, because I received a call from Iovate's

3       counsel saying withhold funds. I said I haven't even

4       served the Writ yet. So, that factually doesn't seem

5       to gel.

6           The case law I cited is that the law doesn't

7       require people to do a vain and useless act. Issuing

8       that Writ of Execution is simply that, a vain and

9       useless act. But, I believe that has been cured by

10      the issuance of the second Writ, which presumably is

11      served today. It went out on Friday to the

12      registered agent in Little Rock, from Little Rock.

13          The Writs in California were not quashed due to

14      irreparable harm. They were quashed because the

15      California court said it lacked jurisdiction and

16      that the plaintiff had not complied with California

17      service rules.  It wasn't because of the irreparable

18      harm to Iovate. My calculations, based on the

19      pleadings filed in this case, is that the bank is

20      owed about $3 million dollars through October 3rd.

21      That's less than half of the $8.7 million that

22      Walmart is holding. One of the alternative arguments

23      I would offer to this Court, if it -- I don't think

24      the Court should quash the Writs, to be clear about

25      that. But, alternatively, there's enough money being

21

1    garnished that the Court can marshal these assets,

2    pursuant to the UCC, and allow whatever is not due

3    to the bank be paid to Orgain. But, nevertheless,

4    these are issues that would come out in an

5    evidentiary hearing, with testimony from witnesses.

6    I don't think we can get to those merits at a

7    Motions hearing.

8        In conclusion, Your Honor, Iovate has delayed

9    for nearly two years, after a unanimous jury

10    verdict. The statement that this judgment, this

11    $12.5 million dollar judgment is -- I believe they

12    said is last year, it was actually entered two years

13    ago.  It was amended to included an additional award

14    for attorney's fees after that. Nothing has

15    prevented Iovate, during this period of time, from

16    paying some amount, any amount, towards this final

17    judgment. But, it hasn't.

18        Now, Iovate and its bank, together, say,

19    "Sorry, Orgain, there's nothing for you here, but

20    we're going to continue to allow Iovate access to

21    this money to operate its business and pay other

22    creditors as it so chooses," despite its default

23    under every single contract and Forbearance

24    Agreement they have executed. That doesn't pass the

25    smell test.

22

1       Article Nine was revised in 2001 for many

2   reasons, but one of the changes was the definition

3   of obligations of good faith. That requires

4   reasonable commercial standards of fair dealing.

5   This standard should preclude a secured creditor,

6   like the bank, from freely disposing of collateral

7   without fairly dealing with Orgain's valid interest

8   and outcome of the disposition.

9       Your Honor, if I may have one moment to ask my

10  co-counsel a question?

11      **THE COURT:** You may.

12      **MR. BUZBEE:** Nothing further, Your Honor.

13      **THE COURT:** Anything else from you, Mr. Shults?

14      **MR. FAIR:** Your Honor, if I may --

15      **THE COURT:** What's your name?

16      **MR. FAIR:** Jake Fair, with Wright, Lindsey and

17  Jennings here on behalf of the Royal Bank of Canada

18  and I have Mr. Lees as well. And, if the Court is

19  inclined, I'd like to be heard. This is one -- we

20  filed a Motion to Intervene, it hasn't been granted,

21  but I believe that it's not going to be seriously

22  contested in this case and we have a property

23  interest in the outcome of this case and I think due

24  process would allow us to present argument to you,

25  because of lots of issues they are arguing about

72

1    also pertain to the Royal Bank of Canada --

2        **THE COURT:** I understand that and, at some

3    point, we will get to your Motion to Intervene, but

4    it's not before the Court today.

5        All right, anything else from you, Mr. Shults?

6        **MR. SHULTS:** Yes, Your Honor, if I may have just

7    a couple of minutes.

8        I just -- from Orgain's side, Your Honor, and

9    you heard them just now, they rely on one case,

10   really, *Frierson.* We don't think that *Frierson* is

11   applicable here, we said why in our Briefs here.

12   Here, the Royal Bank of Canada and lenders did

13   declare default, they have exercised rights, they

14   have decided to enter into a Forbearance Agreement

15   instead of liquidating all the assets of Iovate so

16   that they can maximize the recovery. But, even under

17   - and I just want to emphasize this - even under

18   Orgain's theory of *Frierson* applying, *Frierson*

19   doesn't stand for the proposition that Orgain is

20   going to end up with the accounts receivable we are

21   talking about here.  What *Frierson* says is that the

22   bank's security interest -- and it says *(reading)*

23   "*The bank's security interest in the funds will*

24   *continue and the bank can trace and recapture when*

25   *it chooses to declare a loan in default and*

24

1    *accelerate the debt."*

2        So, even under Orgain's theory, they're not

3    going to end up with the funds. It's just the

4    process will play out longer, the Royal Bank of

5    Canada will have to issue -- initiate a new suit,

6    which in its briefing it said it would do, if it

7    comes to this, to go trace and recapture.

8        And, so, it just seems like the process would

9    play out and we would be in the same place as here.

10   And, if the Court quashes the Writ now, we don't

11   have to go through that entire process.

12       I would also point the Court, again, to the

13   *Systems Soft* case, which explicitly distinguishes

14   *Frierson* and is on point with the facts of this

15   case.

16       And, I think, that, again, the facts are not in

17   dispute that the Court needs to decide this Motion.

18       One last thing, Mr. Buzbee said that Walmart

19   held payments before service of this Writ. They are

20   holding payments now, as I understand it, because of

21   the June 27 Writ and I guess the latest Writ has not

22   been served on them, but will be.

23       That's all I have, Your Honor.

24       **THE COURT:** All right. So, I don't find any

25   emergency from the claim that the Defendants'

1  existence is threatened by this Writ of Garnishment.

2  Absolutely unmoved by that. I don't think there is

3  an emergency. The issue is this: Walmart pays Iovate

4  money every month, evidently. Iovate, I suppose,

5  just like I could, take my paycheck and not pay my

6  car payment. Just like Iovate could take the money

7  and not pay the bank. It's up to them and if they

8  take the money and don't pay the bank, then the bank

9  can go after Iovate.

10  I don't find the fact that the bank has,

11  evidently, declared a default, but has chosen to

12  forbear as any evidence that they've actually taken

13  action. So, I'm denying the Motion to declare this

14  any kind of an emergency.

15  Orgain has a legitimate judgment against Iovate

16  that they are entitled to try to collect. They have,

17  as of now, issued the *fieri facias* and there are no

18  assets, which everybody knew, to begin with. So, I

19  do not see any reason to quash either of the

20  garnishments and that money will sit where it is

21  until, I guess, the bank is going to file a lawsuit

22  and I can figure out how to release the money and to

23  whom at the appropriate time, but today is not the

24  day. So, the Motion is denied.

25  Mr. Buzbee you will draw the Order?

26

1          **MR. BUZBEE:** Yes, ma'am.

2          **THE COURT:** All right. Court is in recess.

3  **(WHEREUPON, COURT STOOD IN RECESS FOR AUGUST 25, 2025, IN THE**

4  **CASE OF *ORGAIN versus IOVATE, CV25-1607.*)**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE

I, CATHY GARDISSER, Official Court Reporter for the Circuit Court of the Nineteenth

Judicial District West of Arkansas, certify that I recorded the foregoing by stenomask recording

in the case of *Orgain vs. Iovate Health Sciences, et al,* Benton County Circuit No.

04CV-25-1607-5 on the 25th day of August, 2025, before the Honorable Xollie Duncan, Circuit

Judge thereof, at Bentonville, Arkansas; that said record has been reduced to a transcript by me,

and the foregoing pages constitute a true and correct transcript of the proceedings held to the

best of my ability.

WITNESS MY HAND AND SEAL, as such Court Reporter on this 3rd day of

September, 2025.

Cathy Gardisser, CCR #53
Official Court Reporter
19th Judicial District West
Fifth Division



COPY

28

THIS IS **EXHIBIT "G"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Sep-03  12:06:22
04CV-25-1607
C19WD05 : 3 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## FIFTH DIVISION

**ORGAIN, INC.**                                                                      **PLAINTIFF**

**vs.**                              **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL, INC. and**
**IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.**           **DEFENDANTS**

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO QUASH THE WRIT OF GARNISHMENT DIRECTED TO WALMART INC.

Before the Court is the Defendants' Emergency Motion to Quash the Writ of Garnishment Directed to Walmart Inc. and the response thereto filed by the Plaintiff and based upon the pleadings, arguments of counsel and all other matters, the Court accordingly finds as follows:

1.      The Defendants have failed to demonstrate the existence of an emergency justifying immediate relief.

2.      The Plaintiff is seeking to enforce its legitimate judgment that has been duly registered in Benton County, Arkansas.

3.      The writ of fieri facias pursuant to Ark. Code Ann. § 16-66-114 was futile and, in any event, any deficiency has been cured by the Plaintiff as of the date of the hearing.

4.      Based upon these and all other factual findings and conclusions of law stated by the Court on the record, Defendants' Emergency Motion to Quash the Writ of Garnishment Directed to Walmart Inc. is hereby DENIED.

IT IS SO ORDERED.

[Electronically Signed By]
HON. XOLLIE DUNCAN
BENTON COUNTY CIRCUIT JUDGE

APPROVED AS TO FORM:

/s/ Peter Shults
Peter Shults (Ark. Bar 2019021)
SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201
pshults@shultslaw.com


Prepared by:
John B. Buzbee (Ark. Bar 08045)
NIXON, LIGHT & BUZBEE, PLLC
10201 W. Markham, Suite 108
Little Rock, Arkansas 72205
john@nixonandlight.com



**Case Title:**    ORGAIN INC V IOVATE HEALTH SCIENCES INTERNATIONAL

**Case Number:**    04CV-25-1607

**Type:**    ORDER MOTION DENIED


So Ordered

JUDGE XOLLIE DUNCAN

Electronically signed by XMDUNCAN on 2025-09-03    page 3 of 3

81

THIS IS **EXHIBIT "H"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Aug-13  10:13:42
04CV-25-1607
C19WD05 : 271 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**ORGAIN, INC.**                                                          **PLAINTIFF**

**VS.**                    **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL,**
**INC. AND IOVATE HEALTH SCIENCES INTERNATIONAL**
**U.S.A., INC.**                                                          **DEFENDANTS**

### ROYAL BANK OF CANADA'S
### MOTION TO INTERVENE

In accordance with Arkansas Rules of Civil Procedure Rule 24, non-party Royal

Bank of Canada ("RBC" or the "Agent"), seeks to intervene in this action for the

purpose of moving to quash the writ of garnishment filed by Orgain, Inc. ("Orgain")

in respect of payments owed by Walmart, Inc. ("Walmart") to Iovate Health Sciences

International Inc. and Iovate Health Sciences International U.S.A. Inc. (together

with their affiliates, subsidiaries, successors, and assigns "Iovate"). In support of this

motion to intervene, RBC states as follows:

1.      On November 17, 2024, Orgain obtained a judgment against Iovate in

the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.*, 8:18-

cv-01253-JLS-ADS, in the United States District Court of the Central District of

California (the "California Action"). Orgain then sought to enforce that judgment by

sending notices of levy to some of Iovate's wholesale customers—each an account

debtor of Iovate. Iovate successfully moved to quash the notices of levy in California for the same or similar reasons that will be articulated in this case.

2.      On April 29, 2025, Orgain filed this case in order to register the judgment against Iovate in Arkansas.

3.      On June 27, 2025, a writ of garnishment directed to Walmart was issued by the clerk of this Court.

4.      RBC is an administrative agent for a group of lenders of Iovate, and in that capacity, RBC holds a prior perfected lien on all of Iovate's assets. Walmart is a client to Iovate. RBC seeks intervention in this case to prevent Orgain, a junior creditor of Iovate, from interfering with RBC's superior rights in the accounts receivable from Walmart.

5.      Under Arkansas Rule of Civil Procedure 24, intervention as of right is appropriate "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." RBC seeks to intervene as of right.

6.      Alternatively, at a minimum, permissive intervention should be granted. The Court has discretion to grant permissive intervention where "an applicant's claim or defense and the main action have a question of law or fact in common," so long as intervention will not cause undue prejudice or delay. Ark. R. Civ. P. 24(b)(2).

2

7.    The Court should allow RBC to intervene in this case because it has a senior interest in the accounts receivable and it needs to protect that interest.

8.    This motion is supported by the declaration attached as Exhibit 1 and by a contemporaneously filed brief in support.

9.    Pursuant to Rule 24 of the Arkansas Rules of Civil Procedure, the pleadings upon which intervention is sought are attached as Exhibit 2.

WHEREFORE, Royal Bank of Canada requests that the Court grant its motion to intervene and award all other relief to which it is entitled.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: abaker@wlj.com; jfair@wlj.com

By   /s/ Jacob P. Fair
      Adrienne L. Baker (2007159)
      Jacob P. Fair (2015167)

*Attorneys for Royal Bank of Canada*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing w ith the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, w hich shall send notification of such filing to the attorneys of record in this case.

/s/ Jacob P. Fair
Jacob P. Fair

3

3434148-v1

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION**

**ORGAIN, INC.**                                    **PLAINTIFF**
**VS.**                              **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES**              **DEFENDANTS**
**INTERNATIONAL, INC. and**
**IOVATE HEALTH SCIENCES**
**INTERNATIONAL U.S.A., INC.**

**DECLARATION OF ANDREW O'COIN**

I, Andrew O'Coin, hereby declare as follows:

1. I make this declaration in support Royal Bank of Canada's Motion to Intervene
   and in support of Royal Bank Of Canada's Objection and Motion to Quash Writ
   of Garnishment, filed concurrently with this declaration.

2. I am the Senior Director of Special Loans & Advisory Services of the Royal
   Bank of Canada ("RBC").

3. On November 22, 2016, Iovate Health Sciences International Inc. and Iovate
   Health Sciences International U.S.A. Inc. (together with their affiliates,
   subsidiaries, successors, and assigns "Iovate") entered into a Credit Agreement
   ("Credit Agreement").

4. From time to time, the Credit Agreement was amended.

5. On February 28, 2025, RBC entered into the Amending Agreement No. 10 of
   the Credit Agreement ("Operative Amending Agreement") as the
   administrative agent for the lenders (the "Lenders") to the Credit Agreement.

**EXHIBIT 1**

6.  Attached hereto as Exhibit A is a true and correct copy of the Operative Amending Agreement.

7.  On December 21, 2016, HSBC Bank Canada as the predecessor administrative agent, along with the Lenders and Iovate under the Credit Agreement, entered into the General Security Agreement ("Security Agreement").

8.  Attached hereto as Exhibit B is a true and correct copy of the Security Agreement.

9.  In accordance with the Security Agreement, the administrative agent was granted a security interest in substantially all of Iovate's assets (the "Collateral").

10. The administrative agent caused UCC-1 financing statements to be filed in several jurisdictions on or about December 19, 2016, designating that "All assets" of Iovate were secured. Such UCC-1 financing statements were filed in, among other places, New York, Pennsylvania, Texas, California, Florida, New Jersey, Ohio, Delaware, Wisconsin, and the District of Columbia.

11. Each of the foregoing identified UCC-1 financing statements was continued in June 2021.

12. Attached hereto as Exhibit C are true and correct copies of the foregoing identified UCC-1 financing statements.

13. On March 28, 2024, HSBC Holdings sold HSBC Bank Canada to RBC, such that RBC and HSBC Bank Canada amalgamated.

14. As a result of the amalgamation consummated on March 28, 2024, RBC became the administrative agent to the Lenders under the Credit Agreement and Security Agreement, succeeding HSBC Bank Canada.

15. Each of the administrative agent's UCC-1 financing statements referred to above were amended in April 2024 to reflect the change in the administrative agent's name, following the HSBC amalgamation with RBC, to ensure that the correct entity is recorded as the registered holder of the security interest in the Collateral as administrative agent.

16. No later than July 8, 2024, Iovate defaulted under the terms of the Credit Agreement, having failed to comply with at least three provisions therein.

17. On May 1, 2025, counsel for RBC sent a letter notifying Orgain of its perfected lien on Iovate's assets.

18. Attached hereto as Exhibit D is a true and correct copy of the correspondence from counsel to RBC sent to counsel to Orgain on May 1, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

       Dated: August 12, 2025
       Toronto, Ontario

/s/ *Andrew O'Coin*

       Andrew O'Coin

# Exhibit A

Execution Version

## **AMENDING AGREEMENT NO. 10**

**THIS AMENDING AGREEMENT NO. 10** (this "**Amending Agreement**") is made as of February 28, 2025 between the parties to the Credit Agreement (as hereinafter defined).

**WHEREAS:**

A.     Reference is made to the amended and restated credit agreement dated as of June 30, 2021 between, *inter alios*, Iovate Health Sciences International Inc., as borrower (the "**Borrower**"), HSBC Bank Canada, as administrative agent (the "**Administrative Agent**"), and the financial institutions party thereto, as lenders, as amended by amending agreement no.1 dated as of March 31, 2022, by amending agreement no. 2 dated as of April 14, 2022, by amending agreement no. 3 dated as of December 30, 2022 , amending agreement no.4 dated as of March 7, 2024, amending agreement no. 5 dated as of March 28, 2024, amending agreement no. 6 dated April 30, 2024, the Forbearance Agreement (as hereinafter defined), amending agreement no. 7 dated November 14, 2024, amending agreement no. 8 dated December 24, 2024 and amending agreement no. 9 dated January 31, 2025 (collectively, the "**Credit Agreement**").

B.     Further reference is made to the forbearance agreement dated as of September 24, 2024 between, inter alios, the Borrower, the Administrative Agent, and the financial institutions party thereto as, as lenders, as amended by amending agreement no. 7 dated November 14, 2024, as amended by amending agreement no 8. dated December 24, 2024 and amended by amending agreement no 9. dated January 31, 2025 (collectively, the "**Forbearance Agreement**").

C.     In respect of the Orgain Judgement, a writ of execution was filed on February 6, 2025 with the United States Court for the Central District of California in violation of Section 7.1(s) (the "**New Event of Default**").

D.     The Borrower has requested certain amendments to the Forbearance Agreement, and the Credit Agreement and the Lenders have agreed to same in accordance with the terms and conditions hereof.

**NOW THEREFORE THIS AGREEMENT WITNESSES** that, in consideration of the mutual covenants and agreements contained in this Amending Agreement and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereto agree as follows:

### ARTICLE 1
### INTERPRETATION

**1.1     One Amending Agreement**. This Amending Agreement amends the Credit Agreement and the Forbearance Agreement. This Amending Agreement and the Credit Agreement shall be read, interpreted, construed and have effect as, and shall constitute, one agreement with the same effect as if the amendments made by this Amending Agreement had been contained in the Credit Agreement as of the date of this Amending Agreement.  This Amending Agreement and the Forbearance Agreement shall be read, interpreted, construed and have effect as, and shall constitute, one agreement with the same effect as if the amendments made by this Amending

Agreement had been contained in the Forbearance Agreement as of the date of this Amending Agreement.

**1.2     Defined Terms**. In this Amending Agreement, unless something in the subject matter or context is inconsistent:

      (a)      terms defined in the description of the parties or in the recitals have the respective meanings given to them in the description or recitals, as applicable; and

      (b)      all other capitalized terms have the respective meanings given to them in the Credit Agreement as amended by Article 2 of this Amending Agreement (collectively, the "**Amended Credit Agreement**").

**1.3     Headings**. The headings of the Articles and Sections of this Amending Agreement are inserted for convenience of reference only and shall not affect the construction or interpretation of this Amending Agreement.

**1.4     References**. All references to Articles, Sections, Exhibits and Schedules, unless otherwise specified, are to Articles, Sections, Exhibits and Schedules of the Credit Agreement.

## ARTICLE 2
## AMENDMENTS TO THE CREDIT AGREEMENT

**2.1     Consolidated Credit Agreement.**   Subject to the terms and conditions contained in this Amending Agreement, the Credit Agreement is amended to delete the stricken text (indicated textually in the same manner as the following example: ~~stricken text~~) and to add the underlined text (indicated textually in the same manner as in the following example: underlined text) as set forth on the pages of the Credit Agreement and all schedules thereto, attached to this Amending Agreement as Annex A.

## ARTICLE 3
## AMENDMENTS TO THE FORBEARANCE AGREEMENT

**3.1     Existing Events of Default**.   The definition of "Existing Events of Default" shall be amended to include the New Event of Default.

**3.2     Forbearance Period**.   Recital C of the Forbearance Agreement is amended by replacing "February 14, 2025" with "January 2, 2026".

**3.3     Consent to Subject Payments**. Section 2.16 of the Forbearance Agreement is amended by deleting (i) "; and" at the end of clause (b), and (ii) clause (c) in its entirety.

## ARTICLE 4
## REPRESENTATIONS AND WARRANTIES

**4.1     Confirmation of Representations**. The Borrower represents and warrants that, as at the date of this Amending Agreement and assuming that the amendments made to the Credit Agreement and the Forbearance Agreement by this Amending Agreement have become effective:

*Iovate Amending Agreement No.10*

(a)     this Amending Agreement and the Confirmation appended hereto has been duly authorized, executed and delivered by each of the signatory Credit Parties;

(b)     each of the Credit Agreement and the Forbearance Agreement, each as amended hereby, constitutes a legal, valid and binding obligation of the Borrower, enforceable against it in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or other laws affecting creditor's rights generally and subject to general principles of equity, regardless of whether considered in a proceeding in equity or at law;

(c)     no Termination Event (as defined in the Forbearance Agreement, as amended by Article 3 of this Amending Agreement (collectively, the "**Amended Forbearance Agreement**")) has occurred;

(d)     notwithstanding that Sections 5.1(12)(a) and 5.1(12)(c) (as such Sections existed on September 24, 2024) have been amended, the Existing Events of Default (as defined in the Amended Forbearance Agreement) other than that described in clause (iii) of recital B to the Forbearance Agreement have occurred and are continuing; and

(e)     the representations and warranties contained in Article 4 (other than those that are made with respect to a specific date) are true and correct as if made on the date hereof.

## ARTICLE 5
## CONDITIONS

**5.1     Conditions Precedent**. The amendments set out in Article 2 and Article 3 shall become effective if and only if there is receipt by the Administrative Agent of:

(a)     a counterpart of this Amending Agreement executed by the Borrower, the Administrative Agent and the Lenders;

(b)     a counterpart of the Confirmation appended to this Amending Agreement, executed by each Guarantor;

(c)     authorizing resolutions of the board of directors of the Borrower approving this Amending Agreement, together with an officer's certificate from a senior officer of the Borrower;

(d)     a favourable written opinion of counsel to the Borrower acceptable to the Administrative Agent with respect to the Borrower and this Amending Agreement, together with supporting materials consistent with those previously delivered under the Credit Agreement;

(e)     the Perfection Certificate (as defined in the Amended Credit Agreement) with respect to each Credit Party;

(f)     updated financial forecast for the Fiscal Year ending December 31, 2025 for Holdco on a Consolidated basis (setting out all assumptions and including an income statement, balance sheet and cash flow statement) evidencing compliance with the financial covenants set out in Sections 5.1(12) and 5.1(14) as at such date, in form satisfactory to the Lenders;

(g)     payment of an amendment fee to the Administrative Agent (for the pro rata account of each Lender) equal to ▮▮▮▮ basis points upon the aggregate Commitments of the Lenders as of the date hereof (the "**Amendment Fee**"); and

(h)     payment (or the arrangement for payment satisfactory to the payee) of all reasonable and documented legal fees of the Administrative Agent invoiced to date by its counsel (the "**Legal Fees**" and, together with the Amendment Fee, the "**Fees**").

If such conditions precedent are met, then the effective date of the amendments set out in Article 2 will be as of the date of this Amending Agreement.

**5.2     Payment.**  The Administrative Agent may debit any U.S. Dollar (or in the case of the Legal Fees, Canadian Dollar) operating account maintained by the Administrative Agent in the name of the Borrower in an aggregate amount equal to the sum of the Fees in order to effect the payment thereof; provided that the Borrowers shall have been provided the invoice related to the Fees no less than two Business Days (or such shorter time period as agreed by the Borrower) prior to such debiting and a Responsible Officer of the Borrower has consented in writing to such debiting (which written consent may be by electronic communication).

## ARTICLE 6
## GENERAL

**6.1     Confirmation**. Except as specifically stated herein, the Credit Agreement, the Forbearance Agreement and the other Loan Documents shall continue in full force and effect in accordance with the provisions thereof. In particular, but without limitation:

(a)     the Security Documents and the Liens granted thereunder continue in full force and effect in accordance with their terms notwithstanding this Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected hereby; and

(b)     the secured liabilities described in the Security Documents include indebtedness, liabilities and obligations arising under or in relation to the Amended Credit Agreement and the Amended Forbearance Agreement, and the Liens granted thereunder extend thereto.

All Secured Liabilities under the Credit Agreement shall be continuing with only the terms thereof being modified as provided in this Amending Agreement, and this Amending Agreement shall not evidence or result in a novation of such Secured Liabilities.

*Iovate Amending Agreement No.10*

**6.2** **Reservation of Rights**. Except as expressly set forth herein, this Amending Agreement shall not by implication or otherwise limit, impair, constitute a waiver of, or otherwise affect the rights and remedies of Lenders or Administrative Agent under the Credit Agreement, the Forbearance Agreement or any other Loan Document. Nothing herein shall be deemed to entitle any Credit Party to a consent to, or a waiver, amendment, modification or other change of, any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement, the Forbearance Agreement or any other Loan Document in similar or different circumstances. For the avoidance of doubt, nothing herein shall constitute a consent to, or waiver of, the Existing Events of Default.

**6.3** **Interpretation**. All references to the "this Agreement", the "Forbearance Agreement" or the "Credit Agreement" and all similar references in any of the other Loan Documents shall hereafter include, mean and be a reference to the Amended Forbearance Agreement or Amended Credit Agreement, as applicable, without any requirement to amend such Loan Documents. This Amending Agreement shall constitute a "Loan Document" under, and as defined in, the Credit Agreement.

**6.4** **Binding Nature**. This Amending Agreement shall enure to the benefit of and be binding upon the Borrower, the Administrative Agent and the Lenders and their respective successors and permitted assigns.

**6.5** **Severability**. Any provision of this Amending Agreement which is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability and shall be severed from the balance of this Amending Agreement, all without affecting the remaining provisions of this Amending Agreement or affecting the validity or enforceability of such provision in any other jurisdiction.

**6.6** **Conflicts**. If, after the date of this Amending Agreement, any provision of this Amending Agreement is inconsistent with any provision of the Credit Agreement or the Forbearance Agreement, the relevant provision of this Amending Agreement shall prevail.

**6.7** **Governing Law**. This Amending Agreement will be governed by and construed in accordance with the laws of the Province of Ontario and the federal laws of Canada applicable therein.

**6.8** **Counterpart and Facsimile**. This Amending Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page of this Amending Agreement by telecopy, emailed pdf. or any other electronic means that reproduces an image of the actual executed signature page shall be effective as delivery of a manually executed counterpart of this Amending Agreement.

[signatures on the following pages]

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**ROYAL BANK OF CANADA**, as
Administrative Agent

By: _____
Name: Sabrina Wang
Title: Deal Manager


By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**ROYAL BANK OF CANADA**, as Lender

By: _Andrew O'Coin_____

Name: Andrew O'Coin
Title: Senior Director


By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**THE TORONTO-DOMINION BANK**, as
Lender

By: _____

Name: Daryl Coelho
Title: Director

By: *Fola Akinsanya*

Name: Fola Akinsanya
Title: Associate Director

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**BANK OF CHINA (CANADA)**, as Lender

By: _____
Name:  XU YANG
Title:  Head of Corporation Banking Department

By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**BANK OF MONTREAL**, as Lender

By: _____

Name:  Shehryar Syed
Title:   Director, SAMU National Accounts

By: _____

Name:

Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**NATIONAL BANK OF CANADA**, as
Lender

By: _Sonia de Lorenzi_
Name: Sonia de Lorenzi
Title: Senior Manager

By: 
Name: Caroline Podsiadlo
Title: Senior Director

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**CANADIAN WESTERN BANK**, as
Lender

By: _Sonia de Lorenzi_
Name: Sonia de Lorenzi
Title:    Senior Manager

By: _____
Name: Caroline Podsiadlo
Title:    Senior Director

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**THE BANK OF NOVA SCOTIA**, as Lender

By: _____

Name: Nick Stewart

Title: Director, Special Accounts Management

By: _____

Name: Neel Chopra

Title: Director, Special Accounts Management

S-9

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**IOVATE HEALTH SCIENCES
INTERNATIONAL INC.**

By: _____
Name: Qi Wang
Title: Director

By: _____
Name: Xiyao Michael Liu
Title: Director

103

## CONFIRMATION

Each undersigned Guarantor acknowledges and irrevocably consents to the terms of the Amending Agreement. Each undersigned Guarantor further represents, warrants, and confirms to the Administrative Agent for the benefit of each Secured Party that:

(a)     guarantees and indemnities granted under the Loan Documents continue in full force and effect in accordance with their terms notwithstanding the Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected thereby;

(b)     such guarantees and indemnities extend to the indebtedness, liabilities and obligations of the Borrower under the Amended Credit Agreement and the Amended Forbearance Agreement;

(c)     the Security Documents and the Liens granted thereunder continue in full force and effect in accordance with their terms notwithstanding the Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected thereby;

(d)     the secured liabilities described in the Security Documents include indebtedness, liabilities and obligations arising under or in relation to the Amended Credit Agreement and the Amended Forbearance Agreement, and the Liens granted thereunder extend thereto; and

(e)     all references to the "this Agreement", the "Forbearance Agreement" or the "Credit Agreement" and all similar references in any of the other Loan Documents shall hereafter mean and be a reference to the Amended Forbearance Agreement or the Amended Credit Agreement, as applicable, without any requirement to amend such Loan Documents.

[signatures on the next following pages]

*Iovate Amending Agreement No. 10*

IN WITNESS WHEREOF the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

XIWANG IOVATE HOLDINGS COMPANY LIMITED

By: _____

    Name: Di Wang
    Title: Director

By: _____

    Name: Xiyao Michael Liu
    Title: Director

**IN WITNESS WHEREOF** the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

IOVATE HEALTH SCIENCES
INTERNATIONAL INC.

By: _____
Name: Di Wang
Title: Director

By: _____
Name: Xiyao Michael Liu
Title: Director

*Iovate Amending Agreement No. 10*

IN WITNESS WHEREOF the undersigned has caused this Confirmation to be duly executed
as of the date set out on the first page of the Amending Agreement.

IOVATE HEALTH SCIENCES U.S.A. INC.

By: _____
Name: Di Wang
Title: Director

By: _____
Name: Xiyao Michael Liu
Title: Director

IN WITNESS WHEREOF the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

NORTHERN INNOVATIONS HOLDING CORP.

By: _____
Name: Di Wang
Title: Director

By: _____
Name: Xiyao Michael Liu
Title: Director

*Iovate Amending Agreement No. 10*

**IN WITNESS WHEREOF** the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

**IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD**

By: _____

Name: Xiyao Michael Liu
Title: Director

By: _____

Name: Tanya Mistry
Title: Director

# Exhibit B

## GENERAL SECURITY AGREEMENT

This General Security Agreement is made as of December 21, 2016.

**TO**:    Name:        HSBC BANK CANADA, as administrative agent
      Address:       70 York Street, Toronto, ON M5J 1S9
      Attention:     Agency Administrator
      Facsimile:     647-788-2185
      E-mail:        cacmbagency2@hsbc.ca

**RECITALS:**

A.    Xiwang Iovate Health Science International Inc. and Iovate Health Sciences International Inc., as borrowers, the financial institutions and other parties thereto from time to time, as lenders, HSBC Bank Canada, as administrative agent, and HSBC Bank Canada and The Toronto-Dominion Bank, as joint lead arrangers and joint bookrunners, are *inter alios* party to a credit agreement dated as of November 22, 2016 (as amended, supplemented, restated or replaced from time to time, the "**Credit Agreement**").

B.    To secure the payment and performance of its Secured Liabilities, each Debtor has agreed to grant to the Agent (for its own benefit and for the benefit of the other Secured Parties) the Security Interests with respect to its Collateral in accordance with the terms of this Agreement.

For good and valuable consideration, the receipt and adequacy of which are acknowledged by each Debtor, each Debtor severally (and not jointly or jointly and severally) agrees with and in favour of the Agent (for its own benefit and for the benefit of the other Secured Parties) as follows:

1.    **Definitions**.  In this Agreement capitalized terms used but not otherwise defined in this Agreement shall have the meanings given to them in the Credit Agreement, and the following terms have the following meanings:

"**Accessions**", "**Account**", "**Chattel Paper**", "**Certificated Security**", "**Consumer Goods**", "**Document of Title**", "**Equipment**", "**Futures Account**", "**Futures Contract**", "**Futures Intermediary**", "**Goods**", "**Instrument**", "**Intangible**", "**Inventory**", "**Investment Property**", "**Money**", "**Proceeds**", "**Securities Account**", "**Securities Intermediary**" "**Security**", "**Security Certificate**", "**Security Entitlement**", and "**Uncertificated Security**" have the meanings given to them in the PPSA.

"**Agent**" means HSBC Bank Canada, in its capacity as administrative agent for the lenders under the Credit Agreement, or any successor administrative agent appointed pursuant to the Credit Agreement.

"**Agreement**" means this agreement, including the exhibits and recitals to this agreement, the Supplements and the Schedules, as it or they may be amended, supplemented, restated or replaced from time to time, and the expressions "hereof", "herein", "hereto", "hereunder", "hereby" and similar expressions refer to this Agreement and not to any particular section or other portion of this Agreement.

"**Books and Records**" means, with respect to any Debtor, all books, records, files, papers, disks, documents and other repositories of data recording in any form or medium, evidencing or relating to the Personal Property of such Debtor which are at any time owned by such Debtor or to which such Debtor (or any Person on such Debtor's behalf) has access.

"**Collateral**" means, with respect to any Debtor, all of the present and future:

(a)    undertaking;

(b)    Personal Property (other than Excluded CFC Securities but including any Personal Property that may be described in any Schedule to this Agreement or any schedules, documents or listings that such Debtor may from time to time provide to the Agent in connection with this Agreement); and

(c)    real property (including any real property that may be described in any Schedule to this Agreement or any schedules, documents or listings that such Debtor may from time to time provide to the Agent in connection with this Agreement and including all fixtures, improvements, buildings and other structures placed, installed or erected from time to time on any such real property),

of such Debtor, including Books and Records, Contracts, Intellectual Property Rights and Permits, and including all such property in which such Debtor now or in the future has any right, title or interest whatsoever, whether owned, leased, licensed, possessed or otherwise held by such Debtor, and all Proceeds of any of the foregoing, wherever located.

"**Contracts**" means, with respect to any Debtor, all contracts and agreements to which such Debtor is at any time a party or pursuant to which such Debtor has at any time acquired rights, and includes (i) all rights of such Debtor to receive money due and to become due to it in connection with a contract or agreement, (ii) all rights of such Debtor to damages arising out of, or for breach or default with respect to, a contract or agreement, and (iii) all rights of such Debtor to perform and exercise all remedies in connection with a contract or agreement.

"**Control Person**" means a "control person", as such term is defined under applicable Canadian securities laws.

"**Credit Agreement**" has the meaning set out in the recitals hereto.

"**Debtors**" means the Persons delivering a signature page to this Agreement and any other Person which hereafter delivers a Supplement, and "**Debtor**" means any one of them.

"**Excluded CFC Securities**" means, at any time with respect to any Pledged CFC Issuer, those Issuer Voting Securities of such Pledged CFC Issuer representing in excess of 65% of the total combined voting power of each class of its Issuer Voting Securities at such time.

"**Event of Default**" means any "Event of Default" as defined in the Credit Agreement.

"**Exhibits**" means the exhibits to this Agreement.

*Iovate GSA*

"**Intellectual Property Rights**" means, with respect to any Debtor, all industrial and intellectual property rights of such Debtor or in which such Debtor has any right, title or interest, including copyrights, patents, inventions (whether or not patented), trade-marks, get-up and trade dress, industrial designs, integrated circuit topographies, plant breeders' rights, know how and trade secrets, registrations and applications for registration for any such industrial and intellectual property rights, and all Contracts related to any such industrial and intellectual property rights.

"**Issuer**" has the meaning given to that term in the STA.

"**Issuer Voting Securities**" means, at any time, Securities or Securities Entitlements of an Issuer entitled, at such time, to vote for the election of directors of such Issuer.

"**Organizational Documents**" means, with respect to any Person, such Person's articles or other charter documents, by-laws, unanimous shareholder agreement, partnership agreement or trust agreement, as applicable, and any and all other similar agreements, documents and instruments relative to such Person.

"**Permits**" means, with respect to any Debtor, all permits, licences, waivers, exemptions, consents, certificates, authorizations, approvals, franchises, rights-of-way, easements and entitlements that such Debtor has, requires or is required to have, to own, possess or operate any of its property or to operate and carry on any part of its business.

"**Personal Property**" means personal property and includes Accounts, Chattel Paper, Documents of Title, Equipment, Goods, Instruments, Intangibles, Inventory, Investment Property and Money.

"**Pledged Certificated Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Certificated Security.

"**Pledged CFC Issuer**" means, at any time, any Pledged Issuer with respect to any Debtor which is at such time a CFC or a CFC Holdco of such Debtor.

"**Pledged Futures Contracts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Futures Contract.

"**Pledged Futures Accounts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Futures Account.

"**Pledged Futures Intermediary**" means, at any time, any Person which is at such time is a Futures Intermediary at which a Pledged Futures Account is maintained.

"**Pledged Futures Intermediary's Jurisdiction**" means, with respect to any Pledged Futures Intermediary, its jurisdiction as determined under section 7.1(4) of the PPSA.

"**Pledged Issuer**" means, with respect to any Debtor at any time, any Person which is an Issuer of, or with respect to, any Pledged Shares of such Debtor at such time.

- 4 -

"**Pledged Issuer's Jurisdiction**" means, with respect to any Pledged Issuer, its jurisdiction as determined under section 44 of the STA.

"**Pledged Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Security.

"**Pledged Securities Accounts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Securities Account.

"**Pledged Securities Intermediary**" means, at any time, any Person which is at such time a Securities Intermediary at which a Pledged Securities Account is maintained.

