## EXHIBIT B

Court File No: BK-25-03268936-0031

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Court No.: 31-3268936
Estate No.: 31-3268936

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF
IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

Court No.: 31-3268942
Estate No.: 31-3268942

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF
IOVATE HEALTH SCIENCES U.S.A. INC.**

Court No.: 31-3268971
Estate No.: 31-3268971

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF
NORTHERN INNOVATIONS HOLDING CORP.**

**AIDE MEMOIRE OF
IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH
SCIENCES U.S.A. INC. AND NORTHERN INNOVATIONS HOLDING CORP.**

October 16, 2025

**CHAITONS LLP**
Barristers and Solicitors
5000 Yonge Street, 10th Floor
Toronto, ON  M2N 7E9

**Harvey Chaiton (LSO No. 21592F)**
Tel:    (416) 218-1129
E-mail: harvey@chaitons.com

**Danish Afroz (LSO No. 65786B)**
Tel:    (416) 218-1137
E-mail: dafroz@chaitons.com

Lawyers for Iovate Health Sciences
International Inc., Iovate Health Sciences
U.S.A. Inc. and Northern Innovations Holding
Corp.

1.      Orgain, Inc. ("**Orgain**") seeks to schedule a motion to lift the stay of proceedings pursuant to section 69.1 of the *Bankruptcy and Insolvency Act* ("**BIA**") to allow it to continue garnishment proceedings commenced by it in the Arkansas State Court, which was stayed by the Provisional Order dated September 10, 2025 granted by Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "**US Bankruptcy Court**"), which was extended by an order of Judge Glenn made on September 19, 2025. Both such orders explicitly applied section 362 of the US Bankruptcy Code, the so-called "automatic stay", within the territorial jurisdiction of the United States on a provisional basis.

2.      The lift stay motion should not be scheduled at all or at least not at this time. The NOI Applicants have scheduled a motion before Judge Glenn on October 28, 2025 for a final order recognizing the NOI Proceedings as foreign main proceedings and an order for payment of the amounts owing by Walmart to Iovate International, as foreign representative, which has been temporarily withheld by Walmart pending a determination of entitlement. The motion materials were served by the NOI Applicants on September 10, 2025, with supplemental materials served on October 7, 2025.  In its filed limited objection to the recognition order, Orgain concedes that the NOI Proceedings are foreign main proceedings and does not object to their recognition under the applicable provisions of the Bankruptcy Code.

3.      Upon recognition of the NOI Proceedings as foreign main proceedings, the stay pursuant to section 362 of the US Bankruptcy Code automatically applies with respect to the NOI Applicants and property of the NOI Applicants located in the US. Whether to grant relief from the stay under section 362 of the Bankruptcy Code is a matter exclusively vested in the US Bankruptcy Court. A copy of a letter from the NOI Applicants' US counsel with respect to the operation of the US stay is attached as **Appendix "A"** hereto.

4.      Orgain's lift stay motion is a transparent attempt at judge or jurisdiction shopping, trying to avoid Judge Glenn and the US Bankruptcy Court which clearly has jurisdiction to determine whether the stay of proceedings under section 362 of the US Bankruptcy Code should be lifted.

5.      Orgain's motion seeks to have this Court determine *which* United States court should decide issues related to the Walmart Receivables.  This Court should not make an order which may interfere with proceedings properly commenced by the NOI Applicants before the US Bankruptcy Court, nor should this Court be asked to dictate which foreign tribunal should decide matters concerning the Walmart Receivables.  If Orgain desires relief from the stay of proceedings under section 362 of the Bankruptcy Code, Orgain should and must seek such relief before Judge Glenn.

