**EXHIBIT C-1**

Court File No. 31-3268936
Estate No.: 31-3268936

# ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File No. 31-3268942
Estate No.: 31-3268942

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.

Court File No. 31-3268971
Estate No.: 31-3268971

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.

**AIDE MEMOIRE OF THE CREDITOR, ORGAIN, INC.**

1. Orgain requests a further case conference to determine the scheduling of its motion to lift the stay of proceedings under the BIA on an orderly and fully briefed basis.

Nevertheless, Orgain delivers this aide memoire to briefly address the allegations of the Debtors in their aide memoire dated October 16, 2025 below.

2. Orgain seeks a narrowly tailored order lifting the stay under section 69.4 of the *Bankruptcy and Insolvency Act*, solely to permit the Arkansas State Court to fully and finally adjudicate under Arkansas law the dispute over title to the funds that are presently held by Walmart pursuant to Orgain's perfected garnishment. This is a perfectly sensible request that the foreign court that has jurisdiction to make determinations as to title to property within its territory be allowed to do so.

3. All that Orgain requests is an opportunity to be heard by this Court on this matter of Ontario law. All that Orgain requests is a motion date and a timetable. Hardly an offensive request, or a request that should be contentious.

4. This is far from anything resembling forum shopping. It is remarkable that the Debtors in this proceeding would say otherwise. **The Debtors themselves chose to commence insolvency proceedings in Ontario and are specifically asking U.S. courts to recognize this Ontario proceeding as the main insolvency proceeding.** Orgain cannot be faulted for choosing to seek relief in the very forum that the Debtors themselves determined is the most appropriate to determine the substantive relief to be granted in this insolvency.

5. Orgain's motion before this Court demonstrates respect for and deference to this Court's process as the main insolvency proceeding. It is, in fact, the Debtors' attempt to pick and choose which relief they seek in this Court rather than in U.S. courts that constitutes impermissible forum shopping. This Court issued the main stay of

proceedings. The U.S. courts were effectively asked to recognize the jurisdiction of this Court and to give effect to this Court's stay. It does not lie in the Debtors mouth to now complain that Orgain has sought relief from this Court in respect of the stay of proceedings that it issued. Proceeding as the Debtors suggest, to ask U.S. courts to simply ignore the stay issued from this Court, would give rise to the mischief and abuse that our principles of comity seek to avoid.

6.      Orgain's request is modest and simply asks that the status quo *ex ante* over the funds held in Walmart be maintained. It also requests that this Court allow the foreign court to determine matters relating to title to property within its jurisdiction and pursuant to its foreign law.

7.      Notably, although Orgain had intended in commencing this motion prior to the Debtors last stay extension on October 3, 2025, it was dissuaded from doing so at the time due to representations made in the Proposal Trustee's Report that the Proposal Trustee would work cooperatively with Orgain to resolve this matter. Specifically, the Report states, "Given the critical importance of the receipt of historical and future receivables from Walmart in the ordinary course to the NOI Applicants' liquidity position and ability to continue to operate as a going concern, **the Proposal Trustee will continue to engage with both Orgain and Walmart in the short term to achieve a consensual resolution of this issue**" [emphasis added].

8.      However, no outreach followed. Instead, the Debtors pivoted days later to seek unilateral substantive relief in secondary proceedings in before the U.S. courts to seize the funds held by Walmart to which Orgain claims title to. In doing so, the Debtors sought

to sidestep both this Court and the courts of Arkansas before which the Debtors and the secured creditors in this proceeding had appeared to litigate this matter.

9. A creditor exercising its rights in the main insolvency proceeding selected by the Debtors is not forum shopping. If the Debtors did not want to litigate issues before this Court, they should not have chosen to seek that this Court be recognized as the main proceeding.

10. For these reasons, the Court should direct a case conference on this matter to be heard as soon as possible next week, or provide Orgain with a motion date today.

**ALL OF WHICH IS RESPECTFULLY SUBMITTED** this 17th day of October, 2025.

_____

Davies Ward Phillips & Vineberg LLP

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court File Nos.: 31-3268936, 31-3268942, and 31-3268971

| | |
|---|---|
| | ***ONTARIO*** **SUPERIOR COURT OF JUSTICE**<br><br>PROCEEDING COMMENCED AT TORONTO |
| | **AIDE MEMOIRE FOR THE CREDITOR, ORGAIN, INC.** |
| | **DAVIES WARD PHILLIPS & VINEBERG LLP**<br>155 Wellington Street West<br>Toronto ON  M5V 3J7<br><br>**Natasha MacParland (LSO#42383G)**<br>Tel:    416.863.5567<br>Email: nmacparland@dwpv.com<br><br>**Chenyang Li (LSO#73249C)**<br>Tel:    416.367.7623<br>Email: cli@dwpv.com<br><br>Lawyers for the Creditor, Orgain, Inc. |