**<u>EXHIBIT C-2</u>**



faegredrinker.com

**Brian P. Morgan**
Partner
Brian.Morgan@faegredrinker.com
+1 (212) 248-3272 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas
New York, NY 10036
+1 (212) 248-3140 main

October 17, 2025

**RE:    Court File Nos. 31-3268936, 31-3268942, and 31-3268971**

To Whom it May Concern:

I am a partner in the law firm Faegre Drinker Biddle & Reath, LLP, attorneys for Orgain, Inc. ("Orgain"). I am admitted to practice in the United States Bankruptcy Court for the Southern District of New York (the "U.S. Bankruptcy Court"). I write in response to the October 16, 2025 letter (the "October 16 Letter") from United States restructuring counsel to Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of itself and certain of its affiliates (collectively, the "Debtors").

By way of background, on October 15, 2025, Orgain filed its Notice of Motion (the "Lift Stay Motion") in the Ontario Superior Court of Justice seeking a lifting of the stay in the above referenced matter for the limited purpose of allowing the Circuit Court of Benton County, Arkansas to fully and finally adjudicate a pending dispute related to the garnishment of funds held by Walmart, Inc. On the same day, Orgain also filed a Limited Objection in the U.S. Bankruptcy Court to the Foreign Representative's *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Limited Objection"). In the Limited Objection, Orgain asks the U.S. Bankruptcy Court to condition any order requiring Walmart to turn over funds to the Foreign Representative (or otherwise to the Debtors) on Walmart retaining the portion of those funds subject to Orgain's Writ of Garnishment until the Ontario Superior Court of Justice is afforded an opportunity to adjudicate the Lift Stay Motion.

The Foreign Representative's assertion in the October 16 Letter that the automatic stay applicable in United States Chapter 15 proceedings is wholly independent from any similar stay imposed in a foreign main proceeding is unfounded and inconsistent with United States bankruptcy law. "[A] Chapter 15 court in the United States acts as an adjunct or arm of a foreign bankruptcy court where the main proceedings are conducted." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 678–79 (S.D.N.Y. 2011) (citing 8 Collier on Bankruptcy ¶ 1501.01 ("Chapter 15 cases are generally intended to be supplementary to cases brought in the debtor's home country."). 11 U.S.C.A. § 1504 makes clear that a case commenced under Chapter 15 is "ancillary" to a foreign proceeding pending elsewhere. As a result, the relief available in a Chapter 15 proceeding is governed by principles of comity and deference to the foreign proceeding. *See In re Atlas Shipping A/S*, 404 B.R. 726, 738-39 (Bankr. S.D.N.Y.2009). With respect to the automatic stay, the U.S. Bankruptcy Court has recognized that "[i]n light of the ancillary nature of Chapter 15, . . . absent exigent circumstances, a stay imposed pursuant to chapter 15 is normally coterminous with the

- 2 -                                                          October 17, 2025

stay in the corresponding foreign proceeding." *In re Daewoo Logistics Corp.*, 461 B.R. 175 (Bankr. S.D.N.Y. 2011) (holding that continuing a stay imposed by a recognition order after the expiration of the stay in the foreign main proceeding is contrary to the ancillary nature of Chapter 15.)

The sole case the Foreign Representative relies on for the claim that "the bankruptcy court that has exclusive jurisdiction to terminate or modify the automatic stay imposed by section 362 of the Bankruptcy Code" (October 16 Letter at 2) is inapposite. *In re Killmer*, 501 B.R. 208 (Bankr. S.D.N.Y. 2013), is not a Chapter 15 case, and its discussion of jurisdiction is limited to that of United States federal courts as compared to state courts. While the respective jurisdiction of federal courts and state courts located in the United States is governed by statute and the United States Constitution, in the context of Chapter 15 cases, on the other hand, United States bankruptcy courts have consistently signaled that they will defer to the foreign court to further the principles of comity and avoid an inconsistent outcome. *See, e.g.*, *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir. 1999) ("Since '[t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding,' American courts regularly defer to such actions [taken by foreign courts]."); *In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 619 (Bankr. S.D.N.Y. 2010) (opining that, in dispute between administrator of foreign debtor and creditors over attached funds being held in the United States, the "[t]he preferable course is to defer to the Bahraini court to resolve the issue, and then allow the prevailing party to return to this Court and ask that comity be afforded to the Bahraini court's decision.").

In conclusion, the undersigned is unaware of any United States law or precedent that would preclude the Ontario Superior Court of Justice from calendaring or adjudicating the Lift Stay Motion.

Respectfully submitted,

*/s/ Brian P. Morgan*

Brian P. Morgan