**EXHIBIT D**



SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

# COUNSEL SLIP/ ENDORSEMENT FORM

**COURT FILE NO.:** BK-25-03268936-0031       **DATE:** October 17, 2025

**NO. ON LIST:** 4

**TITLE OF PROCEEDING:** Iovate Health Sciences International Inc. et al

**BEFORE:** JUSTICE W.D. BLACK

**PARTICIPANT INFORMATION**

**For Plaintiff, Applicant, Moving Party, Crown:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Harvey Chaiton<br>Danish Afoz | Counsel to Iovate Health Sciences International Inc. | harvey@chaitons.com<br>dafroz@chaitons.com |

**For Defendant, Respondent, Responding Party, Defence:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Zechariah Martin<br>Chenyan Li | Counsel to Orgain, Inc. | zmartin@dwpv.com<br>cli@dwpv.com |
| Laura Culleton<br>Michael De Lellis | Counsel to KSV Restructuring Inc. | lclleton@osler.com<br>mdelellis@osler.com |
| Noah Goldstein<br>Murtaza Tallat | KSV Restructuring Inc., Proposal Trustee | ngoldstein@ksvadvisory.com<br>mtallat@ksvadvisory.com |
| Leanne Williams | Counsel to Kenco Logistic Services, LLC | lwilliams@tgf.ca |

**For Other, Self-Represented:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| **Chris Burr** | Counsel to Royal Bank of Canada, Administrative Agent | chris.burr@blakes.com |

**ENDORSEMENT**

[1]   This matter was booked for a 30-minute motion, seeking approval of a settlement agreement that the Proposal Trustee and the NOI Applicants have negotiated with Kenco (these and other terms that I use in this endorsement are as defined in the parties' materials). In circumstances that I will describe below, I find that the Settlement Agreement is reasonable and in fact advantageous, and I am prepared to approve it.

[2]   In addition to the approval of the Settlement Agreement, and at the 11th hour, a further issue arose, to which most of the available 30 minutes at the case conference was devoted.

[3]   That is, Orgain Inc. ("Orgain"), served a motion record for a motion seeking that the stay of proceedings arising from Iovate's Notice of Intention to Make a Proposal be lifted "to allow the narrow question of whether the funds held by Walmart belong to Orgain to be adjudicated by the Arkansas State Court."

[4]   Orgain was asking this morning that I schedule a 90-120 minute case conference in the near term, "to determine the scheduling of its motion to lift the stay of proceedings under the BIA on an orderly and fully briefed basis."

[5]   Some background is necessary to understand both items addressed at today's hearing.

[6]   On September 5, 2025, the NOI Applicants, being Iovate International, Iovate USA and Northern Innovations, each filed a NOI under s. 50.4 of the BIA. At that time, KSV was appointed as the Proposal Trustee. The NOI Applicants are part of a group of companies engaged in the development, production and sale of health and nutrition products in Canada, the United States and internationally. The NOI Applicants had received demand letters from their secured creditors under a syndicated credit agreement and had also lost access to working capital as a result of a write of garnishment against a major customer. These factors led the NOI Applicants to commence the NOI Proceedings.

[7]   As part of the NOI Applicants' restructuring efforts during the NOI Proceedings to date, the NOI Applicants and Proposal Trustee have engaged in extensive negotiations with Kenco, a third-party logistics provider, to resolve issues in relation to the Kenco Agreement between Kenco and Iovate USA.

[8]   Iovate USA had entered into the Kenco Agreement in September of 2023, moving its distribution operations from an in-house facility to Kenco.

[9]   The Kenco Agreement ultimately proved to be unfavourable to Iovate USA, driving its direct and ancillary third-party logistics costs well in excess of budget. As a result, Iovate USA determined to transition its customer procurement and fulfillment operations from Kenco to RJW, another third-party logistics provider, even though the Kenco Agreement had not yet expired.

[10]  During the summer of 2025, the parties undertook negotiations as to the terms under which Iovate USA would terminate the Kenco Agreement prior to its expiration. The parties were close to but had not yet finalized an agreement when the NOI Proceedings were commenced.

[11]  In September of 2025, Kenco brought an emergency motion within the Chapter 15 Proceedings (discussed in more detail below), seeking relief from the automatic stay, or, alternatively, seeking protection of its secured claim.

[12]  The New York Court denied Kenco's request for expedited treatment of its motion and, as of October 1, 2025, had yet to schedule Kenco's motion.

[13]  Iovate USA has not completed its transition to RJW and continues to require Kenco's services until the end of October 2025.

[14]  The ongoing negotiations among Kenco, the Proposal Trustee and the NOI Applicants, which have been underway since the commencement of the NOI Proceedings, have recently proved fruitful. On October 8, 2025, Iovate USA and Kenco entered into the Settlement Agreement (subject to the court's approval).

