Brian P. Morgan
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone: 212-248-3272
brian.morgan@faegredrinker.com

*Counsel to Orgain, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] et al. | Case No. 25-11958 (MG) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**SUPPLEMENTAL LIMITED OBJECTION OF ORGAIN, INC. TO THE MOTION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Orgain, Inc. ("Orgain"), by and through undersigned counsel, hereby files this supplemental limited objection (the "Supplemental Limited Objection") to the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 4] (the "Motion") filed by Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned foreign debtors (collectively, "Iovate" or the "Debtors"). In further support of the Supplemental Limited Objection, Orgain respectfully states as follows:

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696), (ii) Iovate Health Sciences U.S.A. Inc. (3542), and (iii) Northern Innovations Holding Corp. (3909).

1

**PRELIMINARY STATEMENT**

1. On October 15, 2025, Orgain filed the *Limited Objection of Orgain, Inc. to the Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 58] (the "Limited Objection"), requesting that this Court permit the Canadian Court[2] the opportunity to decide the Canadian Stay Relief Motion before the Garnished Funds were turned over to the Foreign Representative. The Canadian Court subsequently declined to hear the Canadian Stay Relief Motion. Notwithstanding, Orgain maintains its objection to the Motion with respect to the relief sought regarding the Garnished Funds, on the grounds that the Amended Proposed Order submitted by the Foreign Representative does not afford Orgain with the requisite sufficient protection or adequate protection.

2. Chapter 15 grants Orgain the same protections that it would enjoy in a plenary bankruptcy case. It is undisputed that Orgain has a perfected lien in the Garnished Funds. *See* Supplemental Brief in Support of Motion [Docket No. 44] at 10. Accordingly, the Garnished Funds constitute Orgain's cash collateral, and the Foreign Representative (or the Debtors) cannot use the Garnished Funds without Orgain receiving adequate protection. While the Foreign Representative pays lip service to this requirement (Supplemental Brief [Docket No. 44] at ¶ 25: "Orgain's interests are sufficiently protected by its ability to participate in the Canadian Proceeding, including pursuing its claims and asserting its junior liens over the Walmart Receivable"), the entry of the Amended Proposed Order and subsequent transfer of the Garnished Funds could extinguish Orgain's lien, rendering the Foreign Representative's claims of sufficient protection illusory. Therefore, Orgain requests that any order directing Walmart to turn over the

---

[2] Capitalized Terms used but not otherwise defined herein shall have the meaning ascribed to them in the Limited Objection.

2

Garnished Funds be conditioned on Orgain first receiving a replacement lien on the Garnished Funds, junior and subordinate only to the Lenders' (as defined in the Motion) senior liens.

## SUPPLEMENTAL BACKGROUND

3. In the Limited Objection, Orgain requested that this Court permit the Canadian Court the opportunity to decide the contemporaneously filed Canadian Stay Relief Motion, in which Orgain asked the Canadian Court to lift the stay of proceedings imposed in the Canadian Proceeding.

4. On October 16, 2025, on the eve of a hearing before the Canadian Court to consider, among other things, the calendaring of the Canadian Stay Relief Motion, Iovate filed the *Aide Memoire of Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc. and Northern Innovations Holding Corp.*, together with a letter from U.S. counsel to the Foreign Representative, in which Iovate asserted to the Canadian Court that this Court has "*exclusive* jurisdiction to terminate or modify the automatic stay imposed by section 362 of the Bankruptcy Code," and that it would be improper for the Canadian Court to "interfere" with the ancillary Chapter 15 proceeding. *See* Second Declaration of Harvey G. Chaiton in Support of Motion [Docket No. 63] ("Chaiton Dec."), Ex. B. Orgain filed a brief response shortly before the hearing. Chaiton Dec., Ex. C.

5. The Canadian Court held a 30-minute hearing on October 17, 2025, and on October 20, 2025, without the benefit of further briefing or argument, issued an Endorsement in which it stated that it was "not prepared, in the circumstances, to purport to make any order with respect to the stay in place under Section 362 of the US Bankruptcy Code." While this was not the relief sought by Orgain in the Canadian Stay Relief Motion, which was limited to the stay imposed by

3

the Canadian Bankruptcy and Insolvency Act, the Canadian Court in any event declined to schedule the Canadian Stay Relief Motion for a hearing, instead deferring to this Court.

