**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.* | Case No. 25-11958 (MG) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**ORDER GRANTING MOTION FOR (I) RECOGNITION AS FOREIGN MAIN**
**PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE,**
**AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (together with the Verified Petitions filed concurrently therewith, the "Motion"),[2] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Debtors"); and upon the hearing on the Motion and this Court's review and consideration of the Motion, the Amended Parris Declaration, the Chaiton Declaration, the Second Parris Declaration, the Golden Declaration, and the De Lellis Declaration; IT IS HEREBY FOUND AND DETERMINED THAT[3]:

---

[1]  The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A., Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ).

B.      Venue is proper before this Court as to each Debtor pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

C.      Appropriate notice of the filing of, and the hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

D.      No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

E.      These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F.      The Debtors have a domicile, principal place of business, and/or property in the United States, and the Debtors are each eligible to be a debtor in a chapter 15 case pursuant to, as applicable, sections 109 and 1501 of the Bankruptcy Code.

G.      The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code.  The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.      The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I.      The Canadian Proceeding is pending in Canada, where the Debtors have the "center of [their] main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.      The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521(a)(4), and 1521(a)(5) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

K.      Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Motion was given, which notice was deemed adequate for all purposes, and no further notice need be given.

L.      All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

M.      The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtors and the Foreign Representative in conducting the Canadian Proceeding may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The Canadian Proceeding is recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and is entitled to the protections of section 1520(a) and 1521 of the Bankruptcy Code, including, without limitation, the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Debtors and to the Debtors' property that is within the territorial jurisdiction of the United States.

3.      Iovate Health Sciences International Inc. is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of the Debtors in these Chapter 15 Cases and is established as the exclusive representative of the Debtors in the United States.

4.      The Foreign Representative Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, is hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, staying the commencement or continuation of any actions against the Debtors or their assets (except as otherwise expressly provided herein or therein).

5.      All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

6.       Upon entry of this order (this "Order"), the Canadian Proceeding and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

a.       the protections of sections 361, 362, and 365(e) of the Bankruptcy Code apply to the Debtors;

b.       all persons and entities are enjoined from taking any actions inconsistent with the Canadian Proceeding and from seizing, attaching, and enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

c.       all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof; *provided, however*, that this Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code;

d.       all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these Chapter 15 Cases and the Canadian Proceeding; and

e.       all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these Chapter 15 Cases solely because of a provision in such contract or lease is conditioned upon the commencement of the Canadian Proceeding or a case under the Bankruptcy Code.

7.       The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) and 1521(b) of the Bankruptcy Code, and accordingly, the Foreign Representative:

a.       is entrusted with the administration or realization of all or part of the

Debtors' assets (including, but not limited to, the Walmart Receivable) located in the United States;

b.    is entrusted with the distribution of all or part of the Debtors' assets (including, but not limited to, the Walmart Receivable) located within the United States; and

c.    has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

8.    For the avoidance of doubt, (a) the Walmart Receivable[4] is an asset of the Debtors located within the territorial jurisdiction of the United States; (b) RBC had a valid and perfected first-priority security interest in (among other things) the Walmart Receivable as of the Petition Date, and Orgain had a lien junior to RBC's security interest on the Walmart Receivable in the amount of $12,500,000 as of the Petition Date; (c) pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code, the Foreign Representative shall take immediate possession of the Walmart Receivable; *provided, however* that the Walmart Receivable remains subject to the jurisdiction and administration of the Canadian Court in the Canadian Proceeding; and (d) Walmart shall, in each case utilizing the same payment mechanisms as were utilized in the ordinary course prior to the Petition Date (i) promptly turn over all sums owed to the Debtors by Walmart that Walmart has retained as a result of service of the Writ of Garnishment in the Arkansas Proceeding; and (ii) in the ordinary course of business, turn over all other sums owed to the Debtors by Walmart. As adequate protection for the diminution in value of their respective interests in the Walmart Receivable, RBC and Orgain are each hereby granted pursuant to sections 361, 363, 552 and 1520 of the Bankruptcy Code, valid, binding, enforceable, perfected, and continuing replacement liens (the "Replacement Liens") upon and security interests in the Walmart Receivable and the proceeds

---

[4]    As used in this paragraph, the Walmart Receivable is the receivable due and owing from Walmart to the Debtors as of September 5, 2025, the date of the Walmart Answer filed in the Arkansas Proceeding.

thereof, in the case of Orgain up to a maximum amount of USD $12,500,000.  The Replacement

Lien of Orgain shall be junior to the Replacement Lien of RBC.

9.      All parties who believe they have a claim against any of the Debtors are obligated

to file such claim in, and only in, the Canadian Proceeding.

10.     All prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy

Code shall be extended, and that certain *Order Granting Provisional Relief Pursuant to Section

1519 of the Bankruptcy Code* [Docket No. 30] (the "Provisional Relief Order") shall remain in

full force and effect. To the extent there is any inconsistency between this Order and the

Provisional Relief Order, the language in this Order shall control.

11.     The Foreign Representative is hereby established as the representative of the

Debtors with full authority to administer the Debtors' assets and affairs in the United States,

including, without limitation, making payments on account of the Debtors' prepetition and

postpetition obligations.

12.     Pursuant to section 1521(d) of the Bankruptcy Code, nothing in this Order enjoins

a police or regulatory act of a governmental unit against the Debtors.

13.     The Foreign Representative, the Debtors, and their respective agents are authorized

to serve or provide any notices required under the Bankruptcy Rules or local Rules  of this Court.

14.     No action taken by the Foreign Representative, the Debtors, or their respective

successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for,

implementing, or otherwise acting in furtherance of or in connection with the Canadian

Proceeding, this Order, these Chapter 15 Cases, or any adversary proceeding herein, or contested

matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded

the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

15.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing-house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

16.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17.     The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local Rules  of this Court.

18.     This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued in the Canadian Proceeding.

19.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight, or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*)

and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

21.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

22.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

23.     This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Dated: October 28, 2025

_____/s/Martin Glenn_____
UNITED STATES BANKRUPTCY JUDGE