Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway (admitted *pro hac vice*)
Victoria A. Newmark (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.* | Case No. 25-11958 (MG) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**FOREIGN REPRESENTATIVE'S (I) MOTION TO (A) AMEND ORDER RECOGNIZING FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1517(D) AND 1522(C), AND (B) RECOGNIZE AND ENFORCE THE INITIAL CCAA ORDER; AND (II) NOTICE OF SUBSTANTIAL CHANGE IN STATUS OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. § 1518**

---

[1]     The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

JURISDICTION AND VENUE ................................................................................... 2

FACTUAL BACKGROUND ....................................................................................... 3

    A.   The Canadian Proceeding and the Chapter 15 Cases ...................................... 3

    B.   The Conversion of the Canadian Proceeding .................................................. 4

RELIEF REQUESTED ............................................................................................... 5

BASIS FOR RELIEF ................................................................................................. 5

    A.   Sections 1517(d) and 1522(c) of the Bankruptcy Code Authorize the Amendment of the Recognition Order .................................................................. 5

    B.   The Court Should Recognize and Enforce the Initial CCAA Order as to the Chapter 15 Debtors and the US Non-Debtor Stay Parties ................................. 11

NOTICE ..................................................................................................................... 13

NO PRIOR REQUEST .............................................................................................. 13

CONCLUSION ........................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

Cases

*Comair* ............................................................................................................................. 10

*In re AFJ Offshore, Ltd.*
   488 B.R. 551 (Bankr. S.D.N.Y. 2013) ........................................................................ 11

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*
   389 B.R. 325 (S.D.N.Y. 2008) ...................................................................................... 6

*In re Black Press Ltd.*
   Case No. 24-10044 (MFW) (Bankr. D. Del. Feb. 14, 2024) ...................................... 12

*In re Boart Longyear Ltd.*
   Case No. 17-11156 (MEW) (Bankr. S.D.N.Y. May 8, 2017) ..................................... 12

*In re British Am. Ins. Co.*
   425 B.R. 884 (Bankr. S.D. Fla. 2010) .......................................................................... 6

*In re Comair*
   2023 Bankr. LEXIS 363, at *32 (Bankr. D. 2023) ................................................... 7, 9

*In re Comair Ltd.*
   Case No. 21-10298 (JLG), 2023 Bankr. LEXIS 363 (Bankr. S.D.N.Y. Feb. 12, 2023)......... 6, 7

*In re Fraser Papers Inc.*
   Case No. 09-12123 (Bankr. D. Del. June 19, 2009) ................................................... 12

*In re Glitnir Bank hf.*
   Case No. 08-14757 (SMB) (Bankr. S.D.N.Y. Mar. 18, 2011) ................................... 7

*In re Hal Luftig Co.*
   667 B.R. 638 (Bankr. S.D.N.Y. 2025) ....................................................................... 12

*In re Hector DAO*
   Case No. 24-16067 (MBK) (Bankr. D. N.J. July 16, 2024) ...................................... 12

*In re Landsbanki Islands hf.*
   Case No. 08-14921 (RDD) (Bankr. S.D.N.Y. Jan. 14, 2011)...................................... 7

*In re Oi Brasil Holdings Cooperatief U.A.*
   578 B.R. 169 (Bankr. S.D.N.Y. 2017) .......................................................................... 6

*In re PDV Ins. Co., Ltd.*
   Case No. 18-12216 (MEW) (Bankr. S.D.N.Y. Feb. 21, 2024) .................................... 6

*In re Serviços de Petróleo Constellation S.A.,*
   600 B.R. 237 (Bankr. S.D.N.Y. 2019) ....................................................................... 10

*In re Standing Order of Reference Re: Title 11*
   12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ) ................................................ 2

*In re U.S. Steel Can. Inc.*
   571 B.R. 600 (Bankr. S.D.N.Y. 2017) ....................................................................... 10

*In re W.C. Wood Corp., Ltd.*
   Case No. 09-11893 (Bankr. D. Del. June 1, 2009) .................................................... 12

