**<u>Exhibit B</u>**
Redline

**<u>Exhibit B</u>**
Redline

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-11958 (MG)<br><br>(Jointly Administered) |

**AMENDED ORDER GRANTING MOTION FOR (I) RECOGNITION AS FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. ●] (together with the Verified Petitions filed concurrently therewith, the "Recognition Motion") and the *Foreign Representative's (I) Motion to (A) Amend Order Recognizing Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1517(d) and 1522(c), and (B) Recognize and Enforce the Initial CCAA Order; and (II) Notice of Substantial Change in Status of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1518* [Docket No. ●] (the "Motion to Amend" and, together with the Recognition Motion, the "Motions"),[2] each filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Chapter 15 Debtors"); and upon the hearing on the ~~Motion~~Motions and this Court's review and consideration of the ~~Motion~~Motions, the Amended Parris Declaration, the

---

[1] The Chapter 15 Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A., Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the ~~Motion~~Recognition Motion or the Motion to Amend, as applicable.

Chaiton Declaration, the Second Parris Declaration, the Golden Declaration, ~~and~~the Third Parris Declaration, the Second Chaiton Declaration, the De Lellis Declaration, the Fourth Parris Declaration, and the Third Chaiton Declaration; IT IS HEREBY FOUND AND DETERMINED THAT[3]:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ).

    B.    Venue is proper before this Court as to each Chapter 15 Debtor pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

    C.    Appropriate notice of the filing of, and the hearing on, the ~~Motion was~~Motions were given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

    D.    No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

    E.    These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

---

[3] The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

F.  The Chapter 15 Debtors have a domicile, principal place of business, and/or property in the United States, and the Chapter 15 Debtors are each eligible to be a debtor in a chapter 15 case pursuant to, as applicable, sections 109 and 1501 of the Bankruptcy Code.

G.  The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Chapter 15 Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.  The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I.  The Canadian Proceeding is pending in Canada, where the Chapter 15 Debtors have the "center of [their] main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.  The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521(a)(4), and 1521(a)(5) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Chapter 15 Debtors and the interests of the Chapter 15 Debtors' creditors.

K.  Muscletech LLC, XP Sports LLC, and Simplevita Nutrition LLC (collectively, the "US Non-Debtor Stay Parties") are each entitled to additional relief available under section 1521 of the Bankruptcy Code.

L.   ~~K.~~ Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the ~~Motion was~~Motions were given, which notice was deemed adequate for all purposes, and no further notice need be given.

M.   ~~L.~~ All creditors and other parties in interest, including the Chapter 15 Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

N.   ~~M.~~ The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Chapter 15 Debtors and the interests of their creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Chapter 15 Debtors and the Foreign Representative in conducting the Canadian Proceeding may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The ~~Motion is~~Motions are granted.

2.   The Canadian Proceeding is recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and is entitled to the protections of section 1520(a) and 1521 of the Bankruptcy Code, including, without limitation, the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Chapter 15 Debtors and the US Non-Debtor Stay Parties (collectively, the "Protected Parties") and to the ~~Debtors~~Protected Parties' property that is within the territorial jurisdiction of the United States.

3. Iovate Health Sciences International Inc. is the duly appointed foreign representative of the Chapter 15 Debtors within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of the Chapter 15 Debtors in these Chapter 15 Cases, and is established as the exclusive representative of the Chapter 15 Debtors in the United States.

4. The ~~Foreign Representative~~Initial CCAA Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, is hereby given full force and effect, on a final basis, with respect to the Chapter 15 Debtors and the Chapter 15 Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, staying the commencement or continuation of any actions against the ~~Debtors~~Protected Parties or their assets (except as otherwise expressly provided herein or therein).

5. All objections, if any, to the ~~Motion~~Motions or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

6. Upon entry of this order (this "Order"), the Canadian Proceeding and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

    a. the protections of sections 361, 362, and 365(e) of the Bankruptcy Code apply to the ~~Debtors~~Protected Parties;

    b. all persons and entities are enjoined from taking any actions inconsistent with the Canadian Proceeding and from seizing, attaching, and enforcing or executing liens or judgments against the ~~Debtors~~Protected Parties' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the ~~Debtors~~Protected Parties' assets or agreements in the United States without the express consent of the Foreign Representative;

    c.    all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of any judicial, administrative, or any other action or proceeding involving or against the ~~Debtors~~Protected Parties or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the ~~Debtors~~Protected Parties or their assets or proceeds thereof; *provided, however*, that this Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code;

    d.    all persons and entities are enjoined from commencing any suit, action, or proceeding against the ~~Debtors~~Protected Parties, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these Chapter 15 Cases and the Canadian Proceeding; and

    e.    all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these Chapter 15 Cases solely because of a provision in such contract or lease is conditioned upon the commencement of the Canadian Proceeding or a case under the Bankruptcy Code.

