# **EXHIBIT A**

Court File No: BK-25-03268936-0031

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Court No.: 31-3268936
Estate No.: 31-3268936

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.**

Court No.: 31-3268942
Estate No.: 31-3268942

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.**

Court No.: 31-3268971
Estate No.: 31-3268971

**IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.**

**NOTICE OF MOTION**
**(Returnable October 31, 2025)**

Iovate Health Sciences International Inc. ("**Iovate International**"), Iovate Health Sciences U.S.A. Inc. ("**Iovate USA**"), Northern Innovations Holding Corp. ("**Northern Innovations**" and together with Iovate International and Iovate USA, the "**NOI Applicants**"), Xiwang Iovate Holdings Company Limited ("**Xiwang Iovate**"), and Iovate Health Sciences Australia Pty Ltd ("**Iovate Australia**", and together with Xiwang Iovate, Iovate International, Iovate USA, and Northern Innovations, the "**Applicants**") will make a Motion before the Honourable Justice J. Dietrich of the Ontario Superior Court of Justice (Commercial List) on Friday, October 31, 2025 at 12:00 p.m., or as soon after that time as the Motion can be heard.

DOC#15393940v5

**PROPOSED METHOD OF HEARING**: The Motion is to be heard

[ ]   In writing under subrule 37.12.1(1);
[ ]   In writing as an opposed motion under subrule 37.12.1(4);
[ ]   In person;
[ ]   By telephone conference;
[X]   By video conference,

before the Honourable Justice J. Dietrich of the Ontario Superior Court of Justice (Commercial List) on Friday, October 31, 2025 at 12:00 p.m., at the following Zoom Link:

https://ca01web.zoom.us/j/3774465581?pwd=SGpwMnpDMGVNNHo3WDhKN083aHNtdz09#success

**THE MOTION IS FOR:**

1.   An order (the "**Initial Order**") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, as amended (the "**CCAA**"), substantially in the form attached at Tab 4 of the Motion Record that, among other things:

   (a)   abridges and validates the time for service of this Notice of Motion, Notice of Application and the Motion Record and dispenses with further service thereof;

   (b)   declares that each of the Applicants is a "debtor company" to which the CCAA applies;

   (c)   authorizes and directs that the proposal proceedings (the "**NOI Proceedings**") commenced by the NOI Applicants under Division I of Part III of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**"), be taken up and continued under the CCAA;

DOC#15393940v5

(d) appoints KSV Restructuring Inc. (the "**Proposed Monitor**") as an officer of this Honourable Court to monitor the business and financial affairs of the Applicants (once appointed in such capacity, the "**Monitor**");

(e) provides for a stay of all proceedings and remedies, until December 12, 2025 or such other date as the Court may order, taken or that might be taken in respect of the Iovate Group (defined below), the Monitor or any of their respective employees, advisors (including counsel) or other representatives acting in such capacities, or affecting the Applicants' business or the Property (as defined in the Initial Order), including the Garnishments (as defined below), except with the written consent of the Applicants and the Monitor, or with leave of the Court (the "**Stay of Proceedings**");

(f) extends the benefit of the Stay of Proceedings and other aspects of the Initial Order to Infinity Insurance Co. Ltd. ("**Infinity Insurance**"), Iovate Health Sciences Europe Limited ("**Iovate Europe**"), Muscletech LLC ("**Muscletech**"), XP Sports LLC ("**XP Sports**"), and Simplevita Nutrition LLC ("**Simplevita**") (collectively, the "**Non-Applicant Stay Parties**", and together with the Applicants, the "**Iovate Group**") and to the Non-Applicant Stay Parties' respective directors and officers;

(g) orders that the Order of the Honourable Justice J. Dietrich granted on September 9, 2025 (the "**September 9 Order**"), the Order of the Honourable Justice Conway granted on October 3, 2025, the Order of the Honourable W.D. Black granted on October 17, 2025, and the authorizations, rights, protections and other relief granted thereunder, shall continue in full force and effect in the CCAA Proceedings;

