Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway (admitted *pro hac vice*)
Victoria A. Newmark (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IOVATE HEALTH SCIENCES INTERNATIONAL INC.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25- 11958 (MG)<br><br>(Joint Administration Requested) |

**FOREIGN REPRESENTATIVE'S *EX PARTE* MOTION FOR
ENTRY OF ORDER SHORTENING THE NOTICE PERIOD FOR HEARING ON
FOREIGN REPRESENTATIVE'S (I) MOTION TO (A) AMEND ORDER
RECOGNIZING FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§
1517(D) AND 1522(C), AND (B) RECOGNIZE AND ENFORCE THE INITIAL
CCAA ORDER; AND (II) NOTICE OF SUBSTANTIAL CHANGE IN
STATUS OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. § 1518**

Iovate Health Sciences International Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned Chapter 15 Debtors (as defined below) in respect of the Canadian Proceeding pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), by and through its undersigned counsel, respectfully submits this motion (the "Motion to Shorten") requesting entry of an order,

---

[1] The Debtors in the Canadian Proceeding, along with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, as applicable, are as follows: (i) Iovate Health Sciences International Inc. (0696); (ii) Iovate Health Sciences U.S.A. Inc. (3542); and (iii) Northern Innovations Holding Corp. (3909).

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") shortening notice with respect to the *Foreign Representative's (I) Motion to (A) Amend Order Recognizing Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1517(d) and 1522(c), and (B) Recognize and Enforce the Initial CCAA Order; and (II) Notice of Substantial Change in Status of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1518* (the "Motion to Amend"),[2] filed contemporaneously herewith. In support of this Motion to Shorten, the Foreign Representative states as follows:

## BACKGROUND

1. On September 5, 2025, Iovate International, Iovate Health Sciences U.S.A. Inc. ("Iovate US"), and Northern Innovations Holding Corp. ("Northern Innovations" and, together with Iovate International and Iovate US, the "Chapter 15 Debtors") each commenced proceedings (the "NOI Proceeding") before the Canadian Court pursuant to section 50.4 of Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA"). The Foreign Representative thereafter commenced these Chapter 15 Cases in the United States Bankruptcy Court for the Southern District of New York (this "Court"), seeking recognition of the NOI Proceeding as a foreign main proceeding as to each of the Chapter 15 Debtors.

2. On October 28, 2025, this Court entered an order [Docket No. 74] (the "Recognition Order"): (a) recognizing the NOI Proceeding pending before the Canadian Court as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"); (b) recognizing the Foreign Representative as the foreign representative of the Chapter 15 Debtors within the meaning of section 101(24) of the Bankruptcy Code; and (c) granting certain relief.

---

[2] Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the Motion to Amend.

3. On October 31, 2025 (the "Canadian Conversion Date"), the Canadian Court issued an order (the "Initial CCAA Order"), that, among other things, converted the Chapter 15 Debtors' NOI Proceeding to a proceeding (the "CCAA Proceeding") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 (the "CCAA").

4. In light of the conversion of the Canadian Proceeding from the NOI Proceeding to the CCAA Proceeding, the Foreign Representative filed the Motion to Amend, which seeks to amend the Recognition Order to reflect such conversion of the Canadian Proceeding and to further recognize, and give full force and effect to, the Initial CCAA Order within the territorial jurisdiction of the United States.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6. The statutory predicate for the relief requested herein is rule 9006-(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504 and 1509 of title 11 of the United States Code (the "Bankruptcy Code") by the filing of verified petitions for recognition of the Canadian Proceeding.

## RELIEF REQUESTED

7. By this Motion to Shorten, the Foreign Representative seeks entry of the Proposed Order: (a) shortening the notice period with respect to the Motion to Amend; and (b) scheduling a hearing on the Motion ("Hearing"). As described in the Motion to Amend and accompanying

declarations, the Chapter 15 Debtors seek to amend this Court's prior Recognition Order to reflect the conversion of the Canadian Proceeding and recognize and enforce the Initial CCAA Order with respect to the Chapter 15 Debtors and the US Non-Debtor Stay Parties.[3]

## BASIS FOR RELIEF

8. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions.[4] Cause exists to shorten the notice period for the Motion to Amend to reflect the conversion of the Canadian Proceeding and the entry of the Initial CCAA Order within these Chapter 15 Cases. The purposes of chapter 15 of the Bankruptcy Code is served by hearing the Motion to Amend at the earliest possible time to ensure the extent of the relief granted by the Canadian Court in the already-recognized foreign main proceeding (i.e. the Canadian Proceeding) is granted full force and effect within the United States through these Chapter 15 Cases.

9. Moreover, the Court's consideration of the Motion to Amend on an expedited basis will not prejudice other parties, because this Court has already entered the Recognition Order recognizing the Canadian Proceeding. The Initial CCAA Order clarifies that the CCAA Proceeding is a continuation of the NOI Proceeding and "not intended to vary or otherwise modify the protections to" the Canadian Proceeding in these Chapter 15 Cases.[5]

10. Therefore, in light of the foregoing, cause exists for the Court to hear the Motion to Amend on an urgent basis, as such is necessary to protect the Chapter 15 Debtors' assets within the jurisdiction of the United States and to protect the interests of the Chapter 15 Debtors' creditors by facilitating a centralized reorganization process after the Court's recognition of the

---

[3] The US Non-Debtor Stay Parties are: Muscletech LLC, XP Sports LLC, and Simplevita Nutrition LLC.
[4] Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.").
[5] Initial CCAA Order, ¶ 4.

Canadian Proceeding as a foreign main proceeding. For these reasons, the Foreign Representative respectfully requests that the Court schedule a hearing on the Motion to Amend no later than November 12, 2025.

11. Finally, the Foreign Representative requests that the Court grant this Motion to Shorten without notice to third parties.

## NO PRIOR REQUEST

12. No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: November 5, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Steven W. Golden
Jeffrey M. Dine
Mary F. Caloway
Victoria A. Newmark
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Foreign Representative*