**Exhibit B**

**SISP Order**

4923-8621-4525.1 42848.00001

Court File No. BK-25-03268936-0031

# ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| **THE HONOURABLE** | ) | **FRIDAY, THE 28TH** |
| | ) | |
| **JUSTICE CAVANAGH** | ) | **DAY OF NOVEMBER, 2025** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD, and NORTHERN INNOVATIONS HOLDING CORP.**

Applicants

**ORDER**
**(SISP Approval Order)**

**THIS MOTION**, made by made by Xiwang Iovate Holdings Company Limited ("**Xiwang Iovate**"), Iovate Health Sciences International Inc. ("**Iovate International**"), Iovate Health Sciences U.S.A. Inc. ("**Iovate USA**"), Iovate Health Sciences Australia PTY Ltd ("**Iovate Australia**") and Northern Innovations Holding Corp. ("**Northern Innovations**" and together with Xiwang Iovate, Iovate International, Iovate USA and Iovate Australia, the "**Applicants**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, *inter alia*, approving the Sale and Investment Solicitation Process in respect of the Applicants in the form attached hereto as Schedule "A" (the "**SISP**") and granting certain related relief, was heard this day by videoconference.

DOC#15454538v5

- 2 –

**ON READING** the affidavit of Wesley Parris sworn November 19, 2025, First Report of the KSV Restructuring Inc. in its capacity as Monitor dated November 25, 2025 (the "**First Report**"), the Supplement to the First Report dated November 27, 2025 (the "**Supplemental Report**") and on hearing the submissions of Canadian counsel for the Applicants, counsel for the Monitor, counsel for Royal Bank of Canada as agent for a syndicate of lenders (the "**Administrative Agent**"), and those other parties present, no one else appearing although duly served as appears from the affidavit of service of Lynda Christodoulou sworn November 21, 2025, filed.

**SERVICE AND DEFINITIONS**

1.      **THIS COURT ORDERS** that if necessary, the time for service and filing of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.      **THIS COURT ORDERS** that all capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Report, the SISP and the Amended and Restated Initial Order of this Court dated November 28, 2025 (the "**Initial Order**"), as applicable.

**SALE AND INVESTMENT SOLICITATION PROCESS**

3.      **THIS COURT ORDERS** that the SISP attached as Schedule "A" (subject to any amendments thereto that may be made in accordance therewith and with this Order) be and is hereby approved and that the Monitor and the Sales Agent are hereby authorized and empowered to implement the SISP pursuant to the terms thereof. The Monitor and the Sales Agent are hereby authorized and directed to do all things reasonably necessary or desirable to give full effect to the

- 3 –

SISP and to perform their respective obligations thereunder, subject to prior approval of the Court being obtained before the completion of any transaction(s) under the SISP.

4. **THIS COURT ORDERS** that the Monitor, the Sales Agent, the Applicants and their respective affiliates, partners, directors, employees, legal advisors, representatives, agents and controlling persons shall have no liability with respect to any and all losses, claims, damages or liabilities of any nature or kind to any person in connection with or as a result of the SISP, except to the extent of losses, claims, damages or liabilities that arise or result from the gross negligence or wilful misconduct of any such person (with respect to such person alone), in performing their obligations under the SISP, as determined by this Court in a final order that is not subject to appeal or other review and all rights to seek any such appeal or other review shall have expired.

5. **THIS COURT ORDERS** that, pursuant to section 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SOR/DORS), the Monitor and the Sales Agent are authorized and permitted to send, cause or permit to be sent, commercial electronic messages to electronic addresses of prospective bidders or offerors and to their advisors, but only to the extent required to provide information with respect to the SISP in these CCAA Proceedings.

6. **THIS COURT ORDERS** that in supervising and overseeing the SISP, the Monitor shall have all of the benefits and protections granted to it under the CCAA and the Initial Order and any other Order of this Court in the within proceeding. Notwithstanding anything contained herein or in the SISP, and in no way limiting the protections provided to the Monitor in the Initial Order, the Monitor shall not take possession of any Property or be deemed to take possession of any Property.

- 4 –

7.     **THIS COURT ORDERS** that the Monitor or the Applicants may from time to time apply to this Court to amend, vary or supplement this Order or to seek advice and directions in connection with the SISP or the implementation thereof.

