## **EXHIBIT A**

Court File No. BK-25-03268936-0031

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE | ) | FRIDAY, THE 12TH |
| | ) | |
| JUSTICE J. DIETRICH | ) | DAY OF DECEMBER, 2025 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES**
**INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE**
**HEALTH SCIENCES AUSTRALIA PTY LTD, and NORTHERN INNOVATIONS**
**HOLDING CORP.**

Applicants

**ORDER**
**(Enhanced Monitor Powers)**

**THIS MOTION**, made by KSV Restructuring Inc., in its capacity as the Court-appointed monitor (the "**Monitor**") of Xiwang Iovate Holdings Company Limited, Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Australia PTY Ltd and Northern Innovations Holding Corp. (collectively, the "**Applicants**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, *inter alia*, granting the Monitor enhanced powers in addition to its prescribed rights and obligations under the CCAA and the enhanced powers previously granted under the Amended and Restated Initial Order dated November 28, 2025 (the "**ARIO**") and the SISP Approval Order of this Court dated November 28, 2025 (the "**SISP Order**"), was heard this day by videoconference.

- 2 –

**ON READING** the Second Report of KSV Restructuring Inc. in its capacity as Monitor

dated December 9, 2025 (the "**Second Report**") and on hearing the submissions of Canadian

counsel for the Applicants, counsel for the Monitor, counsel for Royal Bank of Canada as agent

for a syndicate of lenders (the "**Administrative Agent**"), and those other parties present, no one

else appearing although duly served as appears from the affidavit of service of Laura Culleton

sworn December 11, 2025, filed.

## SERVICE AND DEFINITIONS

1.      **THIS COURT ORDERS** that if necessary, the time for service and filing of the Notice of

Motion and the Motion Record is hereby abridged and validated so that this Motion is properly

returnable today and hereby dispenses with further service thereof.

2.      **THIS COURT ORDERS** that all capitalized terms not otherwise defined herein shall have

the meaning ascribed to them in the Second Report and the ARIO, as applicable.

## ENHANCED MONITOR POWERS

3.      **THIS COURT ORDERS** that the Monitor, in addition to and without in any way limiting

its prescribed rights pursuant to the CCAA and the powers and duties set out in the ARIO, the

SISP Order or any other Order granted in these CCAA proceedings (the "**CCAA Proceedings**"),

and without altering in any way the limitations and obligations of the Applicants as a result of the

CCAA Proceedings, is hereby authorized and empowered, but not required, to exercise any powers

which may be properly exercised by a board of directors or any officers of the Applicants to cause

the Applicant to, including without limitation:

- 3 –

(a)     take any and all actions and steps to manage, operate and carry on the Business, including, without in any way limiting the generality of the forgoing:

    (i)     implementing such reporting and approval processes internally at the Applicants as the Monitor may deem appropriate for the effective oversight and management of the Business;

    (ii)     meeting with and directing management or employees of, and persons retained by, the Applicants with respect to the Business, Property, operations or affairs of the Applicants;

    (iii)     accessing all books and records that are the Property of the Applicants in the Applicants' possession or control; and

    (iv)     taking any and all actions and steps in the name of and on behalf of the Applicants to facilitate the administration of the Applicants' Business, Property, operations, affairs and estate as may be necessary, appropriate, or desirable, in the sole opinion of the Monitor;

(b)     take any and all actions and steps, and execute all agreements, documents and writings, on behalf of, and in the name of, the Applicants in order to facilitate the performance of any of the Applicants' powers or obligations;

(c)     engage, retain, or terminate the services of any officer, employee, consultant, agent, representative, advisor, or other persons or entities, as the Monitor, deems

- 4 –

necessary or appropriate to assist with the exercise of the Monitor's powers and duties;

(d)     preserve and protect the Property, or any parts thereof, provided that the Monitor shall not be deemed to be in possession or control of the Property;

(e)     exercise any rights of the Applicants;

(f)     report to, meet with and discuss with such affected persons as the Monitor deems appropriate on all matters relating to the Business and the Property, and to share information, subject to the requirements of the SISP Order or such other terms of confidentiality as the Monitor deems advisable;

(g)     oversee and direct the preparation and dissemination of financial and other information of the Applicants in the CCAA Proceedings, including cash flow statements;

(h)     apply to the Court for advice and direction or for any further orders in the CCAA Proceedings; and

(i)     take any steps reasonably incidental to the exercise by the Monitor of the powers listed above or the performance of any statutory obligations,

and where the Monitor exercises any such powers they shall do so to the exclusion of all other persons who shall have no further obligation to exercise such powers.

