**EXHIBIT B**



ONTARIO SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

# COUNSEL/ENDORSEMENT SLIP

**COURT FILE NO.: BK-25-03268936-0031**                **DATE: December 12, 2025**

**NO. ON LIST: 2**

**TITLE OF PROCEEDING: IOVATE HEALTH SCIENCES INTERNATIONAL INC et. al**

**BEFORE: JUSTICE J. DIETRICH**

PARTICIPANT INFORMATION

**For Plaintiff, Applicant, Moving Party:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Harvey Chaiton<br>Danish Afoz | Counsel to Iovate Health Sciences International Inc | harvey@chaitons.com<br>dafroz@chaitons.com |
| | | |

**For Defendant, Respondent, Responding Party:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Zechariah Martin | Counsel to Orgain, Inc. | zmartin@dwpv.com |
| Laura Culleton<br>Michael De Lellis<br>Marc Waserman<br>Emily Paplawski | Counsel to Monitor - KSV Restructuring Inc. | lculleton@osler.com<br>mdelellis@osler.com<br>mwasserman@osler.com<br>epaplawski@osler.com |
| Noah Goldstein<br>Murtaza Tallat | Monitor - KSV Restructuring Inc. | ngoldstein@ksvadvisory.com<br>mtallat@ksvadvisory.com |
| Kieran Moloney | Counsel for for Chunhua Jingxi (Tianjin) Investment Center (Limited Partnership) | kmoloney@airdberlis.com |

1

|  |  |  |
|---|---|---|

**For Other, Self-Represented:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Evan Cobb | Counsel for the Board of Directors | evan.cobb@nortonrosefulbright.com |

## ENDORSEMENT OF JUSTICE J. DIETRICH:

[1] KSV Restructuring Inc. in its capacity as Court-appointed monitor (the "**Monitor**") of Xiwang Iovate Holdings Company Limited, Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc ., Iovate Health Sciences Australia Pty Ltd, and Northern Innovations Holding Corp. (collectively, the "**Applicants**") seeks an order providing the Monitor with enhanced powers.

[2] No opposition to the relief sought was expressed and counsel to the Applicants, the Syndicate of Lenders and the Board expressed support.

[3] Defined terms used but not otherwise defined herein have the meaning provided to them in the factum of the Monitor filed for use on this motion.

[4] On October 31, 2025, the Court granted an Initial Order, among other things, authorizing the Applicants to continue or commence (as applicable) proceedings (the "**CCAA Proceedings**") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (the "**CCAA**").  Certain of the Applicants had previously filed a notice of intention to make a proposal pursuant to section 50.4 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended.

[5] As well, on November 28, 2025, the Court granted an order approving: (i) the sale and investment solicitation process (the "**SISP**") to be conducted by the Monitor, with the assistance of the Applicants and the Sales Agent and an Amended and Restated Initial Order.

[6] Xiwang Foodstuffs Co., Ltd. ("**Xiwang Foodstuffs**"), the indirect majority shareholder of the Applicants, has confirmed that it intends to participate in the SISP.  As well, certain overlap exists between the management of Xiwang Foodstuffs and the Applicants" Board of Directors.

2

[7] The Monitor is concerned that these governance and information flow complexities, resulting from, among other things, Xiwang Foodstuffs' expressed intention to participate in the SISP and the existing governance processes the Applicants have in place, may create a meaningful risk of perceived unfairness and increase the likelihood of inadvertent, asymmetric disclosure of information to Xiwang Foodstuffs through ordinary interactions with the Applicants' employees.

[8] Accordingly, the Monitor is seeking enhanced powers that would enable the Monitor to exercise any powers which may be properly exercised by a board of directors or any officers of the Applicants.

[9] Xiwang Foodstuffs also supports the enhanced powers and related relief sought by the Monitor.

[10] Section 11 of the CCAA provides the Court with the authority to "make any order that it considers appropriate in the circumstances," provided that this discretion is exercised in furtherance of the CCAA's remedial objectives, and that the applicant demonstrates that the order sought is appropriate in the circumstances and that it has been acting in good faith and with due diligence: see *9354-9186 Québec inc. v. Callidus Capital Corp*., 2020 SCC 10 at paras, 48-49. Section 23(1)(k) of the CCAA specifically provides that the monitor shall "carry out any other functions in relation to the company that the court may direct."

[11] It is well-accepted that this Court may enhance the role of a monitor by granting it additional powers where appropriate in furtherance of the CCAA's purposes, which include maximizing creditor recovery: see for example See, e.g., *Arrangement relatif à Bloom Lake General,* 2021 QCCS 2946 at para. 73.

[12] I am satisfied that the enhanced powers are appropriate in these CCAA Proceedings given the complexities of the ongoing SISP and existing governance processes. As noted above, there is no opposition to the relief sought.

[13] Order to go in the form signed by me this day.

_____
Jane O. Dietrich

Date: December 12, 2025

3