**<u>Exhibit B</u>**

**Distribution, Stay Extension and Ancillary Relief Order**

4898-8675-4978.1 42848.00001

Electronically issued / Délivré par voie électronique : 16-Apr-2026
Superior Court of Justice 25-11058-mg Doc 99-2 Filed 04/17/26 Entered 04/17/26 09:16:18 Exhibit B
Court File No./N° du dossier du greffe: BK-25-03268936-0031
Pg 2 of 8



Court File No. BK-25-03268936-0031

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| THE HONOURABLE | ) | THURSDAY, THE 16TH |
|---|---|---|
| | ) | |
| JUSTICE CAVANAGH | ) | DAY OF APRIL, 2026 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD, and NORTHERN INNOVATIONS HOLDING CORP.**

Applicants

### ORDER
**(Distribution, Stay Extension and Ancillary Relief Order)**

**THIS MOTION**, made by KSV Restructuring Inc. ("**KSV**"), in its capacity as Court-appointed monitor of the Applicants (in such capacity, the "**Monitor**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, among other things, (i) authorizing and empowering the Monitor to retain amounts required to fund the Administrative Reserve; (ii) authorizing and empowering the Monitor to make one or more distributions or payments, as applicable, to: (a) Royal Bank of Canada as agent for a syndicate of lenders (the "**Administrative Agent**", and the syndicate, the "**Lenders**"); and (b) the parties owed the Priority Amounts; (iii) extending the Stay Period; and (iv) approving the Monitor Reports (as defined below) and the activities described therein, was heard this day by videoconference on April 16, 2026.

- 2 –

**ON READING** the Fourth Report of KSV in its capacity as Monitor dated April 9, 2026 (the "**Fourth Report**"), and on hearing the submissions of counsel for the Monitor, counsel for the Administrative Agent, and those other parties present, no one else appearing although duly served as appears from the affidavit of service of Laura Culleton, filed.

**SERVICE AND DEFINITIONS**

1.      **THIS COURT ORDERS** that if necessary, the time for service and filing of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.      **THIS COURT ORDERS** that all capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fourth Report, and the Amended and Restated Initial Order of this Court dated November 28, 2025 (the "**ARIO**"), as applicable.

**DISTRIBUTIONS**

3.      **THIS COURT ORDERS** that the Monitor, on behalf of the Applicants, is hereby authorized and empowered to make one or more distributions to the Administrative Agent, on behalf of the Lenders, in such manner and in such amounts as the Monitor considers appropriate up to the aggregate amount of the Indebtedness (as defined in the Fourth Report), subject to the Monitor retaining a reserve in an amount to be agreed to by the Monitor and the Administrative Agent, acting reasonably (the "**Administrative Reserve**") for the payment of amounts described in the Fourth Report, and such distributions are hereby approved without further Order of this Court.

- 3 –

4.    **THIS COURT ORDERS** that the Monitor, on behalf of the Applicants, is hereby authorized and empowered to make one or more distributions to the Sales Agent in the aggregate amount not to exceed the total amount owing to the Sales Agent under the Engagement Letter, without further order of this Court, and upon payment of all amounts owing to the Sales Agent under the Engagement Letter, the Sales Agent Charge shall be automatically released and terminated without any further action.

5.    **THIS COURT ORDERS** that upon payment of all amounts owing under the KERP Charge in accordance with the Incentive Payments, KERP and Sealing Order, the KERP Charge will be automatically released and terminated without any further action.

6.    **THIS COURT ORDERS AND DECLARES** that the Monitor shall not incur any liability under the *Income Tax Act*, R.S.C. 1985, c. 1 (5th Supp.); the *Taxation Act*, 2007, S.O. 2007, c. 11, Sch. A; the *Excise Tax Act*, R.S.C. 1985, c. E-15; the *Employment Insurance Act*, S.C. 1996, c. 23; the *Retail Sales Tax Act* R.S.O. 1990, c. R.31; the *Corporations Tax Act*, R.S.O. 1990, c. C.40; or any other similar applicable federal, provincial or territorial tax legislation (collectively, the "**Statutes**"), for facilitating any distributions or payments as contemplated by and in accordance with this Order, and the Monitor shall not have any liability for any of the Applicants' tax liabilities under the Statutes in respect of such distributions or payments, regardless of how or when such liabilities have arisen.