"**Pledged Securities Intermediary's Jurisdiction**" means, with respect to any Pledged Securities Intermediary, its jurisdiction as determined under section 45(2) of the STA.

"**Pledged Security Certificates**" means, with respect to any Debtor, any and all Security Certificates of such Debtor representing the Pledged Certificated Securities.

"**Pledged Security Entitlements**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Security Entitlement.

"**Pledged Shares**" means, with respect to any Debtor, all Pledged Securities and Pledged Security Entitlements of such Debtor.

"**Pledged Uncertificated Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is an Uncertificated Security.

"**PPSA**" means the *Personal Property Security Act* of the Province referred to in the "Governing Law" section of this Agreement, as such legislation may be amended, renamed or replaced from time to time, and includes all regulations from time to time made under such legislation.

"**Receiver**" means an interim receiver, a receiver, a manager or a receiver and manager.

"**Reporting Pledged Issuer**" means a Pledged Issuer that is a "reporting issuer", as such term is defined under applicable Canadian securities laws.

"**Secured Liabilities**" means, with respect to any Debtor, all present and future indebtedness, liabilities and obligations of any and every kind, nature and description (whether direct or indirect, joint or several, absolute or contingent, matured or unmatured) of such Debtor to the Secured Parties (or any of them) under, in connection with or with respect to the Transaction Documents (including Secured Cash Management Obligations and Secured Hedge Obligations), and any unpaid balance thereof.  Notwithstanding the foregoing or anything else in any Transaction Document, Excluded Swap Obligations of a Guarantor shall not constitute Secured Liabilities for the purposes of this Agreement with respect to such Guarantor.

"**Secured Parties**" means, collectively, the Agent, the Secured Cash Management Provider, the Secured Hedge Counterparties, and the Lenders, and "**Secured Party**" means any one of them.

*Iovate GSA*

"**Schedules**" means the schedules to this Agreement.

"**Security Interests**" means, with respect to any Debtor, the Liens created by such Debtor in favour of the Agent (for its own benefit and for the benefit of the other Secured Parties) under this Agreement.

"**STA**" means the *Securities Transfer Act* of the Province referred to in the "Governing Law" section of this Agreement, as such legislation may be amended, renamed or replaced from time to time, and includes all regulations from time to time made under such legislation.

"**Subsidiary**" means, with respect to any Person (the "**parent**") at any date, any other Person (a) of which securities or other ownership interests representing more than 50% of the equity or more than 50% of the ordinary voting power or, in the case of a partnership, more than 50% of the general partnership interests are, as of such date, owned, controlled or held, or (b) that is, as of such date, otherwise Controlled by the parent or one or more Subsidiaries of the parent or by the parent and one or more Subsidiaries of the parent.

"**Supplement**" has the meaning given to that term in Section 35.

"**ULC**" means an Issuer that is an unlimited company, unlimited liability corporation or unlimited liability company.

"**ULC Laws**" means the *Companies Act* (Nova Scotia), the *Business Corporations Act* (Alberta), the *Business Corporations Act* (British Columbia) and any other present or future Laws governing ULCs.

"**ULC Shares**" means shares or other equity interests in the capital stock of a ULC.

"**Voting or Equity Securities**" means (a) any "security" (as defined under applicable Canadian securities laws), other than a bond, debenture, note or similar instrument representing indebtedness (whether secured or unsecured), of an issuer carrying a voting right either under all circumstances or under some circumstances that have occurred and are continuing or (b) a security of an issuer that carries a residual right to participate in the earnings of the issuer and, on liquidation or winding up of the issuer, in its assets.

2.      **Grant of Security Interests**.  As general and continuing collateral security for the due payment and performance of its Secured Liabilities, each Debtor pledges, mortgages, charges and assigns (by way of security) to the Agent (for its own benefit and for the benefit of the other Secured Parties), and grants to the Agent (for its own benefit and for the benefit of the other Secured Parties) a security interest in, the Collateral of such Debtor.

3.      **Limitations on Grant of Security Interests**.  If the grant of the Security Interests (i) with respect to any Contract, Intellectual Property Right or Permit under Section 2 would result in the termination or breach of or requires any consent not obtained under such Contract, Intellectual Property Right or Permit, or is otherwise prohibited or ineffective (whether by the terms thereof or under applicable Law), or (ii) with respect to any United States "intent-to-use" trademark applications for which the grant of the Security Interest would impair the validity or

enforceability of such "intent-to-use" trademark application, then such Contract, Intellectual Property Right, or Permit or trademark application shall not be subject to the Security Interests but shall be held in trust by the applicable Debtor for the benefit of the Agent (for its own benefit and for the benefit of the other Secured Parties) and, on the exercise by the Agent of any of its rights or remedies under this Agreement following an Event of Default shall be assigned by such Debtor as directed by the Agent; provided that: (a) the Security Interests of such Debtor shall attach to such Contract, Intellectual Property Right or Permit, or applicable portion thereof, immediately at such time as the condition causing such termination or breach is remedied, and (b) if a term in a Contract that prohibits or restricts the grant of the Security Interests in the whole of an Account or Chattel Paper forming part of the Collateral is unenforceable against the Agent under applicable Law, then the exclusion from the Security Interests set out above shall not apply to such Account or Chattel Paper. In addition, the Security Interests do not attach to Consumer Goods or extend to the last day of the term of any lease or agreement for lease of real property. Such last day shall be held by the applicable Debtor in trust for the Agent (for its own benefit and for the benefit of the other Secured Parties) and, on the exercise by the Agent of any of its rights or remedies under this Agreement following an Event of Default, shall be assigned by such Debtor as directed by the Agent. For greater certainty, no Intellectual Property Right in any trade-mark, get-up or trade dress is presently assigned to the Agent by sole virtue of the grant of the Security Interests contained in Section 2.

4.       **Attachment; No Obligation to Advance**.  Each Debtor confirms that value has been given by the Secured Parties to such Debtor, that such Debtor has rights in its Collateral existing at the date of this Agreement or the date of any Supplement, as applicable, and that such Debtor and the Agent have not agreed to postpone the time for attachment of the Security Interests to any of the Collateral of such Debtor.  The Security Interests with respect to the Collateral of each Debtor created by this Agreement shall have effect and be deemed to be effective whether or not the Secured Liabilities of such Debtor or any part thereof are owing or in existence before or after or upon the date of this Agreement or the date of any Supplement, as applicable.  Neither the execution and delivery of this Agreement or any Supplement nor the provision of any financial accommodation by any Secured Party shall oblige any Secured Party to make any financial accommodation or further financial accommodation available to any Debtor or any other Person.

5.       **Representations and Warranties**.  Each Debtor represents and warrants to the Agent (for its own benefit and for the benefit of the other Secured Parties) that, as of the date of this Agreement or the date of any Supplement, as applicable:

   (a)      <u>Debtor Information</u>.   All of the information set out in the Schedules and Supplements, as applicable, with respect to such Debtor is accurate and complete.

   (b)      <u>Consents and Transfer Restrictions</u>.

           (i)      Except for any consent that has been obtained and is in full force and effect, no consent of any Person (including any counterparty with respect to any Contract, any account debtor with respect to any Account, or any Governmental Authority with respect to any Permit) is required, or is

*Iovate GSA*

purported to be required, for the execution, delivery, performance and enforcement of this Agreement (this representation being given without reference to the exclusions contained in Section 3). For the purposes of complying with any transfer restrictions contained in the Organizational Documents of any Pledged Issuer, such Debtor hereby irrevocably consents to any transfer of such Debtor's Pledged Securities of such Pledged Issuer.

(ii)    (A) No order ceasing or suspending trading in, or prohibiting the transfer of the Pledged Shares has been issued and no proceedings for this purpose have been instituted, nor does such Debtor have any reason to believe that any such proceedings are pending, contemplated or threatened and (B) the Pledged Shares are not subject to any escrow or other agreement, arrangement, commitment or understanding, prohibiting the transfer of the Pledged Shares, including pursuant to applicable Canadian securities laws or the rules, regulations or policies of any marketplace on which the Pledged Shares are listed, posted or traded.

(c)    <u>No Consumer Goods</u>. Such Debtor does not own any Consumer Goods which are material in value or which are material to the business, operations, property, condition or prospects (financial or otherwise) of such Debtor.

(d)    <u>Intellectual Property Rights</u>. All registrations and applications for registration pertaining to any Intellectual Property Rights of owned by such Debtor, all other material Intellectual Property Rights of such Debtor, and the nature of such Debtor's right, title or interest therein, are described in the Schedules and Supplements as applicable, with respect to such Debtor. Each material registration or application of Intellectual Property Rights owned by such Debtor is valid, subsisting, unexpired, enforceable, and has not been abandoned, and to such Debtor's knowledge, is valid and enforceable. In the case of copyright works of such Debtor, such Debtor has obtained full and irrevocable waivers of all moral rights or similar rights pertaining to such works. Except as set out in the Schedules and Supplements, as applicable, none of the Intellectual Property Rights owned by such Debtor have been licensed or franchised by such Debtor to any Person on an exclusive basis or, to the best of such Debtor's knowledge, infringed or otherwise misused by any Person in any material respect. Except as set out in the Schedules and Supplements, as applicable, to such Debtor's knowledge, the exercise of any Intellectual Property Right of such Debtor, or any licensee or franchisee thereof, has not infringed or otherwise misused any intellectual property right of any other Person in any material respect, and such Debtor has not received and is not aware of any written claim of such infringement or other misuse that has not since been resolved.

(e)    <u>Partnerships, Limited Liability Companies</u>. The terms of any interest in a partnership or limited liability company that is Collateral of such Debtor expressly provide that such interest is a "security" for the purposes of the STA.

- 8 -

(f)     Due Authorization.  The Pledged Securities of such Debtor have been duly authorized and validly issued and are fully paid and non-assessable.

(g)     Warrants, Options, etc.  There are no outstanding warrants, options or other rights to purchase, or other agreements outstanding with respect to, or property that is now or hereafter convertible into, or that requires the issuance or sale of, any Pledged Shares of such Debtor.

(h)     No Required Disposition.  There is no existing agreement, option, right or privilege capable of becoming an agreement or option pursuant to which such Debtor would be required to sell, redeem or otherwise dispose of any Pledged Shares of such Debtor or under which any Pledged Issuer has any obligation to issue any Securities of such Pledged Issuer to any Person.

(i)     Securities Laws.  Such Debtor is not a Control Person with respect to any Pledged Issuer and the Pledged Shares issued by a Reporting Pledged Issuer do not comprise Voting or Equity Securities of any class (or securities convertible into Voting or Equity Securities of any class) constituting ten per cent or more of the outstanding securities of that class.

6.     **Survival of Representations and Warranties**.  All representations and warranties made by each Debtor in this Agreement (a) are material, (b) shall be considered to have been relied on by the Secured Parties, and (c) shall survive the execution and delivery of this Agreement and any Supplement or any investigation made at any time by or on behalf of any Secured Party and any disposition or payment of the Secured Liabilities until the Lender Termination Date.

7.     **Covenants**.  Each Debtor covenants and agrees with the Agent (for its own benefit and for the benefit of the other Secured Parties) that:

(a)     Further Documentation.  Such Debtor shall from time to time, at the expense of such Debtor, promptly and duly authorize, execute and deliver such further instruments and documents, and take such further action, as the Agent may request, acting reasonably, for the purpose of obtaining or preserving the full benefits of, and the rights and powers granted by, this Agreement (including the filing of any financing statements or financing change statements under any applicable legislation with respect to the Security Interests).  Such Debtor acknowledges that this Agreement has been prepared based on the existing Laws in the Province referred to in the "Governing Law" section of this Agreement and that a change in such Laws, or the Laws of other jurisdictions, may require the execution and delivery of different forms of security documentation.  Accordingly, such Debtor agrees that the Agent shall have the right to require that this Agreement be amended, supplemented, restated or replaced, and that such Debtor shall immediately on request by the Agent authorize, execute and deliver any such amendment, supplement, restatement or replacement (i) to reflect any changes in such Laws, whether arising as a result of statutory amendments, court decisions or otherwise, (ii) to facilitate the creation and registration of appropriate

*Iovate GSA*

security in all appropriate jurisdictions, or (iii) if such Debtor merges or amalgamates with any other Person or enters into any corporate reorganization, in each case in order to confer on the Agent Liens similar to, and having the same effect as, the Security Interests.

(b)    Maintenance of Records.  Such Debtor shall keep and maintain accurate and complete records of the Collateral of such Debtor, including a record of all payments received and all credits granted with respect to the Accounts and Contracts of such Debtor.  At the written request of the Agent, such Debtor shall mark any Collateral of such Debtor specified by the Agent to evidence the existence of the Security Interests.

(c)    Further Identification of Collateral.  Such Debtor shall promptly furnish to the Agent such statements and schedules further identifying and describing the Collateral of such Debtor, and such other reports in connection with the Collateral of such Debtor, as the Agent may from time to time reasonably request, including an updated list of any motor vehicles or other "serial number" goods owned by such Debtor and classified as Equipment, including vehicle identification numbers, having a Fair Market Value exceeding U.S.$100,000.

(d)    Instruments; Documents of Title; Chattel Paper.  Promptly upon request from time to time by the Agent, such Debtor shall deliver to the Agent, endorsed and/or accompanied by such instruments of assignment and transfer in such form and substance as the Agent may reasonably request, any and all Instruments, Documents of Title and Chattel Paper of such Debtor having a Fair Market Value exceeding U.S. $1,000,000 included in or relating to the Collateral of such Debtor as the Agent may specify in its request.

(e)    Pledged Certificated Securities.  Such Debtor shall deliver to the Agent any and all Pledged Security Certificates of such Debtor and other materials as may be required from time to time to provide the Agent with control over all Pledged Certificated Securities of such Debtor in the manner provided under section 23 of the STA.  At the request of the Agent, such Debtor shall cause all Pledged Security Certificates of such Debtor to be registered in the name of the Agent or its nominee.

(f)    Pledged Uncertificated Securities.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to time to provide the Agent with control over all Pledged Uncertificated Securities of such Debtor in the manner provided under section 24 of the STA.  For the purposes of section 27(1) of the STA, this Agreement shall constitute the Debtor's irrevocable consent to entry by a Pledged Issuer into an agreement of the kind referred to in clause 24(1)(b) of the STA.

(g)    Pledged Security Entitlements.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to

time to provide the Agent with control over all Pledged Security Entitlements of such Debtor in the manner provided under section 25 or 26 of the STA.

(h)    <u>Pledged Futures Contracts</u>.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to time to provide the Agent with control over all Pledged Futures Contracts of such Debtor in the manner provided under subsection 1(2) of the PPSA.

(i)    <u>Partnerships, Limited Liability Companies</u>.  Such Debtor shall ensure that the terms of any interest in a partnership or limited liability company that is Collateral of such Debtor shall expressly provide that such interest is a "security" for the purposes of the STA.

(j)    <u>Transfer Restrictions</u>.  If the constating documents of any Pledged Issuer (other than a ULC) restrict the transfer of the Securities of such Pledged Issuer, then such Debtor shall deliver to the Agent a certified copy of a resolution of the directors, shareholders, unitholders or partners of such Pledged Issuer, as applicable, consenting to the transfer(s) contemplated by this Agreement, including any prospective transfer of the Collateral of such Debtor by the Agent upon a realization on the Security Interests.

(k)    <u>Notices</u>.  Such Debtor shall advise the Agent promptly, in reasonable detail, of:

(i)    (upon knowledge by such Debtor thereof) any change to a Pledged Securities Intermediary's Jurisdiction, Pledged Issuer's Jurisdiction or Pledged Future Intermediary's Jurisdiction;

(ii)    any change in the location of the jurisdiction of incorporation or amalgamation, chief executive office or domicile of such Debtor;

(iii)    any change in the name of such Debtor;

(iv)    any additional jurisdiction in which such Debtor has tangible Personal Property;

(v)    any acquisition of any Intellectual Property Rights which are the subject of a registration or application with any governmental intellectual property or other governing body or registry, or which are material to such Debtor's business (it being understood that such notification shall be concurrent with the delivery of the next Compliance Certificate after the acquisition of such Intellectual Property);

(vi)    any acquisition of any Instrument, Document of Title or Chattel Paper having a Fair Market Value exceeding U.S. $1,000,000;

(vii)   the Debtor becoming (or if the Debtor could reasonably be determined to have become) a Control Person with respect to any Reporting Pledged Issuer;

(viii)   the issuance of any order ceasing or suspending trading in, or prohibiting the transfer of any Pledged Shares or the institution of proceedings for such purpose, or if such Debtor has any reason to believe that any such proceedings are pending, contemplated or threatened; or

(ix)   any occurrence of any event, claim or occurrence that could reasonably be expected to have a material adverse effect on the value of the Collateral of such Debtor or on the Security Interests.

Such Debtor shall not effect or permit any of the changes referred to in clauses (ii) through (viii) above unless all filings have been made and all other actions taken that are required in order for the Agent to continue at all times following such change to have a valid and perfected first priority Security Interest with respect to all of the Collateral of such Debtor.

8.   **Voting Rights**.  Unless an Event of Default has occurred and is continuing, each Debtor shall be entitled to exercise all voting power from time to time exercisable with respect to the Pledged Shares of such Debtor and give consents, waivers and ratifications with respect thereto; provided, however, that no vote shall be cast or consent, waiver or ratification given or action taken which would be, or would have a reasonable likelihood of being, prejudicial to the interests of the Secured Parties or which would have the effect of reducing the value of the Collateral of such Debtor as security for the Secured Liabilities of such Debtor or imposing any restriction on the transferability of any of the Collateral of such Debtor.  Unless an Event of Default has occurred and is continuing, the Agent shall, from time to time at the request and expense of the applicable Debtor, execute or cause to be executed, with respect to all Pledged Securities of such Debtor that are registered in the name of the Agent or its nominee, valid proxies appointing such Debtor as its (or its nominee's) proxy to attend, vote and act for and on behalf of the Agent or such nominee, as the case may be, at any and all meetings of the applicable Pledged Issuer's shareholders or debt holders, all Pledged Securities that are registered in the name of the Agent or such nominee, as the case may be, and to execute and deliver, consent to or approve or disapprove of or withhold consent to any resolutions in writing of shareholders or debt holders of the applicable Pledged Issuer for and on behalf of the Agent or such nominee, as the case may be.  Immediately upon the occurrence and during the continuance of any Event of Default, all such rights of the applicable Debtor to vote and give consents, waivers and ratifications shall cease and the Agent or its nominee shall be entitled to exercise all such voting rights and to give all such consents, waivers and ratifications.

9.   **Dividends; Interest**.  Unless an Event of Default has occurred and is continuing, each Debtor shall be entitled to receive any and all cash dividends, interest, principal payments and other forms of cash distribution on the Pledged Shares of such Debtor which it is otherwise entitled to receive, but any and all stock and/or liquidating dividends, distributions of property, returns of capital or other distributions made on or with respect to the Pledged Shares of such Debtor, whether resulting from a subdivision, combination or reclassification of the outstanding

*Iovate GSA*

capital stock of any Pledged Issuer of such Debtor or received in exchange for such Pledged Shares or any part thereof or as a result of any amalgamation, merger, consolidation, acquisition or other exchange of property to which any Pledged Issuer of such Debtor may be a party or otherwise, and any and all cash and other property received in exchange for any Pledged Shares of such Debtor shall be and become part of the Collateral of such Debtor subject to the Security Interests and with respect to any Security Certificates, if received by such Debtor, shall forthwith be delivered to the Agent or its nominee (accompanied, if appropriate, by proper instruments of assignment and/or stock powers of attorney executed by such Debtor in accordance with the Agent's instructions) to be held subject to the terms of this Agreement; and if any of the Pledged Security Certificates have been registered in the name of the Agent or its nominee, the Agent shall execute and deliver (or cause to be executed and delivered) to such Debtor all such dividend orders and other instruments as such Debtor may request for the purpose of enabling such Debtor to receive the dividends, distributions or other payments which such Debtor is authorized to receive and retain pursuant to this Section. If an Event of Default has occurred and is continuing, all rights of such Debtor pursuant to this Section shall cease and the Agent shall have the sole and exclusive right and authority to receive and retain the cash dividends, interest, principal payments and other forms of cash distribution which such Debtor would otherwise be authorized to retain pursuant to this Section. Any money and other property paid over to or received by the Agent pursuant to the provisions of this Section shall be retained by the Agent as additional Collateral hereunder and be applied in accordance with the provisions of this Agreement.

10.    **Rights on Event of Default**. If an Event of Default has occurred and is continuing, then and in every such case the Security Interests of each Debtor shall become enforceable and the Agent, in addition to any rights now or hereafter existing under applicable Law may, personally or by agent, at such time or times as the Agent in its discretion may determine, do any one or more of the following:

(a)    Rights under PPSA, etc. Exercise against any or all Debtors all of the rights and remedies granted to secured parties under the PPSA and any other applicable statute, or otherwise available to the Agent by contract, at law or in equity.

(b)    Demand Possession. Demand possession of any or all of the Collateral of any or all Debtors, in which event each such Debtor shall, at the expense of such Debtor, immediately cause the Collateral of such Debtor designated by the Agent to be assembled and made available and/or delivered to the Agent at any place designated by the Agent.

(c)    Take Possession. Enter on any premises where any Collateral of any or all Debtors is located and take possession of, disable or remove such Collateral.

(d)    Deal with Collateral. Hold, store and keep idle, or operate, lease or otherwise use or permit the use of, any or all of the Collateral of any or all Debtors for such time and on such terms as the Agent may determine, and demand, collect and retain all earnings and other sums due or to become due from any Person with respect to any of the Collateral of any or all Debtors.

(e)     Carry on Business.  Carry on, or concur in the carrying on of, any or all of the business or undertaking of any or all Debtors and enter on, occupy and use (without charge by such Debtor) any of the premises, buildings, plant and undertaking of, or occupied or used by, any or all Debtors.

(f)     Enforce Collateral.  Seize, collect, receive, enforce or otherwise deal with any Collateral of any or all Debtors in such manner, on such terms and conditions and at such times as the Agent deems advisable.

(g)     Dispose of Collateral.  Realize on any or all of the Collateral of any or all Debtors and sell, lease, assign, give options to purchase, or otherwise dispose of and deliver any or all of the Collateral of any or all Debtors (or contract to do any of the above), in one or more parcels at any public or private sale, at any exchange, broker's board or office of the Agent or elsewhere, with or without advertising or other formality, except as required by applicable Law, on such terms and conditions as the Agent may deem advisable and at such prices as it may deem best, for cash or on credit or for future delivery.

(h)     Court-Approved Disposition of Collateral.  Obtain from any court of competent jurisdiction an order for the sale or foreclosure of any or all of the Collateral of any or all Debtors.

(i)     Purchase by Agent.  At any public sale, and to the extent permitted by Law on any private sale, bid for and purchase any or all of the Collateral of any or all Debtors offered for sale and, upon compliance with the terms of such sale, hold, retain, sell or otherwise dispose of such Collateral without any further accountability to any Debtor or any other Person with respect to such holding, retention, sale or other disposition, except as required by Law.  In any such sale to the Agent, the Agent may, for the purpose of making payment for all or any part of the Collateral of any Debtor so purchased, use any claim for any or all of the Secured Liabilities of such Debtor then due and payable to it as a credit against the purchase price.

(j)     Collect Accounts.  Notify (whether in its own name or in the name of any Debtor) the account debtors under any Accounts of any or all Debtors of the assignment of such Accounts to the Agent and direct such account debtors to make payment of all amounts due or to become due to any or all Debtors with respect to such Accounts directly to the Agent and, upon such notification and at the expense of any such Debtor, enforce collection of any such Accounts, and adjust, settle or compromise the amount or payment of such Accounts, in such manner and to such extent as the Agent deems appropriate in the circumstances.

(k)     Transfer of Collateral.  Transfer any Collateral of any or all Debtors that is Pledged Shares into the name of the Agent or its nominee.

(l)     Voting.  Vote any or all of the Pledged Shares of any or all Debtors (whether or not transferred to the Agent or its nominee) and give or withhold all consents,

waivers and ratifications with respect thereto and otherwise act with respect thereto as though it were the outright owner thereof.

(m)   <u>Exercise Other Rights</u>.  Exercise any and all rights, privileges, entitlements and options pertaining to any Collateral of any or all Debtors that is Pledged Shares as if the Agent were the absolute owner of such Pledged Shares.

(n)   <u>Dealing with Contracts and Permits</u>.  Deal with any and all Contracts and Permits of any or all Debtors to the same extent as any such Debtor might (including the enforcement, realization, sale, assignment, transfer, and requirement for continued performance), all on such terms and conditions and at such time or times as may seem advisable to the Agent.

(o)   <u>Payment of Liabilities</u>.  Pay any liability secured by any Lien against any Collateral of any or all Debtors.  Each such Debtor shall immediately on demand reimburse the Agent for all such payments and, until paid, any such reimbursement obligation shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

(p)   <u>Borrow and Grant Liens</u>.  Borrow money for the maintenance, preservation or protection of any Collateral of any or all Debtors or for carrying on any of the business or undertaking of any or all Debtors and grant Liens on any Collateral of any or all Debtors (in priority to the Security Interests of any or all Debtors or otherwise) as security for the money so borrowed.  Each such Debtor shall immediately on demand reimburse the Agent for all such borrowings and, until paid, any such reimbursement obligations shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

(q)   <u>Appoint Receiver</u>.  Appoint by instrument in writing one or more Receivers of any or all Debtors or any or all of the Collateral of any or all Debtors with such rights, powers and authority (including any or all of the rights, powers and authority of the Agent under this Agreement) as may be provided for in the instrument of appointment or any supplemental instrument, and remove and replace any such Receiver from time to time.  To the extent permitted by applicable Law, any Receiver appointed by the Agent shall (for purposes relating to responsibility for the Receiver's acts or omissions) be considered to be the agent of any such Debtor and not of the Agent or any of the other Secured Parties.

(r)   <u>Court-Appointed Receiver</u>.  Obtain from any court of competent jurisdiction an order for the appointment of a Receiver of any or all Debtors or of any or all of the Collateral of any or all Debtors.

(s)   <u>Consultants</u>.  Require any or all Debtors to engage a consultant of the Agent's choice, or engage a consultant on its own behalf, such consultant to receive the full cooperation and support of each such Debtor and its agents and employees,

including unrestricted access to the premises of each such Debtor and the Books and Records of each such Debtor; all reasonable fees and expenses of such consultant shall be for the account of each such Debtor and each such Debtor hereby authorizes any such consultant to report directly to the Agent and to disclose to the Agent any and all information obtained in the course of such consultant's employment.

The Agent may exercise any or all of the foregoing rights and remedies without demand of performance or other demand, presentment, protest, advertisement or notice of any kind (except as required by applicable Law) to or on any Debtor or any other Person, and each Debtor hereby waives each such demand, presentment, protest, advertisement and notice to the extent permitted by applicable Law.  None of the above rights or remedies shall be exclusive of or dependent on or merge in any other right or remedy, and one or more of such rights and remedies may be exercised independently or in combination from time to time.  Each Debtor acknowledges and agrees that any action taken by the Agent hereunder following the occurrence and during the continuance of an Event of Default shall not be rendered invalid or ineffective as a result of the curing of the Event of Default on which such action was based.

11.    **Realization Standards**.  To the extent that applicable Law imposes duties on the Agent to exercise remedies in a commercially reasonable manner and without prejudice to the ability of the Agent to dispose of the Collateral in any such manner, each Debtor acknowledges and agrees that it is not commercially unreasonable for the Agent to (or not to) (a) incur expenses reasonably deemed significant by the Agent to prepare the Collateral of such Debtor for disposition or otherwise to complete raw material or work in process into finished goods or other finished products for disposition, (b) fail to obtain third party consents for access to the Collateral of such Debtor to be disposed of, (c) fail to exercise collection remedies against account debtors or other Persons obligated on the Collateral of such Debtor or to remove Liens against the Collateral of such Debtor, (d) exercise collection remedies against account debtors and other Persons obligated on the Collateral of such Debtor directly or through the use of collection agencies and other collection specialists, (e) dispose of Collateral of such Debtor by way of public auction, public tender or private contract, with or without advertising and without any other formality, (f) contact other Persons, whether or not in the same business of such Debtor, for expressions of interest in acquiring all or any portion of the Collateral of such Debtor, (g) hire one or more professional auctioneers to assist in the disposition of the Collateral of such Debtor, whether or not such Collateral is of a specialized nature or an upset or reserve bid or price is established, (h) dispose of the Collateral of such Debtor by utilizing internet sites that provide for the auction of assets of the types included in such Collateral or that have the reasonable capacity of doing so, or that match buyers and sellers of assets, (i) dispose of assets in wholesale rather than retail markets, (j) disclaim disposition warranties, such as title, possession or quiet enjoyment, (k) purchase insurance or credit enhancements to insure the Agent against risks of loss, collection or disposition of the Collateral of such Debtor or to provide to the Agent a guaranteed return from the collection or disposition of such Collateral, (l) to the extent deemed appropriate by the Agent, obtain the services of other brokers, investment bankers, consultants and other professionals to assist the Agent in the collection or disposition of any of the Collateral of such Debtor, (m) dispose of Collateral of such Debtor in whole or in part, and (n) dispose of

Collateral of such Debtor to a customer of the Agent, and (o) establish an upset or reserve bid price with respect to Collateral of such Debtor.

12.   **Grant of Licence**.   For the purpose of enabling the Agent to exercise its rights and remedies under this Agreement when the Agent is entitled to exercise such rights and remedies, and at no other time and for no other purpose, each Debtor grants to the Agent an irrevocable (for clarity, only during the time the Agent is entitled to exercise its rights and remedies under this Agreement), non-exclusive licence (exercisable without payment of royalty or other compensation to such Debtor) to use, license or sublicence any or all of the Intellectual Property Rights of such Debtor, including in such licence reasonable access to all media in which any of the licensed items may be recorded or stored and to all computer programs used for the compilation or printout of the same, in each case, subject to any Grantor's security policies and obligations of confidentiality; provided, however, that nothing in this Section 12 shall require a Debtor to grant any license that is prohibited by any applicable Law, statute or regulation or is prohibited by, or constitutes a breach or default under or results in the termination of or gives rise to any right of acceleration, modification or cancellation under any contract, license, agreement, instrument or other document evidencing, giving rise to a right to use or therefore granted with respect to such property.   For any trade-marks, get up and trade dress and other business indicia, such licence includes an obligation on the part of the Agent to maintain the standards of quality maintained by such Debtor.   For copyright works, such licence shall include the benefit of any waivers of moral rights and similar rights available to such Debtor.

13.   **Securities Laws**.   The Agent is authorized, in connection with any offer or sale of any Pledged Shares of any Debtor, to comply with any limitation or restriction as it may be advised by counsel is necessary to comply with applicable Law, including compliance with procedures that may restrict the number of prospective bidders and purchasers, requiring that prospective bidders and purchasers have certain qualifications, and restricting prospective bidders and purchasers to Persons who will represent and agree that they are purchasing for their own account or investment and not with a view to the distribution or resale of such Securities.   In addition to and without limiting Section 11, each Debtor further agrees that compliance with any such limitation or restriction shall not result in a sale being considered or deemed not to have been made in a commercially reasonable manner, and the Agent shall not be liable or accountable to such Debtor for any discount allowed by reason of the fact that such Pledged Shares are sold in compliance with any such limitation or restriction.   If the Agent chooses to exercise its right to sell any or all Pledged Shares of any Debtor, upon written request, such Debtor shall cause each applicable Pledged Issuer to furnish to the Agent all such information as the Agent may request in order to determine the number of shares and other instruments included in the Collateral of such Debtor which may be sold by the Agent in exempt transactions under any Laws governing securities, and the rules and regulations of any applicable securities regulatory body thereunder, as the same are from time to time in effect.

14.   **ULC Shares**.   Each Debtor acknowledges that certain of the Collateral of such Debtor may now or in the future consist of ULC Shares, and that it is the intention of the Agent and each Debtor that neither the Agent nor any other Secured Party should under any circumstances prior to realization thereon be held to be a "member" or a "shareholder", as applicable, of a ULC for the purposes of any ULC Laws.   Therefore, notwithstanding any provisions to the contrary

*Iovate GSA*

contained in this Agreement, the Credit Agreement or any other Transaction Document, where a Debtor is the registered owner of ULC Shares which are Collateral of such Debtor, such Debtor shall remain the sole registered owner of such ULC Shares until such time as such ULC Shares are effectively transferred into the name of the Agent, any other Secured Party, or any other Person on the books and records of the applicable ULC. Accordingly, each Debtor shall be entitled to receive and retain for its own account any dividend on or other distribution, if any, with respect to such ULC Shares (except for any dividend or distribution comprised of Pledged Security Certificates of such Debtor, which shall be delivered to the Agent to hold hereunder) and shall have the right to vote such ULC Shares and to control the direction, management and policies of the applicable ULC to the same extent as such Debtor would if such ULC Shares were not pledged to the Agent pursuant hereto. Nothing in this Agreement, the Credit Agreement or any other Transaction Document is intended to, and nothing in this Agreement, the Credit Agreement or any other Transaction Document shall, constitute the Agent, any other Secured Party, or any other Person other than the applicable Debtor, a member or shareholder of a ULC for the purposes of any ULC Laws (whether listed or unlisted, registered or beneficial), until such time as notice is given to such Debtor and further steps are taken pursuant hereto or thereto so as to register the Agent, any other Secured Party, or such other Person, as specified in such notice, as the holder of the ULC Shares. To the extent any provision hereof would have the effect of constituting the Agent or any other Secured Party as a member or a shareholder, as applicable, of any ULC prior to such time, such provision shall be severed herefrom and shall be ineffective with respect to ULC Shares which are Collateral of any Debtor without otherwise invalidating or rendering unenforceable this Agreement or invalidating or rendering unenforceable such provision insofar as it relates to Collateral of any Debtor which is not ULC Shares. Except upon the exercise of rights of the Agent to sell, transfer or otherwise dispose of ULC Shares in accordance with this Agreement, each Debtor shall not cause or permit, or enable a Pledged Issuer that is a ULC to cause or permit, the Agent or any other Secured Party to: (a) be registered as a shareholder or member of such Pledged Issuer; (b) have any notation entered in their favour in the share register of such Pledged Issuer; (c) be held out as shareholders or members of such Pledged Issuer; (d) receive, directly or indirectly, any dividends, property or other distributions from such Pledged Issuer by reason of the Agent holding the Security Interests over the ULC Shares; or (e) act as a shareholder of such Pledged Issuer, or exercise any rights of a shareholder including the right to attend a meeting of shareholders of such Pledged Issuer or to vote its ULC Shares.

15.     **Application of Proceeds**.   All Proceeds of Collateral of any Debtor received by the Agent or a Receiver shall be applied as set out in the Credit Agreement.

16.     **Continuing Liability of Debtor**.   Each Debtor shall remain liable for any Secured Liabilities of such Debtor that are outstanding following realization of all or any part of the Collateral of such Debtor and the application of the Proceeds thereof.

17.     **Agent's Appointment as Attorney-in-Fact**.   Effective upon the occurrence and during the continuance of an Event of Default, each Debtor constitutes and appoints the Agent and any officer or agent of the Agent, with full power of substitution, as such Debtor's true and lawful attorney-in-fact with full power and authority in the place of such Debtor and in the name of such Debtor or in its own name, from time to time in the Agent's discretion, to take any and all

appropriate action and to execute any and all documents and instruments as, in the opinion of such attorney, may be necessary or desirable to accomplish the purposes of this Agreement. Without limiting the effect of this Section, each Debtor grants the Agent an irrevocable proxy to vote the Pledged Shares of such Debtor and to exercise all other rights, powers, privileges and remedies to which a holder thereof would be entitled (including giving or withholding written consents of shareholders, calling special meetings of shareholders and voting at such meetings), which proxy shall be effective, automatically and without the necessity of any action (including any transfer of any Pledged Shares of such Debtor on the books and records of a Pledged Issuer or Pledged Securities Intermediary, as applicable), upon the occurrence of an Event of Default. These powers are coupled with an interest and are irrevocable until the Lender Termination Date. Nothing in this Section affects the right of the Agent as secured party or any other Person on the Agent's behalf, to sign and file or deliver (as applicable) all such financing statements, financing change statements, notices, verification statements and other documents relating to the Collateral and this Agreement as the Agent or such other Person considers appropriate. Each Debtor hereby ratifies and confirms, and agrees to ratify and confirm, whatever lawful acts the Agent or any of the Agent's sub-agents, nominees or attorneys do or purport to do in exercise of the power of attorney granted to the Agent pursuant to this Section.

18.    **Performance by Agent of Debtor's Obligations**.   If any Debtor fails to perform or comply with any of the obligations of such Debtor under this Agreement, the Agent may, but need not, perform or otherwise cause the performance or compliance of such obligation, provided that such performance or compliance shall not constitute a waiver, remedy or satisfaction of such failure.  The expenses of the Agent incurred in connection with any such performance or compliance shall be payable by such Debtor to the Agent immediately on demand, and until paid, any such expenses shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

19.    **Severability**.  Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability and shall be severed from the balance of this Agreement, all without affecting the remaining provisions of this Agreement or affecting the validity or enforceability of such provision in any other jurisdiction.

20.    **Rights of Agent; Limitations on Agent's Obligations**.

(a)    Limitations on Liability of Secured Parties.  Neither the Agent nor any other Secured Party shall be liable to any Debtor or any other Person for any failure or delay in exercising any of the rights of such Debtor under this Agreement (including any failure to take possession of, collect, sell, lease or otherwise dispose of any Collateral of such Debtor, or to preserve rights against prior parties).  Neither the Agent, any other Secured Party, a Receiver, nor any agent thereof (including, in Alberta or British Columbia, any sheriff) is required to take, or shall have any liability for any failure to take or delay in taking, any steps necessary or advisable to preserve rights against other Persons under any Collateral of any Debtor in its possession.  Neither the Agent, any other Secured Party, any Receiver, nor any agent thereof shall be liable for any, and each Debtor

shall bear the full risk of all, loss or damage to any and all of the Collateral of such Debtor (including any Collateral of such Debtor in the possession of the Agent, any other Secured Party, any Receiver, or any agent thereof) caused for any reason other than the gross negligence or wilful misconduct of the Agent, such other Secured Party, such Receiver or such agent thereof (or their respective officers, employees or representatives).