**ALL OF WHICH IS RESPECTFULLY SUBMITTED** this 16th day of October, 2025.

_____
Harvey Chaiton

# APPENDIX A



**PACHULSKI
STANG
ZIEHL &
JONES**

**LOS ANGELES**

10100 SANTA MONICA BLVD. 13TH FL.

LOS ANGELES, CALIFORNIA 90067-4003

310.277.6910

**NEW YORK**

1700 BROADWAY, 36TH FL.

NEW YORK, NEW YORK 10019

212.561.7700

**WILMINGTON**

919 NORTH MARKET STREET, 17TH FLOOR,

P.O. BOX 8705

WILMINGTON, DELAWARE 19899-8705

302.652.4100

**HOUSTON**

700 LOUISIANA STREET, STE. 4500

HOUSTON, TEXAS 77002

713.691.9385

**SAN FRANCISCO**

ONE SANSOME STREET, 34TH FL. STE. 3430

SAN FRANCISCO, CALIFORNIA 94104

415.263.7000

Steven W. Golden

October 16, 2025

212.561.7715
sgolden@pszjlaw.com

To Whom It May Concern:

I am a partner of Pachulski Stang Ziehl & Jones LLP, United States restructuring counsel to Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of itself and certain of its affiliates (collectively, the "Debtors"). On September 9, 2025 (the "U.S. Petition Date"), the Foreign Representative filed petitions for recognition of the Debtors' Canadian restructuring proceeding (the "Canadian Proceeding") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

On the U.S. Petition Date, the Foreign Representative filed the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion") with the Bankruptcy Court, commencing proceedings under chapter 15 of the Bankruptcy Code (the "Chapter 15 Proceeding") for recognition of the Canadian Proceeding as a foreign main proceeding and related relief. The Bankruptcy Court will hear the Recognition Motion on October 28, 2025.

On October 15, 2025, Orgain, Inc. ("Orgain") filed a *Limited Objection* (the "Limited Objection") to the Recognition Motion.[1] In the Limited Objection, Orgain conceded that the Canadian Proceeding is a "foreign main proceeding,"[2] limiting its objection to a request that the Bankruptcy Court "refrain from entering an order . . . directing Walmart to turn over all of the Walmart Funds to the Foreign Representative (or otherwise to the Debtors)."[3] To date, no other party has objected to the Recognition Motion.

Assuming the Bankruptcy Court recognizes the Canadian Proceeding as a foreign main proceeding (as Orgain concedes it is)

---

[1] A true and correct copy of the Limited Objection is enclosed with this letter.
[2] Limited Objection, ¶ 2 ("In the foreign main proceeding, Orgain has filed a motion asking the Canadian Court . . .").
[3] *Id.*, ¶ 3.



October 16, 2025
Page 2

under section 1517(b)(1) of the Bankruptcy Code, section 362 of the Bankruptcy Code—the "automatic stay"—will automatically apply "with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States."[4] The automatic stay applicable to chapter 15 proceedings is independent from (and not derivative of) any similar stay imposed by the law of jurisdiction in which a plenary restructuring proceeding is pending.[5]

Just as the automatic stay applies in proceedings under chapter 15 of the Bankruptcy Code, so, too, do the provisions of the Bankruptcy Code that permit a party to seek relief from the section 362 automatic stay.[6] Indeed, it is the bankruptcy court that has *exclusive* jurisdiction to terminate or modify the automatic stay imposed by section 362 of the Bankruptcy Code.[7]

Very truly yours,

Steven W. Golden

SWG
Enclosure

---

[4] 11 U.S.C. § 1520(a)(1).

[5] *See* Guide to Enactment and Interpretation of the Model Law on Cross-Border Insolvency at ¶ 178 ("This approach reflects a basic principle underlying the Model Law according to which recognition of foreign proceedings by the court of the enacting State produces effects that are considered necessary for an orderly and fair conduct of a cross-border insolvency. Recognition, therefore, has its own effects rather than importing the consequences of the foreign law into the insolvency system of the enacting State."); *see also In re JSC BTA Bank*, 434 B.R. 334, 346 (Bankr. S.D.N.Y. 2010) ("Courts are to consult the Guide to Enactment of the Model Law when construing the meaning of chapter 15.").