[15]  The terms of the Settlement Agreement are substantially better for Iovate USA/the NOI Applicants than the terms contemplated under the settlement framework being negotiated prior to the commencement of the NOI Proceedings, and substantially more favourable than the liability sought to be confirmed by Kenco in its motion to the New York Court.

[16]  There is no indication that any creditors will be materially prejudiced if the Settlement Agreement and the associated Releases are approved, and in fact the Lenders, as the NOI Applicants' primary secured creditors, as well as the Proposal Trustee, are supportive of the Settlement Agreement and the Releases.

[17]  I also find that the Settlement Agreement provides benefits to the NOI Applicants' stakeholders, by providing, among other things, a clear and cost-effective approach to handling Iovate USA's inventory that remains at the Kenco facility and eliminating the costs and uncertainty of protracted litigation with Kenco in Canada and the United States.

[18]  There was no opposition expressed to the Settlement Agreement, and, based on the evidence summarized above, I approve it.

[19]  With respect to the other issue before me, and by way of additional background, on September 9, 2025, (following the NOI Applicants filing their NOIs on September 5, 2025), this court made an order: (a) approving the administrative consolidation of the NOI Proceedings under one title of proceedings; (b) granting a charge over the assets, undertakings and properties of the NOI Applicants to secure payment of the fees and disbursements of certain administrative professionals; (c) authorizing Iovate International to act as foreign representative for the purpose of having the NOI Proceedings recognized in a jurisdiction outside of Canada; and (d) authorizing Iovate International, as foreign representative, to apply for relief under Chapter 15 of the United States Bankruptcy Code.

[20]  On September 10, 2025, the United States Bankruptcy Court for the Southern District of New York (the "New York Court"), entered the Provisional Order, provisionally recognizing Iovate International as foreign representative of the NOI Applicants with full authority to administer their assets and affairs in the United States (the Chapter 15 Proceedings). The Provisional Order also provided that section 362 of the United States Bankruptcy Code applies with respect to the NOI Applicants and the property of each NOI Applicant that is within the territorial jurisdiction of the United States. The Provisional Order was extended by order of the New York Court on September 19, 2025.

[21]  On October 3, 2025, this Court granted an order extending the time for the NOI Applicants to file a proposal in the NOI Proceedings to and including November 4, 2025.

[22]  In its proposed motion, Orgain seeks to lift the stay of proceedings pursuant to section 69.1 of the BIA to allow it to continue garnishment proceedings commenced by it in the Arkansas State Court, which proceedings were stayed by the Provisional Order, which was granted by Judge Martin Glenn of the New York Court on September 10, 2025 and extended by further order of Judge Glenn made on September 19, 2025 (the "Extension Order").

[23]  Both the Provisional Order and the Extension Order explicitly applied section 362 of the US Bankruptcy Code, the so-called "Automatic Stay" within the territorial jurisdiction of the United States on a provisional basis.

[24]  Importantly, the NOI Applicants have scheduled a motion before Judge Glenn on October 28, 2025, for a final order recognizing the NOI Proceedings as foreign main proceedings and an order for payment of the amount owing by Walmart to Iovate International, as foreign representative, which payment has been temporarily withheld by Walmart pending a determination of entitlement.

[25]  The motion materials for the October 28 motion before Judge Glenn were served by the NOI Applicants on September 10, 2025, with supplementary materials served on October 7, 2025. In the limited objection that Orgain filed in relation to the recognition order, Orgain concedes that the NOI Proceedings are foreign main proceedings and does not object to their recognition under the applicable provisions of the US Bankruptcy Code.

[26]  The NOI Applicants, supported as discussed below by the Proposal Trustee and the Lenders, submit that Orgain's proposed lift stay motion should not be scheduled at all, or at least not at this time.

[27]  The NOI Applicants note, again with the agreement of the Proposal Trustee and the Lenders, that upon recognition of the NOI Proceedings as foreign main proceedings, the stay pursuant to section 362 of the US Bankruptcy Code automatically applies with respect to the NOI Applicants and property of the NOI Applicants located in the United States.

[28]  As such, whether or not to grant relief from the stay under section 362 of the Bankruptcy Code is a matter exclusively vested in the US Bankruptcy Court.

[29]  In that regard, the NOI Applicants uploaded for today's attendance an opinion from their US counsel. That counsel confirms that, in the Limited Objection that it filed on October 15, 2025, Orgain conceded that the within proceeding is the foreign main proceeding and limited its objection to a request that the Bankruptcy Court "refrain from entering an order…directing Walmart to turn over the Walmart Funds to the Foreign Representative (or otherwise to the Debtors)." U.S. counsel also points out that no other party has objected to the recognition motion.