6. Orgain now supplements its Limited Objection accordingly.

## SUPPLEMENTAL LIMITED OBJECTION

7. In light of the Canadian Court's apparent finding that it is required to defer to this Court, in the first instance, on any manner potentially implicating the automatic stay imposed under Section 362, Orgain recognizes that principles of comity no longer preclude this Court from ruling on the disposition of the Walmart Funds. Notwithstanding, Orgain respectfully requests that this Court condition any order requiring Walmart to turn over the Walmart Funds to the Foreign Representative (or otherwise to the Debtors) on Orgain receiving sufficient protection in the form of a replacement lien on the Garnished Funds, junior and subordinate only to the Lenders' (as defined in the Motion) senior liens.

8. "Upon recognition of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative or another person . . . provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected." 11 U.S.C.A. § 1521. "The Bankruptcy Code does not define 'sufficient protection.' A determination of sufficient protection 'requires a balancing of the respective parties' interests.'" *In re InterCement Brasil S.A.*, 668 B.R. 802, 827 (Bankr. S.D.N.Y. 2025) (internal citations omitted). "[S]ufficient protection" embodies three basic principles: "the just treatment of all holders of claims against the bankruptcy estate, the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the [foreign] proceeding, and the distribution of

4

proceeds of the [foreign] estate substantially in accordance with the order prescribed by U.S. law." *In re Atlas Shipping A/S*, 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009) (internal citation omitted).

9. Orgain has a perfected lien in the Garnished Funds. "[U]nder Arkansas law, service of [a] garnishment writ . . . create[s] a perfected lien . . . at the time the writ was served." *James v. Planters Bank (In re James)*, 257 B.R. 673, 676, 679 (BAP 8th Cir. 2000); *see also Equifax v. Luster*, 463 F. Supp. 352, 357 (E.D. Ark. 1978) aff'd, 604 F.2d 31 (8th Cir. 1979) ("Under Arkansas law . . . service of a writ of garnishment establishes a lien in favor of the garnishor against whatever the garnishee has in his possession belonging to the debtor."). Such a lien extends to all property of the judgment debtor in the hands of the garnishee at the time of service and any property that comes into the garnishee's possession thereafter. *J.B. Hunt, LLC v. Thornton*, 432 S.W.3d 8, 7 (Ark. 2014). Thus, upon filing the Writ of Garnishment, Orgain obtained a perfected lien in all of the Garnished Funds, both as of the time the writ was filed and that came into Walmart's possession thereafter, up to the amount of the Amended Judgment.

10. The Foreign Representative concedes this point, acknowledging that, under Arkansas law, when Orgain served the Writ of Garnishment on Walmart, Orgain obtained a perfected lien on the Garnished Funds. *See* Supplemental Brief at ¶ 25; *Reply in Support of the Foreign Representative's Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 62] ("the Walmart Receivable is . . . subject to . . . Orgain's junior liens"). The Foreign Representative also concedes that Orgain's lien is a "continuing lien" and continues until the judgment is paid or satisfied. Supplemental Brief at ¶ 25 (citing *James*, 257 B.R. at 676.).

11. The holders of liens are entitled to secured status protected by the Bankruptcy Code. *See, e.g., In re Giles*, 271 B.R. 903, 906 (Bankr. M.D. Fla. 2002) (noting that requiring a judgment

creditor to release its garnishment lien "would give the debtor the right to use of the funds to the detriment of [the judgment creditor's] garnishment lien rights contrary to the principles recognized in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995)). Similarly,

> [b]ecause [] garnishment lien[s] encumber[] the garnished funds or property until the garnishment lien is avoided, the Bankruptcy Code's restrictions on the use of encumbered property apply. Thus, the court may condition the use of garnished funds or property on the provision of adequate protection under 11 U.S.C. § 363(e). Further, funds subject to a garnishment lien are 'cash collateral' under 11 U.S.C. § 363(a) (because the funds are cash in which the garnishing creditor has an interest by virtue of its garnishment lien). Therefore, a bankruptcy trustee cannot use the funds without the consent of the creditor or an order of the court that provides adequate protection.