*Queenie Ltd. v. Nygard Int'l*
   321 F.3d 282 (2d Cir. 2003)........................................................................................ 12

*Samba v. Int'l Petro. Prods. & Additives Co. (In re Black Gold S.A.R.L.)*
   635 B.R. 517 (B.A.P. 9th Cir. 2022)............................................................................. 6

Statutes

11 U.S.C. § 101(23) ................................................................................................ 10
11 U.S.C. § 105(a) ................................................................................................. 11
11 U.S.C. § 1515 ................................................................................................... 10
11 U.S.C. § 1517 ................................................................................................. 2, 3
11 U.S.C. § 1517(a)(2) .......................................................................................... 10
11 U.S.C. § 1517(a)(3) .......................................................................................... 10
11 U.S.C. § 1517(d) ........................................................................................ 5, 8, 11
11 U.S.C. § 1521 ..................................................................................................... 7
11 U.S.C. § 1521(a) ............................................................................................... 11
11 U.S.C. § 1521(a)(7) ........................................................................................... 11
11 U.S.C. § 1522(a) ............................................................................................... 11
11 U.S.C. § 1522(c) ...................................................................................... 6, 7, 8, 11
11 U.S.C. §1519 ...................................................................................................... 4
28 U.S.C. § 1334 ..................................................................................................... 2
28 U.S.C. § 1410 ..................................................................................................... 3
28 U.S.C. § 157 ....................................................................................................... 2
28 U.S.C. § 157(b)(2)(P) ......................................................................................... 2

**Other Authorities**

Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3, s. 50.4 (Can.) ......................................... 1
*Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 .................................................. 2
H.R. Rep. 109-31(I) at 113 (2005) ................................................................................ 6

**Rules**

Fed. R. Bankr. P. 7008 ........................................................................................... 2

Iovate Health Sciences International Inc. ("Iovate International"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned Chapter 15 Debtors (as defined below) in respect of the Canadian Proceeding (as defined below) pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), by and through its undersigned counsel, respectfully submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Amended Recognition Order"): (a) amending this Court's prior Recognition Order (as defined below) and (b) recognizing and enforcing the Initial CCAA Order (as defined below) with respect to the Chapter 15 Debtors and the US Non-Debtor Stay Parties (as defined below).  In support of this Motion, the Foreign Representative relies upon the record in the above-captioned chapter 15 cases (the "Chapter 15 Cases") and the Declarations of Harvey Chaiton (the "Third Chaiton Dec.") and Wesley Parris (the "Fourth Parris Dec."), each submitted contemporaneously herewith.  In further support of the Motion,[2] the Foreign Representative respectfully states as follows:

## INTRODUCTION

1.      On September 5, 2025, Iovate International, Iovate Health Sciences U.S.A. Inc. ("Iovate US"), and Northern Innovations Holding Corp. ("Northern Innovations" and, together with Iovate International and Iovate US, the "Chapter 15 Debtors") each commenced proceedings (the "NOI Proceeding") before the Canadian Court pursuant to section 50.4 of Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA").  The Foreign Representative thereafter commenced these Chapter 15 Cases, seeking recognition of the NOI Proceeding as a foreign main proceeding as to each of the Chapter 15 Debtors.

---

[2]      The Motion is also intended to serve as a notice of substantial change in the Canadian Proceeding, pursuant to 11 U.S.C. § 1518(1), as to the conversion of the Canadian Proceeding from the NOI Proceeding to the CCAA Proceeding.

2.      On October 28, 2025, this Court entered an order [Docket No. 74] (the "Recognition Order"): (a) recognizing the NOI Proceeding pending before the Canadian Court as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"); (b) recognizing the Foreign Representative as the foreign representative of the Chapter 15 Debtors within the meaning of section 101(24) of the Bankruptcy Code; and (c) granting certain relief.