7.    The Foreign Representative and the Chapter 15 Debtors shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) and 1521(b) of the Bankruptcy Code, and accordingly, the Foreign Representative:

    a.    is entrusted with the administration or realization of all or part of the Chapter 15 Debtors' assets (including, but not limited to, the Walmart Receivable) located in the United States;

    b.    is entrusted with the distribution of all or part of the Chapter 15 Debtors' assets (including, but not limited to, the Walmart Receivable) located within the United States; and

    c.    has the right and power to examine witnesses, take evidence, or deliver information concerning the Chapter 15 Debtors' assets, affairs, rights, obligations, or liabilities.

8.    For the avoidance of doubt, (a) the Walmart Receivable[4] is an asset of the Chapter

---

[4] As used in this paragraph, the Walmart Receivable is the receivable due and owing from Walmart to the Chapter 15 Debtors as of September 5, 2025, the date of the Walmart Answer filed in the Arkansas Proceeding.

15 Debtors located within the territorial jurisdiction of the United States; (b) RBC had a valid and perfected first-priority security interest in (among other things) the Walmart Receivable as of the Petition Date, and Orgain had a lien junior to RBC's security interest on the Walmart Receivable in the amount of $12,500,000 as of the Petition Date; (c) pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code, the Foreign Representative shall take immediate possession of the Walmart Receivable; *provided, however* that the Walmart Receivable remains subject to the jurisdiction and administration of the Canadian Court in the Canadian Proceeding; and (d) Walmart shall, in each case utilizing the same payment mechanisms as were utilized in the ordinary course prior to the Petition Date (i) promptly turn over all sums owed to the Chapter 15 Debtors by Walmart that Walmart has retained as a result of service of the Writ of Garnishment in the Arkansas Proceeding; and (ii) in the ordinary course of business, turn over all other sums owed to the Chapter 15 Debtors by Walmart.  As adequate protection for the diminution in value of their respective interests in the Walmart Receivable, RBC and Orgain are each hereby granted pursuant to sections 361, 363, 552 and 1520 of the Bankruptcy Code, valid, binding, enforceable, perfected, and continuing replacement liens (the "Replacement Liens") upon and security interests in the Walmart Receivable and the proceeds thereof, in the case of Orgain up to a maximum amount of USD $12,500,000.  The Replacement Lien of Orgain shall be junior to the Replacement Lien of RBC.

9. All parties who believe they have a claim against any of the Chapter 15 Debtors are obligated to file such claim in, and only in, the Canadian Proceeding.

10. All prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and that certain *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 30] (the "Provisional Relief Order") shall

remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

11. The Foreign Representative is hereby established as the representative of the Chapter 15 Debtors with full authority to administer the Chapter 15 Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Chapter 15 Debtors' prepetition and postpetition obligations.

12. Pursuant to section 1521(d) of the Bankruptcy Code, nothing in this Order enjoins a police or regulatory act of a governmental unit against the ~~Debtors~~Protected Parties.

13. The Foreign Representative, the Chapter 15 Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local Rules of this Court.

14. No action taken by the Foreign Representative, the Chapter 15 Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, these Chapter 15 Cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

15. The banks and financial institutions with which the ~~Debtors~~Protected Parties maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the ~~Debtors~~Protected Parties' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires,

and automatic clearing-house transfers issued, whether before or after the Petition Date and drawn on the Chapter 15 Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the ~~Debtors~~Protected Parties, as the case may be.

16. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17. The Foreign Representative, the Chapter 15 Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local Rules of this Court.

18. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued in the Canadian Proceeding.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight, or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

21. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the

jurisdiction of this Court.

22. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

23. This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Dated: \_\_\_, 2025

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Wednesday, November 5, 2025 1:48:16 PM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4904-7022-6542/4 |
| Description | Iovate- Recognition Order |
| Document 2 ID | netdocuments://4899-7325-7846/1 |
| Description | Iovate- Amended Recognition Order (CCAA) |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 70 |
| Deletions | 26 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 96 |