DOC#15393940v5

(h)    expands the September 9 Order to appoint Iovate International as the foreign representative of the Iovate Group (the "**Foreign Representative**") in respect of these CCAA Proceedings and authorizes the Foreign Representative to apply for relief pursuant to Chapter 15 of the United States *Bankruptcy Code* in the pending Chapter 15 Proceedings (as defined below);

(i)    grants or continues (as applicable) the Administrative Professionals Charge and the Directors' Charge (each defined below) over the Applicants' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, including all proceeds thereof (collectively, the "**Property**"); and

2.    Such further and other relief as counsel may request and that this Honourable Court may deem just.

**THE GROUNDS FOR THE MOTION ARE**:[1]

*Background*

1.    Headquartered in Oakville, Ontario, the Iovate Group is an integrated group of private companies engaged in the development, manufacture, marketing and sale of health and nutrition products in Canada, the United States and internationally;

---

[1] Capitalized terms not otherwise defined have the meanings given to them in the Affidavits of Wesley Parris sworn September 6, 2025, October 11, 2025 and October 29, 2025.

2.      The Iovate Group's products are produced through third-party co-manufacturers and distributed through a network of retail, online and distributor channels. Its products are shipped from facilities in Canada, the United States, Belgium, and Australia;

3.      Collectively, the Iovate Group employs approximately 159 people in Canada and 2 people in the United Kingdom through Iovate International, and 10 people in the United States and Canada through Iovate USA;

*Matters Leading to the Insolvency Proceedings*

4.      The Applicants have recently experienced significant financial and operational challenges that adversely affected their financial performance and resulted in an imminent liquidity crisis;

5.      The principal operational challenge arose as a result of the transition of the Iovate Group's U.S. distribution operations from an in-house facility to a third-party logistics provider, Kenco Logistics Services, LLC ("**Kenco**"), in September 2023;

6.      Pursuant to a Warehousing & Logistics Services Agreement dated April 27, 2023 (the "**Kenco Agreement**"), Kenco was engaged as the exclusive provider of certain warehousing and distribution services. The arrangement proved unfavourable for the Iovate Group, with direct and ancillary costs exceeding budget and historical levels by mid-2024;

7.      In addition, Iovate International and Iovate USA are jointly and severally liable under a judgment of the United States District Court of Central District of California in favour of Orgain, Inc. ("**Orgain**"), in the amount of USD 12.5 million (the "**Amended Judgement**");

8. In June 2025, Orgain sought enforcement of the Amended Judgement by obtaining a writ of garnishment in the State of Arkansas and serving it on certain of the Iovate Group's major customers, including Walmart, seeking to garnish receivables owing to Iovate USA (the "**Garnishments**");

9. Following service of the writ, Walmart withheld all payments to Iovate USA. As of October 3, 2025, the outstanding receivable from Walmart was approximately USD 21.5 million, of which approximately USD 14.7 million was due and payable (the "**Walmart Receivable**");

10. Although Walmart has recently resumed remitting certain payments to Iovate USA, it continues to hold approximately USD 13.7 million in respect of the Amended Judgment, which continues to constrain Iovate Group's liquidity;

11. Iovate International is in default under its syndicated credit agreement, with approximately USD 115.4 million owing to its lenders (the "**Lenders**") as of September 30, 2025;

12. The Lenders demanded repayment, citing prejudice to their collateral resulting from Orgain's enforcement efforts. The Applicants are unable to satisfy the indebtedness outstanding under the credit facilities;

13. In these circumstances, the Applicants determined that it was in the best interests of all stakeholders for the NOI Applicants to commence the NOI Proceedings to stabilize operations, pursue an orderly restructuring under Court supervision, seek recognition of the NOI Proceedings in the United States, and preserve enterprise value;

*NOI Proceedings*

14. On September 5, 2025, each of the NOI Applicants filed a Notice of Intention to Make a Proposal pursuant to section 50.4 of the BIA;

15. KSV was appointed as the Proposal Trustee;

16. The NOI Proceedings provided an automatic stay of proceedings in respect of the NOI Applicants, their property, and their directors. That stay was, and remains, necessary to preserve enterprise value, protect relationships with key customers, and permit the Iovate Group to pursue a restructuring for the benefit of all stakeholders;