**PIPEDA**

8.     **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the *Canada Personal Information Protection and Electronic Documents Act*, the Monitor, the Sales Agent, the Applicants and their respective advisors are hereby authorized and permitted to disclose and transfer to prospective SISP participants (each, a "**SISP Participant**") and their advisors personal information of identifiable individuals ("**Personal Information**"), records pertaining to the Applicants' past and current employees, and information on specific customers, but only to the extent desirable or required to negotiate or attempt to complete a transaction pursuant to the SISP (a "**Transaction**"). Each SISP Participant to whom such personal information is disclosed shall maintain and protect the privacy of such Personal Information and limit the use of such Personal Information to its evaluation of a Transaction, and if it does not complete a Transaction, shall return all such information to the Monitor or the Sales Agent or in the alternative destroy all such information and provide confirmation of its destruction if requested by the Monitor or the Sales Agent. Any Successful Bidder shall maintain and protect the privacy of such information and, upon closing of the Transaction(s) contemplated in the Successful Bid(s), shall be entitled to use the personal information provided to it that is related to the Business and/or Property acquired pursuant to the SISP in a manner that is in all material respects identical to the prior use of such information by the Applicants, and shall return all other personal information to the Monitor or the

Sales Agent or ensure that all other personal information is destroyed and provide confirmation of its destruction if requested by the Monitor or the Sales Agent.

**GENERAL**

9.      **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

10.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to Iovate International in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

11.     **THIS COURT ORDERS** that Iovate International be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that Iovate International is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

- 6 –

12.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order without the need for entry or filing.

_____

- 7 –

## SCHEDULE "A"
## SALE AND INVESTMENT SOLICITATION PROCESS

1. On September 5, 2025, Iovate Health Sciences International Inc. ("**Iovate International**"), Iovate Health Sciences U.S.A. Inc. ("**Iovate USA**"), and Northern Innovations Holding Corp. ("**Northern**", together with Iovate International and Iovate USA, the "**NOI Debtors**") each commenced an insolvency proceeding (the "**NOI Proceedings**") pursuant to section 50.4 of Canada's *Bankruptcy and Insolvency Act,* R.S.C. 1985, c. B-3, by the separate filing of a Notice of Intention to Make a Proposal. KSV Restructuring Inc. ("**KSV**") was appointed as the proposal trustee. On October 31, 2025, the Ontario Superior Court of Justice (Commercial List) (the "**Court**") made an order (as may be further amended and restated, the "**Initial Order**"): (i) continuing the NOI Proceedings under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"); and (ii) granting the NOI Debtors, Xiwang Iovate Holdings Company Limited and Iovate Health Sciences Australia PTY Ltd (collectively, the "**Applicants**"), and the additional parties listed in Schedule "A" to the Initial Order (collectively, the "**Non-Applicant Stay Parties**" and together with the Applicants, the "**Iovate Group**") certain protection and relief under the CCAA, (collectively, the "**CCAA Proceedings**"). KSV was appointed under the terms of the Initial Order as monitor of the Applicants (in such capacity, the "**Monitor**"). Capitalized terms that are not defined herein have the meanings ascribed thereto in the Initial Order or the SISP Order (as defined below), as applicable.

2. Iovate International entered into an amended and restated credit agreement dated June 31, 2021 (as amended, the "**Credit Agreement**"), with HSBC Bank Canada (now Royal Bank of Canada ("**RBC**")), as administrative agent (in such capacity, the "**Administrative Agent**"), and the lenders party thereto from time to time, as syndicated lenders (together, the "**Lenders**"). The Credit Agreement provides for a revolving credit facility and a term loan facility. As security for the obligations under the Credit Agreement, the NOI Debtors and related affiliates granted to the Administrative Agent, on behalf of the Lenders, among other things, a general security agreement, creating a first priority lien over all present and after-acquired real and personal property.

3. On November 28, 2025, the Court granted an order in the CCAA Proceedings (the "**SISP Order**") that, among other things, authorized and empowered the Monitor to implement a sale and investment solicitation process ("**SISP**") in accordance with the terms hereof.

4. The SISP sets out the manner in which (a) binding bids for executable transactions involving the business of the Applicants (the "**Business**") and/or the property of the Applicants (the "**Property**") will be solicited from interested parties; (b) any such bids received will be addressed; (c) any Successful Bid (as defined below) will be selected; and (d) Court approval of any Successful Bid will be sought. The SISP will be conducted by the Monitor, with the assistance of the Applicants and with Origin Merchant Partners to be retained as the sales agent (the "**Sales Agent**") by the Debtors with the consent of the Monitor and the Administrative Agent in accordance with the terms hereof.

**Opportunity**

5. The SISP is intended to solicit interest in, and opportunities for: (a) one or more sale(s) or partial sale(s) of all, substantially all, or certain portions of the Property or the Business; and/or (b) an investment in, restructuring, recapitalization, refinancing or other form of reorganization of all or some of the Applicants or all or part of the Business. For greater certainty, bids that will be considered pursuant to the SISP may include one or more of an investment, restructuring, recapitalization, refinancing or other form of reorganization of the Business of all or some of the Applicants as a going concern or a sale (or partial sale) of all, substantially all, or certain of the Property, or a combination thereof.