- 5 –

4.      **THIS COURT ORDERS** that, from and after the date of this Order, the Applicants and their direct and indirect shareholders, and such parties' current and former directors, officers, employees, consultants, agents, representatives and advisors shall continue to cooperate fully with the Monitor and any directions it may provide pursuant to this Order, the ARIO, the SISP Order or any other Order granted in the CCAA Proceedings and shall provide such assistance as the Monitor may request from time to time to enable the Monitor to carry out its duties and powers pursuant to the CCAA, this Order, the ARIO, the SISP Order and any other Order granted in these CCAA Proceedings.

**LIMITATION ON THE MONITOR'S LIABILITY**

5.      **THIS COURT ORDERS** that in addition to the rights and protections afforded to the Monitor under the CCAA, in the ARIO, the SISP Order or any other Order of the Court in these CCAA Proceedings, or as an officer of the Court, the Monitor and each of its affiliates, current and former officers, directors, partners, employees, lawyers and agents, as applicable, shall incur no liability or obligation as a result of the carrying out of the provisions of this Order, save and except for any gross negligence or willful misconduct on its part and no action may be brought against the Monitor or any of its affiliates, current and former officers, directors, partners, employees, lawyers or agents without leave of this Court.

6.      **THIS COURT ORDERS** that the Monitor shall not take possession of the Property or be deemed to take possession of the Property pursuant to any provision of any federal, provincial or other law or regulation as a result of this Order or the Monitor's performance of its rights and obligations under this Order.

- 6 –

7.      **THIS COURT ORDERS** that the Monitor is not and shall not be deemed to be a director, officer, or employee of the Applicants, de facto or otherwise. The Monitor shall not be liable for any employee-related liabilities of the Applicants or in the administration of its powers and duties under this Order, including any successor employer liabilities as provided for in Section 11.8(1) of the CCAA or Section 14.06(1.2) of the *Bankruptcy and Insolvency Act* (Canada) or at common law. Nothing in this Order shall cause the Monitor to be liable for any employee-related liabilities of the Applicants, including wages, severance pay, termination pay, vacation pay, pension, retirement or benefit amounts (including without limitation contributions, premiums, or benefit payments), in each case whether arising under statute, contract, collective bargaining agreement, common law or otherwise.

8.      **THIS COURT ORDERS** that the Monitor shall continue to have the benefit of all of the indemnities, charges, protections, and priorities as set out in the CCAA, the ARIO, the SISP Order and any other Order of this Court in the CCAA Proceedings and all such indemnities, charges, protections, and priorities (as may be amended herein) shall apply and extend to the Monitor in the fulfilment of its duties or the carrying out the provisions of this Order. Nothing in this Order shall derogate from the powers of the Monitor as provided in the CCAA, the ARIO, the SISP Order or any other Orders of this Court in these CCAA Proceedings.

9.      **THIS COURT ORDERS** that nothing in this Order or any other Order in these CCAA Proceedings shall constitute or be deemed to constitute the Monitor as a receiver, assignee, liquidator, administrator, receiver-manager, agent of the creditors or legal representative of the Applicants within the meaning of any relevant legislation, including subsection 159(2) of the *Income Tax Act* (Canada), as amended (the "**ITA**"). Nothing in this Order shall constitute or be

- 7 –

deemed to constitute the Monitor as a person subject to subsection 150(3) of the ITA, and the

Monitor shall have no obligation to prepare or file any tax returns of the Applicants with any taxing

authority.

**GENERAL**

10.    **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces

and territories in Canada.

11.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply

to this Court to amend, vary or supplement this Order or for advice and directions in the discharge

of their respective powers and duties under this Order, as applicable, or in the interpretation or

application of this Order.

12.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal,

regulatory or administrative body having jurisdiction in Canada or in the United States, to give

effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying

out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby

respectfully requested to make such orders and to provide such assistance to the Applicants and to

the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this

Order, to grant representative status to Iovate International in any foreign proceeding, or to assist

the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

13.    **THIS COURT ORDERS** that Iovate International be at liberty and is hereby authorized

and empowered to apply to any court, tribunal, regulatory or administrative body, wherever

located, for the recognition of this Order and for assistance in carrying out the terms of this Order,

- 8 –

and that Iovate International is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

14.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order without the need for entry or filing.

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD, AND NORTHERN INNOVATIONS HOLDING CORP.**

Court File No. BK-25-03268936-0031

|  |  |
|---|---|
|  | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at: TORONTO |
|  | **ORDER**<br>**(ENHANCED MONITOR POWERS)** |
|  | **OSLER, HOSKIN & HARCOURT LLP**<br>100 King Street West,<br>1 First Canadian Place<br>Suite 6200, P.O. Box 50<br>Toronto ON  M5X 1B8<br><br>**Marc Wasserman – LSO# 44066M**<br>Tel:    416.862.4908<br>Email: mwasserman@osler.com<br><br>**Michael DeLellis – LSO# 48038U**<br>Tel:    416.862.5997<br>Email: mdelellis@osler.com<br><br>Lawyers for the Monitor, KSV Restructuring Inc. |