7.    **THIS COURT ORDERS AND DELCARES** that the Monitor is hereby forever released, remised and discharged from any claims against it under or pursuant to the Statutes or otherwise at law arising as a result of any distributions or payments made pursuant to this Order.

- 4 –

8.    **THIS COURT ORDERS** that the Monitor is hereby authorized and directed to take all reasonably necessary steps and actions to effect the distributions contemplated by this Order and shall not incur any liability as a result of making any distributions or payments, whether in its personal or corporate capacity or in its capacity as Monitor.

9.    **THIS COURT ORDERS** that, notwithstanding:

(a)    the pendency of these CCAA proceedings;

(b)    any application for a bankruptcy or receivership order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) ("**BIA**") or other applicable legislation in respect of any of the Applicants and any bankruptcy or receivership order issued pursuant to any such applications;

(c)    any assignment in bankruptcy made in respect of any of the Applicants; and

(d)    any provisions of any federal or provincial legislation,

the distributions and payments made pursuant to this Order shall be made free and clear of all Encumbrances (including the Administrative Professionals Charge, the Directors' Charge, the Sales Agent Charge and the KERP Charge), and the terms of this Order shall be binding on any trustee in bankruptcy or receiver that may be appointed in respect of any of the Applicants and shall not be void or voidable nor deemed to be a preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor shall they constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

- 5 –

**STAY EXTENSION**

10.    **THIS COURT ORDERS** that the Stay Period is hereby extended to and including June 26, 2026.

**APPROVAL OF MONITOR'S REPORTS AND ACTIVITIES**

11.    **THIS COURT ORDERS** that each of the First Report of the Proposal Trustee dated September 8, 2025, the Second Report of the Proposal Trustee dated October 1, 2025, the Third Report of the Proposal Trustee dated October 15, 2025, the Joint Fourth Report of the Proposal Trustee and Report of the Proposed Monitor dated October 30, 2025, the First Report of the Monitor dated November 25, 2025, the Supplement to the First Report of the Monitor dated November 27, 2025, the Second Report of the Monitor dated December 9, 2025, the Third Report of the Monitor dated January 23, 2026 and the Fourth Report (collectively, the "**Monitor's Reports**"), and the actions, conduct and activities of the Monitor referred to therein, be and are hereby approved; provided however, that only KSV, in its capacity as Monitor and in its personal capacity and only with respect to its own personal liability, shall be entitled to rely upon or utilize in any way such approval.

**GENERAL**

12.    **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

13.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby

- 6 –

respectfully requested to make such orders and to provide such assistance to the Applicants and to

the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this

Order, to grant representative status to Iovate International in any foreign proceeding, or to assist

the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

14.	**THIS COURT ORDERS** that Iovate International be at liberty and are hereby authorized

and empowered to apply to any court, tribunal, regulatory or administrative body, wherever

located, for the recognition of this Order and for assistance in carrying out the terms of this Order,

and that Iovate International is authorized and empowered to act as a representative in respect of

the within proceedings for the purpose of having these proceedings recognized in a jurisdiction

outside Canada.

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*, **R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF XIWANG IOVATE HOLDINGS COMPANY LIMITED, IOVATE HEALTH SCIENCES INTERNATIONAL INC., IOVATE HEALTH SCIENCES U.S.A. INC., IOVATE HEALTH SCIENCES AUSTRALIA PTY LTD, AND NORTHERN INNOVATIONS HOLDING CORP.**

Court File No. BK-25-03268936-0031

|  |  |
|---|---|
|  | ***ONTARIO*** **SUPERIOR COURT OF JUSTICE** **(COMMERCIAL LIST)** |
|  | Proceeding commenced at: TORONTO |
|  | **ORDER** **(Distribution, Stay Extension and Ancillary Relief Order)** |
|  | **OSLER, HOSKIN & HARCOURT LLP** 100 King Street West, 1 First Canadian Place Suite 6200, P.O. Box 50 Toronto ON  M5X 1B8 **Marc Wasserman – LSO# 44066M** Tel:    416.862.4908 Email: mwasserman@osler.com **Michael DeLellis – LSO# 48038U** Tel:    416.862.5997 Email: mdelellis@osler.com Lawyers for the Monitor, KSV Restructuring Inc. |