(b)   <u>Debtors Remain Liable under Accounts and Contracts</u>.   Notwithstanding any provision of this Agreement, each Debtor shall remain liable under each of the documents giving rise to the Accounts of such Debtor and under each of the Contracts of such Debtor to observe and perform all the conditions and obligations to be observed and performed by such Debtor thereunder, all in accordance with the terms of each such document and Contract.   Neither the Agent nor any other Secured Party shall have any obligation or liability under any Account of any Debtor (or any document giving rise thereto) or Contract of any Debtor by reason of or arising out of this Agreement or the receipt by the Agent of any payment relating to such Account or Contract pursuant hereto, and in particular (but without limitation), neither the Agent nor any other Secured Party shall be obligated in any manner to perform any of the obligations of any Debtor under or pursuant to any Account of such Debtor (or any document giving rise thereto) or under or pursuant to any Contract of such Debtor, to make any payment, to make any inquiry as to the nature or the sufficiency of any payment received by it or as to the sufficiency of any performance by any party under any Account of such Debtor (or any document giving rise thereto) or under any Contract of such Debtor, to present or file any claim, to take any action to enforce any performance or to collect the payment of any amounts which may have been assigned to it or to which it may be entitled at any time.

(c)   <u>Collections on Accounts and Contracts</u>.   Each Debtor shall be authorized to, at any time that an Event of Default is not continuing, collect the Accounts of such Debtor and payments under the Contracts of such Debtor in the normal course of the business of such Debtor and for the purpose of carrying on the same.   If required by the Agent at any time, any payments of Accounts of such Debtor or under Contracts of such Debtor, when collected by such Debtor, shall be forthwith (and, in any event, within two Business Days) deposited by such Debtor in the exact form received, duly endorsed by such Debtor to the Agent if required, in a special collateral account maintained by the Agent, and until so deposited, will be held by such Debtor in trust for the Agent, segregated from the other funds of such Debtor.   All such amounts while held by the Agent (or by such Debtor in trust for the Agent) and all income with respect thereto shall continue to be collateral security for the Secured Liabilities and shall not constitute payment thereof until applied as hereinafter provided.   If an Event of Default has occurred and is continuing, the Agent may apply all or any part of the amounts on deposit with respect to such Debtor in said special collateral account on account of the Secured Liabilities of such Debtor in such order as the Agent may elect.   At the Agent's request, such Debtor shall deliver to the Agent any documents evidencing

and relating to the agreements and transactions which gave rise to the Accounts and the Contracts of such Debtor, including all original orders, invoices and shipping receipts.

(d)     Use of Agents.  The Agent may perform any of its rights or duties under this Agreement by or through agents and is entitled to retain counsel and to act in reliance on the advice of such counsel concerning all matters pertaining to its rights and duties under this Agreement.

21.    **Dealings by Agent**.  The Agent shall not be obliged to exhaust its recourse against any Debtor or any other Person or against any other security it may hold with respect to the Secured Liabilities of such Debtor or any part thereof before realizing upon or otherwise dealing with the Collateral of such Debtor in such manner as the Agent may consider desirable.  The Agent and the other Secured Parties may grant extensions of time and other indulgences, take and give up security, accept compositions, grant releases and discharges and otherwise deal with any Debtor and any other Person, and with any or all of the Collateral of any Debtor, and with other security and sureties, as they may see fit, all without prejudice to the Secured Liabilities of any Debtor or to the rights and remedies of the Agent under this Agreement.  The powers conferred on the Agent under this Agreement are solely to protect the interests of the Agent in the Collateral of each Debtor and shall not impose any duty upon the Agent to exercise any such powers.

22.    **Communication**.  Any notice or other communication required or permitted to be given under this Agreement shall be made in accordance with the terms of the Credit Agreement.

23.    **Release of Information**.  Each Debtor authorizes the Agent to provide a copy of this Agreement and such other information as may be requested of the Agent (i) to the extent necessary to enforce the Agent's rights, remedies and entitlements under this Agreement, (ii) to any assignee or prospective assignee of all or any part of its Secured Liabilities, and (iii) as required by applicable Law.

24.    **Expenses; Indemnity; Waiver**.

(a)     The Debtors shall pay (i) all reasonable and documented out-of-pocket expenses incurred by the Secured Parties, including the reasonable and documented fees, charges and disbursements of one primary counsel for the Secured Parties and all applicable taxes, in connection with the preparation and administration of this Agreement, (ii) all reasonable and documented out-of-pocket expenses incurred by the Secured Parties, including the reasonable and documented fees, charges and disbursements of one primary counsel for the Secured Parties and applicable taxes, in connection with any amendments, modifications or waivers of the provisions hereof, and (iii) all out-of-pocket expenses incurred by the Secured Parties, including the fees, charges and disbursements of any counsel for the Secured Parties and all applicable taxes, in connection with the assessment, enforcement or protection of their rights in connection with this Agreement, including its rights under this Section, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations with respect to the

*Iovate GSA*

Loans of such Debtor, in each case to the extent the Borrowers would be required to do so pursuant to Section 9.3(1) of the Credit Agreement.

(b)     Each Debtor shall indemnify, in to the extent the Borrowers would be required to do so pursuant to Section 9.3(1) of the Credit Agreement, the Secured Parties against, and hold the Secured Parties harmless from, any and all losses, claims, cost recovery actions, damages, expenses and liabilities of whatsoever nature or kind and all reasonable out-of-pocket expenses and all applicable taxes to which any Secured Party may become subject arising out of or in connection with (i) the execution or delivery of this Agreement and the performance by such Debtor of its obligations hereunder, (ii) any actual or prospective claim, litigation, investigation or proceeding relating to this Agreement or the Secured Liabilities of such Debtor, whether based on contract, tort or any other theory and regardless of whether any Secured Party is a party thereto, (iii) any other aspect of this Agreement, or (iv) the enforcement of the Secured Parties' rights hereunder and any related investigation, defence, preparation of defence, litigation and enquiries; provided that such indemnity shall not, as to any Secured Party, be available to the extent such losses, claims, damages, liabilities or related expenses (x) are determined by a court of competent jurisdiction by final and nonappealable judgment to have resulted from the gross negligence (it being acknowledged that ordinary negligence does not necessarily constitute gross negligence) or wilful misconduct of or material breach of this Agreement by such Secured Party, (y) result from a claim brought by any Group Party for a material breach of such Secured Party's obligations under this Agreement if such Group Party has obtained a final and nonappealable judgment by a court of competent jurisdiction in such Group Party's favor on such claim or (z) result from a proceeding that does not involve an act or omission by a Borrower or any of its Affiliates and that is brought by a Secured Party (or a Related Party thereto) against any other Secured Party (or a Related Party thereto) (other than a proceeding that is brought against the Agent or an Arranger in its capacity as such).

(c)     No claim may be made by any Debtor, any Secured Party or any other Person against any party hereto on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, or in connection with, or as a result of, this Agreement, or any act, omission or event occurring in connection applicable law all such claims, whether or not accrued and whether or not known or suspected to exist in its favour.

(d)     All amounts due under this Section shall be payable to the Agent for the benefit of the applicable Secured Parties not later than 10 Business Days after written demand therefor.

(e)     The indemnifications set out in this Section shall survive the Lender Termination Date and the release or extinguishment of the Security Interests.

25. **Release of Debtor**.  On the Lender Termination Date, each Debtor shall be released from the Liens created hereunder, and this Agreement and all obligations of the Debtors under this Agreement shall terminate, all without delivery of any instrument or performance of any act by any Person. Upon the written request of any Debtor given at any time on or after the Lender Termination Date, or as permitted pursuant to the Credit Agreement, the Agent shall at the expense of such Debtor, execute and deliver to such Debtor such releases and discharges as such Debtor may reasonably request.

26. **Additional Security**.  This Agreement is in addition to, and not in substitution of, any and all other security previously or concurrently delivered by any Debtor or any other Person to any Secured Party, all of which other security shall remain in full force and effect.

27. **Alteration or Waiver**.  None of the terms or provisions of this Agreement may be waived, amended, supplemented or otherwise modified except by a written instrument executed by the Agent.  The Secured Parties shall not, by any act or delay, be deemed to have waived any right or remedy hereunder or to have acquiesced in any Event of Default or in any breach of any of the terms and conditions hereof.  No failure to exercise, nor any delay in exercising, on the part of any Secured Party, any right, power or privilege hereunder shall operate as a waiver thereof.  No single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power or privilege.  A waiver by any Secured Party of any right or remedy hereunder on any one occasion shall not be construed as a bar to any right or remedy which the Agent would otherwise have on any future occasion.  Neither the taking of any judgment nor the exercise of any power of seizure or sale shall extinguish the liability of any Debtor to pay the Secured Liabilities of such Debtor, nor shall the same operate as a merger of any covenant contained in this Agreement or of any other liability, nor shall the acceptance of any payment or other security constitute or create any novation.

28. **Environmental Indemnity**.  Each Debtor shall indemnify the Secured Parties and hold the Secured Parties harmless against and from all losses, costs, damages and expenses which any Secured Party may sustain, incur or be or become liable at any time whatsoever for by reason of or arising in connection with any Environmental Liability to the extent the Borrowers would be required to do so pursuant to Section 9.3(2) of the Credit Agreement.  This indemnification shall survive the Lender Termination Date.

29. **Amalgamation**.  If any Debtor is a corporation, such Debtor acknowledges that if it amalgamates or merges with any other corporation or corporations, then (i) the Collateral and the Security Interests of such Debtor shall extend to and include all the property and assets of the amalgamated corporation and to any property or assets of the amalgamated corporation thereafter owned or acquired, (ii) the term "Debtor", where used in this Agreement, shall extend to and include the amalgamated corporation, and (iii) the term "Secured Liabilities", where used in this Agreement, shall extend to and include the Secured Liabilities of the amalgamated corporation.

30. **Governing Law; Attornment**.  This Agreement shall be governed by and construed in accordance with the Laws of the Province of Ontario.  Without prejudice to the ability of the Agent to enforce this Agreement in any other proper jurisdiction, each Debtor irrevocably

submits and attorns to the non-exclusive jurisdiction of the courts of such province. To the extent permitted by applicable Law, each Debtor irrevocably waives any objection (including any claim of inconvenient forum) that it may now or hereafter have to the venue of any legal proceeding arising out of or relating to this Agreement in the courts of such Province.

31.    **Interpretation**.  The definitions of terms herein shall apply equally to the singular and plural forms of the terms defined.  Whenever the context may require, any pronoun shall include the corresponding masculine, feminine and neuter forms.  The words "include", "includes" and "including" shall be deemed to be followed by the phrase "without limitation".  The word "or" is disjunctive; the word "and" is conjunctive.  The word "shall" is mandatory; the word "may" is permissive.  Unless the context requires otherwise (a) any definition of or reference to any agreement, instrument or other document herein shall be construed as referring to such agreement, instrument or other document as from time to time amended, supplemented or otherwise modified (subject to any restrictions on such amendments, supplements or modifications set out herein), (b) any reference herein to any statute or any section thereof shall, unless otherwise expressly stated, be deemed to be a reference to such statute or section as amended, restated or re-enacted from time to time, (c) any reference herein to any Person shall be construed to include such Person's successors and permitted assigns, (d) the words "herein", "hereof" and "hereunder", and words of similar import, shall be construed to refer to this Agreement in its entirety and not to any particular provision hereof, and (e) all references herein to Sections and Schedules shall be construed to refer to Sections and Schedules to, this Agreement, Section headings are for convenience of reference only, are not part of this Agreement and shall not affect the construction of, or be taken into consideration in interpreting, this Agreement.  Any reference in this Agreement to a Permitted Lien is not intended to subordinate or postpone, and shall not be interpreted as subordinating or postponing, or as any agreement to subordinate or postpone, any Security Interest to any Permitted Lien.    In accordance with the *Property Law Act* (British Columbia), the doctrine of consolidation applies to this Agreement.

32.    **Paramountcy.**  In the event of any conflict or inconsistency between the provisions of this Agreement and the provisions of the Credit Agreement then, notwithstanding anything contained in this Agreement, the provisions contained in the Credit Agreement shall prevail to the extent of such conflict or inconsistency and the provisions of this Agreement shall be deemed to be amended to the extent necessary to eliminate such conflict or inconsistency, it being understood that the purpose of this Agreement is to add to, and not detract from, the rights granted to the Agent (for its own benefit and for the benefit of the other Secured Parties) under the Credit Agreement.  If any act or omission of any or all Debtors is expressly permitted under the Credit Agreement but is expressly prohibited under this Agreement, such act or omission shall be permitted.  If any act or omission is expressly prohibited under this Agreement, but the Credit Agreement does not expressly permit such act or omission, or if any act is expressly required to be performed under this Agreement but the Credit Agreement does not expressly relieve any or all Debtors from such performance, such circumstance shall not constitute a conflict or inconsistency between the applicable provisions of this Agreement and the provisions of the Credit Agreement.

*Iovate GSA*

33.   **Successors and Assigns**.  This Agreement shall enure to the benefit of, and be binding on, each Debtor and its successors and permitted assigns, and shall enure to the benefit of, and be binding on, the Agent and its successors and assigns.  No Debtor may assign this Agreement, or any of its rights or obligations under this Agreement.  The Agent may assign this Agreement and any of  its rights and obligations hereunder to any Person that replaces it in its capacity as such. If any Debtor or the Agent is an individual, then the term "Debtor" or "Agent", as applicable, shall also include his or her heirs, administrators and executors.

34.   **Additional Debtors**.  Additional Persons may from time to time after the date of this Agreement become Debtors under this Agreement by executing and delivering to the Agent a supplemental agreement (together with all schedules thereto, a "**Supplement**") to this Agreement, in substantially the form attached hereto as Exhibit A.  Effective from and after the date of the execution and delivery by any Person to the Agent of a Supplement:

(a)   such Person shall be, and shall be deemed for all purposes to be, a Debtor under this Agreement with the same force and effect, and subject to the same agreements, representations, indemnities, liabilities, obligations and Security Interests, as if such Person had been an original signatory to this Agreement as a Debtor; and

(b)   all Collateral of such Person shall be subject to the Security Interest from such Person as security for the due payment and performance of the "Liabilities" of such Person in accordance with the provisions of this Agreement.

The execution and delivery of a Supplement by any additional Person shall not require the consent of any Debtor and all of the Secured Liabilities of each Debtor and the Security Interests granted thereby shall remain in full force and effect, notwithstanding the addition of any new Debtor to this Agreement.

35.   **Acknowledgment of Receipt/Waiver**.   Each Debtor acknowledges receipt of an executed copy of this Agreement and, to the extent permitted by applicable Law, waives the right to receive a copy of any financing statement or financing change statement registered in connection with this Agreement or any verification statement issued with respect to any such financing statement or financing change statement.

36.   **Enforcement by Agent**.  This Agreement and the Security Interests may be enforced only by the action of the Agent acting on behalf of the Secured Parties and no other Secured Party shall have any rights individually to enforce or seek to enforce this Agreement or any of the Security Interests, it being understood and agreed that such rights and remedies may be exercised by the Agent for the benefit of the Secured Parties upon the terms of this Agreement.

37.   **Electronic Signature and Counterparts**.  Delivery of an executed signature page to this Agreement by any Debtor by facsimile or other electronic form of transmission shall be as effective as delivery by such Debtor of a manually executed copy of this Agreement by such Debtor.  This Agreement may be executed in counterparts (and by different parties hereto on

*Iovate GSA*

different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract.

*[signatures on the next following pages]*

S-1

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

XIWANG IOVATE HEALTH SCIENCE INTERNATIONAL INC.

By: _____

Name:  Di Wang

Title:   Director

S-2

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**IOVATE HEALTH SCIENCES
INTERNATIONAL INC.**

By: _____

Name:  Norm Vanderee
Title:   Chief Financial Officer

S-3

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

KERR INVESTMENT HOLDING CORP.

By: _____

Name:  Norm Vanderee

Title:    Chief Financial Officer

S-4

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**OLD IOVATE INTERNATIONAL INC.**

By: _____

Name:   Norm Vanderee
Title:    Chief Financial Officer

S-5

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**IOVATE HEALTH SCIENCES U.S.A. INC.**

By: _____

Name:  Norm Vanderee

Title:   Chief Financial Officer

S-6

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**OLD NORTHERN INNOVATIONS CORP.**

By: _____

Name:    Norm Vanderee
Title:     Chief Financial Officer

S-7

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**LAKESIDE INNOVATIONS HOLDING CORP.**

By: _____

Name:  Norm Vanderee

Title:  Chief Financial Officer

S-8

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

NORTHERN INNOVATIONS HOLDING CORP.

By: _____

Name: Norm Vanderee

Title: Chief Financial Officer

# Exhibit C

**CAPITOL SERVICES**

144

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/10/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secretary of State, CA |
| **Index Searched:** | Certified UCC/Federal & State Liens/Judgment Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/16/2016 | 167561893197 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | U210061381323 | Continuation | |
| 04/24/2024 | U240035957838 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090260P



# Secretary of State

**Business Programs Division**
1500 11th Street,  Sacramento, CA 95814

NO SUBMITTER
NO CITY

Request Date:     12/18/2024 6:34 AM
Information
Request No.:      U240096663030
Certification No.:        276244534

## LIEN SEARCH CERTIFICATE

The search results herein reflect only the specific information requested.  The results of this Debtor search will not reflect variances of this name.  If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted.  The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

### Search Criteria:

Debtor Organization: IOVATE HEALTH SCIENCES INTERNATIONAL INC.
Request Type:  Lien Information Request (UCC 11)
All Records On File (Lapsed and Unlapsed), List Only

| Lien Listing |
|---|

**Lien File No.: 167561893197**       **Filed: 12/16/2016 03:15 PM**       **Lapse: 12/16/2026 11:59 PM**
Lien Type:     Financing Statement

Debtor(s):         IOVATE HEALTH SCIENCES INTERNATIONAL INC., 381 NORTH SERVICE ROAD WEST
                   CAN

Secured Party(s):  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT, 70 YORK STREET CAN
                   ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT, 36 YORK MILLS ROAD
                   TORONTO, ON, M2P 0A4 CANADA

***Amendment - Continuation***

Amendment No.: U210061381323       Filed: 06/28/2021 05:00 PM
***Amendment - Change Secured Party (1)***
Amendment No.: U240035957838       Filed: 04/24/2024 06:53 AM

Certification No.:  276244534
Page Count:  2

I, Shirley N. Weber, Ph.D., Secretary of State, do hereby certify that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgment liens, including any change documents relating to them, which name the referenced debtor, subject to any above-stated search qualifiers and are on file in my office as of **12/10/2024 11:59 PM**.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California on December 18, 2024.

**Secretary of State**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

16-7561893197
12/16/2016 15:15

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

58800280004    UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

***PLEASE RETURN TO***
CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: CA - Secretary of State          426469 001 orz          F#550883  A#766290

B0406-2722  06/28/2021 5:00 PM Received by California Secretary of State

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210061381323 |
| Date Filed: 6/28/2021 |

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

*** PLEASE RETURN TO ***

CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER<br>16-7561893197 filed with CA SOS on 12/16/2016 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
| --- | --- |

2. ☐ **TERMINATION**: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION**: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE**:

Check one of these two boxes:     AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME<br>HSBC Bank Canada, as Administrative Agent | | | |
| --- | --- | --- | --- |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with CA SOS     Debtor: Iovate Health Sciences International Inc.     882391-5 kpf

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

U240035957838

B2683-5268 04/24/2024 6:54 AM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U240035957838 |
| Date Filed: 4/24/2024 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | KEYLA CORTINAS |
| Organization Name | CAPITOL SERVICES, INC. |
| Phone Number | 800-345-4647 |
| Email Address | kcortinas@capitolservices.com |
| Address | PO BOX 1831 |
| | AUSTIN, TX 78767 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 167561893197 |
| Date Filed | 12/16/2016 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| *Changed From:*<br>HSBC BANK CANADA, AS ADMINISTRATIVE AGENT<br>*Changed To:*<br>ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | *Changed From:*<br>CAN<br>70 YORK STREET<br>TORONTO, ON M5J1S9<br>*Changed To:*<br>CANADA<br>36 YORK MILLS ROAD<br>TORONTO, ON, M2P 0A4<br>, |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

Optional Filer Reference Information:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - CA - STATE

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 11/22/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES U.S.A. INC. |
| **Jurisdiction:** | Secretary of State, DE |
| **Index Searched:** | Certified UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/16/2016 | 20167832585 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON CA |
| 06/28/2021 | 20215018867 | Continuation | |
| 04/24/2024 | 20242713582 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090253R

Page: 1 of 1



# Delaware

*Page 1*

## The First State

*CERTIFICATE*

SEARCHED DECEMBER 16, 2024 AT 1:16 P.M.
FOR DEBTOR, IOVATE HEALTH SCIENCES U.S.A. INC.

1 OF 1          FINANCING STATEMENT          20167832585

EXPIRATION DATE: 12/16/2026
DEBTOR:    IOVATE HEALTH SCIENCES U.S.A. INC.

381 NORTH SERVICE ROAD WEST          ADDED    12-16-16

OAKVILLE, ON CA L6MOH4

SECURED:    HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

70 YORK STREET                        ADDED    12-16-16

TORONTO, ON CA M5J1S9                 REMOVED 04-24-24

SECURED:    ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

36 YORK MILLS ROAD                    ADDED    04-24-24

TORONTO, ON,  CA M2P0A4


F I L I N G   H I S T O R Y

20167832585    FILED 12-16-16    AT 5:40 P.M.    FINANCING STATEMENT

20215018867    FILED 06-28-21    AT 1:44 P.M.    CONTINUATION

20242713582    FILED 04-24-24    AT 9:52 A.M.    AMENDMENT



Jeffrey W. Bullock, Secretary of State

20259875386-UCC11
SR# 20244503086

Authentication: 205142207
Date: 12-16-24

You may verify this certificate online at corp.delaware.gov/authver.shtml



# Delaware

### The First State

*Page 2*

*E N D   O F   F I L I N G   H I S T O R Y*

*THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE
LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS,
LAPSED FINANCING STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY
INSTRUMENTS FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, IOVATE
HEALTH SCIENCES U.S.A. INC. AS OF NOVEMBER 22, 2024 AT 11:59 P.M.*



Jeffrey W. Bullock, Secretary of State

20259875386-UCC11
SR# 20244503086

Authentication: 205142207
Date: 12-16-24

You may verify this certificate online at corp.delaware.gov/authver.shtml

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| DIANA FELIPE        (212) 530-5000 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| dfelipe@milbank.com |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY  10005-1413

Delaware Department of State
U.C.C. Filing Section
Filed: 05:40 PM 12/16/2016
U.C.C. Initial Filing No: 2016 7832585

Service Request No:  20167131053

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences U.S.A. Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

| 7. ALTERNATIVE DESIGNATION (if applicable): | ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
|---|---|---|---|---|---|

| 8. OPTIONAL FILER REFERENCE DATA: | |
|---|---|
| Filed with: DE - Secretary of State | F#550910 A#766321 |

International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Delaware Department of State**
**U.C.C. Filing Section**
Filed: 01:44 PM 06/28/2021
**U.C.C. Initial Filing No: 2016 7832585**
**Amendment No: 2021 5018867**
**Service Request No: 20212566759**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
20167832585 filed with DE SOS on 12/16/2019

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:  AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record  ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c  ☐ ADD name: Complete item 7a or 7b, and item 7c  ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | HSBC Bank Canada, as Administrative Agent | | | |
| OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with NY SOS          Debtor: Iovate Health Sciences U.S.A. Inc.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
KEYLA CORTINAS 800-345-4647

B. E-MAIL CONTACT AT FILER (optional)
KCORTINAS@CAPITOLSERVICES.COM

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

CAPITOL SERVICES, INC.

PO BOX 1831

AUSTIN, TX 78767

US

**Delaware Department of State**
**U.C.C. Filing Section**
Filed: 09:52 AM 04/24/2024
U.C.C. Initial Filing No: 2016 7832585
Amendment No: 2024 2713582
Service Request No: 20241617015

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
|---|---|
| 20167832585 | (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☑ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☑ Secured Party of record

**AND** Check one of these three boxes to:

☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c

☐ ADD name: Complete item 7a or 7b, and item 7c

☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME |
|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT |

OR

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
|---|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT |

OR

| 7b. INDIVIDUAL'S SURNAME | | | |
|---|---|---|---|
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | | M2P 0A4 | CA |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral

Indicate collateral:

9. **NAME** OF **SECURED PARTY** OF **RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a **DEBTOR**, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME |
|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT |

OR

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA:
DEBTOR: IOVATE HEALTH SCIENCES U.S.A. INC. - DE - STATE

International Association of Commercial Administrators

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/18/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Recorder of Deeds, DC |
| **Index Searched:** | UCC/UCCFixture/Federal & State Liens/Judgment Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 2016131317 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 2021087272 | Continuation | |
| 04/24/2024 | 2024037825 | Amendment | |

FILINGS THAT MAY AMEND, TERMINATE, OR OTHERWISE AFFECT A FIXTURE FILING BUT THAT ARE NOT ON THE STANDARD UCC FINANCING STATEMENT FORM OR CLEARLY INDEXED AS A FIXTURE FILING MAY NOT BE INCLUDED IN THIS REPORT. A MORTGAGE, DEED OF TRUST, OR OTHER REAL ESTATE DOCUMENT THAT MAY BE EFFECTIVE AS A FIXTURE FILING, WHETHER OR NOT IT CONTAINS A FINANCING STATEMENT, MAY NOT BE INCLUDED IN THIS REPORT, UNLESS SUCH FILING IS INDEXED SOLELY OR INDEPENDENTLY AS A FIXTURE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090255T

**Doc #: 2016131317**
12/19/2016 12:26 PM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| DIANA FELIPE            (212) 530-5000 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| dfelipe@milbank.com          426469 001C |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

```
            NDG
  CORPORATION SERVICE COMPANY
  801 ADLAI STEVENSON DRIVE
  SPRINGFIELD, ILLINOIS 62703
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien   ☐ Non-UCC Filing |

| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor |
|---|

| 8. OPTIONAL FILER REFERENCE DATA: | F#550907 |
|---|---|
| Filed with: DC - District of Columbia | A#766318 |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)          International Association of Commercial Administrators (IACA)

**Doc #: 2016131317**
**Filed & Recorded**
**12/19/2016 12:26 PM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
  **RECORDING FEES**    **$25.00**
   **SURCHARGE**     **$6.50**
**TOTAL:**     **$31.50**

**Doc #: 2021087272**
06/28/2021 12:58 PM

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

882391 009

B. E-MAIL CONTACT AT FILER (optional)

LHB

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

    CSC
    801 Adlai Stevenson Drive
    Springfield, IL 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
|---|---|
| 2016131317 filed with DC Recorder of Deeds on 12/19/2016 | (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with DC Recorder of Deeds    Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)
**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**Doc #: 2021087272**
**Filed & Recorded**
**06/28/2021 12:58 PM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
**  RECORDING FEES          $25.00**
**    SURCHARGE             $6.50**
**TOTAL:                    $31.50**

# UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT SUBMITTER** (optional) | |
| **B. E-MAIL CONTACT AT SUBMITTER** (optional) | |
| **C. SEND ACKNOWLEDGMENT TO:** (Name and Address) | 1458762 |

Return Acknowledgement to:

Capitol Services, Inc.
PO Box 1831
Austin, TX 78767
800.345.4647

**CAPITOL SERVICES**

| SEE BELOW FOR SECURED PARTY CONTACT INFORMATION | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |
|---|---|

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
|---|---|
| **2016131317 Filed On 12/19/2016** | (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in item 8 and describe the affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** **PARTY INFORMATION CHANGE:**

Check one of these two boxes:          **AND**   Check one of these three boxes to:

This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6.** CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME  **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7.** CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME  **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | | | |
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS  **36 YORK MILLS ROAD** | CITY  **TORONTO, ON** | STATE | POSTAL CODE  **M2P 0A4** | COUNTRY  **CAN** |

**8.** COLLATERAL CHANGE: Check only one box:   ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN* collateral

Indicate collateral:          *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

**9.** NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME  **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10.** OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC.  - DC - District of Columbia**

**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

```
Doc #: 2024037825
Filed & Recorded
04/24/2024 10:48 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $25.00
   SURCHARGE               $6.50
TOTAL:                     $31.50
```

**CAPITOL SERVICES**

163
12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/13/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secured Transaction Registry, FL |
| **Index Searched:** | UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/19/2016 | 201609728694 | Financing Statement | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 20210755917X | Continuation | |
| 04/24/2024 | 202401096416 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090259X

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| --- |
| DIANA FELIPE                     (212) 530-5000 |
| B. E-MAIL CONTACT AT FILER (optional) |
| dfelipe@milbank.com |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address) |
| ⌐ Milbank, Tweed, Hadley & McCloy LLP ⌐<br><br>28 Liberty Street<br>New York, NY 10005-1413<br><br>⌐                                      ⌐ |

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2016 Dec 19 10:56 AM

****** 201609728694 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| Iovate Health Sciences International Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| HSBC Bank Canada, as Administrative Agent | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME    · | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

Florida Documentary Stamp Tax is not required.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | | ☐ being administered by a Decedent's Personal Representative | |
| --- | --- | --- | --- |
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien    ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer | | ☐ Bailee/Bailor    ☐ Licensee/Licensor | |
| 8. OPTIONAL FILER REFERENCE DATA:<br>Filed with: FL - Central Filing Office | 426469-1 | F#550878<br>A#766285 | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT **AMENDMENT**
**FOLLOW INSTRUCTIONS**

FLORIDA SECURED TRANSACTION REGISTRY

| A. NAME & PHONE OF CONTACT AT FILER (optional) | FILED |
|---|---|
| **B. E-MAIL CONTACT AT FILER (optional)** | 2021 Jun 28 04:30 PM |
| **C. SEND ACKNOWLEDGMENT TO:  (Name and Address)** | ****** 20210755917X ****** |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
201609728694 filed with FL Central Filing Office on 12/19/2016

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record

**AND** Check one of these three boxes to:

☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c

☐ ADD name: Complete item 7a or 7b, and item 7c

☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR **6b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR **7b. INDIVIDUAL'S SURNAME** | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☐ **COLLATERAL CHANGE:**  Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR **9b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
File with FL Central Filing Office        Debtor: Iovate Health Sciences International Inc.        882391 002

International Association of Commercial Administrators (IACA)

**FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)**

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT SUBMITTER (optional) | FLORIDA SECURED TRANSACTION REGISTRY |
|---|---|
| B. E-MAIL CONTACT AT SUBMITTER (optional) | **FILED** |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address)    1458762 | 2024 Apr 24 02:49 PM |
| Return Acknowledgement to: Capitol Services Inc. PO Box 1831 Austin, TX 78767 800-345-4647    CAPITOL SERVICES | ****** 202401096416 ****** |
| SEE BELOW FOR SECURED PARTY CONTACT INFORMATION | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**201609728694 Filed On 12/19/2016**

1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

2. [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party(ies) authorizing this Termination Statement

3. [ ] **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in Item 8 and describe the affected collateral in item 8

4. [ ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5.    **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    AND Check one of these three boxes to:
This Change affects [ ] Debtor or [X] Secured Party of record    [X] CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    [ ] ADD name: Complete item 7a or 7b, and item 7c    [ ] DELETE name: Give record name to be deleted in item 6a or 6b

6.    CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S SURNAME | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO, ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |
|---|---|---|---|---|

8.    COLLATERAL CHANGE:    Check only one box:    [ ] ADD collateral    [ ] DELETE collateral    [ ] RESTATE covered collateral    [ ] ASSIGN* collateral
Indicate collateral:    *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here [ ] and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - FL - STATE**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference: 36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, IL

**Thru Date**: 2/12/2024 thru 2/20/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by: jczajkowski        Email: jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE DIV.

2025 FEB 13  PM 3: 15

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)**

**B. E-MAIL CONTACT AT SUBMITTER (optional)**

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

Milbank LLP, 55 Hudson Yards
New York, NY 10001/Attn: AIP UCC Committee

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

**FILED**

FEB 1 3 2025

ALEXI GIANNOULIAS
SECRETARY OF STATE

31514770

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME |  |  |  |  |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. |  |  |  |  |
| OR  1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | AO | L6M 0H4 | CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME |  |  |  |  |
|---|---|---|---|---|
| OR  2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |  |  |  |  |
|---|---|---|---|---|
| Royal Bank of Canada, as Administrative Agent |  |  |  |  |
| OR  3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 36 York Mills Road | Toronto | AO | M2P 0A4 | CA |

4. COLLATERAL: This financing statement covers the following collateral:

All assets.

5. Check only if applicable and check only one box:  Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Illinois Secretary of State

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/01/23)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, IN

**Thru Date**: 2/12/2024 thru 2/23/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



Indiana Secretary of State

**PROCESSING DATE:**  02/26/2025
**ORDER NUMBER:**  202502263609575

# UCC SEARCH CERTIFICATE

## INFORMATION REQUEST OPTIONS

Search Certificate-Copies

Lapsed and Unlapsed Records

## COPY FILTER OPTIONS

Copies Limited By:

City and State: Not Requested
From Date: Not Requested
Secured Party: Not Requested

## DEBTOR SEARCH CRITERIA

**ORGANIZATION NAME:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.

## SEARCH RESULTS

| | |
|---|---|
| Number of Liens: | 1 |
| Number of Pages in the Search Certificate: | 2 |
| Number of Images: | 2 |

## SEARCH RESULT BEGINS ON PAGE TWO (2).



Indiana Secretary of State

| | |
|---|---|
| **PROCESSING DATE:** | 02/26/2025 |
| **ORDER NUMBER:** | 202502263609575 |

**SEARCH RESULTS**

**DEBTOR NAME:**

Iovate Health Sciences International Inc.                381 North Service Road West, Oakville, ON, L6M 0H4, CA

**SECURED PARTY:**

Royal Bank of Canada, as Admnistrative Agent          36 York Mills Road, Toronto, ON, M2P 0A4, CA

| FILE NUMBER | TYPE | DATE/TIME FILED | PAGE COUNT | LAPSE DATE |
|---|---|---|---|---|
| 202502133291322 | UCC Financing Statement | 02/13/2025 12:01:00 | 2 | 02/13/2030 |

The undersigned Filing Officer hereby certifies that the above certificate, within a reasonable degree of certainty, is a record of all presently effective UCC financing statements which include the requested IOVATE HEALTH SCIENCES INTERNATIONAL INC. and which were filed in this office through 02/23/2025.

*Diego Morales*

DIEGO MORALES,
Indiana Secretary of State

## UCC FINANCING STATEMENT
State Form 50181 (R3 / 9-19)

| FILE #: | 202502133291322 |
|---|---|
| DATE FILED: | 13 FEBRUARY 2025 12:01 PM |

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank LLP
55 Hudson Yards
New York, NY 10001
Attn: AIP UCC Committee

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY.

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (Use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name.); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form 1Ad).

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M 0H4 | CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (Use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name ); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad).

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY). Provide only one Secured Party name (3a or 3b).

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Royal Bank of Canada, as Administrative Agent | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 36 York Mills Road | Toronto | ON | M2P 0A4 | CA |

4. COLLATERAL: This financing statement covers the following collateral:
All assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Indiana Secretary of State

UCC FINANCING STATEMENT (Form UCC1)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, KY

**Thru Date**: 2/12/2024 thru 2/17/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

**2025-3350850-63.01**
Michael G. Adams
**Kentucky Secretary of State**
File Date      2/12/2025 3:01 PM
Status         Active
Fee            $10.00
Filer          Mmullins

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

**Milbank LLP**
**55 Hudson Yards**
**New York, NY 10001**
**Attn: AIP UCC Committee**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Iovate Health Sciences International Inc.** | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **381 North Service Road West** | **Oakville** | **ON** | **L6M 0H4** | **CA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Royal Bank of Canada, as Administrative Agent** | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **36 York Mills Road** | **Toronto** | **ON** | **M2P 0A4** | **CA** |

4. COLLATERAL: This financing statement covers the following collateral:
**All assets.**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:                                   6b. Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility    ☐ Agricultural Lien    ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):    ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Kentucky Secretary of State**

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, NV

**Thru Date**: 2/12/2024 thru 2/18/2025

**Results**: 1 Financing Statement
No Federal Tax Liens

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



*FRANCISCO V. AGUILAR*
Secretary of State

**RUBEN J. RODRIGUEZ**
*Deputy Secretary for Southern Nevada*

2250 Las Vegas Blvd North, Suite 400
North Las Vegas, NV 89030
Telephone (702) 486-2880
Fax (702) 486-2452

**STATE OF NEVADA**

**OFFICE OF THE
SECRETARY OF STATE**

*GABRIEL DI CHIARA*
Chief Deputy Secretary of State

**DEANNA L. REYNOLDS**
*Deputy Secretary for Commercial Recordings*

401 N. Carson Street
Carson City, NV 89701
Telephone (775) 684-5708
Fax (775) 684-7141

## UCC Search Report

> The Nevada Secretary of State hereby certifies that the attached list is a true and exact list of all financing statements or federal tax liens and related subsequent documentation for the debtor below as filed with the Secretary of State's office, Uniform Commercial Code Division, as of the Through Date below.

**Date Searched:** 2/19/2025 10:40:35 AM   **Search Criteria:**
**Searched by:** Shannon Foley
**Filing Chains:** 1

**Good Through Filing Date:** 02/18/2025

**Date Range:** All Available Filings
**Include Filings Outside Range?:** All Available Filings

**Filing Status:**ALL(Lapsed and Unlapsed)
**Include Records:** N/A

**Organization:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Cities:**

---

**Filing Chain#:** 1
**Original File#:** 2025454919-6

**Lapse Date:** 02/12/2030
**Lien Type:**UCC Lien

---

**Filing #:** 2025454919-6   **Filing Date:** 02/12/2025   **Filing Type:** Initial   **Page Count:**1
11:12 AM   Financing Statement UCC-1

**Debtors**

| Name | Type | Address |
|------|------|---------|
| IOVATE HEALTH SCIENCES INTERNATIONAL INC. | Organization | 381 NORTH SERVICE ROAD WEST OAKVILLE, ON L6M0H-4, CA |

**Secured Parties**

| Name | Type | Address |
|------|------|---------|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | Organization | 36 YORK MILLS ROAD TORONTO, ON M2P0A-4, CA |

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| Filed in the Office of | Initial Filing Number |
|---|---|
| | **2025454919-6** |
| *F. H. Aguilar* | **Filed On** |
| | **February 12, 2025 11:12 AM** |
| Secretary of State | **Number of Pages** |
| State Of Nevada | **1** |

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

> **Milbank LLP**
> **55 Hudson Yards**
> **New York, NY 10001**
> **Attn: AIP UCC Committee**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **Iovate Health Sciences International Inc.** | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **381 North Service Road West** | **Oakville** | **ON** | **L6M 0H4** | **CA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **Royal Bank of Canada, as Administrative Agent** | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **36 York Mills Road** | **Toronto** | **ON** | **M2P 0A4** | **CA** |

4. COLLATERAL: This financing statement covers the following collateral:

**All assets.**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Nevada Secretary of State**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/16/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Department of Treasury, NJ |
| **Index Searched:** | Certified UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 51998394 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, NA |
| 12/19/2016 | 51998394 | Additional Secured Party on Record | |
| 06/28/2021 | 51998394 | Continuation | |
| 04/24/2024 | 51998394 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090257V

```
                    DEPARTMENT OF THE TREASURY
                      DIVISION OF REVENUE
12/16/2024     UNIFORM COMMERCIAL CODE SECTION              PAGE 001
                         PO BOX 303
                    TRENTON, NJ 08646


SEARCH CERTIFICATE #    50341286
SEARCH CRITERIA:   IOVATE HEALTH SCIENCES INTERNATIONAL INC.