[6] *See, e.g., In re Manley Toys Ltd.*, 2020 Bankr. LEXIS 902, *14 (Bankr. D.N.J. Mar. 31, 2020) ("The procedure for obtaining a court order for relief from the U.S. automatic stay under subsections (d) through (g) of § 362 applies in a chapter 15 case.") (internal quotation omitted).

[7] *See, e.g. In re Killmer*, 501 B.R. 208, 215 (Bankr. S.D.N.Y. 2013) (citing cases). Moreover, section 362 of the Bankruptcy Code presently applies to the Chapter 15 Proceeding by virtue of paragraph 10(c) of the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 30] (the "Provisional Relief Order"). As set forth in paragraph 18 of the Provisional Relief Order, a true and correct copy of which is enclosed with this letter, the Bankruptcy Court "retain[s] exclusive jurisdiction with respect to" such Order, including "any request by an entity for relief from the provisions of this Order, for cause shown."

Brian P. Morgan
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone:  212-248-3272
brian.morgan@faegredrinker.com

*Counsel to Orgain, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] et al. | Case No. 25-11958 (MG) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**LIMITED OBJECTION OF ORGAIN, INC. TO THE MOTION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Orgain, Inc. ("Orgain"), by and through undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 4] (the "Motion") filed by Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned foreign debtors (collectively, "Iovate" or the "Debtors").  In support of the Limited

---

[1]     The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696), (ii) Iovate Health Sciences U.S.A. Inc. (3542), and (iii) Northern Innovations Holding Corp. (3909).

Objection, Orgain incorporates the Declaration of Brian P. Morgan (the "Morgan Declaration")[2]. In further support of the Limited Objection, Orgain respectfully states as follows:

## PRELIMINARY STATEMENT[3]

1.       After obtaining a USD $12.5 million judgment from the U.S. District Court of the Central District of California for trademark infringement against Iovate, Orgain sought to collect on the judgment by garnishing funds held by Iovate's customers, including Walmart.  Pursuant to the Writ of Garnishment, Walmart withheld USD $11,333,502.67 (the "Garnished Funds").  Before the Arkansas State Court could enter an order permitting Walmart to release the Garnished Funds to Orgain, Iovate initiated a restructuring proceeding in the Canadian Court and now seeks recognition of that proceeding in this Court.

2.       As part of its recognition request, Iovate filed the Supplemental Brief [Docket No. 44] in this Court seeking, *inter alia*, USD $21.5 million now being held by Walmart, which is comprised of the Garnished Funds and a surplus of approximately USD $9 million more than the value of Orgain's judgment being held by Walmart (the "Surplus Funds", together with the Garnished Funds, the "Walmart Funds"), be turned over to the Foreign Representative.  In the foreign main proceeding, Orgain has filed a motion asking the Canadian Court to lift the stay in the Canadian Proceeding for the limited purpose of allowing the Arkansas State Court to fully and finally adjudicate the Arkansas Enforcement Proceeding in respect of the Garnished Funds.

3.       Through this Limited Objection, Orgain respectfully requests that this Court refrain from entering an order, consistent with the order attached to the Supplemental Brief as Exhibit A, directing Walmart to turn over all of the Walmart Funds to the Foreign Representative (or otherwise

---

[2]        Capitalized terms not otherwise defined herein shall have the meaning ascribed to them *infra*.

[3]        Defined terms within this preliminary statement shall have the meaning ascribed to them herein.

to the Debtors). Such relief would essentially moot the Canadian Stay Relief Motion before the Canadian Court has the opportunity to consider it. Instead, Orgain requests that the Court exercise the well-recognized principles of comity and cooperation with foreign courts and permit the Canadian Court the opportunity to decide the Canadian Stay Relief Motion before the Garnished Funds are depleted. Orgain, however, consents to the release of the Surplus Funds from Walmart to Foreign Representative and to an order directing Walmart that it need not withhold any accounts payable to the Foreign Representative that exceed the amount of the Garnished Funds until further order of the Court.