[30]  US counsel continues that "Assuming the [US] Bankruptcy Court recognizes the Canadian Proceeding as a foreign main proceeding (as Orgain concedes it is), under section 1517(b)(1) of the Bankruptcy Code, section 362 of the Bankruptcy Code – the "automatic stay" – will automatically apply "with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." Counsel notes that "The automatic stay applicable to Chapter 15 proceedings is independent from (and not derivative of) any similar stay imposed by the law of jurisdiction in which a plenary restructuring is pending."

[31] Counsel concludes: "Just as the automatic stay applies in proceedings under chapter 15 of the Bankruptcy Code, so, too, do the provisions of the Bankruptcy Code that permit a party to seek relief from the section 362 automatic stay. Indeed, it is the bankruptcy court that has exclusive jurisdiction to terminate or modify the automatic stay imposed by section 362 of the Bankruptcy Code."

[32] In light of these observations, the NOI Applicants characterize Orgain's proposed lift stay motion as a "transparent attempt at judge or jurisdiction shopping" and an attempt to "avoid Judge Glenn and the US Bankruptcy Court which clearly has jurisdiction to determine whether the stay of proceedings under section 362 of the US Bankruptcy Code should be lifted."

[33] More particularly, the NOI Applicants assert, Orgain's proposed motion seeks to have this court "determine which United States court should decide issues related to the Walmart Receivables." They caution that "This Court should not make any order which may interfere with proceedings properly commenced by the NOI Applicants before the US Bankruptcy Court" and that this court should not be asked to "dictate which foreign tribunal should decide matters concerning the Walmart Receivables."

[34] If Orgain seeks "relief from the stay of proceedings under section 362 of the US Bankruptcy Code," the NOI Applicants conclude, "Orgain should and must seek such relief before Judge Glenn."

[35] As I advised counsel for Orgain, I found this proposition compelling.

[36] As noted, the NOI Applicants' position is supported by the Proposal Trustee and the Lenders. Counsel for the Proposal Trustee, in particular, urged that the relief ultimately sought by Orgain, to have this court pick between different US courts/jurisdictions (in terms of which court should deal with the Walmart issues, amounts to asking this court to order that the garnishment proceedings in Arkansas continue, and that the stay order of the New York Court be treated as having no force or effect.

[37] Again, I find this submission compelling.

[38] Nonetheless, given Orgain's late-breaking request, itself in response, it alleges to only having just received the NOI Applicants' materials, I considered and invited submissions in relation to the possibility of scheduling a longer 90-120 minute case conference between now and October 28, in order for this court to hear more fulsome argument about what orders it might make in connection with the US proceedings and the pending hearing before Judge Glenn.

[39] In that regard, Orgain's starting point is to observe that "The Debtors themselves chose to commence insolvency proceedings in Ontario and are specifically asking U.S. courts to recognize this Ontario proceeding as the main insolvency proceeding" such that "Orgain cannot be faulted for choosing to seek relief in the very forum that the Debtors themselves determined is the most appropriate to determine the substantive relief to be granted in this insolvency."

[40] Orgain also filed a letter from a US lawyer, the central proposition of which is that, inasmuch as a Chapter 15 case is "ancillary" to a foreign proceeding pending elsewhere (here in Ontario), and "governed by principles of comity and deference to the foreign proceeding" and that "in light of the ancillary nature of Chapter 15,…absent exigent circumstances, a stay imposed pursuant to Chapter 15 is normally coterminous with the stay in the corresponding foreign proceeding."

[41] While that may be true as a general proposition, in my view the appropriate approach to Orgain's request demands consideration of the specific events and milestones in the parallel proceedings.

[42] That is, in my view, it is determinative that, as the NOI Applicants point out and Orgain does not deny, Orgain, in its limited objection to the recognition order, conceded that the NOI Proceedings are foreign main proceedings and did not object to their recognition under the applicable provisions of the Bankruptcy Code. It seems to me, that as the NOI Applicants urge, the question of whether to grant relief from a stay under section 362 of the Bankruptcy Code is a matter exclusively within the jurisdiction of the US Bankruptcy Court (as confirmed in the opinion from the NOI Applicants' US counsel).

[43] Orgain has filed its limited objection within the US proceedings and will have the ability to assert its position before Judge Glenn on October 28.

[44] I am not prepared, in the circumstances, to purport to make any order with respect to the stay in place under section 362 of the US Bankruptcy Code; in my view Judge Glenn and the New York Court are the right tribunal to make that determination.

[45] As such, on balance, I decline to schedule the further case conference sought by Orgain.

[46] I have signed and attach the order sought relative to the Settlement Agreement with Kenco.

_____
**W.D. BLACK J.**

**DATE: October 17, 2025**