*In re Johnson*, 479 B.R. 159, 171 (Bankr. N.D. Ga. 2012).

12. The Amended Proposed Order fails to sufficiently protect Orgain because, if all of the Walmart Funds are turned over to the Foreign Representative, Orgain's garnishment lien will effectively be extinguished. *See J.B. Hunt*, 432 S.W.3d at 12 ("A writ of garnishment reaches all property of the judgment debtor in the hands of the third-party garnishee."). Where, as here, "'a creditor's lien might be destroyed if its collateral were released,' the creditor must be provided adequate protection before being required to essentially turn over the account that is the subject of its lien by releasing its garnishment." *Giles*, 271 B.R. at 906.

13. "Chapter 15 grants secured creditors . . . the same protections that they would enjoy in a plenary bankruptcy case. Recognition triggers the applicability of §§ 361 and 363 of the Bankruptcy Code. Furthermore, [the administrator of the foreign debtor] must provide [the lien party] with adequate protection before it can use their cash collateral." *In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 627 (Bankr. S.D.N.Y. 2010).

14.     Thus, the Garnished Funds constitute Orgain's cash collateral, and the Foreign Representative (or the Debtors) cannot use the Walmart Funds without Orgain receiving adequate protection.

15.     "Adequate protection can take different forms, including . . . additional or replacement liens." *In re TeVoortwis Dairy, LLC*, 605 B.R. 833, 839 (Bankr. E.D. Mich. 2019); 11 U.S.C.A. § 361(2). A garnishment lien, which attaches to specific property or funds, can be protected through a replacement lien. For example, in *In re Keith*, No. 04-31025, 2004 WL 2126346 (Bankr. W.D. Mo. Sept. 10, 2004), the judgment creditor caused a writ of garnishment to be served on check proceeds and a bank account belonging to the debtor. After filing for bankruptcy, the debtor sought turnover of the funds and the judgment creditor objected to the use of its cash collateral on the grounds that it had a perfected security interest in the funds. *See id.* at *1. The court allowed the debtor the to use proceeds of the check and bank account, but gave the judgment creditor a replacement lien on the debtor's real property (the equity in which far exceeded the creditor's judgment). *See id.* at *2. Similarly, in *In the Matter of: TP, Inc.*, No. 10-01594-8-SWH, 2011 WL 13496798 (Bankr. E.D.N.C. May 19, 2011), the court conditioned its grant of the debtor's motion to use cash collateral on the garnishment creditor receiving adequate protection in the form of a replacement lien.

16.     While the Foreign Representative acknowledges that Orgain's lien should be preserved and assertable in the Canadian Proceeding, Supplemental Brief at ¶ 37, the Amended Proposed Order, as drafted, does not accomplish this and would, if consummated, extinguish Orgain's lien. Accordingly, Orgain requests that any order directing Walmart to turn over the Walmart Funds to the Foreign Representative (or otherwise to the Debtors) be conditioned on Orgain first receiving, as sufficient and adequate protection, a valid, binding, enforceable and

7

perfected replacement lien upon the Garnished Funds in the amount of USD $12.5 million, junior and subordinate only to the Lenders' senior liens.

## RESERVATION OF RIGHTS

17.    Orgain reserves the right to further supplement or amend this Supplemental Limited Objection based upon information acquired by Orgain subsequent to its filing and to introduce evidence at any hearing related to the Motion.

## CONCLUSION

WHEREFORE, Orgain respectfully requests that this Court enter an Order consistent with the Supplemental Limited Objection presented herein, and granting such other and further relief as the Court deems just and equitable.

Date:  October 27, 2025            */s/: Brian P. Morgan*

                                                 Brian P. Morgan
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone:  212-248-3272
brian.morgan@faegredrinker.com

*Counsel to Orgain, Inc.*