3.      On October 31, 2025 (the "Canadian Conversion Date"), the Canadian Court issued an order (the "Initial CCAA Order"),[3] that, among other things, converted the Chapter 15 Debtors' NOI Proceeding to a proceeding (the "CCAA Proceeding") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 (the "CCAA").

4.      In light of the conversion of the Canadian Proceeding[4] from the NOI Proceeding to the CCAA Proceeding, the Foreign Representative seeks to amend the Recognition Order to so reflect and to further recognize, and give full force and effect to, the Initial CCAA Order within the territorial jurisdiction of the United States.

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in

---

[3]      A true and correct copy of the Initial CCAA Order is attached to the Third Chaiton Dec. as **Exhibit B**.
[4]      As used herein, the "Canadian Proceeding" is (a) prior to the Canadian Conversion Date, the NOI Proceeding and (b) on and after the Canadian Conversion Date, the CCAA Proceeding.

connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper under 28 U.S.C. § 1410.

## FACTUAL BACKGROUND

A.    **The Canadian Proceeding and the Chapter 15 Cases**

6.    On September 5, 2025, each of the Chapter 15 Debtors filed a Notice of Intention to Make a Proposal (an "NOI") pursuant to section 50.4 of the BIA.  KSV Restructuring Inc. ("KSV") was appointed as the Debtors' proposal trustee (the "Proposal Trustee").  That same date, the Office of Superintendent of Bankruptcy Canada issued for each Chapter 15 Debtor a *Certificate of Filing of a Notice of Intention to Make a Proposal Subsection 50.4* (the "Certificates of Filing") that commenced the NOI Proceeding with respect to each Chapter 15 Debtor, which were jointly administered pursuant to the Foreign Representative Order (as defined below).  The Canadian Court File Number for the NOI Proceeding was BK-25-03268936-0031.

7.    On September 9, 2025, the Canadian Court granted an Order (the "Foreign Representative Order"), *inter alia*, (a) approving the administrative consolidation of the NOI Proceeding, (b) authorizing Iovate International to act as a foreign representative for the Chapter 15 Debtors, and (c) authorizing the Foreign Representative to apply to the United States Bankruptcy Court for relief pursuant to chapter 15 of the Bankruptcy Code with respect to the Chapter 15 Debtors.

8.    Thereafter, on September 9, 2025, the Foreign Representative commenced the above-captioned cases under chapter 15 of the Bankruptcy Code (the "Chapter 15 Cases") with respect to each of the Chapter 15 Debtors, seeking recognition of the NOI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.  On September 10, 2025, this

Court granted [Docket No. 20], and on September 19, 2025 extended [Docket No. 30] provisional relief to the Chapter 15 Debtors pursuant to section 1519 of the Bankruptcy Code.  On October 28, 2025, this Court entered the *Order Granting Motion for (I) Recognition as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 74] (the "Recognition Order").

**B.    The Conversion of the Canadian Proceeding**

9.    On October 29, 2025, the Chapter 15 Debtors, together with Xiwang Iovate Holdings Company Limited ("Xiwang Iovate"), and Iovate Health Sciences Australia Pty Ltd ("Iovate Australia", and together with Xiwang Iovate and the Chapter 15 Debtors, the "Canadian Debtors") filed a *Notice of Motion* (the "CCAA Motion")[5] in the NOI Proceeding with the Canadian Court.  Pursuant to the CCAA Motion, among other things, the Canadian Debtors sought an order of the Canadian Court that authorizes and directs that the NOI Proceeding—originally commenced under the BIA—be "taken up and continued" under the CCAA.

10.    On October 31, 2025, the Canadian Court held a hearing with respect to the CCAA Motion and that same day (the "Canadian Conversion Date"), the Canadian Court issued the Initial CCAA Order.  Pursuant to the Initial CCAA Order, among other things:

(a)    the Canadian Court converted the NOI Proceeding with respect to the Chapter 15 Debtors to the CCAA Proceeding;[6]

(b)    the Canadian Court file number for the NOI Proceeding (BK-25-03268936-0031) remains the Canadian Court file number for the CCAA Proceeding;[7]

(c)    KSV, the Proposal Trustee in the NOI Proceeding, is the Monitor in the CCAA Proceeding;[8]

---

[5]    A true and correct copy of the CCAA Motion is attached to the Third Chaiton Dec. as **Exhibit A**.
[6]    Initial CCAA Order at ¶¶ 4, 7.
[7]    Initial CCAA Order at ¶ 4.
[8]    Initial CCAA Order at ¶¶ 29 – 37.