17. On September 9, 2025, the Court granted the September 9 Order which, among other things, (a) administratively consolidated the NOI Proceedings under one title of proceedings; (b) granted a charge over the Property of the NOI Applicants in favour of certain administrative professionals; and (c) authorized Iovate International to act as foreign representative for the purpose of having the NOI Proceedings recognized outside of Canada;

18. On September 10, 2025, the United States Bankruptcy Court for the Southern District of New York (the "**New York Court**") issued an order (the "**Provisional Order**") provisionally recognizing Iovate International as foreign representative of the NOI Applicants, with full authority to administer their assets and affairs in the United States (the "**Chapter 15 Proceedings**");

19. A Notice of Bankruptcy was filed with the Circuit Court of Benton County, Arkansas (the "**Arkansas Court**"). On September 25, 2025, the Arkansas Court issued an order staying Orgain's enforcement efforts pending resolution of the NOI Applicants' insolvency proceedings;

20. On September 19, 2025, the New York Court extended the protections granted under the Provisional Order;

21. The NOI Applicants scheduled a motion before the New York Court on October 28, 2025 (the "**Recognition Hearing**") for a final order recognizing the NOI Proceedings as foreign main proceedings and directing Walmart to immediately remit the remaining amount of the USD 21.5 million receivable held by Walmart to Iovate International, in its capacity as foreign representative of the NOI Applicants;

22. On October 3, 2025, this Court granted an order extending the time for the NOI Applicants to file proposals to and including November 4, 2025;

23. On October 17, 2025, this Court granted an order approving: (i) a settlement agreement between Iovate USA and Kenco in respect of the Kenco Agreement, and (ii) certain related releases;

24. On October 28, 2025, the New York Court granted an order (the "**Recognition Order**") which, among other things: (i) recognized the NOI Proceedings as the "foreign main proceeding"; (ii) ordered that the foreign representative shall take immediate possession of the Walmart Receivable; and (iii) ordered Walmart to promptly turn over the Walmart Receivable, and to turn over all other sums owed to the NOI Applicants in the ordinary course of business;

*Continuation under the CCAA*

25. The NOI Applicants seek to have the NOI Proceedings continued under the CCAA pursuant to section 11.6 of the CCAA;

DOC#15393940v5

26. The NOI Applicants have not filed any proposals under the BIA, and the continuation of the NOI Proceedings under the CCAA is consistent with the remedial purpose and flexibility of the CCAA;

27. The information which section 10(2) of the CCAA requires has been provided;

28. The NOI Applicants also seek to add Xiwang Iovate and Iovate Australia as Applicants under the CCAA, to facilitate a coordinated restructuring of the Iovate Group;

29. The Applicants are insolvent within the meaning of the CCAA;

30. Each of the Applicants is a company to which the CCAA applies;

31. The total claims against the Applicants exceed CAD $5 million;

32. Continuation of these proceedings under the CCAA is appropriate and will provide the most effective framework for the Applicants to restructure their affairs, stabilize operations, and maximize value for all stakeholders;

33. The Applicants require the protections afforded under the CCAA to (a) maintain the status quo and preserve the going-concern value of the Iovate Group; (b) provide the breathing space required to explore and implement a value-maximizing restructuring; and (c) prevent piecemeal enforcement action in multiple jurisdictions;

34. The CCAA framework will also enable the Applicants to: (a) seek extended stays of proceedings beyond the 45-day limit under the BIA; (b) facilitate cross-border coordination with the Chapter 15 Proceedings in the United States; and (c) implement a sale or restructuring process in an efficient and supervised manner;

35. The Proposal Trustee supports the Applicants' motion to continue the NOI Proceedings under the CCAA;

36. KSV has consented to act as Monitor in the CCAA proceedings;

*Stay of Proceedings*

37. The Applicants seek the Stay of Proceedings against the Applicants and the Non-Applicant Stay Parties until December 12, 2025, or such other date as the Court may determine;

38. The Stay of Proceedings is required to prevent creditors and other stakeholders from commencing or continuing enforcement actions that would undermine the stability of the Iovate Group's operations and value;