- 8 –

6. The SISP describes the manner in which prospective bidders may gain access to due diligence materials concerning the Applicants, the Business and the Property, the manner in which interested parties may participate in the SISP, the requirements related to the receipt and negotiation of bids received, the ultimate selection of a Successful Bidder (as defined below) and the requisite approvals to be sought from the Court in connection therewith. The Monitor shall conduct the SISP, in consultation with the Sales Agent, and with the assistance of the Applicants, in the manner set forth herein. Any transaction implemented pursuant to the SISP shall be on an "*as is, where is*" basis and without surviving representations or warranties of any kind, nature, or description by the Monitor, the Sales Agent, the Applicants or any of their respective employees, representatives, agents, advisors and/or estates.

7. The Monitor may at any time and from time to time modify, amend, vary or supplement the SISP, including to extend the key dates set out hereunder and to waive terms and conditions set forth herein with respect to all prospective bidders without the need for obtaining an order of the Court; provided that, (a) the Monitor, in consultation with the Sales Agent, determines that such modification, amendment, variation or supplement is not material and is useful in order to give effect to the substance of the SISP, the SISP Order and the Initial Order and maximize the value of the Property and/or the Business, and (b) the provisions of this SISP in paragraphs 8, 13, 15, 16, 20 or any other provision to the extent that such modification is prejudicial to the Administrative Agent or the Lenders, shall not be amended without the consent of the Administrative Agent.

**Timeline**[1]

8. The key dates for the SISP are as follows, as such dates may be modified or extended in accordance with the terms of the SISP:

| Event | Date |
|---|---|
| 1. **Commencement of SISP** | November 13, 2025 at 12:01 a.m. (prevailing Eastern Time) |
| **Phase 1** | |
| 2. **Process Letter and Access to VDR**<br><br>The Monitor, with assistance from the Sales Agent, to commence preparation and distribution to potentially interested parties of (i) a teaser and process letter; and (ii) subject to execution of NDAs (as defined below), a confidential information memorandum and access to the VDR (as defined below) | As soon as practicable following commencement of the SISP. |
| 3. **Phase 1 Bid Deadline**<br><br>Deadline for submission of LOIs (as defined below) | January 23, 2026 at 5:00 p.m. (prevailing Eastern Time)<br><br>(**"Phase 1 Bid Deadline"**) |

---

[1] To the extent any dates would fall on a non-business day, such date shall be the first business day thereafter.

DOC#15454538v5

| | | |
|---|---|---|
| 4. | **Notification of Phase 1 Qualified Bid**<br><br>Deadline to notify a party that has submitted a LOI whether it has been designated a Phase 1 Qualified Bidder (as defined below) invited to participate in Phase 2 | January 30, 2026 at 5:00 p.m. (prevailing Eastern Time)<br><br>("**Notification Deadline**") |
| **Phase 2** | | |
| 5. | **Qualified Bid Deadline**<br><br>Deadline for delivery of definitive offers in accordance with the requirements of Section 18 hereof | March 9, 2026 at 5:00 p.m. (prevailing Eastern Time)<br><br>("**Qualified Bid Deadline**") |
| 6. | **Auction**<br><br>Auction (as defined below), if applicable | March 16, 2026 at 10:00 a.m. (prevailing Eastern Time) |
| 7. | **Selection of Successful Bid**<br><br>Deadline for selection of the Successful Bid | March 20, 2026 at 5:00 p.m. (prevailing Eastern Time)<br><br>("**Successful Bid Selection Deadline**") |
| 8. | **Approval Order Hearing**<br><br>Hearing of the motion for the Approval Order (as defined below) | April 3, 2026, subject to Court availability |
| 9. | **Outside Date**<br><br>Deadline for completion of the transaction(s) represented by the Successful Bid | June 3, 2026 at 5:00 p.m. (prevailing Eastern Time)<br><br>("**Outside Date**") |

**Solicitation of Interest**

9. As soon as reasonably practicable following the commencement of the SISP, the Monitor, with assistance from the Sales Agent, will, to the extent it has not already done so:

    a. post on the Monitor's website a notice of the SISP and any other relevant information that the Monitor, in consultation with the Applicants and the Sales Agent, considers appropriate regarding the SISP;

    b. disseminate marketing materials and a process letter to potentially interested parties identified by the Monitor, the Applicants and the Sales Agent;

    c. solicit interest from parties with a view to such interested parties entering into non-disclosure agreements (each, an "**NDA**") (parties shall only obtain access to the VDR and be permitted to participate in the SISP if they execute an NDA with the Applicants, in form and substance satisfactory to the Monitor, in its sole discretion);

- 10 –

    d. provide applicable parties who have entered into an NDA with the Applicants access to one or more virtual data rooms (collectively, the "**VDR**") containing, among other things, diligence information;

    e. request that such parties submit a letter of intent to bid ("**LOI**") to the Monitor and the Sales Agent, meeting at least the requirements set forth in Section 12 below, as determined by the Monitor and the Sales Agent, in consultation with the Administrative Agent (a "**Phase 1 Qualified Bid**", and such party, a "**Phase 1 Qualified Bidder**"), by the Phase 1 Bid Deadline; and

    f. if applicable, request that Phase 1 Qualified Bidders submit a binding offer ("**Phase 2 Bid**") to the Monitor and the Sales Agent, meeting at least the requirements set forth in Section 18 below, as determined by the Monitor and the Sales Agent, in consultation with the Administrative Agent (a "**Qualified Bid**", and such party, a "**Qualified Bidder**"), by the Qualified Bid Deadline.