                 ** DEBTOR **                  6042631
              IOVATE HEALTH SCIENCES INTERNATIONAL INC.
                   381 NORTH SERVICE ROAD WEST
                     OAKVILLE, NA L6MOH-4


Secured Party:          HSBC BANK CANADA, AS ADMINISTRATIVE AGENT
                        70 YORK STREET
                        TORONTO, NA M5J1S-9
                        ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT
                        36 YORK MILLS ROAD
                        TORONTO, ON, NA M2P0A-4
Filing Number:          51998394
Filing Date:            12/19/2016
Maturity Date:          12/19/2026
Filing History:   12/19/2016       UCC1
                  06/28/2021       UCC3          Continuation
                  04/24/2024       UCC3          Amendment
```

THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE LISTING IS A RECORD OF
ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS WHICH NAME THE ABOVE DEBTOR AND WHICH ARE
ON FILE IN MY OFFICE AS OF 12/16/2024. THIS CERTIFICATE ISSUED ON 12/18/2024 9:07:51
AM.

Elizabeth Maher Muoio
State Treasurer

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| CSC-DXE    8009279801 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| debbie.neisler@cscglobal.com |

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

> CSC-DXE
> 801 Adlai Stevenson Drive
> Springfield, IL 62703
> US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51998394

12/19/16 9:06:03

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 381 North Service Road West | Oakville | NA | L6M OH4 | | CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| | | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 70 York Street | Toronto | NA | M5J 1S9 | | CA |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.
The collateral described herein is within the scope of New Jersey Statute, Title 12A, Chapter 9, pursuant to
12A:9-102 and 12A:9-109.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien    ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable):    ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor | | |

8. OPTIONAL FILER REFERENCE DATA:
Filed with: NJ - Department of Treasury/Commercial Recording    F#550872  A#766279

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
|---|---|
| CSC | 2175445900 |

**B. E-MAIL CONTACT AT FILER (optional)**
Logan.Hixon@cscglobal.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