## BACKGROUND

4.     Orgain and Iovate both manufacture and sell plant-based protein powders and ready-to-drink nutritional shakes. Iovate, however, repeatedly breached Orgain's trademarks in its attempt to win market share by deceiving consumers and attempting to pass off its own products as Orgain's products. *See* Morgan Declaration, Ex.B (Bettilyon Affidavit at ¶ 4).

5.     One of the many examples of Iovate's infringement of Orgain's trademarks is demonstrated in the illustration below. *Id.* at ¶ 5. The product on the left of the image is Orgain's "Organic Protein" product. *Id.* The product on the right of the image is Iovate's "Organic Protein" product. *Id.* As the image demonstrates, Iovate has marketed its product with logos and designs that are confusingly similar to Orgain's products. *Id.*



6.      Iovate's trademark infringement was intentional and calculated.  In fact, each time Orgain changed its product marketing, Iovate quickly followed and modified its product marketing to resemble the new creative designs and imagery selected by Orgain.  *Id.* at ¶ 6.

7.      Iovate's trademark infringement was so comprehensive and thorough that retailers frequently stocked Iovate's products rather than Orgain's products in displays labelled and/or designed for exclusively Orgain products.  *Id.* at ¶ 7.  Orgain also frequently received complaints from consumers who bought products of Iovate who believed that they had actually bought a product of Orgain.  *Id*.

8.      On July 18, 2018, Orgain filed a complaint in the U.S. District Court of the Central District of California in Court Docket No. 8:18-cv-01253-JLS-ADS (the "California Proceeding") to enforce its intellectual property rights, seek damages from Iovate for violating those rights, and protect consumers from the intentional confusion Iovate injected into the marketplace.  *Id.* at ¶ 8.

9.      The jury trial of the California Proceeding commenced in August 2023.  *Id.* at ¶ 9.

10.     At the conclusion of the trial, the jury awarded USD $10,035,481 in damages to Orgain, the entire amount of damages Orgain had claimed.  *Id.* at ¶ 10.

4

11.     On April 17, 2024, the U.S. District Court for the Central District of California entered a Judgment in favor of Orgain for the amount of the jury award, USD $10,035,481 and enjoined Iovate from engaging in further infringing Orgain's trademarks.  *Id.*

12.     On May 1, 2024, Orgain filed a motion for attorneys' fees in the amount of USD $5,899,498.03.  *Id.* at ¶ 12.

13.     On May 3, 2024, counsel for Orgain and counsel for Iovate settled Orgain's attorneys' fees claim and agreed to a settlement of damages and fees for an all-in amount of USD $12,500,000 (the "Settlement").  *Id.* at ¶ 13.

14.     Thereafter, Iovate reneged on the Settlement.  *Id.* at ¶ 14.  In fact, on August 12, 2024, Iovate filed a false report with the U.S. District Court for the Central District of California claiming that the parties had not reached the Settlement.  *Id.*

15.     On August 30, 2024, Orgain filed a motion to enforce the Settlement.  *Id.* Affidavit at ¶ 15.

16.     On October 31, 2024, the U.S. District Court for the Central District of California granted Orgain's motion to enforce the Settlement.  *Id.* at ¶ 16.

17.     On November 17, 2024, the U.S. District Court for the Central District of California entered an Amended Judgment (the "Amended Judgment") awarding Orgain USD $12,500,000 against Iovate.  *Id.* at ¶ 17.

18.     Although Iovate filed a notice of appeal of the Judgment, Iovate abandoned that appeal.  *Id.* at ¶ 18.

19.     In early 2025, Orgain attempted to reach an agreement with Iovate regarding their payment of the Amended Judgment.  *Id.* at ¶ 20.  However, Iovate made no offers in that regard. *Id.*  Nor did they take any steps to pay the Amended Judgment.  *Id.*

20.     When it became clear that Iovate was unwilling to pay the Amended Judgment, Orgain served notices of levy on Iovate's customers, including Walmart, Inc. ("Walmart"), GNC Holdings LLC, Franchise Group, Inc. and Amazon Inc.  *Id.* at ¶ 21.