(d)     the Canadian Court extended a stay with respect to the "current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situated, and including all proceeds thereof" with respect to Muscletech LLC ("Muscletech"), XP Sports LLC ("XP Sports"), and Simplevita Nutrition LLC ("Simplevita" and, together with Muscletech and XP Sports, the "US Non-Debtor Stay Parties");[9] and

(e)     Iovate International remains the Foreign Representative of the Chapter 15 Debtors (and is also the Foreign Representative of Xiwang Iovate and Iovate Australia).[10]

11.     As set forth in the Initial CCAA Order, the conversion of the Canadian Proceeding was "not intended to vary or otherwise modify the protections to these proceedings extended in the Orders of Judge Glenn in the Chapter 15 Proceedings."[11]

**RELIEF REQUESTED**

12.     By this Motion, the Foreign Representative respectfully requests that the Court enter the Amended Recognition Order, (a) amending this Court's prior Recognition Order and (b) recognizing and enforcing the Initial CCAA Order with respect to the Chapter 15 Debtors and the US Non-Debtor Stay Parties.

**BASIS FOR RELIEF**

A.     **Sections 1517(d) and 1522(c) of the Bankruptcy Code Authorize the Amendment of the Recognition Order**

13.     Section 1517(d) of the Bankruptcy Code provides, in relevant part, that "[t]he provisions of this subchapter do not prevent modification . . . of recognition if it is shown that the grounds for granting it . . . have ceased to exist."[12]  Relief under section 1517(d) is discretionary

---

[9]      Initial CCAA Order at ¶ 19.  In addition, the Canadian Court extended the stay to non-debtors Infinity Insurance Co. Ltd. and Iovate Health Sciences Europe Limited (the "Additional Stay Parties").  However, because these Additional Stay Parties, to the Foreign Representative's knowledge, have neither assets nor liabilities in the United States, the relief requested herein does not extend to the Additional Stay Parties.  The Foreign Representative reserves the right to seek relief in these Chapter 15 Cases with respect to the Additional Stay Parties if necessary.

[10]     Initial CCAA Order at ¶ 48.

[11]     Initial CCAA Order at ¶ 4.

[12]     11 U.S.C. § 1517(d).

and, in exercising such discretion, a court must give due weight to possible prejudice parties may

suffer in having relied on the order granting recognition.[13] "Section 1517(d) allow[s] courts to

adjust their rulings based on changed circumstances, which exhibit[s] 'a policy that the recognition

process remain flexible, taking into account the actual facts relevant to the court's decision rather

than setting an arbitrary determination point.'"[14]

14.    The UNCITRAL Model Law on Cross-Border Insolvency with Guide to Enactment

and Interpretation (the "<u>Guide to Enactment</u>") underscores the applicability of section 1517(d) of

the Bankruptcy Code to the instant situation.  Because section 1517 of the Bankruptcy Code

"closely tracks article 17 of the Model Law, with a few exceptions",[15] the Guide to Enactment as

to article 17 of the Model Law provides historical and interpretive guidance.[16]  As relevant, the

Guide to Enactment Provides:

> Modification or termination of the recognition decision may be a
> consequence of a change in circumstances after the decision on recognition,
> for instance, if the recognized proceeding has been terminated *or its nature
> has changed (e.g. a reorganization proceeding might be converted into a
> liquidation proceeding)* or if the status of the foreign representative's
> appointment has changed or the appointment has been terminated.[17]

15.    Bankruptcy courts have also granted relief under section 1522(c) of the Bankruptcy

Code to account for a change in status of a foreign proceeding that had been previously been

recognized under chapter 15.[18]  Section 1522(c) of the Bankruptcy Code provides that "[t]he court

---

[13]    *In re Comair Ltd.*, Case No. 21-10298 (JLG), 2023 Bankr. LEXIS 363, *23-24 (Bankr. S.D.N.Y. Feb. 12, 2023).