39. The Non-Applicant Stay Parties are integrated with, and form an essential part of, the Applicants' business and operations. Extending the Stay of Proceedings to those entities is necessary to maintain operational continuity and avoid disruption to the Iovate Group's global business;

40. A 13-week cash-flow forecast prepared by the Applicants with the assistance of the Proposed Monitor demonstrates that the Applicants will have sufficient liquidity to fund their operations and the costs of these proceedings during the proposed Stay of Proceedings;

41. No creditor will be materially prejudiced by the granting of the relief sought;

*Priority Charges*

42. The Applicants seek the granting or continuation (as applicable) of the following Court-ordered charges as part of the relief under the Initial Order, in the following priority:

DOC#15393940v5

(a) **First:** a charge up to a maximum amount of CAD 1,000,000 to secure the fees and disbursements of the Proposed Monitor, counsel to the Proposal Monitor, U.S. counsel and Canadian counsel for the Applicants, and KPMG LLP in its capacity as the Financial Advisor to the Applicants, FTI Consulting, in its capacity as financial advisor to the Lender, and Blake, Cassels & Graydon LLP, as counsel to the Lenders (the "**Administrative Professionals Charge**"); and

(b) **Second:** a charge up to a maximum amount of CAD 1,310,000 in favour of the Iovate Group's present and former directors and officers (the "**Directors' Charge**");

43. KSV, in its capacity as the NOI Applicants' Proposal Trustee and the Proposed Monitor for the CCAA Proceedings, supports the continuation of the NOI Proceedings under the CCAA and the relief sought in the Initial Order.

*Further Grounds*

44. The facts and circumstances set out in the Affidavit of Wesley Parris sworn October 29, 2025 (the "**Fourth Parris Affidavit**");

45. The facts and circumstances set out in the pre-filing report of the Proposed Monitor (the "**Pre-Filing Report**");

46. The provisions of the BIA, including section 50.4(9), and the statutory, inherent and equitable jurisdiction of this Honourable Court;

DOC#15393940v5

47. The provisions of the CCAA, including sections 2(1), 3(1), 10(2), 11, 11.02, 11.52, 11.6, 11.7, and the statutory, inherent and equitable jurisdiction of this Honourable Court;

48. Rules 1.04, 1.05, 2.01, 2.03, 16.04 and 37 of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194, as amended, and section 106 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended; and

49. Such other grounds as counsel may advise and this Honourable Court may permit.

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the Motion:

50. The Fourth Parris Affidavit;

51. The Pre-Filing Report, to be filed;

52. The consent of KSV to act as Monitor in the CCAA proceedings; and

53. Such further and other evidence as the lawyers may advise and this Honourable Court may permit.

DOC#15393940v5

| | |
|---|---|
| October 29, 2025 | **CHAITONS LLP**<br>Barristers and Solicitors<br>5000 Yonge Street, 10th Floor<br>Toronto, ON  M2N 7E9<br><br>**Harvey Chaiton (LSO No. 21592F)**<br>Tel:    (416) 218-1129<br>E-mail: harvey@chaitons.com<br><br>**Danish Afroz (LSO No. 65786B)**<br>Tel:    (416) 218-1137<br>E-mail: dafroz@chaitons.com<br><br>*Lawyers for the Applicants* |

DOC#15393940v5

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES INTERNATIONAL INC.

Court No.: 31-3268936
Estate No.: 31-3268936

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF IOVATE HEALTH SCIENCES U.S.A. INC.

Court No.: 31-3268942
Estate No.: 31-3268942

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF NORTHERN INNOVATIONS HOLDING CORP.

Court No.: 31-3268971
Estate No.: 31-3268971

Court File No: BK-25-03268936-0031

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT TORONTO

**NOTICE OF MOTION**
**(Returnable October 31, 2025)**

**CHAITONS LLP**
Barristers and Solicitors
5000 Yonge Street, 10th Floor
Toronto, ON  M2N 7E9

**Harvey Chaiton (LSO No. 21592F)**
Tel:    (416) 218-1129
E-mail: harvey@chaitons.com

**Danish Afroz (LSO No. 65786B)**
Tel:    (416) 218-1137
E-mail: dafroz@chaitons.com

*Lawyers for the Applicants*

DOC#15393940v5