10. The Monitor, in consultation with the Sales Agent, the Applicants and the Administrative Agent reserves the right to limit access to any confidential information (including any information in any VDR) where, in the opinion of the Monitor, in consultation with the Sales Agent, the Applicants and the Administrative Agent, such access could negatively impact the SISP, the ability to maintain the confidentiality of the Applicants' confidential or competitive information, the Business, or the Property. For the avoidance of doubt, selected due diligence information may be withheld from parties that have executed an NDA if the Monitor, in consultation with the Sales Agent, the Applicants and the Administrative Agent, determines, in its sole discretion, such information represents proprietary or sensitive competitive information.

11. The Monitor and its advisors, make no representation or warranty as to the accuracy or completeness of the information contained in the VDR, or any other information provided through the due diligence process or pursuant to the SISP.

**Phase 1 Bids - LOIs**

12. In order to constitute a Phase 1 Qualified Bid, a LOI must comply with the following:

    a. <u>Identification of Potential Bidder</u>. It identifies the potential bidder (which, for the avoidance of doubt, may be a purchaser, an investor or a lender);

    b. <u>Identification of Property/Business</u>. It contains a general description of the Property and/or Business of the Applicants that would be the subject of the bid;

    c. <u>Bid Description</u>. The bid contains a summary of the proposed transaction(s) highlighting the material terms of the bid, including whether the bid is an offer to acquire all, substantially all or a portion of the Applicants' Property (a "**Sale Proposal**"), or an offer to make an investment in, restructure, reorganize or refinance the Applicants' Business that is not a Sale Proposal (an "**Investment Proposal**");

    d. <u>Sale Proposal</u>. In the case of a Sale Proposal, the bid includes: (i) a purchase price in United States dollars; (ii) the form of consideration (including any liabilities to be assumed); (iii) key assumptions supporting the purchase price valuation; (iv) a specific indication of the expected structure and financing of the transaction (including the sources of any financing);

- 11 –

    (v) a description of the Property subject to the proposed transaction and the Property to be excluded; (vi) written evidence of ability to consummate the proposed transaction that will allow the Monitor and the Sales Agent, in consultation with the Administrative Agent, to make a determination as to the bidder's financial and other capabilities to consummate the proposed transaction; (vii) a description of any material conditions or approvals required for a final and binding offer; (viii) an outline of any additional due diligence required; (ix) the key terms of the order of the Court approving the proposed transaction (including whether a "reverse vesting order" will be required); and (x) a description of any other material terms or conditions to the proposed transaction;

    e. <u>Investment Proposal</u>. In the case of an Investment Proposal, the bid includes: (i) a description of the proposed structure of the investment; (ii) the aggregate amount of equity and/or debt investment to be made in the Business or the Applicants in United States dollars; (iii) key assumptions supporting the purchase price valuation and pro forma capital structure; (iv) a specific indication of the expected structure and financing of the transaction (including, the sources of any financing); (v) the equity, if any, to be allocated to the Applicants' secured creditors; (vi) written evidence of ability to consummate the proposed transaction that will allow the Monitor, in consultation with the Administrative Agent to make a determination as to the bidder's financial and other capabilities to consummate the proposed transaction; (vii) a description of any material conditions or approvals required for a final and binding offer; (viii) an outline of any additional due diligence required; (ix) the key terms of the order of the Court approving the proposed transaction; and (x) a description of any other material terms or conditions to the proposed transaction;

    f. <u>Reasonable Prospect of Qualified Bid</u>. It reflects a reasonable prospect of culminating in a Qualified Bid by the Qualified Bid Deadline, as determined by the Monitor and the Sales Agent, in consultation with the Administrative Agent; and

    g. <u>Deadline</u>. It is received by the Monitor and the Sales Agent, by the Phase 1 Bid Deadline.

13. Notwithstanding the requirements specified in Section 12 above or anything to the contrary herein, the Administrative Agent, on behalf of the Lenders, shall be deemed to be a Phase 1 Qualified Bidder even if it does not submit a LOI or Phase 1 Qualified Bid.

14. Following the Phase 1 Bid Deadline, the Monitor and the Sales Agent, in consultation with the Administrative Agent, will assess the LOIs received and determine whether such LOIs constitute Phase 1 Qualified Bids.