```
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
US
```

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51998394

06/28/21 11:43:13

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 51998394 | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:   **AND** Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:**  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:**  Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with NJ SOS        Debtor: Iovate Health Sciences International Inc.

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>Capitol Services    8003454647 | State of New Jersey<br>Department of the Treasury<br>Division of Revenue & Enterprise Services<br>UCC Section<br>Filed |
| B. E-MAIL CONTACT AT FILER (optional)<br>emcaliney@capitolservices.com | |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address)<br><br>Capitol Services<br>1501 S MoPac Expy Ste 220<br>Austin, TX 78746<br>US | Filing Number:51998394<br><br>04/24/24 10:30:22 |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**51998394**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION**: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION**: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☒ **PARTY INFORMATION CHANGE**:

Check one of these two boxes:    AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c.    ☐ ADD name: Complete item 7a or 7b, and item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | | |
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | NA | M2P 0A4 | CA |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - NJ - STATE

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# CAPITOL
## SERVICES

183

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/06/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Department of State, NY |
| **Index Searched:** | UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 201612190598446 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 202106280232552 | Continuation | |
| 04/24/2024 | 202404245597666 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090256U

Page: 1 of 1

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Diana Felipe                        (212) 530-5000

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY  10005-1413        CSC 50 WN
                                DRAW DO
dfelipe@milbank.com

224447        DEC

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
Iovate Health Sciences International Inc.

| | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|OR| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION Ontario | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|OR| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
HSBC Bank Canada, as Administrative Agent

| | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|OR| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. This FINANCING STATEMENT covers the following collateral:
All Assets.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
Filed with: NY - Secretary of State

F#550867
A#766274

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC 50 DRAWDOWN

09244

2021 JUN 28

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 201612190598446 filed with NY SOS on 12/19/2016 | |

**2. TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3. CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4. ☐ ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c, and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address; Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE): check only one box.**

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA | 882391-8 |
|---|---|
| File with NY SOS    Debtor: Iovate Health Sciences International Inc. | |

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**FILING NUMBER: 202106280232552**

**0760088**    **2024 Apr 24 AM09:53**

## UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Capitol Services, Inc. 800-345-4647

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767, USA
ucc@capitolservices.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #   201612190598446 Filedate: 19-DEC-16 | 1b.   This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

| 2. | | TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement. |
|---|---|---|
| 3. | | CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law. |
| 4. | | ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9. |

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor  or ☒ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☒ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c, also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME  ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS 36 YORK MILLS ROAD | CITY  TORONTO ON | STATE | POSTAL CODE M2P 0A4 | COUNTRY CAN |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted  or ☐ added,  or give entire ☐ restated collateral description,  or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA  DEBTOR: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - NY - STATE

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Filing Number-202404245597666

**CAPITOL SERVICES**

| | |
|---|---|
| | 12/23/2024 |
| **Reference:** | 00022043/000960 |
| **Copies Requested:** | All Copies Excluding Lapsed Filings |
| **Copy Cost Limit:** | $100.00 |

| | |
|---|---|
| **Searched Through:** | 12/06/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES U.S.A. INC. |
| **Jurisdiction:** | Department of State, NY |
| **Index Searched:** | UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 201612190598460 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/29/2021 | 202106290234748 | Continuation | |
| 04/24/2024 | 202404245597616 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*



9-15090254S

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

○ 2 4 4 4 8        20.. DEC 19   .. 9: 30

A. NAME & PHONE OF CONTACT AT FILER [optional]

DIANA FELIPE                    (212) 530-5000

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank, Tweed, Hadley & McCloy LLP

28 Liberty Street
New York, NY  10005-1413

CSC 50
DRAW DOWN

dfelipe@milbank.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences U.S.A. Inc. | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION Delaware | 1g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME  insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. This FINANCING STATEMENT covers the following collateral:

All Assets.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 | |

8. OPTIONAL FILER REFERENCE DATA

Filed with: NY - Secretary of State                F#550911
                                                A#766322

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV 05/22/02)

**FILING NUMBER: 201612190598460**

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

093

2021 JUN 29 PM 4:30

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC - 50 DRAWDOWN

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 201612190598460 filed with NY SOS on 12/19/2016 | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. **TERMINATION:** ————— ess of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

4. **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c, and also give name of assignor in item 9

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7

☐ CHANGE name and/or address. Please refer to the detailed instructions in regards to changing the name/address of a party.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME |
|---|

OR
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME |
|---|

OR
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment

| 9a. ORGANIZATION'S NAME |
|---|
| HSBC Bank Canada, as Administrative Agent |

OR
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

10. OPTIONAL FILER REFERENCE DATA

File with NY SOS     Debtor: Iovate Health Sciences U.S.A. Inc.     882905-2

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**FILING NUMBER: 202106290234748**

**0760083**          **2024 Apr 24 AM09:52**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Capitol Services, Inc. 800-345-4647**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767, USA
ucc@capitolservices.com**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #   201612190598460 Filedate: 19-DEC-16 | 1b.   This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

| 2. | TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement. |
|---|---|
| 3. | CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law. |
| 4. | ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9. |

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [ ] Debtor  or [X] Secured Party of record.  Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[X] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     [ ] DELETE name: Give record name to be deleted in item 6a or 6b.     [ ] ADD name: Complete item 7a or 7b, and also item 7c, also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME  **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME  **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any    [ ] NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral [ ] deleted  or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA **DEBTOR: IOVATE HEALTH SCIENCES U.S.A. INC. - NY - STATE**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-202404245597616**

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/12/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secretary of State, OH |
| **Index Searched:** | Certified UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | OH00206725913 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | OH00206725913 | Additional Secured Party on Record | |
| 06/28/2021 | SR728855 | Continuation | |
| 04/24/2024 | SR1245816 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090261Q

**Frank LaRose**
*Ohio Secretary of State*

| | |
|---|---|
| Processing Date: | 12/18/2024 09:25:47 |
| Customer Order Number: | IN42992 |
| Document Number: | BC1514134 |

---

**INFORMATION OPTIONS SELECTED**

---

**Information Request with Copies**
**All Records (including filings that have lapsed)**

---

**DEBTOR NAME SEARCH CRITERIA**

---

ORGANIZATION'S NAME : IOVATE HEALTH SCIENCES INTERNATIONAL INC.

---

**SEARCH RESULT**

---

| | |
|---|---|
| **Number of Filings:** | 1 |
| **Number of Copied Documents:** | 1 |
| **Number of Copy Pages:** | 4 |

---

**The search results from the records of the office of the Secretary of State based upon the search information you submitted as described in the search criteria section above.**

UNIFORM COMMERCIAL CODE
OFFICE OF THE SECRETARY OF STATE
SIGNATURE OF FILING OFFICER



Ohio Secretary of State

| Central Ohio: | (614) 466-3910 |
| Toll Free: | 1-877-SOS-FILE (1-877-767-3453) |

# UCC11 INFORMATION LISTING

Processing Date:  12/18/2024          Customer Order Number:  IN42992          Document Number:  BC1514134

| Financing Statement | Date/Time | Transaction Code |
|---|---|---|
| OH00206725913 | 12/19/2016 9:00:00 AM | Original |

| Ucc3 List | | |
|---|---|---|
| SR1245816 | 4/24/2024 11:42:00 AM | Party Amendment |
| SR728855 | 6/28/2021 11:53:25 AM | Continuation |

**Debtor List**

IOVATE HEALTH SCIENCES INTERNATIONAL INC.

381 NORTH SERVICE ROAD WEST

OAKVILLE, CD, United States

**Secured Party List**

HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

70 YORK STREET

TORONTO, CD, United States

ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

36 YORK MILLS ROAD

TORONTO, ON, Canada

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE                    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C.

CORPORATION SERVICE COMPANY    P
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Iovate Health Sciences International Inc. | | | |

OR
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |

OR
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:    6b. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility    ☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: OH - Secretary of State

F#550884
A#766291

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

**Frank LaRose**

*Ohio Secretary of State*

| | |
|---|---|
| File No: | SR1245816 |
| FS Number: | OH00206725913 |
| Date Filed: | 24 April 2024 11:42:01 |

# UCC FINANCING STATEMENT AMENDMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Capitol Services

**PHONE NUMBER:** 800-345-4647

**EMAIL CONTACT AT FILER:** emcaliney@capitolservices.com

**SEND ACKNOWLEDGEMENT TO:** Capitol Services
PO BOX 1831
Austin
TEXAS
78767
United States

## PARTY INFORMATION CHANGE

**INITIAL FINANCING STATEMENT FILE NUMBER:**

OH00206725913

**This Change affects:** Secured Party

CHANGE name and/or address

## CURRENT RECORD INFORMATION or NAME TO BE DELETED

**ORGANIZATION'S NAME:** HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:** 70 YORK STREET

**CITY:** TORONTO    **STATE:** CD    **POSTAL CODE:** M5J IS9    **COUNTRY:** United States

## CHANGED or ADDED INFORMATION

**ORGANIZATION'S NAME:** ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:** 36 YORK MILLS ROAD

**CITY:** TORONTO    **STATE:** ON    **POSTAL CODE:** M2P 0A4    **COUNTRY:** Canada

**NAME OF THE PARTY AUTHORIZING THIS AMENDMENT**

Authorized By Existing Secured Party

**Name**                    HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:**        70 YORK STREET

**CITY:**  TORONTO    **STATE:** CD           **POSTAL** M5J IS9        **COUNTRY:** United States
                                              **CODE:**

**PACKET NUMBER**

1458762.019

**OPTIONAL FILER REFERENCE DATA:**

Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - OH - STATE



| | |
|---|---|
| File No: | SR728855 |
| FS Number: | OH00206725913 |
| Date Filed: | 28 June 2021 11:53:26 |

# UCC FINANCING STATEMENT AMENDMENT

**FOR FILING OFFICE USE ONLY**

| | |
|---|---|
| **NAME OF CONTACT AT FILER:** | LHB CSC |
| **PHONE NUMBER:** | 217-544-5900 |
| **EMAIL CONTACT AT FILER:** | logan.hixon@cscglobal.com |
| **SEND ACKNOWLEDGEMENT TO:** | CSC<br>801 Adlai Stevenson Drive<br>Springfield<br>ILLINOIS<br>62703<br>United States |

## CONTINUATION

**INITIAL FINANCING STATEMENT FILE NUMBER:**

OH00206725913

**CONTINUATION Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.**

## NAME OF THE PARTY AUTHORIZING THIS AMENDMENT

Authorized By Existing Secured Party

| **Name** | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT |
|---|---|
| **MAILING ADDRESS:** | 70 YORK STREET |

| **CITY:** TORONTO | **STATE:** CD | **POSTAL CODE:** M5J IS9 | **COUNTRY:** United States |
|---|---|---|---|

## PACKET NUMBER

882391-5

## OPTIONAL FILER REFERENCE DATA:

File with OH SOS Debtor: Iovate Health Sciences International Inc.

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

**Searched Through:** 12/16/2024
**Subject:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.
**Jurisdiction:** Department of State, PA
**Index Searched:** UCC

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/19/2016 | 2016121901234 | Financing Statement | HSBC BANK CANADA AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | 2016121901234 | Additional Secured Party on Record | |
| 06/28/2021 | 2021062901450 | Continuation | |
| 04/24/2024 | 20240425085803 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090258W

Page: 1 of 1

Filing# : 2016121901234
Date Filed : 12/19/2016
Pedro A. Cortés
Secretary of the Commonwealth

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE                    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

⌐                                    DXE          ⌐

TCO161219JM1365

Corporation Service Company
Account # 30067

L                                    ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is | held in a Trust (see UCC1Ad, item 17 and Instructions) | | being administered by a Decedent's Personal Representative | |
|---|---|---|---|---|
| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |

8. OPTIONAL FILER REFERENCE DATA:
Filed with: PA - Secretary of the Commonwealth               426469 001 DXE

F#550877
A#766284

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

Filing# : 2021062901450
Date Filed : 06/28/2021
Pennsylvania Department of State

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional) | 882391 007 |
| B. E-MAIL CONTACT AT FILER (optional) CSCPa@cscglobal.com | LHB |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address) | |

TCO210629DP1605

CSC
Account # 30067

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
2016121901234 filed with PA on 12/19/2016

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:
This Change affects ☐ Debtor or ☐ Secured Party of record
AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
6a. ORGANIZATION'S NAME

OR
6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
7a. ORGANIZATION'S NAME

OR
7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

8. ☐ COLLATERAL CHANGE:  Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor
9a. ORGANIZATION'S NAME
HSBC Bank Canada, as Administrative Agent

OR
9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
File with PA                Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

Pennsylvania Department of State

**-FILED-**

Amendment #: 20240425085803
Date Filed: 4/24/2024

PA DEPT OF STATE

APR 2 4 2024

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)    FNS

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Registered Agent Solutions, Inc.

Counter Pick-Up

1458762

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
201612190**1234** Filed On 12/19/2016

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum
(Form UCC3Ad) and provide Debtor's name in item 13.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party(ies) authorizing this Termination Statement

3. ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9, check ASSIGN Collateral box in item 8 and describe the affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. **PARTY INFORMATION CHANGE:**

Check one of these two boxes:     AND  Check one of these three boxes to:

This Change affects ☐ Debtor or ☒ Secured Party of record

☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME  ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

OR  7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | | M2P 0A4 | CAN |

8. **COLLATERAL CHANGE:**  Check only one box:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral

Indicate collateral:   *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - PA - STATE

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

88878-53282 04/24/2024 8:41 AM Received by Pennsylvania Department of State



**CAPITOL SERVICES**

| | | | |
|---|---|---|---|
| **Date:** | 12/16/2024 | **Reference:** | 00022043/000960 |
| **Organization:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. | | |
| **Jurisdiction:** | Secretary of State, TX | | |
| **Index Searched:** | UCC/Federal Lien | **Searched Through:** | 12/02/2024 |
| **Copies Requested:** | All Copies Excluding Lapsed Filings | | |
| **Copy Cost Limit:** | $100.00 | | |

THE UNIFORM COMMERCIAL CODE INDEX MAINTAINED BY THE TEXAS SECRETARY OF STATE REFLECTS THE FOLLOWING EFFECTIVE FILINGS THROUGH 12/02/2024:

Financing Statement Number: 16-0040877568 filed on December 19, 2016 at 5:00 PM

DEBTOR:   IOVATE HEALTH SCIENCES INTERNATIONAL INC., 381 NORTH SERVICE ROAD WEST, Oakville ON L6M OH4 CAN

SECURED PARTY:   ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT, 36 YORK MILLS ROAD, TORONTO, ON  M2P 0A4 CAN

SECURED PARTY:   HSBC BANK CANADA, AS ADMINISTRATIVE AGENT, 70 YORK STREET, TORONTO ON M5J 1S9 CAN

CONTINUATION Number:  21-00273649 filed on June 29, 2021 at 08:00 AM

PARTY INFORMATION CHANGE Number:  24-00287231 filed on April 24, 2024 at 08:52 AM

Total Number of Filings:  1

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.**  ★   PO Box 1831  ★   Austin, TX 78767  ★   (800) 345-4647



9-15090262R

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**16-0040877568**

**12/19/2016 05:00 PM**

FILED

TEXAS
SECRETARY OF STATE
SOS

705116590002

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE                                    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)             426469 001
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

RECEIVED
DEC 19 2016
CLK 70

CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, ILLINOIS 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: TX - Secretary of State

F#550885
A#766292

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11) .

International Association of Commercial Administrators (IACA)

CSC TRANS01        6/28/2021 5:16:59 PM    PAGE    3/009    Fax Server

RECEIVED
JUN 29 2021

## UCC-FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

21-00273649
06/29/2021  08:00 AM
FILED
TEXAS
SECRETARY OF STATE
SOS

1062694250002

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| B. E-MAIL CONTACT AT FILER (optional) |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |

Corporation Service Company
211 E. 7th Street
Suite 620
Austin, TX 78701

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
| 16-0040877568 filed with TX SOS on 12/19/2016 | (or recorded) in the REAL ESTATE RECORDS |
| | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9 For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY-INFORMATION CHANGE:

Check one of these two boxes:                    AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete    ☐ ADD name: Complete item    ☐ DELETE name: Give record name
                                                item 6a or 6b; and item 7a or 7b and item 7c    7a or 7b, and item 7c    to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
   6a. ORGANIZATION'S NAME

OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
   7a. ORGANIZATION'S NAME

OR 7b. INDIVIDUAL'S SURNAME

   INDIVIDUAL'S FIRST PERSONAL NAME

   INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
   Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
   If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor
   9a. ORGANIZATION'S NAME
   HSBC Bank Canada, as Administrative Agent

OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
File with TX SOS        Debtor: Iovate Health Sciences International Inc.        882391 004

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS**

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767
USA
SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

**FILING NUMBER: 24-00287231**
**FILING DATE: 04/24/2024    08:52 AM**
**DOCUMENT NUMBER: 1357867090001**
**FILED: Texas Secretary of State**
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**16-0040877568**

1b ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.
Filer attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of the Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b and address of Assignee in item 7c and name of Assignor in item 9.
For partial assignment complete item 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes. This Change affects ☐ Debtor or ☑ Secured Party of record. AND Check one of these three boxes to:

☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c | ☐ ADD name: Complete item 7a or 7b, and item 7c | ☐ DELETE name: Give record name to be deleted in item 6a or 6b.

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME
**HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME
**ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT**

OR | 7b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **36 YORK MILLS ROAD** | **TORONTO, ON** | | **M2P 0A4** | **CAN** |

8. **COLLATERAL CHANGE:** Check only one box: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
**HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - TX - STATE**

FILING OFFICE COPY

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

**Searched Through:** 12/16/2024
**Subject:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.
**Jurisdiction:** Department of Financial Institutions, WI
**Index Searched:** UCC/Federal Lien

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/19/2016 | 160016350217 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | 160016350217 | Additional Secured Party on Record | |
| 06/28/2021 | 20210629000736-4 | Continuation | |
| 04/25/2024 | 20240425000416-6 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090263S

Page: 1 of 1

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

801 $20
16927

**Filing # - 160016350217**

**Filed - 12/19/2016 11:15 AM**

**Page 1 of 1**

**Wisconsin Department of Financial Institutions**

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| DIANA FELIPE                (212) 530-5000 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| dfelipe@milbank.com |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Corporation Service Company
301 S. Bedford St. Suite 1
Madison, WI. 53703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Iovate Health Sciences International Inc. | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:

All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: WI - Department of Financial Institutions

F#550887
A#766294

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

Wisconsin Department of Financial Institutions - Uniform Commercial Code

**Filing Number: 20210629000736-4**

Filing Date and Time: 06/28/2021 03:30 PM

Total Number of Pages: 1

*(This document was filed electronically.)*

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | 882391 003 |
|---|---|
| B. E-MAIL CONTACT AT FILER (optional) | LHB |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Corporation Service Company
301 S. Bedford St. Suite 1
Madison, WI 53703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER<br>160016350217 filed with Dept of Financial Institutions on 12/19/2016 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:     AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION:  Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:   ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME<br>HSBC Bank Canada, as Administrative Agent | | | |
|---|---|---|---|
| **OR** 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with WI Dept. of Financial Institutions     Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)
**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Wisconsin Department of Financial Institutions - Uniform Commercial Code

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**Filing Number: 20240425000416-6**

Filing Date and Time: 04/25/2024 10:45 AM

Total Number of Pages: 1

*(This document was filed electronically.)*

| A. NAME & PHONE OF CONTACT AT SUBMITTER (optional) |
|---|
| B. E-MAIL CONTACT AT SUBMITTER (optional) |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |

1458762

DANE COUNTY TITLE COMPANY
CORPORATE SERVICES DEPARTMENT
UCC@danecountytitle.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
160016350217 Filed On 12/19/2016

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

3. ☐ ASSIGNMENT: Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in item 8 and describe the affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. PARTY INFORMATION CHANGE:

Check one of these two boxes:

This Change affects ☐ Debtor or ☒ Secured Party of record

AND Check one of these three boxes to:

☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c

☐ ADD name: Complete item 7a or 7b, and item 7c

☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | | M2P 0A4 | CAN |

8. COLLATERAL CHANGE: Check only one box: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN* collateral

Indicate collateral: *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - WI - STATE

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

# Exhibit D

# Milbank

**ALEXANDER B. LEES**

*Partner*

55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5161
alees@milbank.com | milbank.com

May 1, 2025

**By Email**

Mark Bettilyon
Peter M. de Jonge
Jed H. Hansen
Thorpe North & Western LLP
8180 South 700 East, Suite 350
Sandy, UT 84070
dejonge@tnw.com
mark.bettilyon@tnw.com
hansen@tnw.com

Daniel S. Silverman
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
dssilverman@venable.com

> Re: Iovate Health Sciences International Inc. and Iovate Health Sciences International U.S.A. Inc.

Counsel:

We write as counsel to Royal Bank of Canada, in its capacity as administrative agent (the "**Agent**") under an Amended and Restated Credit Agreement dated June 30, 2021 (as amended, supplemented, amended and restated, or otherwise modified from time to time, the "**Credit Agreement**"), between, among others, Iovate Health Sciences International Inc. ("**Iovate**") as borrower and the lenders party thereto (the "**Lenders**"). The Agent has become aware that Orgain, Inc. ("**Orgain**") has obtained a judgment against Iovate in the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.* in the United States District Court of the Central District of California, and that it has sought to enforce the judgment by sending notices of levy to account debtors of Iovate, such as Walmart Inc., GNC, and the Franchise Group, and Iovate's subsidiaries, including Iovate Health Sciences International U.S.A. Inc. The Agent understands that as a result of an April 29, 2025, court order, such notices of levy have been vacated and quashed.

The Agent hereby demands that Orgain immediately cease all judgment enforcement efforts that interfere with the Agent's and the Lenders' rights with respect to Iovate, its subsidiaries, and their assets. The Agent, on behalf of the Lenders, holds a prior perfected lien on substantially all of Iovate's, and its material subsidiaries', assets (the "**Collateral**") to secure approximately U.S. $147 million in principal amount of loans under the Credit Agreement.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Collateral includes, without limitation, accounts receivable and their proceeds, including amounts owed to Iovate or its subsidiaries by Walmart Inc. and others. The Agent's and the Lenders' rights with respect to the Collateral are therefore senior to any rights Orgain may have as a later-in-time judgment creditor. By seeking to redirect payments from Iovate's and its subsidiaries' account debtors to itself, Orgain is attempting to improperly interfere with the Agent's and the Lenders' rights under the Credit Agreement and to the Collateral. Orgain has no entitlement to any payment out of the Collateral until the obligations under the Credit Agreement and the related loan documents have been satisfied in full.

If Orgain comes into possession of any portion of the Collateral, whether as a result of future notices of levy or otherwise, the Agent hereby demands that Orgain immediately turn that property over to the Agent, in accordance with its superior rights. If Orgain does not do so, or if it otherwise causes unjustified injury to any of Iovate's senior creditors, or to Iovate or its subsidiaries, then the Agent may be left with no choice but to bring legal action, including claims sounding in conversion.

The Agent reserves all rights. Please be governed accordingly.

Sincerely,

*/s/ Alexander B. Lees*
Alexander B. Lees

cc:
Iovate Health Sciences International, Inc.
Iovate Health Sciences International U.S.A. Inc.

c/o Stanley Panikowski
stanley.panikowski@us.dlapiper.com
DLA Piper
4365 Executive Drive Suite 1100
San Diego, CA 92121

c/o Timothy Blackford
tim@behmerblackford.com
Behmer and Blackford LLP
12526 High Bluff Drive Suite 300
San Diego, CA 92130

c/o Eric Friedman
eric.friedman@mcmillan.ca
McMillan LLP
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ORGAIN, INC.**                                                    **PLAINTIFF**

**VS.**                          **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL,**
**INC. AND IOVATE HEALTH SCIENCES INTERNATIONAL**
**U.S.A., INC.**                                              **DEFENDANTS**

**ROYAL BANK OF CANADA'S OBJECTION AND**
**MOTION TO QUASH WRIT OF GARNISHMENT**

Intervenor Royal Bank of Canada ("<u>RBC</u>" or the "<u>Agent</u>") seeks to quash the

writ of garnishment filed by Orgain, Inc. ("<u>Orgain</u>") in respect of payments owed by

Walmart, Inc. ("<u>Walmart</u>") to Iovate Health Sciences International Inc. and Iovate

Health Sciences International U.S.A. Inc. (together with their affiliates, subsidiaries,

successors, and assigns "<u>Iovate</u>"). In support of this objection and motion to quash

writ of garnishment, RBC states as follows:

1.      On November 17, 2024, Orgain obtained a judgment against Iovate in

the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.*, 8:18-

cv-01253-JLS-ADS, in the United States District Court of the Central District of

California (the "<u>California Action</u>"). Orgain then sought to enforce that judgment by

sending notices of levy to some of Iovate's wholesale customers—each an account

debtor of Iovate. Iovate successfully moved to quash the notices of levy in California

for the same or similar reasons that will be articulated in this case.

**EXHIBIT 2**

2.      On April 29, 2025, Orgain filed this case in order to register the judgment against Iovate in Arkansas.

3.      On June 27, 2025, a writ of garnishment directed to Walmart was issued by the clerk of this Court.

4.      RBC is an administrative agent for a group of lenders of Iovate, and in that capacity, RBC holds a prior perfected lien on all of Iovate's assets. Walmart is a client to Iovate. RBC seeks intervention in this case to prevent Orgain, a junior creditor of Iovate, from interfering with RBC's superior rights in the accounts receivable from Walmart.

5.      Orgain seeks to attach a garnishment lien to Iovate's accounts receivable and to collect Orgain's judgment through execution on the writ of garnishment lien. The problem is Orgain's garnishment lien is junior and inferior to RBC's lien on Iovate's accounts receivable. For that reason and others, the Court should quash the writ of garnishment to Walmart or, in the alternative, direct the garnished funds to be segregated by Orgain and then paid to RBC.

6.      This motion is supported by the declaration attached as Exhibit 1 and by a contemporaneously filed brief in support.

WHEREFORE, Royal Bank of Canada requests that the Court grant its objection and motion to quash the writ of garnishment and award all other relief to which it is entitled.

3434171-v1

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: abaker@wlj.com; jfair@wlj.com

By  /s/ Jacob P. Fair

Adrienne L. Baker (2007159)
Jacob P. Fair (2015167)

*Attorneys for Royal Bank of Canada*

## CERTIFICATE OF SERVICE

I hereby certify that on August ____, 2025, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the attorneys of record in this case.

/s/ Jacob P. Fair

Jacob P. Fair

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ORGAIN, INC.**                                    **PLAINTIFF**
**VS.**                              **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES**            **DEFENDANTS**
**INTERNATIONAL, INC. and**
**IOVATE HEALTH SCIENCES**
**INTERNATIONAL U.S.A., INC.**

**DECLARATION OF ANDREW O'COIN**

I, Andrew O'Coin, hereby declare as follows:

1. I make this declaration in support Royal Bank of Canada's Motion to Intervene and in support of Royal Bank Of Canada's Objection and Motion to Quash Writ of Garnishment, filed concurrently with this declaration.

2. I am the Senior Director of Special Loans & Advisory Services of the Royal Bank of Canada ("RBC").

3. On November 22, 2016, Iovate Health Sciences International Inc. and Iovate Health Sciences International U.S.A. Inc. (together with their affiliates, subsidiaries, successors, and assigns "Iovate") entered into a Credit Agreement ("Credit Agreement").

4. From time to time, the Credit Agreement was amended.

5. On February 28, 2025, RBC entered into the Amending Agreement No. 10 of the Credit Agreement ("Operative Amending Agreement") as the administrative agent for the lenders (the "Lenders") to the Credit Agreement.

6.   Attached hereto as Exhibit A is a true and correct copy of the Operative Amending Agreement.

7.   On December 21, 2016, HSBC Bank Canada as the predecessor administrative agent, along with the Lenders and Iovate under the Credit Agreement, entered into the General Security Agreement ("Security Agreement").

8.   Attached hereto as Exhibit B is a true and correct copy of the Security Agreement.

9.   In accordance with the Security Agreement, the administrative agent was granted a security interest in substantially all of Iovate's assets (the "Collateral").

10.  The administrative agent caused UCC-1 financing statements to be filed in several jurisdictions on or about December 19, 2016, designating that "All assets" of Iovate were secured. Such UCC-1 financing statements were filed in, among other places, New York, Pennsylvania, Texas, California, Florida, New Jersey, Ohio, Delaware, Wisconsin, and the District of Columbia.

11.  Each of the foregoing identified UCC-1 financing statements was continued in June 2021.

12.  Attached hereto as Exhibit C are true and correct copies of the foregoing identified UCC-1 financing statements.

13.  On March 28, 2024, HSBC Holdings sold HSBC Bank Canada to RBC, such that RBC and HSBC Bank Canada amalgamated.

14.   As a result of the amalgamation consummated on March 28, 2024, RBC
became the administrative agent to the Lenders under the Credit Agreement
and Security Agreement, succeeding HSBC Bank Canada.

15.   Each of the administrative agent's UCC-1 financing statements referred to
above were amended in April 2024 to reflect the change in the administrative
agent's name, following the HSBC amalgamation with RBC, to ensure that the
correct entity is recorded as the registered holder of the security interest in the
Collateral as administrative agent.

16.   No later than July 8, 2024, Iovate defaulted under the terms of the Credit
Agreement, having failed to comply with at least three provisions therein.

17.   On May 1, 2025, counsel for RBC sent a letter notifying Orgain of its
perfected lien on Iovate's assets.

18.   Attached hereto as Exhibit D is a true and correct copy of the correspondence
from counsel to RBC sent to counsel to Orgain on May 1, 2025.


I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct to the best of my knowledge, information, and
belief.

      Dated:  August 12, 2025
      Toronto, Ontario

/s/ *Andrew O'Coin*
Andrew O'Coin

# Exhibit A

Execution Version

## **AMENDING AGREEMENT NO. 10**

**THIS AMENDING AGREEMENT NO. 10** (this "**Amending Agreement**") is made as of February 28, 2025 between the parties to the Credit Agreement (as hereinafter defined).

**WHEREAS:**

A.      Reference is made to the amended and restated credit agreement dated as of June 30, 2021 between, *inter alios*, Iovate Health Sciences International Inc., as borrower (the "**Borrower**"), HSBC Bank Canada, as administrative agent (the "**Administrative Agent**"), and the financial institutions party thereto, as lenders, as amended by amending agreement no.1 dated as of March 31, 2022, by amending agreement no. 2 dated as of April 14, 2022, by amending agreement no. 3 dated as of December 30, 2022 , amending agreement no.4 dated as of March 7, 2024, amending agreement no. 5 dated as of March 28, 2024, amending agreement no. 6 dated April 30, 2024, the Forbearance Agreement (as hereinafter defined), amending agreement no. 7 dated November 14, 2024, amending agreement no. 8 dated December 24, 2024 and amending agreement no. 9 dated January 31, 2025 (collectively, the "**Credit Agreement**").

B.      Further reference is made to the forbearance agreement dated as of September 24, 2024 between, inter alios, the Borrower, the Administrative Agent, and the financial institutions party thereto as, as lenders, as amended by amending agreement no. 7 dated November 14, 2024, as amended by amending agreement no 8. dated December 24, 2024 and amended by amending agreement no 9. dated January 31, 2025 (collectively, the "**Forbearance Agreement**").

C.      In respect of the Orgain Judgement, a writ of execution was filed on February 6, 2025 with the United States Court for the Central District of California in violation of Section 7.1(s) (the "**New Event of Default**").

D.      The Borrower has requested certain amendments to the Forbearance Agreement, and the Credit Agreement and the Lenders have agreed to same in accordance with the terms and conditions hereof.

**NOW THEREFORE THIS AGREEMENT WITNESSES** that, in consideration of the mutual covenants and agreements contained in this Amending Agreement and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereto agree as follows:

### **ARTICLE 1**
### **INTERPRETATION**

**1.1      One Amending Agreement**. This Amending Agreement amends the Credit Agreement and the Forbearance Agreement. This Amending Agreement and the Credit Agreement shall be read, interpreted, construed and have effect as, and shall constitute, one agreement with the same effect as if the amendments made by this Amending Agreement had been contained in the Credit Agreement as of the date of this Amending Agreement.  This Amending Agreement and the Forbearance Agreement shall be read, interpreted, construed and have effect as, and shall constitute, one agreement with the same effect as if the amendments made by this Amending

Agreement had been contained in the Forbearance Agreement as of the date of this Amending Agreement.

**1.2     Defined Terms**. In this Amending Agreement, unless something in the subject matter or context is inconsistent:

    (a)      terms defined in the description of the parties or in the recitals have the respective meanings given to them in the description or recitals, as applicable; and

    (b)      all other capitalized terms have the respective meanings given to them in the Credit Agreement as amended by Article 2 of this Amending Agreement (collectively, the "**Amended Credit Agreement**").

**1.3     Headings**. The headings of the Articles and Sections of this Amending Agreement are inserted for convenience of reference only and shall not affect the construction or interpretation of this Amending Agreement.

**1.4     References**. All references to Articles, Sections, Exhibits and Schedules, unless otherwise specified, are to Articles, Sections, Exhibits and Schedules of the Credit Agreement.

## ARTICLE 2
## AMENDMENTS TO THE CREDIT AGREEMENT

**2.1     Consolidated Credit Agreement.**   Subject to the terms and conditions contained in this Amending Agreement, the Credit Agreement is amended to delete the stricken text (indicated textually in the same manner as the following example: ~~stricken text~~) and to add the underlined text (indicated textually in the same manner as in the following example: <u>underlined text</u>) as set forth on the pages of the Credit Agreement and all schedules thereto, attached to this Amending Agreement as Annex A.

## ARTICLE 3
## AMENDMENTS TO THE FORBEARANCE AGREEMENT

**3.1     Existing Events of Default**.   The definition of "Existing Events of Default" shall be amended to include the New Event of Default.

**3.2     Forbearance Period**.   Recital C of the Forbearance Agreement is amended by replacing "February 14, 2025" with "January 2, 2026".

**3.3     Consent to Subject Payments**. Section 2.16 of the Forbearance Agreement is amended by deleting (i) "; and" at the end of clause (b), and (ii) clause (c) in its entirety.

## ARTICLE 4
## REPRESENTATIONS AND WARRANTIES

**4.1     Confirmation of Representations**. The Borrower represents and warrants that, as at the date of this Amending Agreement and assuming that the amendments made to the Credit Agreement and the Forbearance Agreement by this Amending Agreement have become effective:

(a)     this Amending Agreement and the Confirmation appended hereto has been duly authorized, executed and delivered by each of the signatory Credit Parties;

(b)     each of the Credit Agreement and the Forbearance Agreement, each as amended hereby, constitutes a legal, valid and binding obligation of the Borrower, enforceable against it in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or other laws affecting creditor's rights generally and subject to general principles of equity, regardless of whether considered in a proceeding in equity or at law;

(c)     no Termination Event (as defined in the Forbearance Agreement, as amended by Article 3 of this Amending Agreement (collectively, the "**Amended Forbearance Agreement**")) has occurred;

(d)     notwithstanding that Sections 5.1(12)(a) and 5.1(12)(c) (as such Sections existed on September 24, 2024) have been amended, the Existing Events of Default (as defined in the Amended Forbearance Agreement) other than that described in clause (iii) of recital B to the Forbearance Agreement have occurred and are continuing; and

(e)     the representations and warranties contained in Article 4 (other than those that are made with respect to a specific date) are true and correct as if made on the date hereof.

## ARTICLE 5
## CONDITIONS

**5.1    Conditions Precedent**. The amendments set out in Article 2 and Article 3 shall become effective if and only if there is receipt by the Administrative Agent of:

(a)     a counterpart of this Amending Agreement executed by the Borrower, the Administrative Agent and the Lenders;

(b)     a counterpart of the Confirmation appended to this Amending Agreement, executed by each Guarantor;

(c)     authorizing resolutions of the board of directors of the Borrower approving this Amending Agreement, together with an officer's certificate from a senior officer of the Borrower;

(d)     a favourable written opinion of counsel to the Borrower acceptable to the Administrative Agent with respect to the Borrower and this Amending Agreement, together with supporting materials consistent with those previously delivered under the Credit Agreement;

(e)     the Perfection Certificate (as defined in the Amended Credit Agreement) with respect to each Credit Party;

(f)     updated financial forecast for the Fiscal Year ending December 31, 2025 for Holdco on a Consolidated basis (setting out all assumptions and including an income statement, balance sheet and cash flow statement) evidencing compliance with the financial covenants set out in Sections 5.1(12) and 5.1(14) as at such date, in form satisfactory to the Lenders;

(g)     payment of an amendment fee to the Administrative Agent (for the pro rata account of each Lender) equal to ▆▆▆ basis points upon the aggregate Commitments of the Lenders as of the date hereof (the "**Amendment Fee**"); and

(h)     payment (or the arrangement for payment satisfactory to the payee) of all reasonable and documented legal fees of the Administrative Agent invoiced to date by its counsel (the "**Legal Fees**" and, together with the Amendment Fee, the "**Fees**").

If such conditions precedent are met, then the effective date of the amendments set out in Article 2 will be as of the date of this Amending Agreement.

**5.2     Payment.**  The Administrative Agent may debit any U.S. Dollar (or in the case of the Legal Fees, Canadian Dollar) operating account maintained by the Administrative Agent in the name of the Borrower in an aggregate amount equal to the sum of the Fees in order to effect the payment thereof; provided that the Borrowers shall have been provided the invoice related to the Fees no less than two Business Days (or such shorter time period as agreed by the Borrower) prior to such debiting and a Responsible Officer of the Borrower has consented in writing to such debiting (which written consent may be by electronic communication).

### ARTICLE 6
### GENERAL

**6.1     Confirmation**. Except as specifically stated herein, the Credit Agreement, the Forbearance Agreement and the other Loan Documents shall continue in full force and effect in accordance with the provisions thereof. In particular, but without limitation:

(a)     the Security Documents and the Liens granted thereunder continue in full force and effect in accordance with their terms notwithstanding this Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected hereby; and

(b)     the secured liabilities described in the Security Documents include indebtedness, liabilities and obligations arising under or in relation to the Amended Credit Agreement and the Amended Forbearance Agreement, and the Liens granted thereunder extend thereto.

All Secured Liabilities under the Credit Agreement shall be continuing with only the terms thereof being modified as provided in this Amending Agreement, and this Amending Agreement shall not evidence or result in a novation of such Secured Liabilities.

**6.2      Reservation of Rights**.   Except as expressly set forth herein, this Amending Agreement shall not by implication or otherwise limit, impair, constitute a waiver of, or otherwise affect the rights and remedies of Lenders or Administrative Agent under the Credit Agreement, the Forbearance Agreement or any other Loan Document.   Nothing herein shall be deemed to entitle any Credit Party to a consent to, or a waiver, amendment, modification or other change of, any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement, the Forbearance Agreement or any other Loan Document in similar or different circumstances. For the avoidance of doubt, nothing herein shall constitute a consent to, or waiver of, the Existing Events of Default.

**6.3      Interpretation**. All references to the "this Agreement", the "Forbearance Agreement" or the "Credit Agreement" and all similar references in any of the other Loan Documents shall hereafter include, mean and be a reference to the Amended Forbearance Agreement or Amended Credit Agreement, as applicable, without any requirement to amend such Loan Documents. This Amending Agreement shall constitute a "Loan Document" under, and as defined in, the Credit Agreement.

**6.4      Binding Nature**. This Amending Agreement shall enure to the benefit of and be binding upon the Borrower, the Administrative Agent and the Lenders and their respective successors and permitted assigns.

**6.5      Severability**.   Any provision of this Amending Agreement which is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability and shall be severed from the balance of this Amending Agreement, all without affecting the remaining provisions of this Amending Agreement or affecting the validity or enforceability of such provision in any other jurisdiction.

**6.6      Conflicts**. If, after the date of this Amending Agreement, any provision of this Amending Agreement is inconsistent with any provision of the Credit Agreement or the Forbearance Agreement, the relevant provision of this Amending Agreement shall prevail.

**6.7      Governing Law**. This Amending Agreement will be governed by and construed in accordance with the laws of the Province of Ontario and the federal laws of Canada applicable therein.

**6.8      Counterpart and Facsimile**. This Amending Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same instrument.   Delivery of an executed counterpart of a signature page of this Amending Agreement by telecopy, emailed pdf. or any other electronic means that reproduces an image of the actual executed signature page shall be effective as delivery of a manually executed counterpart of this Amending Agreement.

[signatures on the following pages]

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**ROYAL BANK OF CANADA**, as
Administrative Agent

By: _____
Name: Sabrina Wang
Title: Deal Manager

By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**ROYAL BANK OF CANADA**, as Lender

By: *Andrew O'Coin*

Name: Andrew O'Coin
Title: Senior Director


By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**THE TORONTO-DOMINION BANK**, as
Lender

By: _____

Name: Daryl Coelho
Title: Director

By: *Fola Akinsanya*
_____

Name: Fola Akinsanya
Title: Associate Director

S-4

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**BANK OF CHINA (CANADA)**, as Lender

By: _____

Name:  XU YANG

Title:  Head of Corporation Banking Department


By: _____

Name:

Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**BANK OF MONTREAL**, as Lender

By: _____

Name:   Shehryar Syed
Title:    Director, SAMU National Accounts

By: _____
Name:
Title:

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**NATIONAL BANK OF CANADA**, as
Lender

By: _Sonia de Lorenzi_
Name: Sonia de Lorenzi
Title: Senior Manager

By: _____
Name: Caroline Podsiadlo
Title: Senior Director

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**CANADIAN WESTERN BANK**, as
Lender

By: _Sonia de Lorenzi_
Name: Sonia de Lorenzi
Title: Senior Manager

By: _____
Name: Caroline Podsiadlo
Title: Senior Director

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**THE BANK OF NOVA SCOTIA**, as
Lender

By: _____

Name: Nick Stewart
Title: Director, Special Accounts Management

By: _____

Name: Neel Chopra
Title: Director, Special Accounts Management

S-9

**IN WITNESS WHEREOF** the undersigned has caused this Amending Agreement to be duly executed as of the date set out on the first page.

**IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

By: _____
Name: Qi Wang
Title: Director

By: _____
Name: Xiyao Michael Liu
Title: Director

## CONFIRMATION

Each undersigned Guarantor acknowledges and irrevocably consents to the terms of the Amending Agreement. Each undersigned Guarantor further represents, warrants, and confirms to the Administrative Agent for the benefit of each Secured Party that:

(a)     guarantees and indemnities granted under the Loan Documents continue in full force and effect in accordance with their terms notwithstanding the Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected thereby;

(b)     such guarantees and indemnities extend to the indebtedness, liabilities and obligations of the Borrower under the Amended Credit Agreement and the Amended Forbearance Agreement;

(c)     the Security Documents and the Liens granted thereunder continue in full force and effect in accordance with their terms notwithstanding the Amending Agreement and the amendments to the Credit Agreement and the Forbearance Agreement effected thereby;

(d)     the secured liabilities described in the Security Documents include indebtedness, liabilities and obligations arising under or in relation to the Amended Credit Agreement and the Amended Forbearance Agreement, and the Liens granted thereunder extend thereto; and

(e)     all references to the "this Agreement", the "Forbearance Agreement" or the "Credit Agreement" and all similar references in any of the other Loan Documents shall hereafter mean and be a reference to the Amended Forbearance Agreement or the Amended Credit Agreement, as applicable, without any requirement to amend such Loan Documents.

[signatures on the next following pages]

**IN WITNESS WHEREOF** the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

**XIWANG IOVATE HOLDINGS COMPANY LIMITED**

By: _____

    Name: Di Wang
    Title: Director

By: _____

    Name: Xiyao Michael Liu
    Title: Director

**IN WITNESS WHEREOF** the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

**IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

By: _____

Name: Di Wang
Title: Director

By: _____

Name: Xiyao Michael Liu
Title: Director

IN WITNESS WHEREOF the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

IOVATE HEALTH SCIENCES U.S.A. INC.

By: _____
    Name: Di Wang
    Title: Director

By: _____
    Name: Xiyao Michael Liu
    Title: Director

IN WITNESS WHEREOF the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

NORTHERN INNOVATIONS HOLDING CORP.

By: _____
    Name: Di Wang
    Title: Director

By: _____
    Name: Xiyao Michael Liu
    Title: Director

**IN WITNESS WHEREOF** the undersigned has caused this Confirmation to be duly executed as of the date set out on the first page of the Amending Agreement.

**IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD**

By: _____
Name: Xiyao Michael Liu
Title: Director

By: _____
Name: Tanya Mistry
Title: Director

# Exhibit B

## GENERAL SECURITY AGREEMENT

This General Security Agreement is made as of December 21, 2016.

**TO**:    Name:    HSBC BANK CANADA, as administrative agent
Address:    70 York Street, Toronto, ON M5J 1S9
Attention:    Agency Administrator
Facsimile:    647-788-2185
E-mail:    cacmbagency2@hsbc.ca

**RECITALS:**

A.    Xiwang Iovate Health Science International Inc. and Iovate Health Sciences International Inc., as borrowers, the financial institutions and other parties thereto from time to time, as lenders, HSBC Bank Canada, as administrative agent, and HSBC Bank Canada and The Toronto-Dominion Bank, as joint lead arrangers and joint bookrunners, are *inter alios* party to a credit agreement dated as of November 21, 2016 (as amended, supplemented, restated or replaced from time to time, the "**Credit Agreement**").

B.    To secure the payment and performance of its Secured Liabilities, each Debtor has agreed to grant to the Agent (for its own benefit and for the benefit of the other Secured Parties) the Security Interests with respect to its Collateral in accordance with the terms of this Agreement.

For good and valuable consideration, the receipt and adequacy of which are acknowledged by each Debtor, each Debtor severally (and not jointly or jointly and severally) agrees with and in favour of the Agent (for its own benefit and for the benefit of the other Secured Parties) as follows:

1.    **Definitions**.  In this Agreement capitalized terms used but not otherwise defined in this Agreement shall have the meanings given to them in the Credit Agreement, and the following terms have the following meanings:

"**Accessions**", "**Account**", "**Chattel Paper**", "**Certificated Security**", "**Consumer Goods**", "**Document of Title**", "**Equipment**", "**Futures Account**", "**Futures Contract**", "**Futures Intermediary**", "**Goods**", "**Instrument**", "**Intangible**", "**Inventory**", "**Investment Property**", "**Money**", "**Proceeds**", "**Securities Account**", "**Securities Intermediary**" "**Security**", "**Security Certificate**", "**Security Entitlement**", and "**Uncertificated Security**" have the meanings given to them in the PPSA.

"**Agent**" means HSBC Bank Canada, in its capacity as administrative agent for the lenders under the Credit Agreement, or any successor administrative agent appointed pursuant to the Credit Agreement.

"**Agreement**" means this agreement, including the exhibits and recitals to this agreement, the Supplements and the Schedules, as it or they may be amended, supplemented, restated or replaced from time to time, and the expressions "hereof", "herein", "hereto", "hereunder", "hereby" and similar expressions refer to this Agreement and not to any particular section or other portion of this Agreement.

"**Books and Records**" means, with respect to any Debtor, all books, records, files, papers, disks, documents and other repositories of data recording in any form or medium, evidencing or relating to the Personal Property of such Debtor which are at any time owned by such Debtor or to which such Debtor (or any Person on such Debtor's behalf) has access.

"**Collateral**" means, with respect to any Debtor, all of the present and future:

(a)   undertaking;

(b)   Personal Property (other than Excluded CFC Securities but including any Personal Property that may be described in any Schedule to this Agreement or any schedules, documents or listings that such Debtor may from time to time provide to the Agent in connection with this Agreement); and

(c)   real property (including any real property that may be described in any Schedule to this Agreement or any schedules, documents or listings that such Debtor may from time to time provide to the Agent in connection with this Agreement and including all fixtures, improvements, buildings and other structures placed, installed or erected from time to time on any such real property),

of such Debtor, including Books and Records, Contracts, Intellectual Property Rights and Permits, and including all such property in which such Debtor now or in the future has any right, title or interest whatsoever, whether owned, leased, licensed, possessed or otherwise held by such Debtor, and all Proceeds of any of the foregoing, wherever located.

"**Contracts**" means, with respect to any Debtor, all contracts and agreements to which such Debtor is at any time a party or pursuant to which such Debtor has at any time acquired rights, and includes (i) all rights of such Debtor to receive money due and to become due to it in connection with a contract or agreement, (ii) all rights of such Debtor to damages arising out of, or for breach or default with respect to, a contract or agreement, and (iii) all rights of such Debtor to perform and exercise all remedies in connection with a contract or agreement.

"**Control Person**" means a "control person", as such term is defined under applicable Canadian securities laws.

"**Credit Agreement**" has the meaning set out in the recitals hereto.

"**Debtors**" means the Persons delivering a signature page to this Agreement and any other Person which hereafter delivers a Supplement, and "**Debtor**" means any one of them.

"**Excluded CFC Securities**" means, at any time with respect to any Pledged CFC Issuer, those Issuer Voting Securities of such Pledged CFC Issuer representing in excess of 65% of the total combined voting power of each class of its Issuer Voting Securities at such time.

"**Event of Default**" means any "Event of Default" as defined in the Credit Agreement.

"**Exhibits**" means the exhibits to this Agreement.

*Iovate GSA*

"**Intellectual Property Rights**" means, with respect to any Debtor, all industrial and intellectual property rights of such Debtor or in which such Debtor has any right, title or interest, including copyrights, patents, inventions (whether or not patented), trade-marks, get-up and trade dress, industrial designs, integrated circuit topographies, plant breeders' rights, know how and trade secrets, registrations and applications for registration for any such industrial and intellectual property rights, and all Contracts related to any such industrial and intellectual property rights.

"**Issuer**" has the meaning given to that term in the STA.

"**Issuer Voting Securities**" means, at any time, Securities or Securities Entitlements of an Issuer entitled, at such time, to vote for the election of directors of such Issuer.

"**Organizational Documents**" means, with respect to any Person, such Person's articles or other charter documents, by-laws, unanimous shareholder agreement, partnership agreement or trust agreement, as applicable, and any and all other similar agreements, documents and instruments relative to such Person.

"**Permits**" means, with respect to any Debtor, all permits, licences, waivers, exemptions, consents, certificates, authorizations, approvals, franchises, rights-of-way, easements and entitlements that such Debtor has, requires or is required to have, to own, possess or operate any of its property or to operate and carry on any part of its business.

"**Personal Property**" means personal property and includes Accounts, Chattel Paper, Documents of Title, Equipment, Goods, Instruments, Intangibles, Inventory, Investment Property and Money.

"**Pledged Certificated Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Certificated Security.

"**Pledged CFC Issuer**" means, at any time, any Pledged Issuer with respect to any Debtor which is at such time a CFC or a CFC Holdco of such Debtor.

"**Pledged Futures Contracts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Futures Contract.

"**Pledged Futures Accounts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Futures Account.

"**Pledged Futures Intermediary**" means, at any time, any Person which is at such time is a Futures Intermediary at which a Pledged Futures Account is maintained.

"**Pledged Futures Intermediary's Jurisdiction**" means, with respect to any Pledged Futures Intermediary, its jurisdiction as determined under section 7.1(4) of the PPSA.

"**Pledged Issuer**" means, with respect to any Debtor at any time, any Person which is an Issuer of, or with respect to, any Pledged Shares of such Debtor at such time.

"**Pledged Issuer's Jurisdiction**" means, with respect to any Pledged Issuer, its jurisdiction as determined under section 44 of the STA.

"**Pledged Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Security.

"**Pledged Securities Accounts**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Securities Account.

"**Pledged Securities Intermediary**" means, at any time, any Person which is at such time a Securities Intermediary at which a Pledged Securities Account is maintained.

"**Pledged Securities Intermediary's Jurisdiction**" means, with respect to any Pledged Securities Intermediary, its jurisdiction as determined under section 45(2) of the STA.

"**Pledged Security Certificates**" means, with respect to any Debtor, any and all Security Certificates of such Debtor representing the Pledged Certificated Securities.

"**Pledged Security Entitlements**" means, with respect to any Debtor, any and all Collateral of such Debtor that is a Security Entitlement.

"**Pledged Shares**" means, with respect to any Debtor, all Pledged Securities and Pledged Security Entitlements of such Debtor.

"**Pledged Uncertificated Securities**" means, with respect to any Debtor, any and all Collateral of such Debtor that is an Uncertificated Security.

"**PPSA**" means the *Personal Property Security Act* of the Province referred to in the "Governing Law" section of this Agreement, as such legislation may be amended, renamed or replaced from time to time, and includes all regulations from time to time made under such legislation.

"**Receiver**" means an interim receiver, a receiver, a manager or a receiver and manager.

"**Reporting Pledged Issuer**" means a Pledged Issuer that is a "reporting issuer", as such term is defined under applicable Canadian securities laws.

"**Secured Liabilities**" means, with respect to any Debtor, all present and future indebtedness, liabilities and obligations of any and every kind, nature and description (whether direct or indirect, joint or several, absolute or contingent, matured or unmatured) of such Debtor to the Secured Parties (or any of them) under, in connection with or with respect to the Transaction Documents (including Secured Cash Management Obligations and Secured Hedge Obligations), and any unpaid balance thereof.   Notwithstanding the foregoing or anything else in any Transaction Document, Excluded Swap Obligations of a Guarantor shall not constitute Secured Liabilities for the purposes of this Agreement with respect to such Guarantor.

"**Secured Parties**" means, collectively, the Agent, the Secured Cash Management Provider, the Secured Hedge Counterparties, and the Lenders, and "**Secured Party**" means any one of them.

"**Schedules**" means the schedules to this Agreement.

"**Security Interests**" means, with respect to any Debtor, the Liens created by such Debtor in favour of the Agent (for its own benefit and for the benefit of the other Secured Parties) under this Agreement.

"**STA**" means the *Securities Transfer Act* of the Province referred to in the "Governing Law" section of this Agreement, as such legislation may be amended, renamed or replaced from time to time, and includes all regulations from time to time made under such legislation.

"**Subsidiary**" means, with respect to any Person (the "**parent**") at any date, any other Person (a) of which securities or other ownership interests representing more than 50% of the equity or more than 50% of the ordinary voting power or, in the case of a partnership, more than 50% of the general partnership interests are, as of such date, owned, controlled or held, or (b) that is, as of such date, otherwise Controlled, by the parent or one or more Subsidiaries of the parent or by the parent and one or more Subsidiaries of the parent.

"**Supplement**" has the meaning given to that term in Section 35.

"**ULC**" means an Issuer that is an unlimited company, unlimited liability corporation or unlimited liability company.

"**ULC Laws**" means the *Companies Act* (Nova Scotia), the *Business Corporations Act* (Alberta), the *Business Corporations Act* (British Columbia) and any other present or future Laws governing ULCs.

"**ULC Shares**" means shares or other equity interests in the capital stock of a ULC.

"**Voting or Equity Securities**" means (a) any "security" (as defined under applicable Canadian securities laws), other than a bond, debenture, note or similar instrument representing indebtedness (whether secured or unsecured), of an issuer carrying a voting right either under all circumstances or under some circumstances that have occurred and are continuing or (b) a security of an issuer that carries a residual right to participate in the earnings of the issuer and, on liquidation or winding up of the issuer, in its assets.

2.      **Grant of Security Interests**.  As general and continuing collateral security for the due payment and performance of its Secured Liabilities, each Debtor pledges, mortgages, charges and assigns (by way of security) to the Agent (for its own benefit and for the benefit of the other Secured Parties), and grants to the Agent (for its own benefit and for the benefit of the other Secured Parties) a security interest in, the Collateral of such Debtor.

3.      **Limitations on Grant of Security Interests**.  If the grant of the Security Interests (i) with respect to any Contract, Intellectual Property Right or Permit under Section 2 would result in the termination or breach of or requires any consent not obtained under such Contract, Intellectual Property Right or Permit, or is otherwise prohibited or ineffective (whether by the terms thereof or under applicable Law), or (ii) with respect to any United States "intent-to-use" trademark applications for which the grant of the Security Interest would impair the validity or

enforceability of such "intent-to-use" trademark application, then such Contract, Intellectual Property Right, or Permit or trademark application shall not be subject to the Security Interests but shall be held in trust by the applicable Debtor for the benefit of the Agent (for its own benefit and for the benefit of the other Secured Parties) and, on the exercise by the Agent of any of its rights or remedies under this Agreement following an Event of Default shall be assigned by such Debtor as directed by the Agent; provided that: (a) the Security Interests of such Debtor shall attach to such Contract, Intellectual Property Right or Permit, or applicable portion thereof, immediately at such time as the condition causing such termination or breach is remedied, and (b) if a term in a Contract that prohibits or restricts the grant of the Security Interests in the whole of an Account or Chattel Paper forming part of the Collateral is unenforceable against the Agent under applicable Law, then the exclusion from the Security Interests set out above shall not apply to such Account or Chattel Paper. In addition, the Security Interests do not attach to Consumer Goods or extend to the last day of the term of any lease or agreement for lease of real property. Such last day shall be held by the applicable Debtor in trust for the Agent (for its own benefit and for the benefit of the other Secured Parties) and, on the exercise by the Agent of any of its rights or remedies under this Agreement following an Event of Default, shall be assigned by such Debtor as directed by the Agent. For greater certainty, no Intellectual Property Right in any trade-mark, get-up or trade dress is presently assigned to the Agent by sole virtue of the grant of the Security Interests contained in Section 2.

4. **Attachment; No Obligation to Advance**. Each Debtor confirms that value has been given by the Secured Parties to such Debtor, that such Debtor has rights in its Collateral existing at the date of this Agreement or the date of any Supplement, as applicable, and that such Debtor and the Agent have not agreed to postpone the time for attachment of the Security Interests to any of the Collateral of such Debtor. The Security Interests with respect to the Collateral of each Debtor created by this Agreement shall have effect and be deemed to be effective whether or not the Secured Liabilities of such Debtor or any part thereof are owing or in existence before or after or upon the date of this Agreement or the date of any Supplement, as applicable. Neither the execution and delivery of this Agreement or any Supplement nor the provision of any financial accommodation by any Secured Party shall oblige any Secured Party to make any financial accommodation or further financial accommodation available to any Debtor or any other Person.

5. **Representations and Warranties**. Each Debtor represents and warrants to the Agent (for its own benefit and for the benefit of the other Secured Parties) that, as of the date of this Agreement or the date of any Supplement, as applicable:

(a) Debtor Information. All of the information set out in the Schedules and Supplements, as applicable, with respect to such Debtor is accurate and complete.