21.     On April 23, 2025, Iovate filed an ex parte application with the U.S. District Court for the Central District of California seeking to vacate and quash the notices of levy that Orgain served.  *Id.* at ¶ 22.  The U.S. District Court for the Central District of California held that the notices of levy could not be filed in California because they concerned property located outside of the State of California.  *Id.*

22.     Orgain also began the process of garnishing funds otherwise payable to Iovate from Walmart.  *Id.* at ¶ 24.  Orgain did so by filing a Writ of Garnishment (the "Writ of Garnishment") with the State Court of Arkansas and commencing garnishment proceedings as required under Arkansas State Law in the Circuit Court of Benton County, Civil Division (the "Arkansas State Court") bearing Court File No. 04CV-25-1607 (the "Arkansas Enforcement Proceeding").  *Id.*

23.     In August 2025, Iovate filed an emergency application in the State Court of Arkansas seeking to quash Orgain's Writ of Garnishment against Walmart.  *Id.* at ¶ 25.  On August 25, 2025, the Arkansas State Court denied Iovate's request to quash Orgain's Writ of Garnishment. *Id.*  In the Court's oral reasons, the Court held that "Orgain has a legitimate judgment against Iovate that they are entitled to try to collect."  *Id.*  On September 3, 2025, the Arkansas State Court entered an Order to the same effect.  *Id.* at ¶ 26.

24.     On August 12, 2025, a secured creditor of Iovate, the Royal Bank of Canada ("RBC"), filed a motion to intervene in the Arkansas Enforcement Proceeding.  *Id.* at ¶ 27.  RBC claimed that it was entitled to seize the funds Walmart was holding on behalf of Orgain pursuant to the Writ of Garnishment.  *Id.*  The Arkansas State Court held that the matter of the party with

an entitlement to the funds held by Walmart would be adjudicated before it after full briefing and argument. *Id*.

25.    On September 5, 2025, Walmart filed its Answer to the Arkansas Enforcement Proceeding.  *Id*. at ¶ 28.  Walmart indicated that it was prepared to comply with the Writ of Garnishment and turn over to Orgain USD $11,333,502.67 in funds (i.e., the Garnished Funds)[4] that would otherwise have been payable to Iovate in accordance with the Writ of Garnishment.  *Id*.

26.    On September 5, 2025, the same day, in an attempt to frustrate Orgain's efforts to collect on the Amended Judgment, Iovate filed Notices of Intention to Make a Proposal (the "Canadian Proceeding") in the Ontario Superior Court of Justice (the "Canadian Court").  *Id*. at ¶ 29.

27.    On September 9, 2025, Iovate filed this proceeding and the Motion.  *See* Docket Nos. 1, 4.

28.    On September 10, 2025, this Court entered a stay of proceedings, which has effectively paused the Arkansas Enforcement Proceeding.  *See* Docket No. 20.

29.    The only procedural step left to complete in the Arkansas Enforcement Proceeding before the funds held by Walmart on Orgain's behalf pursuant to the Writ of Garnishment may be released to Orgain is the issuance of an order permitting the release of funds by the Arkansas State Court.  Morgan Declaration, Ex. B (Bettilyon Affidavit at ¶ 31).  Such orders are issued in the ordinary course of debt collection proceedings in the State of Arkansas.  *Id*.

30.    On October 3, 2025, the Debtors brought a motion for an extension of a stay in a Notices of Intention to Make a Proposal before Justice Conway of the Canadian Court.  Bettilyon Affidavit at ¶ 31.  The Debtors represented that they intended to work cooperatively with Orgain

---

[4]    As set forth in the Supplemental Brief, the Debtors claim that the total amount of the Walmart Funds being held by Walmart is now USD $21.5 million.  *See* Supplemental Brief at ¶ 6.

to resolve the issue of the funds being held by Walmart. *Id.* Neither Orgain nor its counsel, however, received any correspondence or otherwise heard from Iovate after October 3, 2025. *Id.* Instead, and contrary to the Debtors' representations to the Canadian Court, on October 7, 2025, the Foreign Representative filed their *Supplemental Brief in Support of Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Supplemental Brief") in this Court seeking, *inter alia*, an order directing Walmart to pay the funds they are holding to Iovate without consideration of or proposing any protections for the Garnished Funds.