[14]    *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 203 (Bankr. S.D.N.Y. 2017) (quoting *In re British Am. Ins. Co.*, 425 B.R. 884, 910 (Bankr. S.D. Fla. 2010)).

[15]    *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 332 (S.D.N.Y. 2008) (quoting H.R. Rep. 109-31(I) at 113 (2005)).

[16]    *Samba v. Int'l Petro. Prods. & Additives Co.* (*In re Black Gold S.A.R.L.*), 635 B.R. 517, 525 (B.A.P. 9th Cir. 2022) ("Congress has specifically pointed to the Guide to Enactment of the Model Law as providing historical and interpretive guidance to the meaning and purpose of the provisions in chapter 15.").

[17]    Guide to Enactment at § 165 (emphasis added).

[18]    *See, e.g., In re Comair Ltd.*, Case No. 21-10298 (JLG) (Bankr. S.D.N.Y. Feb. 27, 2023), ECF No. 96 at ¶ P; *In re PDV Ins. Co., Ltd.*, Case No. 18-12216 (MEW) (Bankr. S.D.N.Y. Feb. 21, 2024), ECF No. 27; *In re*

may, at the request of the foreign representative or an entity affected by relief granted under section 1519 or 1521, or at its own motion, modify or terminate such relief." In determining whether to extend the relief that the Court previously granted under section 1521 pursuant to section 1522(c), "[t]he relevant issue is whether the [NOI Proceeding] and the subsequent [CCAA Proceeding] constitute the same 'foreign proceeding.'"[19]

16.    The Court's decision in *In re Comair Ltd.*[20] is instructive. In *Comair*, the debtor commenced a rehabilitation proceeding (the "Business Rescue Proceeding") in South Africa in May 2020 under the South African Companies Act of 2008 before the High Court of South Africa (the "High Court").[21] In the Business Rescue Proceeding, the High Court appointed two individuals as the debtor's business rescue practitioners (the "BRPs"), officers of the High Court with full management control of the debtor.[22] In September 2020, the debtor's creditors approved its business rescue plan, however the proceeding remained open while the BRPs continued to assess whether the rescue plan was likely to result in a successful rehabilitation.[23]

17.    In February 2021, the BRPs filed petitions for relief with this Court under chapter 15 of the Bankruptcy Code, seeking recognition of the Business Rescue Proceeding as a foreign main proceeding and the BRPs as foreign representatives.[24] That relief was granted in April 2021.

18.    In June 2022, however, the BRPs determined that there was no reasonable prospect that the debtor would be rehabilitated and, consistent with South African law, applied to the High Court for an order discontinuing the Business Rescue Proceeding and commencing a liquidation

---

*Landsbanki Islands hf.*, Case No. 08-14921 (RDD) (Bankr. S.D.N.Y. Jan. 14, 2011), ECF No. 41 at ¶ M; *In re Glitnir Bank hf.*, Case No. 08-14757 (SMB) (Bankr. S.D.N.Y. Mar. 18, 2011), ECF No. 74 at ¶ M.