15. Following the receipt of any LOI, the Monitor and the Sales Agent, in consultation with the Administrative Agent, may: (a) seek clarification with respect to any of the terms or conditions of such LOI and/or request and negotiate one or more amendments to such LOI prior to determining if the LOI should be considered a Phase 1 Qualified Bid; (b) waive compliance with any one or more of the requirements specified in Section 12 above and deem a non-compliant LOI to be a Phase 1 Qualified Bid; or (c) reject any LOI (and it shall not be considered a Phase 1 Qualified Bid) if it does not comply with the requirements specified in Section 12 above or if it is otherwise inadequate, insufficient or contrary to the best interests of the Applicants and their stakeholders.

16. If (a) no LOI has been received by the Monitor and the Sales Agent, by the Phase 1 Bid Deadline; (b) the Monitor and the Sales Agent, in consultation with the Administrative Agent, determines that no LOI constitutes a Phase 1 Qualified Bid; or (c) no LOI provides for a purchase price or investment

- 12 –

amount that is satisfactory to the Monitor and the Sales Agent, in consultation with the Administrative Agent, then the SISP shall be terminated and the Monitor may seek advice and directions from the Court.

17. The Monitor and the Sales Agent, shall, by no later than the Notification Deadline, notify each party who submitted an LOI as to whether such LOI constitutes a Phase 1 Qualified Bid and whether such party has been determined to be permitted to proceed to "Phase 2".

**Phase 2 Bids – Formal Binding Offers**

18. In order to constitute a Qualified Bid, a Phase 2 Bid must comply with the following:

    a. Phase 1 Bid Compliance. It complies with all of the requirements set forth in respect of a Phase 1 Qualified Bid. For greater certainty, the requirements set out in Section 12(d)(vii), 12(d)(viii), 12(e)(vii), 12(e)(viii) and 12(g) above shall no longer be applicable in Phase 2;

    b. Cash Consideration. It provides a detailed sources and uses schedule that identifies, with specificity, the amount of cash consideration (the "**Cash Consideration Value**") and any assumptions that could reduce the net consideration payable or to be invested;

    c. Modified Transaction Agreement. It contains duly executed binding transaction document(s) and a redline to the form of transaction agreement for a Sale Proposal provided by the Monitor, unless the bid is an Investment Proposal in the form of a plan of arrangement or other investment transaction, in which case, copies of the plan of arrangement and/or all documentation that is contemplated to be executed in connection therewith shall be provided;

    d. Identification of Qualified Bidder. It contains the legal name and identity (including jurisdiction of existence) and contact information of the bidder, full disclosure of its direct and indirect principals, and the name(s) of its controlling equityholder(s) and disclosure of any connections or agreements with the Applicants or any of their affiliates, any known, potential or prospective bidder, or any officer, manager, director, or known equity security holder of the Applicants or any of their affiliates;

    e. No Contingencies. It is not conditional on obtaining financing or any board of directors or similar governing body or equityholder approval or on the outcome or review of due diligence;

    f. Required Approvals. It specifies any regulatory or other third-party approvals the party anticipates would be required to complete the transaction, including any antitrust approvals, and the anticipated timeframe and any anticipated impediments for obtaining such approvals are set forth in detail, such that the Monitor can assess the risk to closing associated with any such conditions or approvals;

    g. Other Information. It contains such other information reasonably requested by the Monitor, the Sales Agent (including information that the Administrative Agent reasonably requests the Monitor to obtain from such Phase 1 Qualified Bidder);

    h. Irrevocable. It includes a letter stating that the bid is submitted in good faith, is binding and is irrevocable until the selection of the Successful Bid and, if such bid is selected as the

- 13 –

     Successful Bid or as the next-highest or otherwise best Qualified Bid as compared to the Successful Bid (such bid, the "**Back-Up Bid**", and such bidder, the "**Back-Up Bidder**"), it shall remain irrevocable until the earlier of the closing of the Successful Bid and the Outside Date;

i. Proof of Financial Ability to Perform. It provides written evidence of a bidder's ability to fully fund and consummate the transaction and satisfy its obligations under the transaction documents, including binding equity/debt commitment letters and/or guarantees covering the Cash Consideration Value, it must provide such financial and other information that allows the Monitor to make a reasonable determination as to the bidder's ability to provide adequate assurance of future performance under any proposed assigned contracts, and the bidder's willingness to perform under any proposed assigned contracts;

j. No Break Fee, Expense Reimbursement. It does not include any request for or entitlement to any break fee, expense reimbursement or similar type of payment;

k. Acknowledgments and Representations. It includes an acknowledgment and representation that, except to the extent set forth in a written agreement as between the bidder and the Applicants, the bidder (i) has had an opportunity to conduct any and all required due diligence prior to making its bid; (ii) is not relying upon any written or oral statements, representations, promises, warranties, conditions, or guaranties whatsoever, made by any person or party, including the Applicant, the Monitor, the Sales Agent, the Administrative Agent, or any of their respective employees, officers, directors, agents, advisors and other representatives, regarding the transaction that is the subject of the bid, the SISP, or any information provided in connection therewith; (iii) agrees that the transaction that is the subject of the bid shall be on an "*as is, where is*" basis and without surviving representations, warranties, covenants or indemnities of any kind, nature or description by the Applicants, the Monitor, the Sales Agent, the Administrative Agent, or their respective employees, officers, directors, agents, advisors and other representatives, except to the extent set forth in a written agreement as between the bidder and the Applicants; (iv) agrees to serve as Back-Up Bidder, if its bid is selected as the next-highest or otherwise best Qualified Bid as compared to the Successful Bid; (v) has not engaged in any collusion with respect to the submission of its bid; and (vi) agrees to be bound by the terms of the SISP;