(b) Consents and Transfer Restrictions.

(i) Except for any consent that has been obtained and is in full force and effect, no consent of any Person (including any counterparty with respect to any Contract, any account debtor with respect to any Account, or any Governmental Authority with respect to any Permit) is required, or is

purported to be required, for the execution, delivery, performance and enforcement of this Agreement (this representation being given without reference to the exclusions contained in Section 3). For the purposes of complying with any transfer restrictions contained in the Organizational Documents of any Pledged Issuer, such Debtor hereby irrevocably consents to any transfer of such Debtor's Pledged Securities of such Pledged Issuer.

(ii)     (A) No order ceasing or suspending trading in, or prohibiting the transfer of the Pledged Shares has been issued and no proceedings for this purpose have been instituted, nor does such Debtor have any reason to believe that any such proceedings are pending, contemplated or threatened and (B) the Pledged Shares are not subject to any escrow or other agreement, arrangement, commitment or understanding, prohibiting the transfer of the Pledged Shares, including pursuant to applicable Canadian securities laws or the rules, regulations or policies of any marketplace on which the Pledged Shares are listed, posted or traded.

(c)     No Consumer Goods. Such Debtor does not own any Consumer Goods which are material in value or which are material to the business, operations, property, condition or prospects (financial or otherwise) of such Debtor.

(d)     Intellectual Property Rights. All registrations and applications for registration pertaining to any Intellectual Property Rights of owned by such Debtor, all other material Intellectual Property Rights of such Debtor, and the nature of such Debtor's right, title or interest therein, are described in the Schedules and Supplements as applicable, with respect to such Debtor. Each material registration or application of Intellectual Property Rights owned by such Debtor is valid, subsisting, unexpired, enforceable, and has not been abandoned, and to such Debtor's knowledge, is valid and enforceable. In the case of copyright works of such Debtor, such Debtor has obtained full and irrevocable waivers of all moral rights or similar rights pertaining to such works. Except as set out in the Schedules and Supplements, as applicable, none of the Intellectual Property Rights owned by such Debtor have been licensed or franchised by such Debtor to any Person on an exclusive basis or, to the best of such Debtor's knowledge, infringed or otherwise misused by any Person in any material respect. Except as set out in the Schedules and Supplements, as applicable, to such Debtor's knowledge, the exercise of any Intellectual Property Right of such Debtor, or any licensee or franchisee thereof, has not infringed or otherwise misused any intellectual property right of any other Person in any material respect, and such Debtor has not received and is not aware of any written claim of such infringement or other misuse that has not since been resolved.

(e)     Partnerships, Limited Liability Companies. The terms of any interest in a partnership or limited liability company that is Collateral of such Debtor expressly provide that such interest is a "security" for the purposes of the STA.

*Iovate GSA*

(f)    <u>Due Authorization</u>.   The Pledged Securities of such Debtor have been duly authorized and validly issued and are fully paid and non-assessable.

(g)    <u>Warrants, Options, etc.</u>  There are no outstanding warrants, options or other rights to purchase, or other agreements outstanding with respect to, or property that is now or hereafter convertible into, or that requires the issuance or sale of, any Pledged Shares of such Debtor.

(h)    <u>No Required Disposition</u>.   There is no existing agreement, option, right or privilege capable of becoming an agreement or option pursuant to which such Debtor would be required to sell, redeem or otherwise dispose of any Pledged Shares of such Debtor or under which any Pledged Issuer has any obligation to issue any Securities of such Pledged Issuer to any Person.

(i)    <u>Securities Laws</u>.  Such Debtor is not a Control Person with respect to any Pledged Issuer and the Pledged Shares issued by a Reporting Pledged Issuer do not comprise Voting or Equity Securities of any class (or securities convertible into Voting or Equity Securities of any class) constituting ten per cent or more of the outstanding securities of that class.

6.    **Survival of Representations and Warranties**.  All representations and warranties made by each Debtor in this Agreement (a) are material, (b) shall be considered to have been relied on by the Secured Parties, and (c) shall survive the execution and delivery of this Agreement and any Supplement or any investigation made at any time by or on behalf of any Secured Party and any disposition or payment of the Secured Liabilities until the Lender Termination Date.

7.    **Covenants**.  Each Debtor covenants and agrees with the Agent (for its own benefit and for the benefit of the other Secured Parties) that:

(a)    <u>Further Documentation</u>.  Such Debtor shall from time to time, at the expense of such Debtor, promptly and duly authorize, execute and deliver such further instruments and documents, and take such further action, as the Agent may request, acting reasonably, for the purpose of obtaining or preserving the full benefits of, and the rights and powers granted by, this Agreement (including the filing of any financing statements or financing change statements under any applicable legislation with respect to the Security Interests).   Such Debtor acknowledges that this Agreement has been prepared based on the existing Laws in the Province referred to in the "Governing Law" section of this Agreement and that a change in such Laws, or the Laws of other jurisdictions, may require the execution and delivery of different forms of security documentation. Accordingly, such Debtor agrees that the Agent shall have the right to require that this Agreement be amended, supplemented, restated or replaced, and that such Debtor shall immediately on request by the Agent authorize, execute and deliver any such amendment, supplement, restatement or replacement (i) to reflect any changes in such Laws, whether arising as a result of statutory amendments, court decisions or otherwise, (ii) to facilitate the creation and registration of appropriate

security in all appropriate jurisdictions, or (iii) if such Debtor merges or amalgamates with any other Person or enters into any corporate reorganization, in each case in order to confer on the Agent Liens similar to, and having the same effect as, the Security Interests.

(b)     Maintenance of Records.  Such Debtor shall keep and maintain accurate and complete records of the Collateral of such Debtor, including a record of all payments received and all credits granted with respect to the Accounts and Contracts of such Debtor.  At the written request of the Agent, such Debtor shall mark any Collateral of such Debtor specified by the Agent to evidence the existence of the Security Interests.

(c)     Further Identification of Collateral.  Such Debtor shall promptly furnish to the Agent such statements and schedules further identifying and describing the Collateral of such Debtor, and such other reports in connection with the Collateral of such Debtor, as the Agent may from time to time reasonably request, including an updated list of any motor vehicles or other "serial number" goods owned by such Debtor and classified as Equipment, including vehicle identification numbers, having a Fair Market Value exceeding U.S.$100,000.

(d)     Instruments; Documents of Title; Chattel Paper.  Promptly upon request from time to time by the Agent, such Debtor shall deliver to the Agent, endorsed and/or accompanied by such instruments of assignment and transfer in such form and substance as the Agent may reasonably request, any and all Instruments, Documents of Title and Chattel Paper of such Debtor having a Fair Market Value exceeding U.S. $1,000,000 included in or relating to the Collateral of such Debtor as the Agent may specify in its request.

(e)     Pledged Certificated Securities.  Such Debtor shall deliver to the Agent any and all Pledged Security Certificates of such Debtor and other materials as may be required from time to time to provide the Agent with control over all Pledged Certificated Securities of such Debtor in the manner provided under section 23 of the STA.  At the request of the Agent, such Debtor shall cause all Pledged Security Certificates of such Debtor to be registered in the name of the Agent or its nominee.

(f)     Pledged Uncertificated Securities.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to time to provide the Agent with control over all Pledged Uncertificated Securities of such Debtor in the manner provided under section 24 of the STA. For the purposes of section 27(1) of the STA, this Agreement shall constitute the Debtor's irrevocable consent to entry by a Pledged Issuer into an agreement of the kind referred to in clause 24(1)(b) of the STA.

(g)     Pledged Security Entitlements.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to

*Iovate GSA*

time to provide the Agent with control over all Pledged Security Entitlements of such Debtor in the manner provided under section 25 or 26 of the STA.

(h)     Pledged Futures Contracts.  Such Debtor shall deliver to the Agent any and all such documents, agreements and other materials as may be required from time to time to provide the Agent with control over all Pledged Futures Contracts of such Debtor in the manner provided under subsection 1(2) of the PPSA.

(i)     Partnerships, Limited Liability Companies.  Such Debtor shall ensure that the terms of any interest in a partnership or limited liability company that is Collateral of such Debtor shall expressly provide that such interest is a "security" for the purposes of the STA.

(j)     Transfer Restrictions.  If the constating documents of any Pledged Issuer (other than a ULC) restrict the transfer of the Securities of such Pledged Issuer, then such Debtor shall deliver to the Agent a certified copy of a resolution of the directors, shareholders, unitholders or partners of such Pledged Issuer, as applicable, consenting to the transfer(s) contemplated by this Agreement, including any prospective transfer of the Collateral of such Debtor by the Agent upon a realization on the Security Interests.

(k)     Notices.  Such Debtor shall advise the Agent promptly, in reasonable detail, of:

(i)      (upon knowledge by such Debtor thereof) any change to a Pledged Securities Intermediary's Jurisdiction, Pledged Issuer's Jurisdiction or Pledged Future Intermediary's Jurisdiction;

(ii)     any change in the location of the jurisdiction of incorporation or amalgamation, chief executive office or domicile of such Debtor;

(iii)    any change in the name of such Debtor;

(iv)     any additional jurisdiction in which such Debtor has tangible Personal Property;

(v)      any acquisition of any Intellectual Property Rights which are the subject of a registration or application with any governmental intellectual property or other governing body or registry, or which are material to such Debtor's business (it being understood that such notification shall be concurrent with the delivery of the next Compliance Certificate after the acquisition of such Intellectual Property);

(vi)     any acquisition of any Instrument, Document of Title or Chattel Paper having a Fair Market Value exceeding U.S. $1,000,000;

*Iovate GSA*

(vii)    the Debtor becoming (or if the Debtor could reasonably be determined to have become) a Control Person with respect to any Reporting Pledged Issuer;

(viii)    the issuance of any order ceasing or suspending trading in, or prohibiting the transfer of any Pledged Shares or the institution of proceedings for such purpose, or if such Debtor has any reason to believe that any such proceedings are pending, contemplated or threatened; or

(ix)    any occurrence of any event, claim or occurrence that could reasonably be expected to have a material adverse effect on the value of the Collateral of such Debtor or on the Security Interests.

Such Debtor shall not effect or permit any of the changes referred to in clauses (ii) through (viii) above unless all filings have been made and all other actions taken that are required in order for the Agent to continue at all times following such change to have a valid and perfected first priority Security Interest with respect to all of the Collateral of such Debtor.

8.    **Voting Rights**.  Unless an Event of Default has occurred and is continuing, each Debtor shall be entitled to exercise all voting power from time to time exercisable with respect to the Pledged Shares of such Debtor and give consents, waivers and ratifications with respect thereto; provided, however, that no vote shall be cast or consent, waiver or ratification given or action taken which would be, or would have a reasonable likelihood of being, prejudicial to the interests of the Secured Parties or which would have the effect of reducing the value of the Collateral of such Debtor as security for the Secured Liabilities of such Debtor or imposing any restriction on the transferability of any of the Collateral of such Debtor.  Unless an Event of Default has occurred and is continuing, the Agent shall, from time to time at the request and expense of the applicable Debtor, execute or cause to be executed, with respect to all Pledged Securities of such Debtor that are registered in the name of the Agent or its nominee, valid proxies appointing such Debtor as its (or its nominee's) proxy to attend, vote and act for and on behalf of the Agent or such nominee, as the case may be, at any and all meetings of the applicable Pledged Issuer's shareholders or debt holders, all Pledged Securities that are registered in the name of the Agent or such nominee, as the case may be, and to execute and deliver, consent to or approve or disapprove of or withhold consent to any resolutions in writing of shareholders or debt holders of the applicable Pledged Issuer for and on behalf of the Agent or such nominee, as the case may be.  Immediately upon the occurrence and during the continuance of any Event of Default, all such rights of the applicable Debtor to vote and give consents, waivers and ratifications shall cease and the Agent or its nominee shall be entitled to exercise all such voting rights and to give all such consents, waivers and ratifications.

9.    **Dividends; Interest**.  Unless an Event of Default has occurred and is continuing, each Debtor shall be entitled to receive any and all cash dividends, interest, principal payments and other forms of cash distribution on the Pledged Shares of such Debtor which it is otherwise entitled to receive, but any and all stock and/or liquidating dividends, distributions of property, returns of capital or other distributions made on or with respect to the Pledged Shares of such Debtor, whether resulting from a subdivision, combination or reclassification of the outstanding

capital stock of any Pledged Issuer of such Debtor or received in exchange for such Pledged Shares or any part thereof or as a result of any amalgamation, merger, consolidation, acquisition or other exchange of property to which any Pledged Issuer of such Debtor may be a party or otherwise, and any and all cash and other property received in exchange for any Pledged Shares of such Debtor shall be and become part of the Collateral of such Debtor subject to the Security Interests and with respect to any Security Certificates, if received by such Debtor, shall forthwith be delivered to the Agent or its nominee (accompanied, if appropriate, by proper instruments of assignment and/or stock powers of attorney executed by such Debtor in accordance with the Agent's instructions) to be held subject to the terms of this Agreement; and if any of the Pledged Security Certificates have been registered in the name of the Agent or its nominee, the Agent shall execute and deliver (or cause to be executed and delivered) to such Debtor all such dividend orders and other instruments as such Debtor may request for the purpose of enabling such Debtor to receive the dividends, distributions or other payments which such Debtor is authorized to receive and retain pursuant to this Section. If an Event of Default has occurred and is continuing, all rights of such Debtor pursuant to this Section shall cease and the Agent shall have the sole and exclusive right and authority to receive and retain the cash dividends, interest, principal payments and other forms of cash distribution which such Debtor would otherwise be authorized to retain pursuant to this Section. Any money and other property paid over to or received by the Agent pursuant to the provisions of this Section shall be retained by the Agent as additional Collateral hereunder and be applied in accordance with the provisions of this Agreement.

10.    **Rights on Event of Default**. If an Event of Default has occurred and is continuing, then and in every such case the Security Interests of each Debtor shall become enforceable and the Agent, in addition to any rights now or hereafter existing under applicable Law may, personally or by agent, at such time or times as the Agent in its discretion may determine, do any one or more of the following:

(a)    Rights under PPSA, etc. Exercise against any or all Debtors all of the rights and remedies granted to secured parties under the PPSA and any other applicable statute, or otherwise available to the Agent by contract, at law or in equity.

(b)    Demand Possession. Demand possession of any or all of the Collateral of any or all Debtors, in which event each such Debtor shall, at the expense of such Debtor, immediately cause the Collateral of such Debtor designated by the Agent to be assembled and made available and/or delivered to the Agent at any place designated by the Agent.

(c)    Take Possession. Enter on any premises where any Collateral of any or all Debtors is located and take possession of, disable or remove such Collateral.

(d)    Deal with Collateral. Hold, store and keep idle, or operate, lease or otherwise use or permit the use of, any or all of the Collateral of any or all Debtors for such time and on such terms as the Agent may determine, and demand, collect and retain all earnings and other sums due or to become due from any Person with respect to any of the Collateral of any or all Debtors.

(e)     Carry on Business.  Carry on, or concur in the carrying on of, any or all of the business or undertaking of any or all Debtors and enter on, occupy and use (without charge by such Debtor) any of the premises, buildings, plant and undertaking of, or occupied or used by, any or all Debtors.

(f)     Enforce Collateral.  Seize, collect, receive, enforce or otherwise deal with any Collateral of any or all Debtors in such manner, on such terms and conditions and at such times as the Agent deems advisable.

(g)     Dispose of Collateral.  Realize on any or all of the Collateral of any or all Debtors and sell, lease, assign, give options to purchase, or otherwise dispose of and deliver any or all of the Collateral of any or all Debtors (or contract to do any of the above), in one or more parcels at any public or private sale, at any exchange, broker's board or office of the Agent or elsewhere, with or without advertising or other formality, except as required by applicable Law, on such terms and conditions as the Agent may deem advisable and at such prices as it may deem best, for cash or on credit or for future delivery.

(h)     Court-Approved Disposition of Collateral.  Obtain from any court of competent jurisdiction an order for the sale or foreclosure of any or all of the Collateral of any or all Debtors.

(i)     Purchase by Agent.  At any public sale, and to the extent permitted by Law on any private sale, bid for and purchase any or all of the Collateral of any or all Debtors offered for sale and, upon compliance with the terms of such sale, hold, retain, sell or otherwise dispose of such Collateral without any further accountability to any Debtor or any other Person with respect to such holding, retention, sale or other disposition, except as required by Law.  In any such sale to the Agent, the Agent may, for the purpose of making payment for all or any part of the Collateral of any Debtor so purchased, use any claim for any or all of the Secured Liabilities of such Debtor then due and payable to it as a credit against the purchase price.

(j)     Collect Accounts.  Notify (whether in its own name or in the name of any Debtor) the account debtors under any Accounts of any or all Debtors of the assignment of such Accounts to the Agent and direct such account debtors to make payment of all amounts due or to become due to any or all Debtors with respect to such Accounts directly to the Agent and, upon such notification and at the expense of any such Debtor, enforce collection of any such Accounts, and adjust, settle or compromise the amount or payment of such Accounts, in such manner and to such extent as the Agent deems appropriate in the circumstances.

(k)     Transfer of Collateral.  Transfer any Collateral of any or all Debtors that is Pledged Shares into the name of the Agent or its nominee.

(l)     Voting.  Vote any or all of the Pledged Shares of any or all Debtors (whether or not transferred to the Agent or its nominee) and give or withhold all consents,

waivers and ratifications with respect thereto and otherwise act with respect thereto as though it were the outright owner thereof.

(m)    <u>Exercise Other Rights</u>.  Exercise any and all rights, privileges, entitlements and options pertaining to any Collateral of any or all Debtors that is Pledged Shares as if the Agent were the absolute owner of such Pledged Shares.

(n)    <u>Dealing with Contracts and Permits</u>.  Deal with any and all Contracts and Permits of any or all Debtors to the same extent as any such Debtor might (including the enforcement, realization, sale, assignment, transfer, and requirement for continued performance), all on such terms and conditions and at such time or times as may seem advisable to the Agent.

(o)    <u>Payment of Liabilities</u>.  Pay any liability secured by any Lien against any Collateral of any or all Debtors.  Each such Debtor shall immediately on demand reimburse the Agent for all such payments and, until paid, any such reimbursement obligation shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

(p)    <u>Borrow and Grant Liens</u>.  Borrow money for the maintenance, preservation or protection of any Collateral of any or all Debtors or for carrying on any of the business or undertaking of any or all Debtors and grant Liens on any Collateral of any or all Debtors (in priority to the Security Interests of any or all Debtors or otherwise) as security for the money so borrowed.  Each such Debtor shall immediately on demand reimburse the Agent for all such borrowings and, until paid, any such reimbursement obligations shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

(q)    <u>Appoint Receiver</u>.  Appoint by instrument in writing one or more Receivers of any or all Debtors or any or all of the Collateral of any or all Debtors with such rights, powers and authority (including any or all of the rights, powers and authority of the Agent under this Agreement) as may be provided for in the instrument of appointment or any supplemental instrument, and remove and replace any such Receiver from time to time.  To the extent permitted by applicable Law, any Receiver appointed by the Agent shall (for purposes relating to responsibility for the Receiver's acts or omissions) be considered to be the agent of any such Debtor and not of the Agent or any of the other Secured Parties.

(r)    <u>Court-Appointed Receiver</u>.  Obtain from any court of competent jurisdiction an order for the appointment of a Receiver of any or all Debtors or of any or all of the Collateral of any or all Debtors.

(s)    <u>Consultants</u>.  Require any or all Debtors to engage a consultant of the Agent's choice, or engage a consultant on its own behalf, such consultant to receive the full cooperation and support of each such Debtor and its agents and employees,

including unrestricted access to the premises of each such Debtor and the Books and Records of each such Debtor; all reasonable fees and expenses of such consultant shall be for the account of each such Debtor and each such Debtor hereby authorizes any such consultant to report directly to the Agent and to disclose to the Agent any and all information obtained in the course of such consultant's employment.

The Agent may exercise any or all of the foregoing rights and remedies without demand of performance or other demand, presentment, protest, advertisement or notice of any kind (except as required by applicable Law) to or on any Debtor or any other Person, and each Debtor hereby waives each such demand, presentment, protest, advertisement and notice to the extent permitted by applicable Law.  None of the above rights or remedies shall be exclusive of or dependent on or merge in any other right or remedy, and one or more of such rights and remedies may be exercised independently or in combination from time to time.  Each Debtor acknowledges and agrees that any action taken by the Agent hereunder following the occurrence and during the continuance of an Event of Default shall not be rendered invalid or ineffective as a result of the curing of the Event of Default on which such action was based.

11.    **Realization Standards**.  To the extent that applicable Law imposes duties on the Agent to exercise remedies in a commercially reasonable manner and without prejudice to the ability of the Agent to dispose of the Collateral in any such manner, each Debtor acknowledges and agrees that it is not commercially unreasonable for the Agent to (or not to) (a) incur expenses reasonably deemed significant by the Agent to prepare the Collateral of such Debtor for disposition or otherwise to complete raw material or work in process into finished goods or other finished products for disposition, (b) fail to obtain third party consents for access to the Collateral of such Debtor to be disposed of, (c) fail to exercise collection remedies against account debtors or other Persons obligated on the Collateral of such Debtor or to remove Liens against the Collateral of such Debtor, (d) exercise collection remedies against account debtors and other Persons obligated on the Collateral of such Debtor directly or through the use of collection agencies and other collection specialists, (e) dispose of Collateral of such Debtor by way of public auction, public tender or private contract, with or without advertising and without any other formality, (f) contact other Persons, whether or not in the same business of such Debtor, for expressions of interest in acquiring all or any portion of the Collateral of such Debtor, (g) hire one or more professional auctioneers to assist in the disposition of the Collateral of such Debtor, whether or not such Collateral is of a specialized nature or an upset or reserve bid or price is established, (h) dispose of the Collateral of such Debtor by utilizing internet sites that provide for the auction of assets of the types included in such Collateral or that have the reasonable capacity of doing so, or that match buyers and sellers of assets, (i) dispose of assets in wholesale rather than retail markets, (j) disclaim disposition warranties, such as title, possession or quiet enjoyment, (k) purchase insurance or credit enhancements to insure the Agent against risks of loss, collection or disposition of the Collateral of such Debtor or to provide to the Agent a guaranteed return from the collection or disposition of such Collateral, (l) to the extent deemed appropriate by the Agent, obtain the services of other brokers, investment bankers, consultants and other professionals to assist the Agent in the collection or disposition of any of the Collateral of such Debtor, (m) dispose of Collateral of such Debtor in whole or in part, and (n) dispose of

22976971.15                                                                      *Iovate GSA*

Collateral of such Debtor to a customer of the Agent, and (o) establish an upset or reserve bid price with respect to Collateral of such Debtor.

12.    **Grant of Licence**.  For the purpose of enabling the Agent to exercise its rights and remedies under this Agreement when the Agent is entitled to exercise such rights and remedies, and at no other time and for no other purpose, each Debtor grants to the Agent an irrevocable (for clarity, only during the time the Agent is entitled to exercise its rights and remedies under this Agreement), non-exclusive licence (exercisable without payment of royalty or other compensation to such Debtor) to use, license or sublicence any or all of the Intellectual Property Rights of such Debtor, including in such licence reasonable access to all media in which any of the licensed items may be recorded or stored and to all computer programs used for the compilation or printout of the same, in each case, subject to any Grantor's security policies and obligations of confidentiality; provided, however, that nothing in this Section 12 shall require a Debtor to grant any license that is prohibited by any applicable Law, statute or regulation or is prohibited by, or constitutes a breach or default under or results in the termination of or gives rise to any right of acceleration, modification or cancellation under any contract, license, agreement, instrument or other document evidencing, giving rise to a right to use or therefore granted with respect to such property.  For any trade-marks, get up and trade dress and other business indicia, such licence includes an obligation on the part of the Agent to maintain the standards of quality maintained by such Debtor.  For copyright works, such licence shall include the benefit of any waivers of moral rights and similar rights available to such Debtor.

13.    **Securities Laws**.  The Agent is authorized, in connection with any offer or sale of any Pledged Shares of any Debtor, to comply with any limitation or restriction as it may be advised by counsel is necessary to comply with applicable Law, including compliance with procedures that may restrict the number of prospective bidders and purchasers, requiring that prospective bidders and purchasers have certain qualifications, and restricting prospective bidders and purchasers to Persons who will represent and agree that they are purchasing for their own account or investment and not with a view to the distribution or resale of such Securities.  In addition to and without limiting Section 11, each Debtor further agrees that compliance with any such limitation or restriction shall not result in a sale being considered or deemed not to have been made in a commercially reasonable manner, and the Agent shall not be liable or accountable to such Debtor for any discount allowed by reason of the fact that such Pledged Shares are sold in compliance with any such limitation or restriction.  If the Agent chooses to exercise its right to sell any or all Pledged Shares of any Debtor, upon written request, such Debtor shall cause each applicable Pledged Issuer to furnish to the Agent all such information as the Agent may request in order to determine the number of shares and other instruments included in the Collateral of such Debtor which may be sold by the Agent in exempt transactions under any Laws governing securities, and the rules and regulations of any applicable securities regulatory body thereunder, as the same are from time to time in effect.

14.    **ULC Shares**.  Each Debtor acknowledges that certain of the Collateral of such Debtor may now or in the future consist of ULC Shares, and that it is the intention of the Agent and each Debtor that neither the Agent nor any other Secured Party should under any circumstances prior to realization thereon be held to be a "member" or a "shareholder", as applicable, of a ULC for the purposes of any ULC Laws.  Therefore, notwithstanding any provisions to the contrary

contained in this Agreement, the Credit Agreement or any other Transaction Document, where a Debtor is the registered owner of ULC Shares which are Collateral of such Debtor, such Debtor shall remain the sole registered owner of such ULC Shares until such time as such ULC Shares are effectively transferred into the name of the Agent, any other Secured Party, or any other Person on the books and records of the applicable ULC. Accordingly, each Debtor shall be entitled to receive and retain for its own account any dividend on or other distribution, if any, with respect to such ULC Shares (except for any dividend or distribution comprised of Pledged Security Certificates of such Debtor, which shall be delivered to the Agent to hold hereunder) and shall have the right to vote such ULC Shares and to control the direction, management and policies of the applicable ULC to the same extent as such Debtor would if such ULC Shares were not pledged to the Agent pursuant hereto. Nothing in this Agreement, the Credit Agreement or any other Transaction Document is intended to, and nothing in this Agreement, the Credit Agreement or any other Transaction Document shall, constitute the Agent, any other Secured Party, or any other Person other than the applicable Debtor, a member or shareholder of a ULC for the purposes of any ULC Laws (whether listed or unlisted, registered or beneficial), until such time as notice is given to such Debtor and further steps are taken pursuant hereto or thereto so as to register the Agent, any other Secured Party, or such other Person, as specified in such notice, as the holder of the ULC Shares. To the extent any provision hereof would have the effect of constituting the Agent or any other Secured Party as a member or a shareholder, as applicable, of any ULC prior to such time, such provision shall be severed herefrom and shall be ineffective with respect to ULC Shares which are Collateral of any Debtor without otherwise invalidating or rendering unenforceable this Agreement or invalidating or rendering unenforceable such provision insofar as it relates to Collateral of any Debtor which is not ULC Shares. Except upon the exercise of rights of the Agent to sell, transfer or otherwise dispose of ULC Shares in accordance with this Agreement, each Debtor shall not cause or permit, or enable a Pledged Issuer that is a ULC to cause or permit, the Agent or any other Secured Party to: (a) be registered as a shareholder or member of such Pledged Issuer; (b) have any notation entered in their favour in the share register of such Pledged Issuer; (c) be held out as shareholders or members of such Pledged Issuer; (d) receive, directly or indirectly, any dividends, property or other distributions from such Pledged Issuer by reason of the Agent holding the Security Interests over the ULC Shares; or (e) act as a shareholder of such Pledged Issuer, or exercise any rights of a shareholder including the right to attend a meeting of shareholders of such Pledged Issuer or to vote its ULC Shares.

15.    **Application of Proceeds**.    All Proceeds of Collateral of any Debtor received by the Agent or a Receiver shall be applied as set out in the Credit Agreement.

16.    **Continuing Liability of Debtor**.    Each Debtor shall remain liable for any Secured Liabilities of such Debtor that are outstanding following realization of all or any part of the Collateral of such Debtor and the application of the Proceeds thereof.

17.    **Agent's Appointment as Attorney-in-Fact**.    Effective upon the occurrence and during the continuance of an Event of Default, each Debtor constitutes and appoints the Agent and any officer or agent of the Agent, with full power of substitution, as such Debtor's true and lawful attorney-in-fact with full power and authority in the place of such Debtor and in the name of such Debtor or in its own name, from time to time in the Agent's discretion, to take any and all

*Iovate GSA*

appropriate action and to execute any and all documents and instruments as, in the opinion of such attorney, may be necessary or desirable to accomplish the purposes of this Agreement. Without limiting the effect of this Section, each Debtor grants the Agent an irrevocable proxy to vote the Pledged Shares of such Debtor and to exercise all other rights, powers, privileges and remedies to which a holder thereof would be entitled (including giving or withholding written consents of shareholders, calling special meetings of shareholders and voting at such meetings), which proxy shall be effective, automatically and without the necessity of any action (including any transfer of any Pledged Shares of such Debtor on the books and records of a Pledged Issuer or Pledged Securities Intermediary, as applicable), upon the occurrence of an Event of Default. These powers are coupled with an interest and are irrevocable until the Lender Termination Date. Nothing in this Section affects the right of the Agent as secured party or any other Person on the Agent's behalf, to sign and file or deliver (as applicable) all such financing statements, financing change statements, notices, verification statements and other documents relating to the Collateral and this Agreement as the Agent or such other Person considers appropriate. Each Debtor hereby ratifies and confirms, and agrees to ratify and confirm, whatever lawful acts the Agent or any of the Agent's sub-agents, nominees or attorneys do or purport to do in exercise of the power of attorney granted to the Agent pursuant to this Section.

18.     **Performance by Agent of Debtor's Obligations**.   If any Debtor fails to perform or comply with any of the obligations of such Debtor under this Agreement, the Agent may, but need not, perform or otherwise cause the performance or compliance of such obligation, provided that such performance or compliance shall not constitute a waiver, remedy or satisfaction of such failure.  The expenses of the Agent incurred in connection with any such performance or compliance shall be payable by such Debtor to the Agent immediately on demand, and until paid, any such expenses shall form part of the Secured Liabilities of such Debtor and shall be secured by the Security Interests of such Debtor.

19.     **Severability**.  Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability and shall be severed from the balance of this Agreement, all without affecting the remaining provisions of this Agreement or affecting the validity or enforceability of such provision in any other jurisdiction.

20.     **Rights of Agent; Limitations on Agent's Obligations**.

(a)     Limitations on Liability of Secured Parties.  Neither the Agent nor any other Secured Party shall be liable to any Debtor or any other Person for any failure or delay in exercising any of the rights of such Debtor under this Agreement (including any failure to take possession of, collect, sell, lease or otherwise dispose of any Collateral of such Debtor, or to preserve rights against prior parties).  Neither the Agent, any other Secured Party, a Receiver, nor any agent thereof (including, in Alberta or British Columbia, any sheriff) is required to take, or shall have any liability for any failure to take or delay in taking, any steps necessary or advisable to preserve rights against other Persons under any Collateral of any Debtor in its possession.  Neither the Agent, any other Secured Party, any Receiver, nor any agent thereof shall be liable for any, and each Debtor

shall bear the full risk of all, loss or damage to any and all of the Collateral of such Debtor (including any Collateral of such Debtor in the possession of the Agent, any other Secured Party, any Receiver, or any agent thereof) caused for any reason other than the gross negligence or wilful misconduct of the Agent, such other Secured Party, such Receiver or such agent thereof (or their respective officers, employees or representatives).

(b)     Debtors Remain Liable under Accounts and Contracts.  Notwithstanding any provision of this Agreement, each Debtor shall remain liable under each of the documents giving rise to the Accounts of such Debtor and under each of the Contracts of such Debtor to observe and perform all the conditions and obligations to be observed and performed by such Debtor thereunder, all in accordance with the terms of each such document and Contract.  Neither the Agent nor any other Secured Party shall have any obligation or liability under any Account of any Debtor (or any document giving rise thereto) or Contract of any Debtor by reason of or arising out of this Agreement or the receipt by the Agent of any payment relating to such Account or Contract pursuant hereto, and in particular (but without limitation), neither the Agent nor any other Secured Party shall be obligated in any manner to perform any of the obligations of any Debtor under or pursuant to any Account of such Debtor (or any document giving rise thereto) or under or pursuant to any Contract of such Debtor, to make any payment, to make any inquiry as to the nature or the sufficiency of any payment received by it or as to the sufficiency of any performance by any party under any Account of such Debtor (or any document giving rise thereto) or under any Contract of such Debtor, to present or file any claim, to take any action to enforce any performance or to collect the payment of any amounts which may have been assigned to it or to which it may be entitled at any time.

(c)     Collections on Accounts and Contracts.  Each Debtor shall be authorized to, at any time that an Event of Default is not continuing, collect the Accounts of such Debtor and payments under the Contracts of such Debtor in the normal course of the business of such Debtor and for the purpose of carrying on the same.  If required by the Agent at any time, any payments of Accounts of such Debtor or under Contracts of such Debtor, when collected by such Debtor, shall be forthwith (and, in any event, within two Business Days) deposited by such Debtor in the exact form received, duly endorsed by such Debtor to the Agent if required, in a special collateral account maintained by the Agent, and until so deposited, will be held by such Debtor in trust for the Agent, segregated from the other funds of such Debtor.  All such amounts while held by the Agent (or by such Debtor in trust for the Agent) and all income with respect thereto shall continue to be collateral security for the Secured Liabilities and shall not constitute payment thereof until applied as hereinafter provided.  If an Event of Default has occurred and is continuing, the Agent may apply all or any part of the amounts on deposit with respect to such Debtor in said special collateral account on account of the Secured Liabilities of such Debtor in such order as the Agent may elect.  At the Agent's request, such Debtor shall deliver to the Agent any documents evidencing

and relating to the agreements and transactions which gave rise to the Accounts and the Contracts of such Debtor, including all original orders, invoices and shipping receipts.

(d)     Use of Agents.  The Agent may perform any of its rights or duties under this Agreement by or through agents and is entitled to retain counsel and to act in reliance on the advice of such counsel concerning all matters pertaining to its rights and duties under this Agreement.

21.    **Dealings by Agent**.  The Agent shall not be obliged to exhaust its recourse against any Debtor or any other Person or against any other security it may hold with respect to the Secured Liabilities of such Debtor or any part thereof before realizing upon or otherwise dealing with the Collateral of such Debtor in such manner as the Agent may consider desirable.  The Agent and the other Secured Parties may grant extensions of time and other indulgences, take and give up security, accept compositions, grant releases and discharges and otherwise deal with any Debtor and any other Person, and with any or all of the Collateral of any Debtor, and with other security and sureties, as they may see fit, all without prejudice to the Secured Liabilities of any Debtor or to the rights and remedies of the Agent under this Agreement.  The powers conferred on the Agent under this Agreement are solely to protect the interests of the Agent in the Collateral of each Debtor and shall not impose any duty upon the Agent to exercise any such powers.

22.    **Communication**.  Any notice or other communication required or permitted to be given under this Agreement shall be made in accordance with the terms of the Credit Agreement.

23.    **Release of Information**.  Each Debtor authorizes the Agent to provide a copy of this Agreement and such other information as may be requested of the Agent (i) to the extent necessary to enforce the Agent's rights, remedies and entitlements under this Agreement, (ii) to any assignee or prospective assignee of all or any part of its Secured Liabilities, and (iii) as required by applicable Law.

24.    **Expenses; Indemnity; Waiver**.

(a)     The Debtors shall pay (i) all reasonable and documented out-of-pocket expenses incurred by the Secured Parties, including the reasonable and documented fees, charges and disbursements of one primary counsel for the Secured Parties and all applicable taxes, in connection with the preparation and administration of this Agreement, (ii) all reasonable and documented out-of-pocket expenses incurred by the Secured Parties, including the reasonable and documented fees, charges and disbursements of one primary counsel for the Secured Parties and applicable taxes, in connection with any amendments, modifications or waivers of the provisions hereof, and (iii) all out-of-pocket expenses incurred by the Secured Parties, including the fees, charges and disbursements of any counsel for the Secured Parties and all applicable taxes, in connection with the assessment, enforcement or protection of their rights in connection with this Agreement, including its rights under this Section, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations with respect to the

Loans of such Debtor, in each case to the extent the Borrowers would be required to do so pursuant to Section 9.3(1) of the Credit Agreement.

(b)     Each Debtor shall indemnify, in to the extent the Borrowers would be required to do so pursuant to Section 9.3(1) of the Credit Agreement, the Secured Parties against, and hold the Secured Parties harmless from, any and all losses, claims, cost recovery actions, damages, expenses and liabilities of whatsoever nature or kind and all reasonable out-of-pocket expenses and all applicable taxes to which any Secured Party may become subject arising out of or in connection with (i) the execution or delivery of this Agreement and the performance by such Debtor of its obligations hereunder, (ii) any actual or prospective claim, litigation, investigation or proceeding relating to this Agreement or the Secured Liabilities of such Debtor, whether based on contract, tort or any other theory and regardless of whether any Secured Party is a party thereto, (iii) any other aspect of this Agreement, or (iv) the enforcement of the Secured Parties' rights hereunder and any related investigation, defence, preparation of defence, litigation and enquiries; provided that such indemnity shall not, as to any Secured Party, be available to the extent such losses, claims, damages, liabilities or related expenses (x) are determined by a court of competent jurisdiction by final and nonappealable judgment to have resulted from the gross negligence (it being acknowledged that ordinary negligence does not necessarily constitute gross negligence) or wilful misconduct of or material breach of this Agreement by such Secured Party, (y) result from a claim brought by any Group Party for a material breach of such Secured Party's obligations under this Agreement if such Group Party has obtained a final and nonappealable judgment by a court of competent jurisdiction in such Group Party's favor on such claim or (z) result from a proceeding that does not involve an act or omission by a Borrower or any of its Affiliates and that is brought by a Secured Party (or a Related Party thereto) against any other Secured Party (or a Related Party thereto) (other than a proceeding that is brought against the Agent or an Arranger in its capacity as such).

(c)     No claim may be made by any Debtor, any Secured Party or any other Person against any party hereto on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, or in connection with, or as a result of, this Agreement, or any act, omission or event occurring in connection applicable law all such claims, whether or not accrued and whether or not known or suspected to exist in its favour.

(d)     All amounts due under this Section shall be payable to the Agent for the benefit of the applicable Secured Parties not later than 10 Business Days after written demand therefor.

(e)     The indemnifications set out in this Section shall survive the Lender Termination Date and the release or extinguishment of the Security Interests.

*Iovate GSA*

25.     **Release of Debtor**.  On the Lender Termination Date, each Debtor shall be released from the Liens created hereunder, and this Agreement and all obligations of the Debtors under this Agreement shall terminate, all without delivery of any instrument or performance of any act by any Person. Upon the written request of any Debtor given at any time on or after the Lender Termination Date, or as permitted pursuant to the Credit Agreement, the Agent shall at the expense of such Debtor, execute and deliver to such Debtor such releases and discharges as such Debtor may reasonably request.

26.     **Additional Security**.  This Agreement is in addition to, and not in substitution of, any and all other security previously or concurrently delivered by any Debtor or any other Person to any Secured Party, all of which other security shall remain in full force and effect.

27.     **Alteration or Waiver**.   None of the terms or provisions of this Agreement may be waived, amended, supplemented or otherwise modified except by a written instrument executed by the Agent.  The Secured Parties shall not, by any act or delay, be deemed to have waived any right or remedy hereunder or to have acquiesced in any Event of Default or in any breach of any of the terms and conditions hereof.  No failure to exercise, nor any delay in exercising, on the part of any Secured Party, any right, power or privilege hereunder shall operate as a waiver thereof.  No single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power or privilege.  A waiver by any Secured Party of any right or remedy hereunder on any one occasion shall not be construed as a bar to any right or remedy which the Agent would otherwise have on any future occasion.  Neither the taking of any judgment nor the exercise of any power of seizure or sale shall extinguish the liability of any Debtor to pay the Secured Liabilities of such Debtor, nor shall the same operate as a merger of any covenant contained in this Agreement or of any other liability, nor shall the acceptance of any payment or other security constitute or create any novation.

28.     **Environmental Indemnity**.  Each Debtor shall indemnify the Secured Parties and hold the Secured Parties harmless against and from all losses, costs, damages and expenses which any Secured Party may sustain, incur or be or become liable at any time whatsoever for by reason of or arising in connection with any Environmental Liability to the extent the Borrowers would be required to do so pursuant to Section 9.3(2) of the Credit Agreement.  This indemnification shall survive the Lender Termination Date.

29.     **Amalgamation**.  If any Debtor is a corporation, such Debtor acknowledges that if it amalgamates or merges with any other corporation or corporations, then (i) the Collateral and the Security Interests of such Debtor shall extend to and include all the property and assets of the amalgamated corporation and to any property or assets of the amalgamated corporation thereafter owned or acquired, (ii) the term "Debtor", where used in this Agreement, shall extend to and include the amalgamated corporation, and (iii) the term "Secured Liabilities", where used in this Agreement, shall extend to and include the Secured Liabilities of the amalgamated corporation.

30.     **Governing Law; Attornment**.  This Agreement shall be governed by and construed in accordance with the Laws of the Province of Ontario.  Without prejudice to the ability of the Agent to enforce this Agreement in any other proper jurisdiction, each Debtor irrevocably

submits and attorns to the non-exclusive jurisdiction of the courts of such province. To the extent permitted by applicable Law, each Debtor irrevocably waives any objection (including any claim of inconvenient forum) that it may now or hereafter have to the venue of any legal proceeding arising out of or relating to this Agreement in the courts of such Province.

31. **Interpretation**. The definitions of terms herein shall apply equally to the singular and plural forms of the terms defined. Whenever the context may require, any pronoun shall include the corresponding masculine, feminine and neuter forms. The words "include", "includes" and "including" shall be deemed to be followed by the phrase "without limitation". The word "or" is disjunctive; the word "and" is conjunctive. The word "shall" is mandatory; the word "may" is permissive. Unless the context requires otherwise (a) any definition of or reference to any agreement, instrument or other document herein shall be construed as referring to such agreement, instrument or other document as from time to time amended, supplemented or otherwise modified (subject to any restrictions on such amendments, supplements or modifications set out herein), (b) any reference herein to any statute or any section thereof shall, unless otherwise expressly stated, be deemed to be a reference to such statute or section as amended, restated or re-enacted from time to time, (c) any reference herein to any Person shall be construed to include such Person's successors and permitted assigns, (d) the words "herein", "hereof" and "hereunder", and words of similar import, shall be construed to refer to this Agreement in its entirety and not to any particular provision hereof, and (e) all references herein to Sections and Schedules shall be construed to refer to Sections and Schedules to, this Agreement, Section headings are for convenience of reference only, are not part of this Agreement and shall not affect the construction of, or be taken into consideration in interpreting, this Agreement. Any reference in this Agreement to a Permitted Lien is not intended to subordinate or postpone, and shall not be interpreted as subordinating or postponing, or as any agreement to subordinate or postpone, any Security Interest to any Permitted Lien. In accordance with the *Property Law Act* (British Columbia), the doctrine of consolidation applies to this Agreement.

32. **Paramountcy.** In the event of any conflict or inconsistency between the provisions of this Agreement and the provisions of the Credit Agreement then, notwithstanding anything contained in this Agreement, the provisions contained in the Credit Agreement shall prevail to the extent of such conflict or inconsistency and the provisions of this Agreement shall be deemed to be amended to the extent necessary to eliminate such conflict or inconsistency, it being understood that the purpose of this Agreement is to add to, and not detract from, the rights granted to the Agent (for its own benefit and for the benefit of the other Secured Parties) under the Credit Agreement. If any act or omission of any or all Debtors is expressly permitted under the Credit Agreement but is expressly prohibited under this Agreement, such act or omission shall be permitted. If any act or omission is expressly prohibited under this Agreement, but the Credit Agreement does not expressly permit such act or omission, or if any act is expressly required to be performed under this Agreement but the Credit Agreement does not expressly relieve any or all Debtors from such performance, such circumstance shall not constitute a conflict or inconsistency between the applicable provisions of this Agreement and the provisions of the Credit Agreement.

33.    **Successors and Assigns**.  This Agreement shall enure to the benefit of, and be binding on, each Debtor and its successors and permitted assigns, and shall enure to the benefit of, and be binding on, the Agent and its successors and assigns.  No Debtor may assign this Agreement, or any of its rights or obligations under this Agreement.  The Agent may assign this Agreement and any of  its rights and obligations hereunder to any Person that replaces it in its capacity as such.  If any Debtor or the Agent is an individual, then the term "Debtor" or "Agent", as applicable, shall also include his or her heirs, administrators and executors.

34.    **Additional Debtors**.  Additional Persons may from time to time after the date of this Agreement become Debtors under this Agreement by executing and delivering to the Agent a supplemental agreement (together with all schedules thereto, a "**Supplement**") to this Agreement, in substantially the form attached hereto as Exhibit A.  Effective from and after the date of the execution and delivery by any Person to the Agent of a Supplement:

(a)    such Person shall be, and shall be deemed for all purposes to be, a Debtor under this Agreement with the same force and effect, and subject to the same agreements, representations, indemnities, liabilities, obligations and Security Interests, as if such Person had been an original signatory to this Agreement as a Debtor; and

(b)    all Collateral of such Person shall be subject to the Security Interest from such Person as security for the due payment and performance of the "Liabilities" of such Person in accordance with the provisions of this Agreement.

The execution and delivery of a Supplement by any additional Person shall not require the consent of any Debtor and all of the Secured Liabilities of each Debtor and the Security Interests granted thereby shall remain in full force and effect, notwithstanding the addition of any new Debtor to this Agreement.

35.    **Acknowledgment of Receipt/Waiver**.    Each Debtor acknowledges receipt of an executed copy of this Agreement and, to the extent permitted by applicable Law, waives the right to receive a copy of any financing statement or financing change statement registered in connection with this Agreement or any verification statement issued with respect to any such financing statement or financing change statement.

36.    **Enforcement by Agent**.  This Agreement and the Security Interests may be enforced only by the action of the Agent acting on behalf of the Secured Parties and no other Secured Party shall have any rights individually to enforce or seek to enforce this Agreement or any of the Security Interests, it being understood and agreed that such rights and remedies may be exercised by the Agent for the benefit of the Secured Parties upon the terms of this Agreement.

37.    **Electronic Signature and Counterparts**.  Delivery of an executed signature page to this Agreement by any Debtor by facsimile or other electronic form of transmission shall be as effective as delivery by such Debtor of a manually executed copy of this Agreement by such Debtor.  This Agreement may be executed in counterparts (and by different parties hereto on

different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract.

*[signatures on the next following pages]*

S-1

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

XIWANG IOVATE HEALTH SCIENCE INTERNATIONAL INC.

By: _____

Name:  Di Wang

Title:   Director

S-2

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

IOVATE HEALTH SCIENCES
INTERNATIONAL INC.

By: _____

Name:  Norm Vanderee
Title:    Chief Financial Officer

S-3

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**KERR INVESTMENT HOLDING CORP.**

By: _____

Name:  Norm Vanderee
Title:    Chief Financial Officer

S-4

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**OLD IOVATE INTERNATIONAL INC.**

By: _____

Name:  Norm Vanderee
Title:    Chief Financial Officer

S-5

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**IOVATE HEALTH SCIENCES U.S.A. INC.**

By: _____

Name:  Norm Vanderee

Title:    Chief Financial Officer

S-6

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**OLD NORTHERN INNOVATIONS CORP.**

By: _____

Name:    Norm Vanderee

Title:    Chief Financial Officer

S-7

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

**LAKESIDE INNOVATIONS HOLDING CORP.**

By: _____

Name:  Norm Vanderee

Title:  Chief Financial Officer

S-8

**IN WITNESS WHEREOF** the undersigned has caused this Agreement to be duly executed as of the date first written above.

NORTHERN INNOVATIONS HOLDING
CORP.

By: _____

Name: Norm Vanderee
Title: Chief Financial Officer

# **Exhibit C**

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/10/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secretary of State, CA |
| **Index Searched:** | Certified UCC/Federal & State Liens/Judgment Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/16/2016 | 167561893197 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | U210061381323 | Continuation | |
| 04/24/2024 | U240035957838 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090260P



# Secretary of State

**Business Programs Division**
1500 11th Street,  Sacramento, CA 95814

NO SUBMITTER
NO CITY

Request Date:         12/18/2024 6:34 AM
Information
Request No.:          U240096663030
Certification No.:         276244534

## LIEN SEARCH CERTIFICATE

The search results herein reflect only the specific information requested.  The results of this Debtor search will not reflect variances of this name.  If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted. The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

### Search Criteria:

Debtor Organization: IOVATE HEALTH SCIENCES INTERNATIONAL INC.
Request Type:  Lien Information Request (UCC 11)
All Records On File (Lapsed and Unlapsed), List Only

| Lien Listing |
|---|

| **Lien File No.: 167561893197** | **Filed: 12/16/2016 03:15 PM** | **Lapse: 12/16/2026 11:59 PM** |
|---|---|---|
| Lien Type:    Financing Statement | | |

Debtor(s):      IOVATE HEALTH SCIENCES INTERNATIONAL INC., 381 NORTH SERVICE ROAD WEST CAN

Secured Party(s):  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT, 70 YORK STREET CAN
ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT, 36 YORK MILLS ROAD TORONTO, ON, M2P 0A4 CANADA

***Amendment - Continuation***

Amendment No.: U210061381323          Filed: 06/28/2021 05:00 PM
***Amendment - Change Secured Party (1)***
Amendment No.: U240035957838          Filed: 04/24/2024 06:53 AM

Certification No.:  276244534
Page Count:  2

I, Shirley N. Weber, Ph.D., Secretary of State, do hereby certify that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgment liens, including any change documents relating to them, which name the referenced debtor, subject to any above-stated search qualifiers and are on file in my office as of **12/10/2024 11:59 PM**.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California on December 18, 2024.

**Secretary of State**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**16-7561893197**

**12/16/2016 15:15**

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

58800280004    UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

***PLEASE RETURN TO***

CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|---|
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien  ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor | | | |
| 8. OPTIONAL FILER REFERENCE DATA: Filed with: CA - Secretary of State | 426469 001 orz | | F#550883  A#766290 |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

B0406-2722 06/28/2021 5:00 PM Received by California Secretary of State

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**For Office Use Only**

**-FILED-**

File #: U210061381323
Date Filed: 6/28/2021

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

***PLEASE RETURN TO***

CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
16-7561893197 filed with CA SOS on 12/16/2016

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:
This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with CA SOS          Debtor: Iovate Health Sciences International Inc.          882391-5 kpf

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

U240035957838

B2683-5268 04/24/2024 6:54 AM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U240035957838 |
| Date Filed: 4/24/2024 |

---

Submitter Information:

| | |
| --- | --- |
| Contact Name | KEYLA CORTINAS |
| Organization Name | CAPITOL SERVICES, INC. |
| Phone Number | 800-345-4647 |
| Email Address | kcortinas@capitolservices.com |
| Address | PO BOX 1831 AUSTIN, TX 78767 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 167561893197 |
| Date Filed | 12/16/2016 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| Changed From: HSBC BANK CANADA, AS ADMINISTRATIVE AGENT<br>Changed To: ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | Changed From: CAN 70 YORK STREET TORONTO, ON M5J1S9<br>Changed To: CANADA 36 YORK MILLS ROAD TORONTO, ON, M2P 0A4 , |

---

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name            HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

Optional Filer Reference Information:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - CA - STATE

## CAPITOL SERVICES

| | |
|---|---|
| | 12/23/2024 |
| **Reference:** | 00022043/000960 |
| **Copies Requested:** | All Copies Excluding Lapsed Filings |
| **Copy Cost Limit:** | $100.00 |

| | |
|---|---|
| **Searched Through:** | 11/22/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES U.S.A. INC. |
| **Jurisdiction:** | Secretary of State, DE |
| **Index Searched:** | Certified UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/16/2016 | 20167832585 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON CA |
| 06/28/2021 | 20215018867 | Continuation | |
| 04/24/2024 | 20242713582 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090253R

Page: 1 of 1

# Delaware

*Page 1*

### The First State

*CERTIFICATE*

*SEARCHED DECEMBER 16, 2024 AT 1:16 P.M.*
*FOR DEBTOR, IOVATE HEALTH SCIENCES U.S.A. INC.*

*1 OF 1        FINANCING STATEMENT                    20167832585*

*EXPIRATION DATE: 12/16/2026*
*DEBTOR:    IOVATE HEALTH SCIENCES U.S.A. INC.*

*381 NORTH SERVICE ROAD WEST          ADDED    12-16-16*

*OAKVILLE, ON CA L6MOH4*

*SECURED:    HSBC BANK CANADA, AS ADMINISTRATIVE AGENT*

*70 YORK STREET                       ADDED    12-16-16*

*TORONTO, ON CA M5J1S9                REMOVED 04-24-24*

*SECURED:    ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT*

*36 YORK MILLS ROAD                   ADDED    04-24-24*

*TORONTO, ON,  CA M2P0A4*


*F I L I N G   H I S T O R Y*

*20167832585    FILED 12-16-16    AT 5:40 P.M.    FINANCING STATEMENT*

*20215018867    FILED 06-28-21    AT 1:44 P.M.    CONTINUATION*

*20242713582    FILED 04-24-24    AT 9:52 A.M.    AMENDMENT*



Jeffrey W. Bullock, Secretary of State



# Delaware

### The First State

*Page 2*

### E N D   O F   F I L I N G   H I S T O R Y

*THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE
LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS,
LAPSED FINANCING STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY
INSTRUMENTS FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, IOVATE
HEALTH SCIENCES U.S.A. INC. AS OF NOVEMBER 22, 2024 AT 11:59 P.M.*



Jeffrey W. Bullock, Secretary of State

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE          (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005-1413

Delaware Department of State
U.C.C. Filing Section
Filed: 05:40 PM 12/16/2016
U.C.C. Initial Filing No: 2016 7832585

Service Request No: 20167131053

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Iovate Health Sciences U.S.A. Inc. | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 381 North Service Road West | CITY Oakville | STATE ON | POSTAL CODE L6M OH4 | COUNTRY CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME HSBC Bank Canada, as Administrative Agent | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS 70 York Street | CITY Toronto | STATE ON | POSTAL CODE M5J 1S9 | COUNTRY CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ | held in a Trust (see UCC1Ad, item 17 and Instructions) | being administered by a Decedent's Personal Representative |
|---|---|---|
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien   ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor | | |
| 8. OPTIONAL FILER REFERENCE DATA: Filed with: DE - Secretary of State | | F#550910   A#766321 |

International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:    (Name and Address)

**Delaware Department of State**
**U.C.C. Filing Section**
**Filed: 01:44 PM 06/28/2021**
**U.C.C. Initial Filing No: 2016 7832585**
**Amendment No: 2021 5018867**
**Service Request No:   20212566759**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
20167832585 filed with DE SOS on 12/16/2019

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                     AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:   Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION:   Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name, do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:   ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME |
|---|
| HSBC Bank Canada, as Administrative Agent |

| OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

10. OPTIONAL FILER REFERENCE DATA:
File with NY SOS          Debtor: Iovate Health Sciences U.S.A. Inc.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
KEYLA CORTINAS 800-345-4647

**B. E-MAIL CONTACT AT FILER (optional)**
KCORTINAS@CAPITOLSERVICES.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

CAPITOL SERVICES, INC.

PO BOX 1831

AUSTIN, TX 78767

US

**Delaware Department of State**
**U.C.C. Filing Section**
**Filed: 09:52 AM 04/24/2024**
**U.C.C. Initial Filing No: 2016 7832585**
**Amendment No: 2024 2713582**
**Service Request No:  20241617015**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
20167832585

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☑ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:
This Change affects ☐ Debtor or ☑ Secured Party of record

AND  Check one of these three boxes to:
☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:**  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | | |
| OR  7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | | M2P 0A4 | CA |

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a **DEBTOR**, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
DEBTOR: IOVATE HEALTH SCIENCES U.S.A. INC. - DE - STATE

International Association of Commercial Administrators
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/18/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Recorder of Deeds, DC |
| **Index Searched:** | UCC/UCCFixture/Federal & State Liens/Judgment Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 2016131317 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 2021087272 | Continuation | |
| 04/24/2024 | 2024037825 | Amendment | |

FILINGS THAT MAY AMEND, TERMINATE, OR OTHERWISE AFFECT A FIXTURE FILING BUT THAT ARE NOT ON THE STANDARD UCC FINANCING STATEMENT FORM OR CLEARLY INDEXED AS A FIXTURE FILING MAY NOT BE INCLUDED IN THIS REPORT. A MORTGAGE, DEED OF TRUST, OR OTHER REAL ESTATE DOCUMENT THAT MAY BE EFFECTIVE AS A FIXTURE FILING, WHETHER OR NOT IT CONTAINS A FINANCING STATEMENT, MAY NOT BE INCLUDED IN THIS REPORT, UNLESS SUCH FILING IS INDEXED SOLELY OR INDEPENDENTLY AS A FIXTURE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090255T

**Doc #: 2016131317**
12/19/2016 12:26 PM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE          (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com          426469 001C

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

⌐     NDG
  CORPORATION SERVICE COMPANY
  801 ADLAI STEVENSON DRIVE
  SPRINGFIELD, ILLINOIS 62703
                                         ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

| 7. ALTERNATIVE DESIGNATION (if applicable): | ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA:
Filed with: DC - District of Columbia

F#550907
A#766318

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)          International Association of Commercial Administrators (IACA)