31.     On October 15, 2025, Orgain filed the Canadian Stay Relief Motion in the Ontario Superior Court of Justice seeking a lifting of the stay in the Canadian Proceeding for the limited purpose of allowing the Arkansas State Court to fully and finally adjudicate the Arkansas Enforcement Proceeding.

## LIMITED OBJECTION

32.     Orgain does not object to the entry of an order directing Walmart to turn over any Iovate receivables in its possession above USD $12.5 million that is subject to Orgain's Writ of Garnishment, including any receivables that may come due in the future (i.e., the Surplus Funds). Rather, through this Limited Objection, Orgain respectfully requests that this Court condition any order requiring Walmart to turn over the Surplus Funds to the Foreign Representative (or otherwise to the Debtors) on Walmart retaining the Garnished Funds until the Canadian Court has decided the Canadian Stay Relief Motion.

33.     When examining a case under Chapter 15, "courts are guided by principles of comity and cooperation with foreign courts." *In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603, 616 (Bankr. S.D.N.Y. 2018). "Chapter 15 . . . provides courts with broad, flexible rules to fashion

relief that is appropriate to effectuate the objectives of the chapter in accordance with comity." *In re Oi S.A.*, 587 B.R. 253, 264 (Bankr. S.D.N.Y. 2018).

34.     "In addition to providing deference to foreign judgements, comity may also allow a U.S. court 'to decline to exercise jurisdiction in favor of a pending foreign proceeding,' where 'the foreign tribunal has taken jurisdiction but not yet issued a judgement.'" *In re Agrokor d.d.*, 591 B.R. 163, 186 (Bankr. S.D.N.Y. 2018) (citing William S. Dodge, Int'l Comity in Am. Law, 115 Colum. L. Rev. 2071, 2106 (2015)). Indeed, "[t]he Second Circuit has frequently underscored the importance of judicial deference to foreign bankruptcy proceedings." *Id*. at 183 (citing cases). Moreover, this Court has recognized its "ability to decline to exercise jurisdiction in deference to a case already being adjudicated abroad." *Id*. (citing *In re Arcapita Bank B.S.C.(c)*, 575 B.R. 229, 238 (Bankr. S.D.N.Y. 2007) ("[C]omity among the courts or adjudicative comity may be viewed as a discretionary act of deference by a national court to decline to exercise jurisdiction in a case properly adjudicated in a foreign state." (citations and quotation marks omitted)); *In re Ionica PLC*, 241 B.R. 829, 841 (Bankr. S.D.N.Y. 1999) (dismissing ancillary proceeding filed under former section 304 because of pending insolvency proceeding in the U.K.)).

35.     Here, this Court should exercise the principles of comity and cooperation with the Canadian Court and defer to the pending Canadian Proceeding, the main jurisdiction the Debtors selected for their insolvency proceedings. The Canadian Stay Relief Motion pending before the Canadian Court seeks only to lift the stay in the Canadian Proceeding for the limited purpose of allowing the Arkansas State Court to fully and finally adjudicate the Arkansas Enforcement Proceeding. If this Court enters an order consistent with the proposed order attached to the Supplemental Brief, all of the Walmart Funds, including the Garnished Funds (i.e., the basis of the Arkansas Enforcement Proceeding) will be transferred to the Foreign Representative (or

otherwise to the Debtors).  Such an action would essentially moot the Canadian Stay Relief Motion before the Canadian Court is given the opportunity to even consider it.