[19]    *Comair*, 2023 Bankr. LEXIS 363, at *32 (Bankr. D. 2023)
[20]    *In re Comair Ltd.*, Case No. 21-10298 (JLG), 2023 Bankr. LEXIS 363 (Bankr. S.D.N.Y. Feb. 12, 2023).
[21]    *Comair*, 2023 Bankr. LEXIS 363 at *1.
[22]    *Id.* at *8 – 9.
[23]    *Id.*
[24]    *Id.* at *9.

proceeding (the "Provisional Liquidation").[25]   The High Court granted the motion, commencing

the Provisional Liquidation and appointing five joint provisional liquidators (the "JPLs").[26]   Like

the Business Rescue Proceeding, the Provisional Liquidation was conducted in the High Court,

albeit governed by different South African statutes (the Insolvency Act of 1936 and the Companies

Act 61 of 1973).[27]

19.    Shortly thereafter, the JPLs filed a motion with this Court, pursuant to sections

1517(d) and 1522(c) of the Bankruptcy Code, seeking an amended recognition order that, among

other things, (i) recognized the Provisional Liquidation as a foreign main proceeding in place of

the Business Rescue Proceeding and (ii) recognized the JPLs as foreign representatives in place of

the BRPs.[28]   Boeing opposed this motion, "in substance, assert[ing] that the JPLs misplace their

reliance on sections 1517(d) and 1522(c) of the Bankruptcy Code,"[29] contending "that the law does

not permit the JPLs simply to 'swap' the new Provisional Liquidation into this Chapter 15 Case."[30]

20.    This Court disagreed, "find[ing] that there has been no change in the identity of the

foreign proceeding"[31] even though "the Provisional Liquidation and Business Rescue Proceeding

are distinct matters with different case numbers in the High Court, different goals and supervised

by different people."[32]   In granting the requested relief pursuant to sections 1517(d) and 1522(c)

of the Bankruptcy Code and overruling Boeing's objection, the Court found that even the

"semantic difference" between "'termination' of a reorganization in favor of a liquidation" and the

---

[25]     *Id.* at *15.
[26]     *Id.* at *15.
[27]     *Id.* at * 12.
[28]     *Id.* at *3.
[29]     *Id.* at *20.
[30]     *Id.* at *21.
[31]     *Id.* at *25.
[32]     *Id.* at *21.

"'conversion' of a reorganization into a liquidation"[33] was not relevant—the Provisional

Liquidation was functionally the same "foreign proceeding" as the Business Rescue Proceeding.[34]

21.    Here, the fact that the CCAA Proceeding is the same foreign proceeding as the NOI

Proceeding is even more straightforward than in *Comair*.  Among other things:

- The CCAA Proceeding remains in front of the Canadian Court;[35]

- The independent Canadian Court officer (the Proposal Trustee in the NOI Proceeding and the Monitor in the CCAA Proceeding) is the same;[36]

- The case number for each of the Chapter 15 Debtors is the same in the CCAA Proceeding as it was in the NOI Proceeding;[37]

- The Foreign Representative is unchanged;[38] and

- The Chapter 15 Debtors remain in possession of their assets, undertakings, and operations in the CCAA Proceeding as they did in the NOI Proceeding.[39]

22.    In fact, the only substantive change to the Canadian Proceeding as to the Chapter

15 Debtors is the applicable statutory scheme; whereas the NOI Proceeding was governed by the

BIA, the CCAA Proceeding is governed by the CCAA.[40]  In issuing the Initial CCAA Order, the

Canadian Court made clear that the NOI Proceeding was "hereby taken up and continued under

the CCAA" and that such "continuation . . . under the CCAA [was] not intended to vary or

otherwise modify the protections to" the Canadian Proceeding in this Chapter 15 Case.[41]  Further,

the Canadian Court reiterated that the prior orders of the Canadian Court issued in the NOI

Proceeding "shall continue in full force and effect" in the CCAA Proceeding, with modifications

---

[33]    *Id.* at *28.
[34]    *Id.* at *32.
[35]    Third Chaiton Dec. at ¶ 16.
[36]    Third Chaiton Dec. at ¶ 17(b); Initial CCAA Order at ¶¶ 29 – 37.
[37]    Third Chaiton Dec. at ¶ 17(a); Initial CCAA Order at ¶ 4.
[38]    Third Chaiton Dec. at ¶ 17(d); Initial CCAA Order at ¶ 48.
[39]    Third Chaiton Dec. at ¶ 17(e).
[40]    Third Chaiton Dec. at ¶ 13.
[41]    Initial CCAA Order at ¶ 4.