l. Treatment of Employees, Contracts, Etc. It includes full details of the bidder's intended treatment of the Applicants' employees, customers, contracts and vendors under the proposed bid, and of any priority claims in the CCAA Proceedings;

m. Deposit. It is accompanied by a cash deposit (the "**Deposit**") made by wire transfer of immediately available funds equal to 10% of the Cash Consideration Value, which Deposit shall be retained by the Monitor in a non-interest bearing trust account in accordance with the SISP;

n. Administration Reserve. It includes a cash payment in an amount reasonably acceptable to the Monitor and the Administrative Agent, taking into account the amounts then-outstanding under the Administration Charge (as defined in the Initial Order), to be paid to the Monitor on closing for any professional fees to be incurred by the Monitor in connection with the wind-down of the CCAA Proceedings (and any subsequent proceedings);

DOC#15454538v5

- 14 –

    o.  <u>Costs and Expenses</u>. It contains a statement that the bidder will bear its own costs and expenses (including legal and advisor fees) in connection with the proposed transaction, and by submitting its bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis;

    p.  <u>Closing</u>. It is reasonably capable of being consummated by no later than the Outside Date; and

    q.  <u>Deadline</u>. It is received by the Monitor and the Sales Agent, by the Qualified Bid Deadline.

***Evaluation of Competing Phase 2 Bids***

19. Following the Qualified Bid Deadline, the Monitor and the Sales Agent, in consultation with the Administrative Agent, will assess the Phase 2 Bids received and determine whether such Phase 2 Bids constitute Qualified Bids.

20. Following the receipt of any Phase 2 Bid, the Monitor and the Sales Agent, in consultation with the Administrative Agent, may: (a) seek clarification with respect to any of the terms or conditions of such Phase 2 Bid and/or request and negotiate one or more amendments to such Phase 2 Bid prior to determining if the Phase 2 Bid should be considered a Qualified Bid; (b) waive compliance with any one or more of the requirements specified in Section 18 above and deem a non-compliant Phase 2 Bid to be a Qualified Bid; or (c) reject any Phase 2 Bid (and it shall not be considered a Qualified Bid) if it does not comply with the requirements specified in Section 18 above or if it is otherwise inadequate, insufficient or contrary to the best interests of the Applicants and their stakeholders.

***Selection of Successful Bid***

21. Prior to the Successful Bid Selection Deadline, and subject to Sections 22 to 24 below as applicable, (a) the Monitor, in consultation with the Sales Agent and the Administrative Agent, shall select one or more successful bid(s) (the "**Successful Bid**", and such bidder, the "**Successful Bidder**"), having regard to such factors as consideration payable in respect of the Qualified Bid, the likelihood of closing, and such other factors as the Monitor, in consultation with the Sales Agent and the Administrative Agent considers relevant; and (b) the highest Qualified Bid may not necessarily be selected as the Successful Bid.

22. If one or more Qualified Bids has been received by the Monitor and the Sales Agent on or before the Qualified Bid Deadline, the Monitor, in consultation with the Administrative Agent, may elect to proceed with an auction process to determine the Successful Bid(s) (the "**Auction**"), which Auction shall be administered in accordance with auction procedures determined by the Monitor and the Sales Agent, in consultation with the Administrative Agent, and provided to all Qualified Bidders at least 24 hours prior to the commencement of the Auction. Any such Auction will commence at a date and time to be designated by the Monitor and such Auction may, in the discretion of the Monitor, be held virtually via videoconference, teleconference or such other reasonable means as the Monitor deems appropriate. The Monitor, in consultation with the Sales Agent and the Administrative Agent, may select the bid(s) at the Auction as the Successful Bid.

23. If no Qualified Bid has been received by the Monitor and the Sales Agent on or before the Qualified Bid Deadline, then the SISP shall be terminated and the Monitor, in consultation with the Administrative Agent, may seek advice and directions from the Court.

- 15 –

24. The Monitor, in consultation with the Sales Agent and the Administrative Agent, reserves the right not to accept any Qualified Bid or to otherwise terminate the SISP. The Monitor and the Sales Agent, in consultation with the Administrative Agent, reserves the right to deal with one or more Qualified Bidders to the exclusion of others, to accept a Qualified Bid for different parts of the Applicants' Business and/or Property or to accept multiple Qualified Bids as a Successful Bid, and enter into definitive agreements in respect of all such bids.