```
Doc #: 2016131317
Filed & Recorded
12/19/2016 12:26 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $25.00
   SURCHARGE               $6.50
TOTAL:                     $31.50
```

Doc #: 2021087272
06/28/2021 12:58 PM

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | 882391 009 |
|---|---|
| B. E-MAIL CONTACT AT FILER (optional) | LHB |

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 2016131317 filed with DC Recorder of Deeds on 12/19/2016 | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record | ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c | ☐ ADD name: Complete item 7a or 7b, and item 7c | ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with DC Recorder of Deeds    Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)
**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

```
Doc #: 2021087272
Filed & Recorded
06/28/2021 12:58 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES        $25.00
   SURCHARGE             $6.50
TOTAL:                   $31.50
```

# UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT SUBMITTER (optional) |
| B. E-MAIL CONTACT AT SUBMITTER (optional) |

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

1458762

Return Acknowledgement to:

Capitol Services, Inc.
PO Box 1831
Austin, TX 78767
800.345.4647

**CAPITOL SERVICES**

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13. |
| **2016131317 Filed On 12/19/2016** | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

3. ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in Item 8 and describe the affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. **PARTY INFORMATION CHANGE:**

Check one of these two boxes:    AND  Check one of these three boxes to:

This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO, ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |

8. **COLLATERAL CHANGE:**  Check only one box:    ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN* collateral

Indicate collateral:    *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC.  - DC - District of Columbia**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

**Doc #: 2024037825**
**Filed & Recorded**
**04/24/2024 10:48 AM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
  **RECORDING FEES**          $25.00
  **SURCHARGE**               $6.50
**TOTAL:**                    $31.50

# CAPITOL SERVICES

294
12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/13/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secured Transaction Registry, FL |
| **Index Searched:** | UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/19/2016 | 201609728694 | Financing Statement | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 20210755917X | Continuation | |
| 04/24/2024 | 202401096416 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090259X

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
DIANA FELIPE                    (212) 530-5000

**B. E-MAIL CONTACT AT FILER (optional)**
dfelipe@milbank.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY  10005-1413

FLORIDA SECURED TRANSACTION REGISTRY

# FILED

**2016 Dec 19 10:56 AM**

****** 201609728694 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

Florida Documentary Stamp Tax is not required.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor | | |
| 8. OPTIONAL FILER REFERENCE DATA: | 426469-1 | F#550878 |
| Filed with: FL - Central Filing Office | | A#766285 |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

FLORIDA SECURED TRANSACTION REGISTRY

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional) | FILED |
| B. E-MAIL CONTACT AT FILER (optional) | 2021 Jun 28 04:30 PM |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address) | ****** 20210755917X ****** |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
201609728694 filed with FL Central Filing Office on 12/19/2016

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:
AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
File with FL Central Filing Office     Debtor: Iovate Health Sciences International Inc.     882391 002

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT SUBMITTER (optional) |
| --- |

| B. E-MAIL CONTACT AT SUBMITTER (optional) |
| --- |

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)          1458762

Return Acknowledgement to:
Capitol Services, Inc.
PO Box 1831
Austin, TX 78767
800-345-4647

CAPITOL
SERVICES

FLORIDA SECURED TRANSACTION REGISTRY

FILED

2024 Apr 24 02:49 PM

****** 202401096416 ******

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION          THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**201609728694 Filed On 12/19/2016**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party(y)(ies) authorizing this Termination Statement

3. ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in item 8 and describe the affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5.    PARTY INFORMATION CHANGE:

Check one of these two boxes:                    AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO, ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |
| --- | --- | --- | --- | --- |

8.    COLLATERAL CHANGE:    Check only one box:    ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN* collateral

Indicate collateral:                              *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
| --- | --- | --- | --- |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - FL - STATE**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, IL

**Thru Date**: 2/12/2024 thru 2/20/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE DIV.

2025 FEB 13  PM 3: 15

**A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)**

**B. E-MAIL CONTACT AT SUBMITTER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Milbank LLP, 55 Hudson Yards
New York, NY 10001/Attn: AIP UCC Committee

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

**FILED**

FEB 1 3 2025

ALEXI GIANNOULIAS
SECRETARY OF STATE

31514770

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | AO | L6M 0H4 | CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name; if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Royal Bank of Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 36 York Mills Road | Toronto | AO | M2P 0A4 | CA |

4. COLLATERAL: This financing statement covers the following collateral:

All assets.

5. Check only if applicable and check only one box:  Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Illinois Secretary of State

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/01/23)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, IN

**Thru Date**: 2/12/2024 thru 2/23/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



**Indiana Secretary of State**

| | |
|---|---|
| **PROCESSING DATE:** | 02/26/2025 |
| **ORDER NUMBER:** | 202502263609575 |

# UCC SEARCH CERTIFICATE

## INFORMATION REQUEST OPTIONS

Search Certificate-Copies

Lapsed and Unlapsed Records

## COPY FILTER OPTIONS

Copies Limited By:

City and State: Not Requested

From Date: Not Requested

Secured Party: Not Requested

## DEBTOR SEARCH CRITERIA

**ORGANIZATION NAME:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.

## SEARCH RESULTS

| | |
|---|---|
| Number of Liens: | 1 |
| Number of Pages in the Search Certificate: | 2 |
| Number of Images: | 2 |

## SEARCH RESULT BEGINS ON PAGE TWO (2).



Indiana Secretary of State

| | |
|---|---|
| **PROCESSING DATE:** | 02/26/2025 |
| **ORDER NUMBER:** | 202502263609575 |

**SEARCH RESULTS**

**DEBTOR NAME:**

Iovate Health Sciences International Inc.        381 North Service Road West, Oakville, ON, L6M 0H4, CA

**SECURED PARTY:**

Royal Bank of Canada, as Admnistrative Agent        36 York Mills Road, Toronto, ON, M2P 0A4, CA

| FILE NUMBER | TYPE | DATE/TIME FILED | PAGE COUNT | LAPSE DATE |
|---|---|---|---|---|
| 202502133291322 | UCC Financing Statement | 02/13/2025 12:01:00 | 2 | 02/13/2030 |

The undersigned Filing Officer hereby certifies that the above certificate, within a reasonable degree of certainty, is a record of all presently effective UCC financing statements which include the requested IOVATE HEALTH SCIENCES INTERNATIONAL INC. and which were filed in this office through 02/23/2025.

*Diego Morales*

DIEGO MORALES,
Indiana Secretary of State

## UCC FINANCING STATEMENT
State Form 50181 (R3 / 9-19)

FILE #:       **202502133291322**
DATE FILED: **13 FEBRUARY 2025 12:01 PM**

*FOLLOW INSTRUCTIONS*

A. NAME & PHONE OF CONTACT AT FILER *(optional)*

B. E-MAIL CONTACT AT FILER *(optional)*

C. SEND ACKNOWLEDGMENT TO: *(Name and Address)*

Milbank LLP
55 Hudson Yards
New York, NY 10001
Attn: AIP UCC Committee

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY.

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) *(Use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name.)*; if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form 1Ad).

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME **Iovate Health Sciences International Inc.** | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS **381 North Service Road West** | CITY **Oakville** | STATE **ON** | POSTAL CODE **L6M 0H4** | COUNTRY **CA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) *(Use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name.)*; if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad).

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY). Provide only one Secured Party name (3a or 3b).

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME **Royal Bank of Canada, as Administrative Agent** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS **36 York Mills Road** | CITY **Toronto** | STATE **ON** | POSTAL CODE **M2P 0A4** | COUNTRY **CA** |

4. COLLATERAL: This financing statement covers the following collateral:
All assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Indiana Secretary of State

UCC FINANCING STATEMENT (Form UCC1)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference:  36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, KY

**Thru Date**: 2/12/2024 thru 2/17/2025

**Results**: 1 Financing Statement

**Total Copies**: 1

Prepared by:  jczajkowski        Email:  jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

**2025-3350850-63.01**
Michael G. Adams
**Kentucky Secretary of State**
File Date      2/12/2025 3:01 PM
Status         Active
Fee            $10.00
Filer          Mmullins

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank LLP
55 Hudson Yards
New York, NY 10001
Attn: AIP UCC Committee

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Iovate Health Sciences International Inc. | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M 0H4 | CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Royal Bank of Canada, as Administrative Agent | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 York Mills Road | Toronto | ON | M2P 0A4 | CA |

4. COLLATERAL: This financing statement covers the following collateral:
All assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility   ☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Kentucky Secretary of State

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)



194 Washington Ave.
Suite 310
Albany, NY 12210
P: 800-828-0938
F: 866-621-3526

**cogencyglobal.com**

2/26/2025

James T. Gaskill
Milbank LLP

Reference: 36930.09300

We have conducted Post Filing Search regarding the following:

**Debtor**: IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Filing Office**: Secretary of State, NV

**Thru Date**: 2/12/2024 thru 2/18/2025

**Results**: 1 Financing Statement
            No Federal Tax Liens

**Total Copies**: 1

Prepared by: jczajkowski        Email: jczajkowski@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



## STATE OF NEVADA

*FRANCISCO V. AGUILAR*
Secretary of State

**RUBEN J. RODRIGUEZ**
*Deputy Secretary for Southern Nevada*

*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2452*

*GABRIEL DI CHIARA*
Chief Deputy Secretary of State

**DEANNA L. REYNOLDS**
*Deputy Secretary for Commercial Recordings*

*401 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7141*

**OFFICE OF THE
SECRETARY OF STATE**

# UCC Search Report

The Nevada Secretary of State hereby certifies that the attached list is a true and exact list of all financing statements or federal tax liens and related subsequent documentation for the debtor below as filed with the Secretary of State's office, Uniform Commercial Code Division, as of the Through Date below.

**Date Searched:** 2/19/2025 10:40:35 AM    **Search Criteria:**
**Searched by:** Shannon Foley
**Filing Chains:** 1

**Good Through Filing Date:** 02/18/2025

**Date Range:** All Available Filings
**Include Filings Outside Range?:** All Available Filings

**Filing Status:** ALL(Lapsed and Unlapsed)
**Include Records:** N/A

**Organization:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.

**Cities:**

---

**Filing Chain#:** 1
**Original File#:** 2025454919-6

**Lapse Date:** 02/12/2030
**Lien Type:** UCC Lien

---

**Filing #:** 2025454919-6    **Filing Date:** 02/12/2025    **Filing Type:** Initial    **Page Count:** 1
11:12 AM    Financing Statement UCC-1

**Debtors**

| Name | Type | Address |
|------|------|---------|
| IOVATE HEALTH SCIENCES INTERNATIONAL INC. | Organization | 381 NORTH SERVICE ROAD WEST OAKVILLE, ON L6M0H-4, CA |

**Secured Parties**

| Name | Type | Address |
|------|------|---------|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | Organization | 36 YORK MILLS ROAD TORONTO, ON M2P0A-4, CA |

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| Filed in the Office of | Initial Filing Number |
|---|---|
| | **2025454919-6** |
| *F H Aguilar* | Filed On |
| | **February 12, 2025 11:12 AM** |
| Secretary of State | Number of Pages |
| State Of Nevada | **1** |

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

> **Milbank LLP**
> **55 Hudson Yards**
> **New York, NY 10001**
> **Attn: AIP UCC Committee**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only <u>one</u> Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Iovate Health Sciences International Inc.** | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **381 North Service Road West** | **Oakville** | **ON** | **L6M 0H4** | **CA** |

2. DEBTOR'S NAME: Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only <u>one</u> Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Royal Bank of Canada, as Administrative Agent** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **36 York Mills Road** | **Toronto** | **ON** | **M2P 0A4** | **CA** |

4. COLLATERAL: This financing statement covers the following collateral:
**All assets.**

5. Check <u>only</u> if applicable and check <u>only</u> one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Nevada Secretary of State**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)   International Association of Commercial Administrators (IACA)

## CAPITOL SERVICES

309
12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/16/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Department of Treasury, NJ |
| **Index Searched:** | Certified UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 51998394 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, NA |
| 12/19/2016 | 51998394 | Additional Secured Party on Record | |
| 06/28/2021 | 51998394 | Continuation | |
| 04/24/2024 | 51998394 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



Page: 1 of 1

9-15090257V

DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE

12/16/2024    UNIFORM COMMERCIAL CODE SECTION                    PAGE 001
PO BOX 303
TRENTON, NJ 08646


SEARCH CERTIFICATE #    50341286
SEARCH CRITERIA:   IOVATE HEALTH SCIENCES INTERNATIONAL INC.


** DEBTOR **              6042631
IOVATE HEALTH SCIENCES INTERNATIONAL INC.
381 NORTH SERVICE ROAD WEST
OAKVILLE, NA L6MOH-4


Secured Party:        HSBC BANK CANADA, AS ADMINISTRATIVE AGENT
70 YORK STREET
TORONTO, NA M5J1S-9

ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT
36 YORK MILLS ROAD
TORONTO, ON, NA M2P0A-4

Filing Number:        51998394
Filing Date:          12/19/2016
Maturity Date:        12/19/2026
Filing History:   12/19/2016        UCC1
06/28/2021        UCC3        Continuation
04/24/2024        UCC3        Amendment


THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE LISTING IS A RECORD OF
ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS WHICH NAME THE ABOVE DEBTOR AND WHICH ARE
ON FILE IN MY OFFICE AS OF 12/16/2024. THIS CERTIFICATE ISSUED ON 12/18/2024 9:07:51
AM.

Elizabeth Maher Muoio
State Treasurer

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>CSC-DXE                          8009279801 | State of New Jersey<br>Department of the Treasury<br>Division of Revenue & Enterprise Services<br>UCC Section<br>Filed |
| B. E-MAIL CONTACT AT FILER (optional)<br>debbie.neisler@cscglobal.com | |
| C. SEND ACKNOWLEDGMENT TO:  (Name and Address)<br><br>CSC-DXE<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703<br>US | Filing Number:51998394<br><br>12/19/16 9:06:03 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME<br>Iovate Health Sciences International Inc. | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>381 North Service Road West | CITY<br>Oakville | STATE<br>NA | POSTAL CODE<br>L6M OH4 | COUNTRY<br>CA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME<br>HSBC Bank Canada, as Administrative Agent | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>70 York Street | CITY<br>Toronto | STATE<br>NA | POSTAL CODE<br>M5J 1S9 | COUNTRY<br>CA |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.
The collateral described herein is within the scope of New Jersey Statute, Title 12A, Chapter 9, pursuant to 12A:9-102 and 12A:9-109.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box:<br>☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | 6b. Check only if applicable and check only one box:<br>☐ Agricultural Lien  ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor | | |
| 8. OPTIONAL FILER REFERENCE DATA:<br>Filed with: NJ - Department of Treasury/Commercial Recording   F#550872 A#766279 | | |

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC                                    2175445900

B. E-MAIL CONTACT AT FILER (optional)
Logan.Hixon@cscglobal.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51998394

06/28/21 11:43:13

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
51998394

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:          AND  Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c.   ☐ ADD name: Complete item 7a or 7b, and item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with NJ SOS        Debtor: Iovate Health Sciences International Inc.

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
|---|---|
| Capitol Services | 8003454647 |

B. E-MAIL CONTACT AT FILER (optional)
emcaliney@capitolservices.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Capitol Services
1501 S MoPac Expy Ste 220
Austin, TX 78746
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51998394

04/24/24 10:30:22

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 51998394 | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☒ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☒ Secured Party of record

AND Check one of these three boxes to:

☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c.   ☐ ADD name: Complete item 7a or 7b, and item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | |
|---|---|---|
| ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | |
| 7b. INDIVIDUAL'S SURNAME | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | NA | M2P 0A4 | CA |

8. ☐ **COLLATERAL CHANGE:**  Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - NJ - STATE

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# CAPITOL SERVICES

**Reference:** 00022043/000960
12/23/2024
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

**Searched Through:** 12/06/2024
**Subject:** IOVATE HEALTH SCIENCES INTERNATIONAL INC.
**Jurisdiction:** Department of State, NY
**Index Searched:** UCC/Federal Lien

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|-----------|--------|----------------|---------------|
| 12/19/2016 | 201612190598446 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/28/2021 | 202106280232552 | Continuation | |
| 04/24/2024 | 202404245597666 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090256U

Page: 1 of 1

224447    DEC

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Diana Felipe    (212) 530-5000

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY  10005-1413

CSC 50 WN
DRAW DO

dfelipe@milbank.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M 0H4 | CAN |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Corporation | Ontario | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

**4. This FINANCING STATEMENT covers the following collateral:**

All Assets.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| **6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    [if applicable] | | **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

| 8. OPTIONAL FILER REFERENCE DATA | |
|---|---|
| Filed with: NY - Secretary of State | F#550867 A#766274 |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**CSC 50 DRAWDOWN**

09244

2021 JUN 28

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 201612190598446 filed with NY SOS on 12/19/2016 | |

2 ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3 ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c, and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address; Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name. Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |
|---|
| HSBC Bank Canada, as Administrative Agent |
| OR 9b. INDIVIDUAL'S LAST NAME    FIRST NAME    MIDDLE NAME    SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA | 882391-8 |
|---|---|
| File with NY SOS    Debtor: Iovate Health Sciences International Inc. | |

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**FILING NUMBER: 202106280232552**

**0760088**        **2024 Apr 24 AM09:53**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Capitol Services, Inc. 800-345-4647

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767, USA
ucc@capitolservices.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #  201612190598446 Filedate: 19-DEC-16 | 1b.  This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

| 2. | | TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement. |
| 3. | | CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law. |
| 4. | | ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9. |

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [ ] Debtor  or [X] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[x] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    [ ] DELETE name: Give record name to be deleted in item 6a or 6b.    [ ] ADD name: Complete item 7a or 7b, and also item 7c, also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME  ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS 36 YORK MILLS ROAD | CITY TORONTO ON | STATE | POSTAL CODE M2P 0A4 | COUNTRY CAN |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | [ ] NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral [ ] deleted  or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA  DEBTOR: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - NY - STATE

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Filing Number-202404245597666

**CAPITOL SERVICES**

| | |
|---|---|
| | 12/23/2024 |
| **Reference:** | 00022043/000960 |
| **Copies Requested:** | All Copies Excluding Lapsed Filings |
| **Copy Cost Limit:** | $100.00 |

| | |
|---|---|
| **Searched Through:** | 12/06/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES U.S.A. INC. |
| **Jurisdiction:** | Department of State, NY |
| **Index Searched:** | UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 201612190598460 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 06/29/2021 | 202106290234748 | Continuation | |
| 04/24/2024 | 202404245597616 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090254S

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

224448          20th DEC 19 ... 9: 30

A. NAME & PHONE OF CONTACT AT FILER [optional]
DIANA FELIPE          (212) 530-5000

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Milbank, Tweed, Hadley & McCloy LLP

28 Liberty Street
New York, NY  10005-1413     CSC 50
                             DRAW DOWN
dfelipe@milbank.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences U.S.A. Inc. | | | | |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M 0H4 | CAN |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION Delaware | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME  insert on one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | CITY | | | |

R | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. This FINANCING STATEMENT covers the following collateral:

All Assets.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | | ☐ All Debtors | ☐ Debtor 1 ☐ Debtor 2 |

| 8. OPTIONAL FILER REFERENCE DATA | | | |
|---|---|---|---|
| Filed with: NY - Secretary of State | | | F#S50911 A#766322 |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV 05/22/02)

**FILING NUMBER: 201612190598460**

093

2021 JUN 29 PM 4:30

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CSC - 50 DRAWDOWN

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
201612190598460 filed with NY SOS on 12/19/2016

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**4.** ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c, and also give name of assignor in item 9

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor _or_ ☐ Secured Party of record. Check only _one_ of these two boxes

Also check _one_ of the following three boxes _and_ provide appropriate information in items 6 and/or 7

☐ CHANGE name and/or address. Please refer to the detailed instructions in regards to changing the name/address of a party.

☐ DELETE name: Give record name to be deleted in item 6a or 6b.

☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable)

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only _one_ box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

**10. OPTIONAL FILER REFERENCE DATA**
File with NY SOS        Debtor: Iovate Health Sciences U.S.A. Inc.        882905-2

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**FILING NUMBER: 202106290234748**

**0760083**    **2024 Apr 24 AM09:52**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Capitol Services, Inc. 800-345-4647**

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

```
Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767, USA
ucc@capitolservices.com
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #   201612190598460 Filedate: 19-DEC-16 | 1b. □ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. □ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. □ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. □ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects □ Debtor  or ☒ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☒ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  □ DELETE name: Give record name to be deleted in item 6a or 6b.  □ ADD name: Complete item 7a or 7b, and also item 7c, also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any □ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral □ deleted  or □ added,  or give entire □ restated collateral description,  or  describe collateral □ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor,  or if this is a Termination authorized by a Debtor, check here □  and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT** | | | |
|---|---|---|---|
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA **DEBTOR: IOVATE HEALTH SCIENCES U.S.A. INC. - NY - STATE**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Filing Number-202404245597616

**CAPITOL SERVICES**

12/23/2024
**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/12/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Secretary of State, OH |
| **Index Searched:** | Certified UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | OH00206725913 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | OH00206725913 | Additional Secured Party on Record | |
| 06/28/2021 | SR728855 | Continuation | |
| 04/24/2024 | SR1245816 | Amendment | |

SEE ATTACHED CERTIFIED OR OTHER SEARCH PERFORMED BY FILING OFFICE.

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090261Q

323

**Frank LaRose**
*Ohio Secretary of State*

| | |
|---|---|
| Processing Date: | 12/18/2024 09:25:47 |
| Customer Order Number: | IN42992 |
| Document Number: | BC1514134 |

---

**INFORMATION OPTIONS SELECTED**

---

**Information Request with Copies**
**All Records (including filings that have lapsed)**

---

**DEBTOR NAME SEARCH CRITERIA**

---

ORGANIZATION'S NAME : IOVATE HEALTH SCIENCES INTERNATIONAL INC.

---

**SEARCH RESULT**

---

| | |
|---|---|
| **Number of Filings:** | 1 |
| **Number of Copied Documents:** | 1 |
| **Number of Copy Pages:** | 4 |

---

**The search results from the records of the office of the Secretary of State based upon the search information you submitted as described in the search criteria section above.**

UNIFORM COMMERCIAL CODE
OFFICE OF THE SECRETARY OF STATE
SIGNATURE OF FILING OFFICER



Ohio Secretary of State
Central Ohio:      (614) 466-3910
Toll Free:          1-877-SOS-FILE (1-877-767-3453)

# UCC11 INFORMATION LISTING

Processing Date:  12/18/2024          Customer Order Number:  IN42992          Document Number:  BC1514134

| Financing Statement | Date/Time | Transaction Code |
|---|---|---|
| OH00206725913 | 12/19/2016 9:00:00 AM | Original |

| Ucc3 List | | |
|---|---|---|
| SR1245816 | 4/24/2024 11:42:00 AM | Party Amendment |
| SR728855 | 6/28/2021 11:53:25 AM | Continuation |

**Debtor List**

IOVATE HEALTH SCIENCES INTERNATIONAL INC.

381 NORTH SERVICE ROAD WEST

OAKVILLE, CD, United States

**Secured Party List**

HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

70 YORK STREET

TORONTO, CD, United States

ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

36 YORK MILLS ROAD

TORONTO, ON, Canada

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C.

CORPORATION SERVICE COMPANY    P
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Iovate Health Sciences International Inc. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 381 North Service Road West | Oakville | ON | L6M 0H4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name: do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HSBC Bank Canada, as Administrative Agent | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: OH - Secretary of State

F#550884
A#766291



| | |
|---|---|
| File No: | SR1245816 |
| FS Number: | OH00206725913 |
| Date Filed: | 24 April 2024 11:42:01 |

# UCC FINANCING STATEMENT AMENDMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Capitol Services

**PHONE NUMBER:** 800-345-4647

**EMAIL CONTACT AT FILER:** emcaliney@capitolservices.com

**SEND ACKNOWLEDGEMENT TO:** Capitol Services
PO BOX 1831
Austin
TEXAS
78767
United States

## PARTY INFORMATION CHANGE

**INITIAL FINANCING STATEMENT FILE NUMBER:**

OH00206725913

**This Change affects:**        Secured Party

CHANGE name and/or address

## CURRENT RECORD INFORMATION or NAME TO BE DELETED

**ORGANIZATION'S NAME:**    HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:**    70 YORK STREET

**CITY:** TORONTO    **STATE:** CD    **POSTAL CODE:** M5J IS9    **COUNTRY:** United States

## CHANGED or ADDED INFORMATION

**ORGANIZATION'S NAME:**    ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:**    36 YORK MILLS ROAD

**CITY:** TORONTO    **STATE:** ON    **POSTAL CODE:** M2P 0A4    **COUNTRY:** Canada

**NAME OF THE PARTY AUTHORIZING THIS AMENDMENT**

Authorized By Existing Secured Party

**Name**                           HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:**        70 YORK STREET

**CITY:**  TORONTO        **STATE:** CD              **POSTAL** M5J IS9          **COUNTRY:** United States
                                                     **CODE:**

**PACKET NUMBER**

1458762.019

**OPTIONAL FILER REFERENCE DATA:**

Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - OH - STATE



| | |
|---|---|
| File No: | SR728855 |
| FS Number: | OH00206725913 |
| Date Filed: | 28 June 2021 11:53:26 |

# UCC FINANCING STATEMENT AMENDMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:**      LHB CSC

**PHONE NUMBER:**      217-544-5900

**EMAIL CONTACT AT FILER:**      logan.hixon@cscglobal.com

**SEND ACKNOWLEDGEMENT TO:**      CSC
801 Adlai Stevenson Drive
Springfield
ILLINOIS
62703
United States

## CONTINUATION

**INITIAL FINANCING STATEMENT FILE NUMBER:**

OH00206725913

**CONTINUATION Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.**

## NAME OF THE PARTY AUTHORIZING THIS AMENDMENT

Authorized By Existing Secured Party

**Name**      HSBC BANK CANADA, AS ADMINISTRATIVE AGENT

**MAILING ADDRESS:**      70 YORK STREET

**CITY:**   TORONTO      **STATE:** CD      **POSTAL CODE:** M5J IS9      **COUNTRY:** United States

## PACKET NUMBER

882391-5

## OPTIONAL FILER REFERENCE DATA:

File with OH SOS Debtor: Iovate Health Sciences International Inc.

**CAPITOL SERVICES**

12/23/2024    329
**Reference:**            00022043/000960
**Copies Requested:**     All Copies Excluding Lapsed Filings
**Copy Cost Limit:**      $100.00

| | |
|---|---|
| **Searched Through:** | 12/16/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Department of State, PA |
| **Index Searched:** | UCC |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 2016121901234 | Financing Statement | HSBC BANK CANADA AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | 2016121901234 | Additional Secured Party on Record | |
| 06/28/2021 | 2021062901450 | Continuation | |
| 04/24/2024 | 20240425085803 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090258W

Filing# : 2016121901234
Date Filed : 12/19/2016
Pedro A. Cortés
Secretary of the Commonwealth

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE  (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

DXE

TCO161219JM1365

Corporation Service Company
Account # 30067

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
Iovate Health Sciences International Inc.

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 381 North Service Road West | Oakville | ON | L6M OH4 | CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
HSBC Bank Canada, as Administrative Agent

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 70 York Street | Toronto | ON | M5J 1S9 | CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility  6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
Filed with: PA - Secretary of the Commonwealth     426469 001 DXE    F#550877  A#766284

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
International Association of Commercial Administrators (IACA)

Filing# : 2021062901450
Date Filed : 06/28/2021
Pennsylvania Department of State

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | | |
|---|---|---|
| | 882391 007 | |
| B. E-MAIL CONTACT AT FILER (optional) | LHB | |
| LSCPa@cscglobal.com | | |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

CSC
Account # 30067

TCO210629DP1605

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER 2016121901234 filed with PA on 12/19/2016 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9 For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:                     AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record        ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE:  Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral

Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME HSBC Bank Canada, as Administrative Agent | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with PA          Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

**Pennsylvania Department of State**

**-FILED-**

Amendment #: 20240425085803
Date Filed: 4/24/2024

888TB-5282 84/24/2024 8:41 AM Received by Pennsylvania Department of State

| A. NAME & PHONE OF CONTACT AT SUBMITTER (optional) | FNS |
| --- | --- |

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Registered Agent Solutions, Inc.

Counter Pick-Up

1458762

**PA DEPT OF STATE**

**APR 2 4 2024**

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**201612190123⁴ Filed On 12/19/2016**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party(ies) authorizing this Termination Statement

3. ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9, check ASSIGN Collateral box in item 8 and describe the affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. **PARTY INFORMATION CHANGE:**

Check one of these two boxes:
This Change affects ☐ Debtor or ☒ Secured Party of record

AND Check one of these three boxes to:
☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME **HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME **ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT**

OR 7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 7c. MAILING ADDRESS **36 YORK MILLS ROAD** | CITY **TORONTO, ON** | STATE | POSTAL CODE **M2P 0A4** | COUNTRY **CAN** |
| --- | --- | --- | --- | --- |

8. **COLLATERAL CHANGE:** Check only one box:
☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:
*Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
**HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - PA - STATE**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

**CAPITOL SERVICES**

| | | | |
|---|---|---|---|
| **Date:** | 12/16/2024 | **Reference:** | 00022043/000960 |
| **Organization:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. | | |
| **Jurisdiction:** | Secretary of State, TX | | |
| **Index Searched:** | UCC/Federal Lien | **Searched Through:** | 12/02/2024 |
| **Copies Requested:** | All Copies Excluding Lapsed Filings | | |
| **Copy Cost Limit:** | $100.00 | | |

THE UNIFORM COMMERCIAL CODE INDEX MAINTAINED BY THE TEXAS SECRETARY OF STATE REFLECTS THE FOLLOWING EFFECTIVE FILINGS THROUGH 12/02/2024:

Financing Statement Number: 16-0040877568 filed on December 19, 2016 at 5:00 PM

DEBTOR:   IOVATE HEALTH SCIENCES INTERNATIONAL INC., 381 NORTH SERVICE ROAD WEST, Oakville ON L6M OH4 CAN

SECURED PARTY:   ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT, 36 YORK MILLS ROAD, TORONTO, ON  M2P 0A4 CAN

SECURED PARTY:   HSBC BANK CANADA, AS ADMINISTRATIVE AGENT, 70 YORK STREET, TORONTO ON M5J 1S9 CAN

CONTINUATION Number:  21-00273649 filed on June 29, 2021 at 08:00 AM

PARTY INFORMATION CHANGE Number:  24-00287231 filed on April 24, 2024 at 08:52 AM

Total Number of Filings:  1

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.**  ★   PO Box 1831  ★   Austin, TX 78767  ★   (800) 345-4647



9-15090262R

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

16-0040877568

12/19/2016 05:00 PM

FILED
TEXAS
SECRETARY OF STATE
SOS

705116590002

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE                    (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)          426469 001
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

RECEIVED
DEC 19 2016
CLK 76

CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, ILLINOIS 62703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Iovate Health Sciences International Inc. | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 381 North Service Road West | CITY Oakville | STATE ON | POSTAL CODE L6M OH4 | COUNTRY CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME HSBC Bank Canada, as Administrative Agent | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS 70 York Street | CITY Toronto | STATE ON | POSTAL CODE M5J 1S9 | COUNTRY CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: TX - Secretary of State

F#550885
A#766292

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11) .