36.     Orgain is cognizant of the Debtors' purported liquidity issues.  *See* Supplemental Brief at ¶ 2, 9.  However, as reported in the Supplemental Brief, Walmart currently holds USD $21.5 million, with approximately USD $14.7 million "due and owing . . . in accordance with Walmart's regular payment terms as of October 10, 2025."  *See* Supplemental Brief at ¶6. Moreover, "[p]ayments from Walmart to the Debtors have averaged about USD $5.8 million per month (year to date)." *Id*.  The amount due to Orgain totals USD $12.5 million, i.e., a little more than half of the funds held by Walmart as of October 3.  As stated above, Orgain has no objection to Surplus Funds over and above the Garnished Funds being transferred to the Debtors.  Orgain requests only that the Garnished Funds remain with Walmart, pending further proceedings in the Canadian Court.  An order consistent with this Limited Objection will preserve the status quo with respect to the Garnished Funds until the Canadian Court has had the opportunity to adjudicate the Canadian Stay Relief Motion, while providing the Debtors with sufficient funds to maintain operations and pursue a restructuring.

## RESERVATION OF RIGHTS

37.     Orgain reserves the right to supplement or amend this Limited Objection based upon information acquired by Orgain subsequent to its filing and to introduce evidence at any hearing related to the Motion.

## CONCLUSION

WHEREFORE, Orgain respectfully requests that this Court enter an Order consistent with the objection presented herein, and granting such other and further relief as the Court deems just and equitable.

Date:  October 15, 2025

*/s/: Brian P. Morgan*

Brian P. Morgan
FAEGRE DRINKER BIDDLE & REATH
LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone:  212-248-3272
Email:  brian.morgan@faegredrinker.com

*Counsel to Orgain, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

IOVATE HEALTH SCIENCES INTERNATIONAL
INC.,[1] *et al.*

          Debtors in a Foreign Proceeding.

Chapter 15

Case No. 25-11958 (MG)

(Jointly Administered)

---

## ORDER GRANTING PROVISIONAL RELIEF
## PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

Upon the motion for certain provisional and injunctive relief (the "Motion") filed by Iovate

Health Sciences International Inc. ("Iovate International"), in its capacity as the authorized foreign

representative (the "Foreign Representative") of foreign debtors Iovate International, Iovate Health

Sciences U.S.A. Inc. ("Iovate USA"), and Northern Innovations Holding Corp. ("Northern

Innovations" and together with Iovate International and Iovate USA, the "Debtors") in respect of that

certain insolvency proceeding (the "Canadian Proceeding") commenced pursuant to section 50.4 of

Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA"), pending before the

Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") seeking entry of an order

(this "Order") pursuant to sections 105(a), 362, 363, 364, 365, 1517, 1519, 1521, and 1522 of the

Bankruptcy Code; and upon this Court's review and consideration of the Motion, Verified Petitions,

Recognition Motion, Amended Parris Declaration, and Chaiton Declaration;[2] this Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

---

[1]      The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A., Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1334, and 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient, and timely notice of the filing of the Motion and the hearing thereon having been given pursuant to rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the record established at such hearing; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors and it appearing that the relief set forth herein is necessary and appropriate to avoid immediate and irreparable harm to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

1.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      The Foreign Representative has demonstrated a substantial likelihood of success on the merits that, as to each of the Debtors, (a) the Canadian Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code; (b) the Foreign Representative is a "foreign representative" as defined in section 101(24) of the Bankruptcy Code; and (c) all statutory

elements for recognition of the Canadian Proceeding will be satisfied in accordance with section 1517 of the Bankruptcy Code.

3.      The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Canadian Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested; and that the Court will determine that the additional relief sought herein, including the relief under section 362, 364, and 365 is necessary to effectuate the purpose of chapter 15 and the assets of the Debtors and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

4.      Unless a preliminary injunction is issued with respect to the Debtors, there is a material risk that the Debtors' creditors or other parties-in-interest in the United States could use the Canadian Proceeding and these Chapter 15 Cases as a pretext to exercise certain remedies or to terminate executory contracts or unexpired leases with respect to the Debtors.