as necessary to reflect the conversion (e.g. references to the "Proposal Trustee" are to be construed as references to the "Monitor").[42]

23.    To the extent the Court is required to perform a "fresh analysis" to determine whether the Canadian Proceeding "complies with chapter 15 in its current state,"[43] the CCAA Proceeding is plainly a foreign main proceeding, just as it was prior to the NOI Proceeding's conversion.  The Foreign Representative remains a foreign representative,[44] the Verified Petitions meet the requirements of section 1515 of the Bankruptcy Code,[45] and the Chapter 15 Debtors' center of main interest remains in Canada.[46]  From a chapter 15 recognition standpoint, therefore, the sole question this Court has not already addressed in granting the Recognition Motion is whether the CCAA Proceeding is, like the NOI Proceeding was, a "foreign proceeding," as defined in section 101(23) of the Bankruptcy Code.  As this Court and other bankruptcy courts throughout the United States have found scores of times before, "a Canadian CCAA restructuring proceeding can constitute a 'foreign proceeding.'"[47]  As set forth in the Third Chaiton Dec.,[48] the CCAA Proceeding is "(1) a collective judicial or administrative proceeding under a law related to insolvency or adjustment of debt, (2) pending in a foreign country, (3) in which the assets and affairs of the debtor are subject to control or supervision of a foreign court, and (4) for the purpose of reorganization or liquidation."[49]

---

[42]    Initial CCAA Order at ¶ 7.

[43]    *Comair*, 2023 Bankr. LEXIS 363, *39.

[44]    11 U.S.C. § 1517(a)(2); Recognition Order at ¶¶ G, 3

[45]    11 U.S.C. § 1517(a)(3); Recognition Order at ¶ G.  The Foreign Representative does not believe that section 1515 independently applies to a request for modification of recognition pursuant to section 1517(d) because the NOI Proceeding has merely been converted to the CCAA Proceeding.  However, in the event that it does so apply, the Foreign Representative respectfully requests that the Court "decline[ ] to impose an additional requirement that the [Foreign Representative's] request for modification of recognition be in the form of a petition in strict compliance with section 1515."  *Comair*, 2023 Bankr. LEXIS 363, *49 n. 33.

[46]    Recognition Order at ¶ I.

[47]    *In re U.S. Steel Can. Inc.*, 571 B.R. 600, 611 (Bankr. S.D.N.Y. 2017) (citing cases).

[48]    Third Chaiton Dec. at ¶¶ 8 – 15; 19.

[49]    *In re Serviços de Petróleo Constellation S.A.*, 600 B.R. 237, 270 (Bankr. S.D.N.Y. 2019).

24.    Therefore, the Foreign Representative respectfully submits that the Court should amend the Recognition Order pursuant to sections 1517(d) and 1522(c) of the Bankruptcy Code to reflect the conversion of the Canadian Proceeding from the NOI Proceeding to the CCAA Proceeding.

**B.    The Court Should Recognize and Enforce the Initial CCAA Order as to the Chapter 15 Debtors and the US Non-Debtor Stay Parties**[50]

25.    In connection with the amendment of the Recognition Order, the Foreign Representative seeks recognition and enforcement of the Initial CCAA Order as to the Chapter 15 Debtors and the US Non-Debtor Stay Parties.  Upon recognition of a foreign proceeding, section 1521(a) authorizes the Court to grant "any appropriate relief" at the request of the foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors."  As such, section 1521 of the Bankruptcy Code creates a "broad reservoir of equitable power,"[51] subject to ensuring "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected."[52]

26.    Among such "appropriate relief," pursuant to section 1521(a)(7) of the Bankruptcy Code, a court may grant any relief under chapter 15 that would be available to a trustee, subject to certain limitations not relevant here.  Relief available to a trustee includes that under section 105(a) of the Bankruptcy Code, which allows "[t]he court [to] issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[53]  Thus, the Court may look to section 105(a) of the Bankruptcy Code as an independent basis for fashioning

---

[50]    The Foreign Representative does not, by this Motion, seek to have the CCAA Proceeding of either Xiwang Iovate or Iovate Australia recognized as foreign main proceedings under chapter 15 of the Bankruptcy Code, nor to have the Initial CCAA Order recognized and enforced within the United States with respect to either Xiwang Iovate or Iovate Australia.  The Foreign Representative reserves the right to file petitions for recognition of the CCAA Proceeding as to Xiwang Iovate and/or Iovate Australia in the future.

[51]    *In re AFJ Offshore, Ltd.*, 488 B.R. 551, 558 – 59 (Bankr. S.D.N.Y. 2013).

[52]    11 U.S.C. § 1522(a).

[53]    11 U.S.C. § 105(a).

relief as is necessary to protect a chapter 15 debtor and its creditors. Under such authority, the Court has discretion to apply the automatic stay and similar protections to non-debtors where necessary to protect a debtor's estate.[54] In fact, many bankruptcy courts have extended and applied the automatic stay and similar relief to non-debtor entities in chapter 15 cases.[55]

27. Due to the integration of the business and operations of the Iovate Group, the Canadian Debtors sought and obtained a stay from the Canadian Court as to the US Non-Debtor Stay Parties (and the Additional Stay Parties). Each of the US Non-Debtor Stay Parties are Delaware-incorporated limited liability companies that are wholly owned by Iovate US.[56] Each of the US Non-Debtor Stay Parties have entered into contracts with Amazon.com or its affiliates ("Amazon") as third-party sellers and are actively selling the Iovate Group's products to Amazon thereunder.[57] The extension of such relief to the US Non-Debtor Stay Parties is necessary to prevent uncoordinated realization and enforcement attempts from being made in the United States and thereby protect against immediate losses of value for the Iovate Group, including actions against the US Non-Debtor Stay Parties that will directly impact the Canadian Debtors and their stakeholders. Further, there is a material risk that the US Non-Debtor Stay Parties' contract counterparties in the United States may attempt to exercise certain remedies, including terminating contracts or accelerating obligations. Should this occur, it will severely impair the Canadian Debtors' restructuring efforts and result in irreparable damage to the Canadian Debtors' business

---

[54] *See, e.g., Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also In re Hal Luftig Co.*, 667 B.R. 638, 658 (Bankr. S.D.N.Y. 2025) ("non-consensual third party stay extensions survived the Supreme Court's ruling [in *Purdue Pharma*].").

[55] *See, e.g., In re Hector DAO*, Case No. 24-16067 (MBK), ECF No. 35 (Bankr. D. N.J. July 16, 2024); *In re Black Press Ltd.*, Case No. 24-10044 (MFW), ECF No. 73 (Bankr. D. Del. Feb. 14, 2024); *In re Boart Longyear Ltd.*, Case No. 17-11156 (MEW), ECF No. 26 (Bankr. S.D.N.Y. May 8, 2017); *In re Fraser Papers Inc.*, Case No. 09-12123, ECF No. 18 (Bankr. D. Del. June 19, 2009); *In re W.C. Wood Corp., Ltd.*, Case No. 09-11893, ECF No. 16 (Bankr. D. Del. June 1, 2009).

[56] Fourth Parris Dec. at ¶ 5.

[57] Fourth Parris Dec. at ¶ 6.

and the value of their assets, causing substantial harm to the Canadian Debtors' creditors and other parties in interest.[58]

## NOTICE

28.    The Foreign Representative will provide notice of this Motion to the Master Service List (as defined in the *Foreign Representative's Motion for Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service* [Docket No. 8]).  The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

29.    No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

30.    WHEREFORE, the Foreign Representative respectfully requests entry of the Proposed Amended Recognition Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 5, 2025

Respectfully submitted,
PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Steven W. Golden*

Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway (admitted *pro hac vice*)
Victoria A. Newmark (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

---

[58]    Fourth Parris Dec. at ¶ 7.