*Approval Order Hearing*

25. Following selection of a Successful Bid, the Monitor and the Sales Agent, in consultation with the Administrative Agent, shall seek to finalize any remaining necessary definitive agreement(s) with respect to the Successful Bid. Once the necessary definitive agreement(s) with respect to a Successful Bid have been finalized, as determined by the Monitor and the Sales Agent, in consultation with the Administrative Agent, the Monitor, for and on behalf of the Applicants, shall apply to the Court for an order or orders approving such Successful Bid and/or the mechanics to authorize the Applicants to complete the transactions contemplated thereby, as applicable, and authorizing the Applicants to (a) enter into any and all necessary agreements and related documentation with respect to the Successful Bid; (b) undertake such other actions as may be necessary to give effect to such Successful Bid; and (c) implement the transaction(s) contemplated in such Successful Bid (each, an "**Approval Order**"). If the Successful Bid is not consummated in accordance with its terms, then the Monitor and the Sales Agent, in consultation with the Administrative Agent, shall be authorized, but not required, to designate the Back-Up Bid (if any) as the Successful Bid and seek an Approval Order with respect thereto. If there is no Back-Up Bid, then the SISP shall be terminated and the Monitor may seek advice and directions from the Court.

*Access to Information*

26. Subject to Section 27 below, the Monitor may provide information with respect to the SISP to the Administrative Agent, their counsel and financial advisors on a confidential basis, including (a) copies of any LOI and any bid received, including any Qualified Bid; and (b) such other information and updates with respect to the SISP as reasonably requested by the Administrative Agent.

27. The Administrative Agent shall notify the Monitor in writing within the ten (10) business days that follow the Phase 1 Bid Deadline if they intend to participate in Phase 2 of the SISP (a "**Participation Notice**").

   a. If the Administrative Agent delivers a Participation Notice to the Monitor, the Administrative Agent, their counsel and financial advisors shall not receive any information related to any Phase 2 Bid or any further information regarding any party participating in the SISP, and the Administrative Agent shall not be entitled to any further consultation rights pursuant to the SISP. Any bid submitted by the Administrative Agent in Phase 2 shall be deemed to constitute a Qualified Bid notwithstanding the requirements set forth in Section 18 above.

   b. If the Administrative Agent does not deliver a Participation Notice to the Monitor, the Administrative Agent, their counsel and financial advisors shall be entitled to continue to receive all confidential information in respect of the SISP in accordance with Section 26

- 16 –

    above, including copies of the Phase 2 Bids; provided that the Administrative Agent reserves the right to submit a bid (including a credit bid) if the SISP is terminated.

28. The Monitor shall be permitted, in its sole discretion, to provide updates and information in respect of the SISP to any creditor, shareholder or other stakeholder (including any advisor or representative thereof) of the Applicants (each a "**Stakeholder**") on a confidential basis upon: (a) the irrevocable confirmation in writing from such Stakeholder that the applicable Stakeholder will not submit any bid in the SISP or upon termination of the SISP; and (b) such Stakeholder executing a confidentiality agreement or undertaking with the Monitor, in form and substance satisfactory to the Monitor.

29. The Applicants shall not: (a) make direct or indirect communications with any potentially interested parties regarding the SISP unless the Monitor or the Sales Agent are participating in the communications (if communicating orally) or are copied (if communicating by way of written correspondence, including email); and (b) no information about the Applicants shall be shared with one potentially interested party unless that information is also made available to all other potentially interested parties, subject to restrictions on the basis of market competition regarding a competitor.

30. For greater certainty, other than as required in connection with any Auction or motion for the Approval Order, neither the Applicants, the Monitor, the Sales Agent nor the Administrative Agent will disclose: (a) the identity of any actual or potential Phase 1 Qualified Bidder or Qualified Bidder; or (b) the terms of any bid, Sale Proposal, Investment Proposal, Phase 1 Qualified Bid or Qualified Bid, to any other bidder or any of its affiliates (provided that disclosure may be made to the Administrative Agent when expressly contemplated by the SISP), except to the extent the Monitor, with the consent of such applicable parties is seeking to combine separate bids into aggregate, non-overlapping bids. Actual or potential Phase 1 Qualified Bidders or Qualified Bidders, and each of their respective affiliates, shall not communicate with, or contact, directly or indirectly, any other actual or potential Phase 1 Qualified Bidder or Qualified Bidder regarding this SISP or any bid to be made in this SISP, or their respective affiliates, without the express written consent of the Monitor (which consent may be refused in the Monitor's sole discretion), and such communications or discussions shall take place under the supervision of the Monitor. Nothing in this Paragraph 30 shall prohibit the Monitor from filing details of actual or potential Phase 1 Qualified Bidder or Qualified Bidder, or their respective Sale Proposal, Investment Proposal, Phase 1 Qualified Bid or Qualified Bid, as part of a Monitor's report in connection with the motion for an Approval Order, provided that the Monitor shall file any commercially sensitive or confidential information confidentially, with a request for a sealing order. Should the Court decline to grant a sealing order, the Monitor shall not be in breach of this Paragraph 30.

*General*

31. All Deposits shall be retained by the Monitor in a non-interest bearing trust account. If a Successful Bid is selected and an Approval Order authorizing the consummation of the transaction contemplated thereunder is granted, any Deposit paid in connection with such Successful Bid will be non-refundable and shall, upon closing of the transaction contemplated by such Successful Bid, be applied to the cash consideration to be paid in connection with such Successful Bid or be dealt with as otherwise set out in the definitive agreement(s) entered into in connection with such Successful Bid. Any Deposit delivered with a Qualified Bid that is not selected as a Successful Bid or Back-Up Bid, will be returned to the applicable bidder as soon as reasonably practicable (but not later than ten (10) business days) after the date upon which the Successful Bid is approved pursuant to an Approval Order or such earlier date as may be determined by the Monitor. The Deposit in respect of the Back-Up Bid (if any) shall be returned to the applicable bidder as soon as reasonably practicable (but not later than ten (10) business days) after the closing of the Successful Bid or such earlier date as may be determined by the Monitor. If a

Pg 18 of 19

- 17 –

Phase 1 Qualified Bidder, Qualified Bidder, Back-Up Bidder or Successful Bidder breaches its obligations under the terms of the SISP, its Deposit (if any) shall be forfeited as liquidated damages and not as a penalty, without limiting any other claims or actions against such Phase 1 Qualified Bidder, Qualified Bidder, Back-Up Bidder, Successful Bidder and/or their respective affiliates, or as otherwise set out in the definitive agreement(s).

32. The SISP does not and will not be interpreted to create any contractual or other legal relationship between any of the Monitor, the Sales Agent, the Administrative Agent, or the Applicants and any Phase 1 Qualified Bidder, Qualified Bidder, Back-Up Bidder or Successful Bidder or any other party, other than as specifically set forth in a definitive agreement that may be signed with the Applicants.

33. Without limiting Section 32 above, the Monitor, the Sales Agent and the Administrative Agent shall not have any liability whatsoever to any person or entity, including without limitation any potential bidder, Phase 1 Qualified Bidder, Qualified Bidder, Back-Up Bidder, Successful Bidder or any other creditor or stakeholder, as a result of implementation or otherwise in connection with the SISP, except to the extent that any such liabilities result from the gross negligence or wilful misconduct on their part, as applicable, as determined by a final order of the Court. Further, no person or entity, including without limitation any potential bidder, Phase 1 Qualified Bidder, Qualified Bidder, Back-Up Bidder, Successful Bidder or any other creditor or stakeholder shall have any claim against the Monitor, the Sales Agent or the Administrative Agent in respect of the SISP for any reason whatsoever, except to the extent that such claim is the result of gross negligence or wilful misconduct on their part, as applicable, as determined by a final order of the Court.

34. Participants in the SISP are responsible for all costs, expenses and liabilities incurred by them in connection with the submission of any LOI or bid, due diligence activities, and any other negotiations or other actions whether or not they lead to the consummation of a transaction.

35. All bidders shall be deemed to have consented to the jurisdiction of the Court in connection with any disputes relating to the SISP, including, but not limited to, the qualification of bids, the construction and enforcement of the SISP, and closing, as applicable.

36. Any secured creditor of the Applicants shall have the right to bid (each a "**Credit Bid**") its secured debt against the Property secured thereby, including principal, interest and any other secured obligations owing to such secured creditor by the Applicants; provided that, any such secured creditor shall be required to pay in full in cash on the closing of any transaction any obligations in priority to its secured debt (unless the holder of such priority obligation agrees to accept a lower payment than the total amount of obligations owed to them) and the reasonable fees and expenses of the Monitor that are necessary to conclude the CCAA Proceedings.

37. For the avoidance of doubt, the approvals required pursuant to the terms hereof are in addition to, and not in substitution for, any other approvals required by the CCAA or any other statute or as otherwise required at law in order to implement a Successful Bid.

38. At any time during the SISP, the Monitor or any other person may apply to the Court for advice and directions with respect to any aspect of the SISP including, but not limited to, the continuation of the SISP or with respect to the discharge of its powers and duties hereunder.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36 AS AMENDED

Court File No: BK-25-03268936-0031

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD and NORTHERN INNOVATIONS HOLDING CORP.**

---

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT TORONTO

---

**ORDER**
**(SISP Approval Order)**

---

**CHAITONS LLP**
Barristers and Solicitors
5000 Yonge Street, 10th Floor
Toronto, ON  M2N 7E9

**Harvey Chaiton (LSO No. 21592F)**
Tel:    (416) 218-1129
E-mail: harvey@chaitons.com

**Danish Afroz (LSO No. 65786B)**
Tel:    (416) 218-1137
E-mail: dafroz@chaitons.com

Lawyers for the Applicants

DOC#15454538v5