International Association of Commercial Administrators (IACA)

RECEIVED
JUN 29 2021

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

21-00273649
06/29/2021 08:00 AM
FILED
TEXAS
SECRETARY OF STATE
SOS

1062694250002

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| B. E-MAIL CONTACT AT FILER (optional) |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |

Corporation Service Company
211 E. 7th Street
Suite 620
Austin, TX 78701

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER 16-0040877568 filed with TX SOS on 12/19/2016 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9 For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:       AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME |
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
| OR | 7b. INDIVIDUAL'S SURNAME |
| INDIVIDUAL'S FIRST PERSONAL NAME |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME  HSBC Bank Canada, as Administrative Agent |
| OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with TX SOS        Debtor: Iovate Health Sciences International Inc.        882391 004

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS**

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Capitol Services, Inc.
P.O. Box 1831
Austin, TX 78767
USA

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

**FILING NUMBER: 24-00287231**
**FILING DATE: 04/24/2024     08:52 AM**
**DOCUMENT NUMBER: 1357867090001**
**FILED: Texas Secretary of State**
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**16-0040877568**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.
Filer attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of the Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial)  Provide name of Assignee in item 7a or 7b and address of Assignee in item 7c and also name of Assignor in item 9.
For partial assignment  complete item 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes. This Change affects ☐ Debtor or ☑ Secured Party of record. AND Check one of these three boxes to:

☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
6a. ORGANIZATION'S NAME
**HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
7a. ORGANIZATION'S NAME
**ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT**

OR | 7b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **36 YORK MILLS ROAD** | **TORONTO, ON** | | **M2P 0A4** | **CAN** |

8. **COLLATERAL CHANGE:** Check only one box:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor
9a. ORGANIZATION'S NAME
**HSBC BANK CANADA, AS ADMINISTRATIVE AGENT**

OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
**Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - TX - STATE**

FILING OFFICE COPY

# CAPITOL SERVICES

12/23/2024

**Reference:** 00022043/000960
**Copies Requested:** All Copies Excluding Lapsed Filings
**Copy Cost Limit:** $100.00

| | |
|---|---|
| **Searched Through:** | 12/16/2024 |
| **Subject:** | IOVATE HEALTH SCIENCES INTERNATIONAL INC. |
| **Jurisdiction:** | Department of Financial Institutions, WI |
| **Index Searched:** | UCC/Federal Lien |

| FILE DATE | FILE # | TYPE OF FILING | SECURED PARTY |
|---|---|---|---|
| 12/19/2016 | 160016350217 | Financing Statement | HSBC BANK CANADA, AS ADMINISTRATIVE AGENT TORONTO, ON |
| 12/19/2016 | 160016350217 | Additional Secured Party on Record | |
| 06/28/2021 | 20210629000736-4 | Continuation | |
| 04/25/2024 | 20240425000416-6 | Amendment | |

*Capitol Services make no express or implied representation or warranty regarding search reports. All liability shall be limited to the amount of the fee paid for the report.*

**Capitol Services, LLC.** ★ PO Box 1831 ★ Austin, TX 78767 ★ (800) 345-4647



9-15090263S

Page: 1 of 1

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

801 820
16927

**Filing # - 160016350217**

**Filed - 12/19/2016 11:15 AM**

**Page 1 of 1**

**Wisconsin Department of Financial Institutions**

A. NAME & PHONE OF CONTACT AT FILER (optional)
DIANA FELIPE               (212) 530-5000

B. E-MAIL CONTACT AT FILER (optional)
dfelipe@milbank.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Corporation Service Company
301 S. Bedford St. Suite 1
Madison, WI. 53703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME  Iovate Health Sciences International Inc. | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS  381 North Service Road West | CITY  Oakville | STATE ON | POSTAL CODE L6M OH4 | COUNTRY CAN |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME  HSBC Bank Canada, as Administrative Agent | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS  70 York Street | CITY  Toronto | STATE ON | POSTAL CODE M5J 1S9 | COUNTRY CAN |

4. COLLATERAL: This financing statement covers the following collateral:
All Assets.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:  ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:  ☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: WI - Department of Financial Institutions            F#550887  A#766294

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)



1867

Wisconsin Department of Financial Institutions - Uniform
Commercial Code

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

**Filing Number: 20210629000736-4**

Filing Date and Time: 06/28/2021 03:30 PM

Total Number of Pages: 1

*(This document was filed electronically.)*

| A. NAME & PHONE OF CONTACT AT FILER (optional) | 882391 003 |
| --- | --- |
| B. E-MAIL CONTACT AT FILER (optional) | LHB |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Corporation Service Company
301 S. Bedford St. Suite 1
Madison, WI 53703

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER 160016350217 filed with Dept of Financial Institutions on 12/19/2016 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
| --- | --- |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9 For partial assignment, complete items 7 and 9 also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral

Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME HSBC Bank Canada, as Administrative Agent | | | |
| --- | --- | --- | --- |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
File with WI Dept. of Financial Institutions    Debtor: Iovate Health Sciences International Inc.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Wisconsin Department of Financial Institutions - Uniform Commercial Code

**Filing Number: 20240425000416-6**

Filing Date and Time: 04/25/2024 10:45 AM

Total Number of Pages: 1

*(This document was filed electronically.)*

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)          1458762

DANE COUNTY TITLE COMPANY
CORPORATE SERVICES DEPARTMENT
UCC@danecountytitle.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13. |
| 160016350217 Filed On 12/19/2016 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

3. ☐ ASSIGNMENT: Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in Item 8 and describe the affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5.    PARTY INFORMATION CHANGE:

Check one of these two boxes:          AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 36 YORK MILLS ROAD | TORONTO, ON | | M2P 0A4 | CAN |

8.    COLLATERAL CHANGE:    Check only one box:    ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN* collateral

Indicate collateral:          *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME HSBC BANK CANADA, AS ADMINISTRATIVE AGENT | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
Debtor: IOVATE HEALTH SCIENCES INTERNATIONAL INC. - WI - STATE

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

# Exhibit D

# Milbank

**ALEXANDER B. LEES**

*Partner*

55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5161
alees@milbank.com | milbank.com

May 1, 2025

**By Email**

Mark Bettilyon
Peter M. de Jonge
Jed H. Hansen
Thorpe North & Western LLP
8180 South 700 East, Suite 350
Sandy, UT 84070
dejonge@tnw.com
mark.bettilyon@tnw.com
hansen@tnw.com

Daniel S. Silverman
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
dssilverman@venable.com

> Re: Iovate Health Sciences International Inc. and Iovate Health Sciences International U.S.A. Inc.

Counsel:

We write as counsel to Royal Bank of Canada, in its capacity as administrative agent (the "**Agent**") under an Amended and Restated Credit Agreement dated June 30, 2021 (as amended, supplemented, amended and restated, or otherwise modified from time to time, the "**Credit Agreement**"), between, among others, Iovate Health Sciences International Inc. ("**Iovate**") as borrower and the lenders party thereto (the "**Lenders**"). The Agent has become aware that Orgain, Inc. ("**Orgain**") has obtained a judgment against Iovate in the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.* in the United States District Court of the Central District of California, and that it has sought to enforce the judgment by sending notices of levy to account debtors of Iovate, such as Walmart Inc., GNC, and the Franchise Group, and Iovate's subsidiaries, including Iovate Health Sciences International U.S.A. Inc. The Agent understands that as a result of an April 29, 2025, court order, such notices of levy have been vacated and quashed.

The Agent hereby demands that Orgain immediately cease all judgment enforcement efforts that interfere with the Agent's and the Lenders' rights with respect to Iovate, its subsidiaries, and their assets. The Agent, on behalf of the Lenders, holds a prior perfected lien on substantially all of Iovate's, and its material subsidiaries', assets (the "**Collateral**") to secure approximately U.S. $147 million in principal amount of loans under the Credit Agreement.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Collateral includes, without limitation, accounts receivable and their proceeds, including amounts owed to Iovate or its subsidiaries by Walmart Inc. and others. The Agent's and the Lenders' rights with respect to the Collateral are therefore senior to any rights Orgain may have as a later-in-time judgment creditor. By seeking to redirect payments from Iovate's and its subsidiaries' account debtors to itself, Orgain is attempting to improperly interfere with the Agent's and the Lenders' rights under the Credit Agreement and to the Collateral. Orgain has no entitlement to any payment out of the Collateral until the obligations under the Credit Agreement and the related loan documents have been satisfied in full.

If Orgain comes into possession of any portion of the Collateral, whether as a result of future notices of levy or otherwise, the Agent hereby demands that Orgain immediately turn that property over to the Agent, in accordance with its superior rights. If Orgain does not do so, or if it otherwise causes unjustified injury to any of Iovate's senior creditors, or to Iovate or its subsidiaries, then the Agent may be left with no choice but to bring legal action, including claims sounding in conversion.

The Agent reserves all rights. Please be governed accordingly.

Sincerely,

*/s/ Alexander B. Lees*
Alexander B. Lees

cc:
Iovate Health Sciences International, Inc.
Iovate Health Sciences International U.S.A. Inc.

c/o Stanley Panikowski
stanley.panikowski@us.dlapiper.com
DLA Piper
4365 Executive Drive Suite 1100
San Diego, CA 92121

c/o Timothy Blackford
tim@behmerblackford.com
Behmer and Blackford LLP
12526 High Bluff Drive Suite 300
San Diego, CA 92130

c/o Eric Friedman
eric.friedman@mcmillan.ca
McMillan LLP
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ORGAIN, INC.**                                                                              **PLAINTIFF**

**VS.**                                  **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL,**
**INC. AND IOVATE HEALTH SCIENCES INTERNATIONAL**
**U.S.A., INC.**                                                                          **DEFENDANTS**

**BRIEF IN SUPPORT OF ROYAL BANK OF CANADA'S OBJECTION AND**
**MOTION TO QUASH WRIT OF GARNISHMENT**

**I.      INTRODUCTION**

Royal Bank of Canada ("RBC" or the "Agent") is the administrative agent for a

group of lenders, who have loaned money to the defendants in this case, Iovate Health

Sciences International and Iovate Health Sciences Internal U.S.A., Inc. (collectively,

"Iovate"). Plaintiff Orgain, Inc. ("Orgain") has registered a foreign judgment in

Arkansas and now seeks to collect on that judgment by garnishing accounts

receivable owed to Iovate. The problem is that RBC holds a properly perfected prior

in time lien on the same accounts receivable upon which Orgain now seeks to collect

from Walmart.

Because RBC's lien is superior to the lien of Orgain created by the writ of

garnishment, the writ of garnishment should be quashed or, alternatively, any funds

garnished should be paid to RBC to apply to the debts owed to it. RBC seeks to

intervene in this case pursuant to Rule 24 of the Arkansas Rules of Civil Procedure in order to protect its rights to the accounts receivable, among other reasons.

## II.    FACTUAL BACKGROUND

On November 22, 2016, Iovate and its lenders (the "Lenders") entered into a credit agreement providing for about $147 million in loans (as amended, supplemented, amended and restated, or otherwise modified from time to time, the "Credit Agreement"). In accordance with a contemporaneous security agreement (as amended, supplemented, amended and restated, or otherwise modified from time to time the "Security Agreement"), the Agent[1] acquired, for the benefit of the Lenders and to secure the loans, a first-priority lien on substantially all assets of Iovate (the "Collateral").[2] The Collateral includes, among other things, Iovate's accounts receivable and their proceeds, such as amounts owed to Iovate by customers like Walmart.

RBC's security interest in the Collateral was perfected as early as December 19, 2016, through UCC-1 financing statements filed in multiple jurisdictions, including New York, Pennsylvania, Texas, California, Florida, New Jersey, Ohio,

---

[1] The Credit Agreement and Security Agreement designated HSBC Bank Canada as the original administrative agent for the loans. In March 2024, HSBC Holdings sold HSBC Bank Canada to RBC. As a result, RBC became the administrative agent under the Credit Agreement (as successor to HSBC Bank Canada by way of the amalgamation among HSBC Bank Canada and Royal Bank of Canada). The Credit Agreement was most recently amended on February 28, 2025, through the execution of Amending Agreement No. 10, which is Exhibit A to the Andrew O'Coin Declaration submitted herewith.

[2] The Security Agreement is Exhibit B to the Andrew O'Coin Declaration submitted herewith.

Delaware, Wisconsin, and the District of Columbia.[3] Each UCC-1 designated that the collateral included "All Assets." Each of these UCC-1 financing statements was continued in June 2021 and amended as recently as April 2024. The Agent's first-priority security interest in all of Iovate's assets remains valid and perfected today.

No later than July 8, 2024, Iovate had violated at least three financial covenants in the Credit Agreement. These breaches constituted defaults under section 5.1(12) and section 6.1 of the Credit Agreement, and thus gave RBC an immediate right to possess the Collateral.

On November 17, 2024, Orgain obtained a judgment against Iovate in the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.*, 8:18-cv-01253-JLS-ADS, in the United States District Court of the Central District of California (the "California Action"). California Action, Dkt. 523. Orgain then sought to enforce that judgment by sending notices of levy to some of Iovate's wholesale customers—each an account debtor of Iovate. California Action, Dkt. 536. Iovate successfully moved to quash the notices of levy in California for the same or similar reasons that will be articulated in this case. California Action, Dkt. 543.

On May 1, 2025, counsel for RBC sent a letter notifying Orgain of its prior perfected lien on Iovate's assets.[4] RBC demanded that Orgain refrain from judgment enforcement efforts that could interfere with RBC's superior rights in the Collateral,

---

[3] These UCC-1 financing statements are Exhibit C to the Andrew O'Coin Declaration submitted herewith. Additional UCC-1 financing statements were filed in Illinois, Indiana, Kentucky, and Nevada in February 2025.

[4] The letter dated May 1, 2025, is Exhibit D to the Andrew O'Coin Declaration submitted herewith.

such as notices of levy that sought garnishment of Iovate's accounts receivable. Orgain never responded to that correspondence. Rather, in disregard of RBC's rights, Orgain commenced this action on April 29, 2025, seeking to register its California judgment in Arkansas, and then filed a writ of garnishment directed at Walmart on or about June 27, 2025.

### III.   ARGUMENT

#### A.   The Court Should Quash the Writ of Garnishment to Walmart or, in the Alternative, Direct the Garnished Funds to Be Paid to RBC.

Orgain seeks to attach a garnishment lien to Iovate's accounts receivable and to collect Orgain's judgment through execution on the writ of garnishment lien. The problem is Orgain's garnishment lien is junior and inferior to RBC's lien on Iovate's accounts receivable. This is an issue of lien priority. As set out in RBC's Motion to Intervene submitted herewith, RBC seeks an order preventing Orgain from interfering with RBC's superior rights in the property that is the subject of the writ of garnishment. The Court should quash Orgain's writ of garnishment, thereby preserving RBC's rights in the Collateral and preventing Orgain from improperly diverting funds to itself to the detriment of Iovate's senior creditors.

*RBC holds an earlier in time, and thus senior right, in the property that Orgain seeks to garnish*. The "well established rule is that the priority of liens is generally determined by the maxim, first-in-time, first-in-right." *Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 256 S.W.3d 496, 501 (Ark. 2007); *Niedermeier v. Cent. Prod. Credit Ass'n*, 777 S.W.2d 210, 211 (Ark. 1989) ("the first in time, first in right rule prevails" when determining the priority of conflicting

4

security interests). This concept is enshrined in Arkansas's version of the Uniform Commercial Code. *See* Ark. Code Ann. § 4-9-322 ("Conflicting perfected security interests . . . rank according to priority in time of filing or perfection."). A security interest in property is superior to a judgment lien that attached after the security interest was perfected. Ark. Code Ann. § 4-9-317(a)(2)(A); *Slodov v. United States*, 436 U.S. 238, 257 n.22 (1978) ("Under the UCC, a perfected security interest is superior to a judgment lien creditor's claim in the property[.]"); *Sperry Corp. v. Farm Implement, Inc.*, 760 F.2d 196, 198 (8th Cir. 1985) (applying Arkansas law, writing that "the holder of a perfected security interest takes priority over a subsequent lien creditor under the general code principle that gives priority to the earliest perfected security interest").

RBC's security interest in the accounts receivable attached in November 2016, upon execution of the Security Agreement. *See* UCC § 9-203(a) ("A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral."); *see also* Ark. Code Ann. § 4-9-203(a). RBC's security interest was perfected that same month, through the filing of UCC-1 financing statements. *See* UCC § 9-312(a) ("A security interest in chattel paper, negotiable documents, instruments, investment property, and virtual currencies may be perfected by filing.").

By stark contrast, Orgain's judgment against Iovate was not entered until November 2024, nearly eight years after RBC's lien attached and was perfected. Moreover, the writ of garnishment did not even issue until June 27, 2025. As a result,

as a matter of Arkansas law, RBC's rights in Iovate's assets—including with respect to payments due and owing from Walmart to Iovate—are senior to, and take priority over, Orgain's rights. Any lien created by the writ of garnishment is inferior to the lien of RBC. Therefore, any proceeds obtained pursuant to the writ of garnishment should be paid to RBC, as the senior lienholder.

*Allowing Orgain's writ of garnishment to survive will impair RBC's senior rights in the Collateral, improperly subverting the priorities of creditors established under the Uniform Commercial Code*. RBC's security interest is undoubtedly senior to Orgain's judgment lien, such that garnishment should be denied. As explained above, Orgain only became a judgment creditor in November 2024, several years after the security interest in the Collateral was perfected in 2016. Orgain thus took its interest in Iovate's assets subject to that earlier existing lien. Moreover, because of Iovate's several defaults under the Credit Agreement, which it has expressly acknowledged in writing, RBC presently has the right to take possession of its Collateral, including Iovate's accounts receivable and their proceeds. *See* UCC § 9-609(a) ("After default, a secured party . . . [m]ay take possession of the collateral[.]"). RBC should not be foreclosed from exercising its right to take possession of the subject accounts receivable by way of a junior judgment creditor's interest in collecting on a later-in-time judgment.

The Supreme Court of Arkansas has held that garnishment should be denied where a creditor has a superior interest in the property sought to be garnished. *See Gossett v. Merchs. & Planters* Bank, 361 S.W.2d 537, 538 (Ark. 1962). In *Gossett*, the

6

Arkansas Supreme Court held that a savings account that had previously been pledged as security for prior-created promissory notes was "not subject to diversion by garnishment" because the garnishment lien arose after the pledged security interest in the account. *Id.* ("[a]ny possible lien in favor of [the garnishor] dated only from the time the Writ of Garnishment was served."). As in *Gossett*, Orgain's interest in Iovate's assets arose after RBC's security interest in the collateral arose. RBC's interest in substantially all of Iovate's assets, including accounts receivable, was perfected as early as 2016. By contrast, Orgain only became a judgment creditor in November 2024. Accordingly, "there can be no doubt that" Walmart's payments to Iovate are "restricted" and not subject to diversion by garnishment. *Id.*

This Court should follow *Gossett* and the weight of authority holding that garnishment should be quashed in order to prevent impairment of a senior creditor's interests in the property to be garnished. *See, e.g.*, *Fireman's Fund Ins. Co. v. Nw. Paving & Constr. Co.*, 891 P.2d 747, 750 (Wash. Ct. App. 1995) (affirming quash of writ of garnishment where creditor intervened in garnishment proceeding and provided evidence that it had "a superior interest in the funds"); *Wulco, Inc. v. O'Gara Grp., Inc.*, 228 N.E. 3d 167, 171–72 (Ohio Ct. App. 2023) (reversing trial court's grant of garnishment to plaintiff where the intervenor, an earlier secured creditor, had priority to the garnished funds).

If the writ of garnishment is not quashed, Orgain would obtain possession of assets in which RBC has an immediate superior interest. Here, Orgain only has a junior lien, and its interests in Iovate's accounts receivable are subject to RBC's

7

earlier perfected interest in substantially all of Iovate's assets. Under longstanding Arkansas law, a judgment lien attaches to only the property interest that the judgment debtor holds, and such "judgment lien is subject to existing equities of third parties" in the property. *See Snow Bros. Hardware Co. v. Ellis*, 21 S.W.2d 162, 163 (1929). Because Orgain holds a junior interest, it can only take subject to RBC's claims. *See Hardisty v. Jones*, No. 78-203, 1979 WL 774, at \*3 (Ark. Apr. 2, 1979) (holding that a garnishing creditor takes their interest subject to the existing claims of third persons, such that the garnishing creditor may only recover after prior liens are paid).

Finally, if the writ of garnishment is not quashed, judicial economy will be impaired. If Orgain improperly come into possession of Iovate's accounts receivable, to vindicate its senior rights, RBC would need to commence *another* action against Orgain for, among other possibilities, conversion of property. *See* UCC § 9-609 (cmt. § 5) ("Normally, a junior who refuses to relinquish possession of collateral upon the demand of a secured party having a superior possessory right to the collateral would be liable in conversion."). Consequently, RBC would then face credit and collection risk vis-à-vis Orgain. There is no justification for forcing this upon RBC, nor for the resulting waste of judicial resources. The proper outcome is to quash Orgain's writ of garnishment in deference to RBC's superior rights.

Accordingly, RBC respectfully requests that the Court quash the writ of garnishment. In the alternative, should the Court not grant the foregoing relief, RBC respectfully requests that the Court order Orgain to segregate any funds that it

receives from Iovate and turn over such funds to RBC. This relief will preserve RBC's

senior interest in the Collateral and preserve judicial resources.

        Respectfully submitted,

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: abaker@wlj.com; jfair@wlj.com

        By  /s/ Jacob P. Fair
          Adrienne L. Baker (2007159)
          Jacob P. Fair (2015167)

        *Attorneys for Royal Bank of Canada*

**CERTIFICATE OF SERVICE**

I hereby certify that on August ____, 2025, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the attorneys of record in this case.

        /s/ Jacob P. Fair
        Jacob P. Fair

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Aug-13  10:13:42
04CV-25-1607
C19WD05 : 9 Pages

**353**

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ORGAIN, INC.**                                                                              **PLAINTIFF**

**VS.**                   **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATIONAL,**
**INC. AND IOVATE HEALTH SCIENCES**
**INTERNATIONAL U.S.A., INC.**                                            **DEFENDANTS**

<u>**ROYAL BANK OF CANADA'S BRIEF IN SUPPORT**</u>
<u>**OF MOTION TO INTERVENE**</u>

## I.    <u>INTRODUCTION</u>

Non-party Royal Bank of Canada ("<u>RBC</u>" or the "<u>Agent</u>") is the administrative

agent for a group of lenders, who have loaned money to the defendants in this case,

Iovate Health Sciences International and Iovate Health Sciences Internal U.S.A.,

Inc. (collectively, "<u>Iovate</u>"). Plaintiff Orgain, Inc. ("<u>Orgain</u>") has registered a foreign

judgment in Arkansas and now seeks to collect on that judgment by garnishing

accounts receivable owed to Iovate. The problem is that RBC holds a properly

perfected prior in time lien on the same accounts receivable upon which Orgain now

seeks to collect from Walmart.

Because RBC's lien is superior to the lien of Orgain created by the writ of

garnishment, the writ of garnishment should be quashed or, alternatively, any

funds garnished should be paid to RBC to apply to the debts owed to it. RBC seeks

to intervene in this case pursuant to Rule 24 of the Arkansas Rules of Civil

Procedure in order to protect its rights to the accounts receivable, among other reasons.

## II.  FACTUAL BACKGROUND

On November 22, 2016, Iovate and its lenders (the "Lenders") entered into a credit agreement providing for about $147 million in loans (as amended, supplemented, amended and restated, or otherwise modified from time to time, the "Credit Agreement"). In accordance with a contemporaneous security agreement (as amended, supplemented, amended and restated, or otherwise modified from time to time, the "Security Agreement"), the Agent[1] acquired, for the benefit of the Lenders and to secure the loans, a first-priority lien on substantially all assets of Iovate (the "Collateral").[2] The Collateral includes, among other things, Iovate's accounts receivable and their proceeds, such as amounts owed to Iovate by customers like Walmart.

The Agent's security interest in the Collateral was perfected as early as December 19, 2016, through UCC-1 financing statements filed in multiple jurisdictions, including New York, Pennsylvania, Texas, California, Florida, New

---

[1] The Credit Agreement and Security Agreement designated HSBC Bank Canada as the original administrative agent for the loans. In March 2024, HSBC Holdings sold HSBC Bank Canada to RBC. As a result, RBC became the administrative agent under the Credit Agreement (as successor to HSBC Bank Canada by way of the amalgamation among HSBC Bank Canada and Royal Bank of Canada). The Credit Agreement was most recently amended on February 28, 2025, through the execution of Amending Agreement No. 10, which is Exhibit A to the Andrew O'Coin Declaration submitted herewith.

[2] The Security Agreement is Exhibit B to the Andrew O'Coin Declaration submitted herewith.

Jersey, Ohio, Delaware, Wisconsin, and the District of Columbia.[3] Each UCC-1 designated that the collateral included "All Assets." Each of these UCC-1 financing statements was continued in June 2021 and amended as recently as April 2024. The Agent's first-priority security interest in all of Iovate's assets remains valid and perfected today.

No later than July 8, 2024, Iovate had violated at least three financial covenants in the Credit Agreement. These breaches constituted defaults under section 5.1(12) and section 6.1 of the Credit Agreement, and thus gave RBC an immediate right to possess the Collateral.,[4]

On November 17, 2024, Orgain obtained a judgment against Iovate in the action captioned *Orgain, Inc. v. Iovate Health Sciences International, Inc.*, 8:18-cv-01253-JLS-ADS, in the United States District Court of the Central District of California (the "California Action"). California Action, Dkt. 523. Orgain then sought to enforce that judgment by sending notices of levy to some of Iovate's wholesale customers—each an account debtor of Iovate. California Action, Dkt. 536. Iovate successfully moved to quash the notices of levy in California for the same or similar reasons that will be articulated in this case. California Action, Dkt. 543.

---

[3] These UCC-1 financing statements are Exhibit C to the Andrew O'Coin Declaration submitted herewith. Additional UCC-1 financing statements were filed in Illinois, Indiana, Kentucky, and Nevada in February 2025.

[4] In addition, on September 24, 2024, Iovate and RBC entered into a Deposit Account Control Agreement (the "DACA") on an account held by Iovate. To the extent that Orgain's garnishment application seeks relief from such account, RBC perfected its interest in that account through establishing its control over the account by execution of the DACA. *See* Ark. Code Ann. § 4-9-314(b).

On May 1, 2025, counsel for RBC sent a letter notifying Orgain of its prior perfected lien on Iovate's assets.[5] RBC demanded that Orgain refrain from judgment enforcement efforts that could interfere with RBC's superior rights in the Collateral, including efforts to garnish Iovate's accounts receivable. Orgain never responded to that correspondence. Rather, in disregard of RBC's rights, Orgain filed a writ of garnishment directed at Walmart on or about June 27, 2025.

## III.  ARGUMENT

### A.    The Court Should Allow RBC to Intervene Because It Has a Senior Interest in the Accounts Receivable.

Orgain seeks to attach a garnishment lien to Iovate's accounts receivable and to collect Orgain's judgment through execution on the writ of garnishment lien. The problem is Orgain's garnishment lien is junior and inferior to RBC's lien on Iovate's accounts receivable.

This is an issue of lien priority. RBC's lien on the Walmart Receivables dates back to 2016 and has priority over Orgain's garnishment lien, which was created when Orgain served Walmart with a writ of garnishment. The "well established rule is that the priority of liens is generally determined by the maxim, first-in-time, first-in-right." *Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 256 S.W.3d 496, 501 (Ark. 2007); *see also Niedermeier v. Cent. Prod. Credit Ass'n*, 777 S.W.2d 210, 211 (Ark. 1989) ("The first in time, first in right rule prevails" when determining the priority of conflicting security interests.). This concept is enshrined in the Uniform

---

[5] The letter dated May 1, 2025, is Exhibit D to the Andrew O'Coin Declaration submitted herewith.

Commercial Code, which has been adopted by Arkansas. *See* Ark. Code Ann. § 4-9-322(a)(1) ("Conflicting perfected security interests . . . rank according to priority in time of filing or perfection."). A security interest in property is superior to a judgment lien that attached after the security interest was perfected. Ark. Code Ann. § 4-9-317(a)(2)(A); *Slodov v. United States*, 436 U.S. 238, 257 n.22 (1978) ("Under the UCC, a perfected security interest is superior to a judgment lien creditor's claim in the property[.]"); *Sperry Corp. v. Farm Implement, Inc.*, 760 F.2d 196, 198 (8th Cir. 1985) ("[T]he holder of a perfected security interest takes priority over a subsequent lien creditor under the general code principle that gives priority to the earliest perfected security interest." (applying Arkansas law)).

RBC's security interest in the accounts receivable attached in November 2016, upon execution of the Security Agreement. *See* UCC § 9-203(a) ("A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral. . . ."). RBC's security interest was perfected that same month, through the filing of UCC-1 financing statements. *See* UCC § 9-312(a) ("A security interest in chattel paper, negotiable documents, instruments, or investment property may be perfected by filing."). And because of Iovate's several defaults under the Credit Agreement, which Iovate has expressly acknowledged in writing, RBC presently has the right to take possession of its Collateral, which includes Iovate's accounts receivable and their proceeds. *See* UCC § 9-609(a) ("After default, a secured party . . . [m]ay take possession of the collateral[.]"). RBC should not be foreclosed from

exercising this right to take possession of the subject accounts receivable by way of a junior judgment creditor's interest in collecting on a later-in-time judgment.

Orgain's judgment against Iovate was not entered until November 2024, nearly eight years after RBC's lien attached and was perfected. As a result, RBC's rights in Iovate's assets—including with respect to payments due and owing from Walmart to Iovate—is senior to Orgain's as a matter of Arkansas law. Any lien created by the writ of garnishment is inferior to the lien of RBC. Therefore, any proceeds obtained pursuant to the writ of garnishment should be paid to RBC, as the senior lienholder.

Under Arkansas Rule of Civil Procedure 24, intervention as of right is appropriate "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ark. R. Civ. P. 24(a); *Certain Underwriters at Lloyd's, London v. Bass*, 461 S.W.3d 317, 326 (Ark. 2015) ("[I]f a party meets all three factors under Rule 24(a)(2), intervention as a matter of right cannot be denied."); *accord Classic Nursery, Inc. v. Reed Plumbing Supply Co.*, 1991 WL 89655, at *2 (Ark. Ct. App. May 22, 1991) (stating that pursuant to Arkansas Supreme Court precedent interpreting a since overturned statute, that "a party can intervene in a garnishment action before actual payment by the garnishee in order to assert a claim to the funds in question.").

Here, intervention as a right is appropriate because RBC meets each of the requirements under Rule 24(a). First, RBC has an interest in the property that is the

subject of this action. RBC holds a perfected security interest in the accounts receivable of which Iovate now seeks to obtain control and possession, through garnishment directed at Walmart.

Second, RBC cannot protect its interest in those accounts receivable unless it is a party to this case. Should RBC's motion to intervene be denied, Iovate's accounts receivable will be dissipated. RBC would then face the obstacle of mounting a separate collection action against Orgain, unnecessarily squandering judicial resources.[6] Consequently, RBC would then face credit and collection risk vis-à-vis Orgain. There is no justification for forcing this upon RBC, nor for the resulting waste of judicial resources.

Finally, RBC's interest is not adequately represented by any other party to this action. "An interest is adequately represented when the interest of a party to the litigation is identical or not significantly different from that of the proposed intervenors." *Nat'l Enters., Inc. v. Union Planters Nat'l Bank of Memphis*, 910 S.W.2d 691, 694 (Ark. 1995). Walmart owes the disputed monies to Iovate, which in turn owes the funds to RBC. Accordingly, Walmart possesses little to no interest in which entity the subject property is ultimately paid to. Iovate's interest is limited to ensuring that it receives the accounts receivable—but that is not the same as ensuring that RBC receives the funds.  RBC should be allowed to intervene as of right under Rule 24(a).

---

[6] *See* UCC § 9-609 (cmt. § 5) ("Normally, a junior who refuses to relinquish possession of collateral upon the demand of a secured party having a superior possessory right to the collateral would be liable in conversion.").

Alternatively, at a minimum, permissive intervention should be granted. The Court has discretion to grant permissive intervention where "an applicant's claim or defense and the main action have a question of law or fact in common," so long as intervention will not cause undue prejudice or delay. Ark. R. Civ. P. 24(b)(2). Arkansas courts have permitted parties to intervene in a garnishment action before actual payment by the garnishee to assert a claim to the funds in question. *Turner v. Farnam*, 120 S.W.3d 616, 620 (Ark. Ct. App. 2003) ("Arkansas cases have permitted persons who have an interest in attached or garnished property to either intervene or file an independent action to assert their interest."); *accord Lawrence v. Ford Motor Credit Co.*, 449 S.W.2d 695, 697–98 (Ark. 1970) (holding that a person with a property interest who disputes the validity of garnishment may intervene in garnishment proceedings); *see, e.g.*, *Pine Bluff Nat'l Bank v. Parker*, 490 S.W.2d 457, 459 (Ark. 1973) (finding no error in permitting intervention where the intervenor contested garnishment of account in which intervenor claimed actual ownership). The question posed by the underlying action is whether Orgain, by way of the November 2024 California judgment, can garnish amounts due from Walmart to Iovate. That is precisely the same question that RBC seeks intervention to answer. This action is in its earliest stages, and intervention would neither unduly delay nor prejudice the parties.

## IV.   CONCLUSION

For the foregoing reasons, RBC respectfully requests that the Court grant its motion to intervene and that such intervention be deemed effective as of the date of such order.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
 (501) 371-0808
FAX: (501) 376-9442
E-MAIL: abaker@wlj.com; jfair@wlj.com

By   /s/ Jacob P. Fair
　　　Adrienne L. Baker (2007159)
　　　Jacob P. Fair (2015167)

*Attorneys for Royal Bank of Canada*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to the attorneys of record in this case.

/s/ Jacob P. Fair
Jacob P. Fair

THIS IS **EXHIBIT "I"** REFERRED TO IN THE
AFFIDAVIT OF MARK BETTILYON,
AFFIRMED BEFORE ME THIS 14TH DAY OF OCTOBER, 2025

Signed by:

*Chenyang Li*

685DA93D68184FF...

Chenyang Li, Commissioner for Oaths
for the Province of Ontario, Canada

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2025-Sep-05  14:51:56
04CV-25-1607
C19WD05 : 5 Pages

**IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ORGAIN, INC.**                                                                  **PLAINTIFF**

**v.**                              **CASE NO. 04CV-25-1607**

**IOVATE HEALTH SCIENCES INTERNATION, INC. and**
**IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.**           **DEFENDANT**

**WALMART, INC.**                                                               **GARNISHEE**

## WALMART INC.'S ANSWER TO WRIT OF GARNISHMENT

Garnishee, Walmart Inc. ("Walmart"), by and through its attorneys, Kutak Rock

LLP, and for its Answer to the Writ of Garnishment issued on June 27, 2025, and the

duplicate Writ of Garnishment issued on August 22, 2025 (the "Writ"),[1] states the

following:

1.      With respect to the allegations contained in the "Notice to Garnishee"

section of the Writ, Walmart admits that on November 17, 2024, a judgment was entered

in favor of Plaintiff against Defendants in the amount of $12,500,000.00. Walmart lacks

knowledge or information sufficient to admit or deny the allegation that the judgment

remains unsatisfied.

2.      With respect to the allegation that Walmart is indebted to Defendants or

has in its possession goods, chattels, money, credits, or effects belonging to Defendants,

---

[1] The August 22, 2025 writ of garnishment was not served on Walmart.

1

Walmart states the following. Walmart owes Defendants $11,333,502.67 in connection to a vendor account (ID no. **2290) (the "Vendor Account").

3.      Walmart further states that it located two marketplace accounts (ID nos. *******3246 and *******4326) (the "Marketplace Accounts") in connection to Defendants' use of Walmart's "Fulfillment Services," whereby Defendants send their goods to Walmart's distribution centers for storage pending customer purchases on the Marketplace online platform and Walmart's subsequent preparation and delivery of goods to customers. However, Walmart is not indebted to Defendants or in possession of any goods, chattels, money, credits, or effects belonging to Defendants in connection to Defendants' Marketplace Accounts. The Marketplace Accounts are no longer active, and Walmart does not currently house goods belonging to Defendants in Walmart's distribution centers.

4.      Plaintiff served Walmart with Allegations and Interrogatories in connection to the Writ,[2] Walmart is filing Answers to the Allegations and Interrogatories contemporaneously with the filing of this Answer.

5.      Walmart affirmatively states that it has placed a hold on Defendants' Vendor Account (ID no. **2290) as well as Defendants' Marketplace Accounts pending resolution of the Writ.

6.      Walmart denies each and every material or relevant allegation or statement set forth in the Writ unless specifically admitted herein.

_____

[2] Plaintiff filed identical Allegations and Interrogatories to Walmart on June 27, 2025, and August 22, 2025

WHEREFORE, Garnishee, Walmart Inc., respectfully requests that, based upon the responses herein and those in its Answers to Allegations and Interrogatories filed contemporaneously herewith, the Court enter an order of disposition of funds identified in response to the subject Writ of Garnishment and Answers to Allegations and Interrogatories, and discharge Walmart Inc. of any liability under the Writ of Garnishment, and for all other relief to which it lawfully may be entitled.

Respectfully Submitted,

**KUTAK ROCK LLP**

*/s/ Caleb S. Sugg*
Caleb S. Sugg, AR 2020069
1277 E. Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703-5585
(479) 973-4200 Telephone
(479) 973-0007 Fax
Caleb.Sugg@KutakRock.com

*Attorneys for Garnishee, Walmart Inc.*

## VERIFICATION

STATE OF ARKANSAS         )
                                      )

COUNTY OF BENTON        )

The foregoing information is true and correct to the best of my knowledge and belief.

WALMART, INC.

By: _____  ҨҦ WALMART JNC.
Leon Paz

SUBSCRIBED AND SWORN TO before me, a notary public, on this __4th__ day of September 2025.

_____
NOTARY PUBLIC

My commission expires:

03/26/2029

> MYRANDA HOLLOWAY
> Notary Public - Arkansas
> Benton County
> Commission #12707138
> My Commission Exp. 03/26/2029

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was served by filing it via the Arkansas Judiciary's eFlex system, which shall send notification to all parties and/or counsel registered to receive such service.

/s/ Caleb S. Sugg
Caleb S. Sugg

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File Nos.: 31-3268936, 31-3268942, and 31-3268971

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

PROCEEDING COMMENCED AT TORONTO

**AFFIDAVIT OF MARK BETTILYON**
**SWORN OCTOBER 14, 2025**

**DAVIES WARD PHILLIPS & VINEBERG LLP**
155 Wellington Street West
Toronto ON  M5V 3J7

**Natasha MacParland (LSO#42383G)**
Tel:    416.863.5567
Email: nmacparland@dwpv.com

**Chenyang Li (LSO#73249C)**
Tel:    416.367.7623
Email: cli@dwpv.com

Lawyers for the Creditor, Orgain, Inc.

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File Nos.: 31-3268936, 31-3268942, and 31-3268971

| | |
|---|---|
| | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br><br>PROCEEDING COMMENCED AT TORONTO |
| | **MOTION RECORD OF THE CREDITOR, ORGAIN, INC.** |
| | **DAVIES WARD PHILLIPS & VINEBERG LLP**<br>155 Wellington Street West<br>Toronto ON  M5V 3J7<br><br>**Natasha MacParland (LSO#42383G)**<br>Tel:    416.863.5567<br>Email: nmacparland@dwpv.com<br><br>**Chenyang Li (LSO#73249C)**<br>Tel:    416.367.7623<br>Email: cli@dwpv.com<br><br>Lawyers for the Creditor, Orgain, Inc. |