5.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceeding, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

6.     The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Canadian Proceeding, the Foreign Representative Order, and the Canadian Stay.

7.     The interest of the public will be served by this Court's entry of this Order.

8.     The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

9.     The Motion is granted to the extent set forth herein.

10.     Beginning on the date of this Order and continuing until the date of the entry of an order of this Court on the Recognition Motion (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors:

     a.     the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

     b.     section 361 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

     c.     section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order shall impose a stay within the territorial jurisdiction of the United States of:

          i.     the commencement or continuation, including the issuance or employment of process of, any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets, located in the United States except as authorized by the Foreign Representative in writing;

> ii.     the creation, perfection, seizure, attachment, enforcement, or execution
> of liens or judgments against the Debtors' property in the United States
> or from transferring, encumbering, or otherwise disposing of or
> interfering with the Debtors' assets or agreements in the United States
> without the express consent of the Foreign Representative;
>
> iii.    any act to collect, assess, or recover a claim against any of the Debtors
> that arose before the commencement of the Debtors' Chapter 15 Cases;
> and
>
> iv.     the setoff of any debt owing to any of the Debtors that arose before the
> commencement of the Debtors' Chapter 15 Cases against any claim
> against the Debtors, <u>provided, however</u>, that this Order shall not affect
> the exceptions to the automatic stay contained in section 362(b) of the
> Bankruptcy Code or the right of any party in interest to seek relief from
> the automatic stay in accordance with section 362(d) of the Bankruptcy
> Code.

d.    for counterparties to certain of the Debtors' executory contracts and unexpired
leases, without limitation, section 365(e) of the Bankruptcy Code shall apply
with respect to each of the Debtors and the property of each of the Debtors that
is within the territorial jurisdiction of the United States.

e.    the Foreign Representative shall have the rights and protections to which the
Foreign Representative is entitled under chapter 15 of the Bankruptcy Code,
including, but not limited to, the protections limiting the jurisdiction of United
States Courts over the Foreign Representative in accordance with section 1510
of the Bankruptcy Code and the granting of additional relief in accordance with
sections 1519(a)(3) and 1521 of the Bankruptcy Code.

f.    notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this
Order shall be effective immediately and enforceable upon entry, (ii) the
Foreign Representative is not subject to any stay in the implementation,
enforcement, or realization of the relief granted in this Order, and (iii) the
Foreign Representative is authorized and empowered, and may, in his discretion
and without further delay, take any action and perform any act necessary to
implement and effectuate the terms of this Order.

11.    The Foreign Representative, in connection with its appointment as the "foreign

representative" in these cases, and the Debtors, are hereby granted the full protections and rights

available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, including, for the avoidance of

doubt and without limitation, section 542 of the Bankruptcy Code.

12.     Pursuant to section 1519(d) of the Bankruptcy Code, nothing in this Order enjoins a police or regulatory act of a governmental unit against the Debtors.

13.     To the extent applicable, pursuant to Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

14.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

15.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

16.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     This Court shall retain exclusive jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from

6

the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction
of this Court.


Dated: September 19, 2025                  _____/s/Martin Glenn_____

                                   UNITED STATES BANKRUPTCY JUDGE

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

Court No.: 31-3268936
Estate No.: 31-3268936

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.**

Court No.: 31-3268942
Estate No.: 31-3268942

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.**

Court No.: 31-3268971
Estate No.: 31-3268971

Court File No: BK-25-03268936-0031

---

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT TORONTO

**AIDE MEMOIRE**

**CHAITONS LLP**
Barristers and Solicitors
5000 Yonge Street, 10th Floor
Toronto, ON  M2N 7E9

**Harvey Chaiton (LSO No. 21592F)**
Tel:    (416) 218-1129
E-mail: harvey@chaitons.com

**Danish Afroz (LSO No. 65786B)**
Tel:    (416) 218-1137
E-mail: dafroz@chaitons.com

Lawyers for Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp.